| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
|---|---|---|
| | )SS: | CIVIL DIVISION 2 |
| COUNTY OF HAMILTON | ) | CAUSE NO. |

|  |  |
|---|---|
| TAYLOR BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NOBLESVILLE POLICE DEPARTMENT, | ) |
| HAMILTON COUNTY SHERIFF'S | ) |
| DEPARTMENT, HAMILTON COUNTY | ) |
| PUBLIC SAFETY COMMUNICATIONS | ) |
| CENTER, ASPIRE INDIANA, INC. and | ) |
| CALLNET CALL CENTER SERVICES, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |

29002-1402 CT-1331

2014 FEB 13 PM 2:54
PEGGY BEAVER
CLERK
HAMILTON COUNTY COU...S

## COMPLAINT FOR DAMAGES

Comes now Taylor Bell, by counsel, Thomas E. Hastings, and for this Complaint for Damages, alleges and says as follows:

1.      That at all times relevant herein, Taylor Bell (hereinafter referred to as "Bell") was a resident of Hamilton County, Indiana.

2.      That at all times relevant herein, the Noblesville Police Department (hereinafter "NPD") was a law enforcement agency in the city of Noblesville, Hamilton County, Indiana.

3.      That at all times relevant herein, the Hamilton County Sheriff's Department (hereinafter referred to as "HCSD") was a law enforcement agency in the city of Noblesville, Hamilton County, Indiana.

4.      That at all times relevant here the Hamilton County Public Safety Communications Center (hereinafter referred to as "HCPSC") was the dispatch service for emergency runs to the HCSD and NPD.

5.      That at all times herein Aspire Indiana, Inc. (hereinafter referred to as "Aspire") was a corporation authorized to do business in the State of Indiana.

6.      That at all times herein CallNet Call Center Services, Inc. (hereinafter referred to as "CallNet") was the contractor that answered the crisis line for Aspire.

7.      That on or about July 20, 2103, Bell made a call to the Aspire crisis hot line seeking help for thoughts of suicide, which call was answered by CallNet.

8.      That on or about July 20, 2013, Thomas Harris, MS, an Aspire employee, spoke with Bell about this thoughts of suicide.  Bell informed him that he had a "BB gun," and that he had no intention of hurting anyone but himself.

9.      That during the call between Bell and Thomas Harris, MS, Harris requested permission from bell to call 911, which is operated by HCPSC, for intervention and Bell gave his approval.

10.      That on or about July 20, 2013, Thomas Harris, MS, contacted NPD and advised them that Bell "had a gun," but did not clarify the type of gun.

11.      That on or about July 20, 2013, Bell communicated several times with a "negotiator" for NPD and/or HCSD, who communicated with him via cell phone.  Bell also informed the "negotiator" that he was carrying a BB gun, not a real gun.

12.      That on or about July 20, 2013, the NPD and HCSD surrounded Bell in a parking lot at located at 395 Westfield Road in Noblesville, Indiana and utilizing excessive force, shot Taylor Bell multiple times, causing permanent bodily injury and damages.

13.     As a result of the negligence of the Defendants, HCPSC, NPD, HCSD, Aspire and CallNet,  Bell sustained permanent bodily injury and damages, including but not limited to, medical expenses and lost wages in the approximate amount of Two Million Dollars ($2,000,000.00), pain and suffering, permanent impairment, future medical expenses and future lost wages.

WHEREFORE, Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, requests the Court enter judgment for Plaintiff Taylor Bell and against Defendants, and each of them, in an amount to be determined by the trier-of- fact at the trial of this cause and for all other relief just and proper in the premises.

Thomas E. Hastings (#8334-80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000, ext 227

-3-

# APPEARANCE FORM (CIVIL)

## Initiating Party

FILED

2014 FEB 13 PM 2:52

EGGY BEAVER
CLERK
HAMILTON COUNTY COURTS

**Case Number:** 29D02-1402 CT 1331

(Previously supplied by Clerk)        (File Stamp)

/ / Check if *Pro Se.*

1.    Type of case:_____ **CT**_____

2.    _____ Taylor Bell _____
      Name of initiating party

(SUPPLY NAMES OF ADDITIONAL INITIATING PARTIES ON CONTINUATION PAGE)

3.  Attorney information (as applicable for service):

      Thomas E. Hastings (8334-80)
      The Hastings Law Firm
      323 N. Delaware St
      Indianapolis, IN 46204
      Phone: 317-686-1000
      Fax:    317-685-2330

(SUPPLY NAMES OF ADDITIONAL ATTORNEYS ON CONTINUATION PAGE)

4. Will initiating party accept service by FAX:  Yes__ No **XX**

5. Additional information required by state of local rule:

6.  (Optional) Additional information to supplement the appearance form submitted by the initiating party:

_____

Thomas E. Hastings (8334-80)
THE HASTINGS LAW FIRM
323 North Delaware Street
Indianapolis, IN 46204
(317) 686-1000

## HAMILTON COUNTY COURT

## <u>CCS ENTRY</u>

STATE OF INDIANA     )     IN THE HAMILTON SUPERIOR COURT  2
                      ) SS:
COUNTY OF HAMILTON  )     CAUSE NO. 29D02-1402-CT-001331

|  |  |
|---|---|
| TAYLOR BELL, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAMILTON COUNTY SHERIFF'S | ) |
| DEPARTMENT; HAMILTON COUNTY | ) |
| PUBLIC SAFETY COMMUNICATIONS | ) |
| CENTER; ASPIRE INDIANA, INC.; and | ) |
| CALLNET CALL CENTER SERVICES, | ) |
| INC., | ) |
| | ) |
|      Defendants | ) |

*The Clerk will please enter the following entry on the Chronological Case Summary:*

Defendant CallNet Call Center Services, Inc., by counsel, files its Second Motion for Enlargement of Time to Respond to Complaint this 24th day of April, 2014.

Respectfully submitted,

TYLER D. HELMOND, #28850-49
Attorney for Defendant
CallNet Call Center Services, Inc.

NOTICE: Pursuant to Local Rule 4.1, this form must accompany all filings with the Circuit, Superior or County Courts of Hamilton County.  This form may not be used as an order of the Court.  Pursuant to Local Rule 4.2, a separate order must be submitted with each request for relief.

This section for Court usage only:

CODE _____       Entered by: _____

STATE OF INDIANA )      IN THE HAMILTON SUPERIOR COURT 2
                           ) SS:
COUNTY OF HAMILTON )      CAUSE NO. 29D02-1402-CT-001331

TAYLOR BELL,      )
                               )
           Plaintiff,      )
                               )
v.      )
                               )
HAMILTON COUNTY SHERIFF'S      )
DEPARTMENT; HAMILTON COUNTY      )
PUBLIC SAFETY COMMUNICATIONS      )
CENTER; ASPIRE INDIANA, INC.; and      )
CALLNET CALL CENTER SERVICES,      )
INC.,      )
                               )
          Defendants      )

## SECOND MOTION FOR ENLARGEMENT OF TIME
## TO RESPOND TO COMPLAINT

Comes now defendant CallNet Call Center Services, Inc., by counsel, and hereby

moves for a second enlargement of not less than thirty (30) days from April 16, 2014, in

which to respond to the (now) amended complaint filed in this matter.  In support of this

motion, CallNet would show the Court the following:

    1.    The complaint in this matter was filed with the Court on February 13,

               2014.

    2.    CallNet previously was granted an enlargement of time through and

               including April 16, 2014, in which to respond to plaintiff's complaint.

    3.    On March 20, 2014, plaintiff filed its amended complaint listing the

               original defendants and adding additional negligence allegations against

               defendants other than CallNet.

4.      CallNet's only involvement in this case was in its role as the answering service for defendant Aspire Indiana, Inc., when it answered the call from the plaintiff and connected the plaintiff with defendant Aspire Indiana, Inc.

5.      On or about April 8, 2014, the undersigned counsel forwarded to plaintiff's counsel a copy of the actual recording of plaintiff's call to Aspire Indiana, Inc., which was answered by CallNet.  The call was maintained in an electronic WAV file which captures the entire conversation between plaintiff and the CallNet representative until CallNet connected plaintiff with a representative of Aspire Indiana, Inc., and discontinued its involvement in the matter.  The undersigned counsel had reasonably expected that CallNet would be dismissed from the lawsuit upon review of the WAV file.

6.      The undersigned counsel has this date received an electronic communication from plaintiff's counsel that said counsel will not dismiss defendant CallNet until CallNet responds to the discovery requests served earlier on CallNet.

7.      The undersigned counsel has had to deal with a medical issue with the hospitalization of one of his children at the University of Cincinnati Children's Hospital from March 26th through April 7th, 2014.

8.      The undersigned counsel has not had sufficient time to adequately prepare a response to the complaint in this matter and is requesting an additional thirty (30) days from April 16, 2014, through and including May 16, 2014,

in which to answer or otherwise respond to plaintiff's complaint in this matter.

9.  This motion is made in good faith and not for any improper purpose of vexation, harassment or undue delay.

10.  Plaintiff will not be prejudiced if this motion is granted.

WHEREFORE, defendant CallNet Call Center Services, Inc., prays this Court for an enlargement of not less than thirty (30) days from April 16, 2014, through and including not earlier than May 16, 2014, in which to answer or otherwise respond to plaintiff's complaint, and for any and all other just and proper relief.

Respectfully submitted,

MARK C. WEBB

TYLER D. HELMOND

(Certificate of service on the following page)

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the following parties and counsel by First Class Mail, U.S. postage prepaid, on the 24th day of April, 2014:

Mr. Thomas E. Hastings
The Hastings Law Firm
323 North Delaware Street
Indianapolis, Indiana  46204

Mr. Matthew L. Hinkle
Ms. Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, Indiana  46032

Mr. Kirk A. Horn
MANDEL HORN McGRATH & REYNOLDS, P.C.
704 Adams Street, Suite F
Carmel, Indiana 46032

Edward D. D'Arcy, Jr.
Attorney at Law
8015 Georgia Street
Merrillville, Indiana  46410



MARK C. WEBB

Mark C. Webb, #14089-49
Tyler D. Helmond, #28850-49
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, Indiana 46204
Telephone: (317) 632-4463
Telefax: (317) 631-1199
Email: mwebb@vzplaw.com

STATE OF INDIANA       )     IN THE HAMILTON SUPERIOR COURT 2
                      ) SS:
COUNTY OF HAMILTON  )     CAUSE NO. 29D02-1402-CT-001331

TAYLOR BELL,            )
                      )
        Plaintiff,     )
                      )
v.                      )
                      )
HAMILTON COUNTY SHERIFF'S  )
DEPARTMENT; HAMILTON COUNTY  )
PUBLIC SAFETY COMMUNICATIONS  )
CENTER; ASPIRE INDIANA, INC.; and  )
CALLNET CALL CENTER SERVICES,  )
INC.,                     )
                      )
        Defendants    )

### ORDER GRANTING DEFENDANT
### CALLNET CALL CENTER SERVICES, INC.'S
### SECOND MOTION FOR ENLARGEMENT OF TIME
### TO RESPOND TO COMPLAINT

Comes now defendant CallNet Call Center Services, Inc., by counsel, and having moved for an enlargement of not less than thirty (30) days from April 16, 2014, in which to respond to the complaint filed in this matter;

And the Court, having been duly advised in the premises, now hereby GRANTS this motion and hereby allows defendant CallNet Call Center Services, Inc., an enlargement of time through and including May 16, 2014, in which to respond to plaintiff's complaint herein.

DATED: _____      _____

                                     JUDGE
                                     HAMILTON SUPERIOR COURT
                                     CIVIL DIVISION 2

COPIES OF THIS ORDER ARE TO BE DISTRIBUTED TO:

Thomas E. Hastings
The Hastings Law Firm
323 North Delaware Street
Indianapolis, Indiana  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, Indiana  46032

Kirk A. Horn
MANDEL HORN McGRATH & REYNOLDS, P.C.
704 Adams Street, Suite F
Carmel, Indiana 46032

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, Indiana 46204

Edward D. D'Arcy, Jr.
Attorney at Law
8015 Georgia Street
Merrillville, Indiana  46410

Case 1:15-cv-01051-JMS-TAB   Document 1-1   Filed 07/06/15   Page 12 of 368 PageID #: 137

| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT 2 |
|---|---|---|
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-001331 |

TAYLOR BELL,                    )
                               )
            Plaintiff,          )
                               )
v.                             )
                               )
HAMILTON COUNTY SHERIFF'S       )
DEPARTMENT; HAMILTON COUNTY     )
PUBLIC SAFETY COMMUNICATIONS    )
CENTER; ASPIRE INDIANA, INC.; and )
CALLNET CALL CENTER SERVICES,   )
INC.,                          )
                               )
            Defendants          )

**FILED**

APR 29 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

### ORDER GRANTING DEFENDANT
### CALLNET CALL CENTER SERVICES, INC.'S
### SECOND MOTION FOR ENLARGEMENT OF TIME
### TO RESPOND TO COMPLAINT

Comes now defendant CallNet Call Center Services, Inc., by counsel, and having

moved for an enlargement of not less than thirty (30) days from April 16, 2014, in which

to respond to the complaint filed in this matter;

And the Court, having been duly advised in the premises, now hereby GRANTS

this motion and hereby allows defendant CallNet Call Center Services, Inc., an

enlargement of time through and including May 16, 2014, in which to respond to

plaintiff's complaint herein.

DATED: 4/28/14

_____
JUDGE
HAMILTON SUPERIOR COURT
CIVIL DIVISION 2

REC'D APR 2 8 2014

Case 1:15-cv-01051-JMS-TAB Document 1-1 Filed 07/06/15 Page 13 of 368 PageID #: 16

COPIES OF THIS ORDER ARE TO BE DISTRIBUTED TO:

Thomas E. Hastings
The Hastings Law Firm
323 North Delaware Street
Indianapolis, Indiana 46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, Indiana 46032

Kirk A. Horn
MANDEL HORN McGRATH & REYNOLDS, P.C.
704 Adams Street, Suite F
Carmel, Indiana 46032

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, Indiana 46204

Edward D. D'Arcy, Jr.
Attorney at Law
8015 Georgia Street
Merrillville, Indiana 46410

- 2 -

## CCS ENTRY FORM
## IN THE HAMILTON COUNTY SUPERIOR COURT

Cause No.:     29D02-1402-CT-1331

Title of Cause:     TAYLOR BELL v. NOBLESVILLE POLICE DEPARTMENT, et al

The activity of the Court should be summarized as follows on the Chronological Case Summary (CCS):

    The Defendant, ASPIRE INDIANA, INC., by counsel, Michael M. Oberman, (Attorney #: 16155-49), files its Additional Appearance by Attorney.

| Submitted by: | Other Attorneys of Record: |
|---|---|
| Edward D. D'Arcy, Jr. | Thomas E. Hastings |
| Attorney No. 28158-45 | Attorney No. 8334-80 |
| Doherty & Progar LLC | The Hastings Law Firm |
| 8105 Georgia Street | 323 North Delaware Street |
| Merrillville, IN 46410 | Indianapolis, IN 46204 |
| (219) 513-9000 | (317) 686-1000 – ext. 227 |
| (219) 513-9010 - Facsimile | |
| | Mr. Matthew L. Hinkle |
| Mr. Kirk A. Horn | Ms. Erika N. Sylvester |
| Mandel Horn McGrath & Reynolds, P.C. | Coots, Henke & Wheeler, P.C. |
| 704 Adams Street, Suite F | 255 East Carmel Drive |
| Carmel, IN 46032 | Carmel, IN 46032 |

---

### (TO BE DESIGNATED BY THE COURT)

This CCS Entry Form shall be:

(   ) Placed in case file
(   ) Discarded after entry on the CCS
(   ) Mailed to all counsel by: _____ Counsel _____ Clerk _____ Court
(   ) There is no attached Order; or

    The attached Order shall be placed in the RJO: _____ Yes _____ No

Date:_____        Approved:_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents has been served on counsel of record listed below by U.S. First Class Mail this _16th_ day of _June, 2014_.

Thomas E. Hastings
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204

Mr. Kirk A. Horn
Mandel Horn McGrath & Reynolds, P.C.
704 Adams Street, Suite F
Carmel, IN 46032

Mr. Matthew L. Hinkle
Ms. Erika N. Sylvester
Coots, Henke & Wheeler, P.C.
255 East Carmel Drive
Carmel, IN 46032

Michael M. Oberman

Michael M. Oberman
Attorney No. 16155-49
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

I:\51858\Additional Appearance MMO.wpd/EDD/smm

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | **HAMILTON COUNTY SUPERIOR COURT** |
| | ) | **CIVIL DIVISION 2** |
| | ) SS: | |
| **COUNTY OF HAMILTON** | ) | CAUSE NO.:  29D02-1402-CT-1331 |

| | |
|---|---|
| TAYLOR BELL, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NOBLESVILLE POLICE DEPARTMENT, | ) |
| HAMILTON COUNTY SHERIFF'S | ) |
| DEPARTMENT, HAMILTON COUNTY | ) |
| PUBLIC SAFETY COMMUNICATIONS | ) |
| CENTER, ASPIRE INDIANA, INC. and | ) |
| CALLNET CALL CENTER SERVICES, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |

## ADDITIONAL APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating _____          Responding **X**          Intervening _____ ; and
   the undersigned attorney and all attorneys listed on this form now appear in this case  for
   the following parties:

   Name of party:  ASPIRE INDIANA, INC.

   Address of party  *(see Question # 6 below if this case involves a protection from abuse
   order, a workplace violence restraining order, or a no-contact order)*

   *(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   | | | |
   |---|---|---|
   | Name: | Michael M. Oberman | Atty Number: 16155-49 |
   | Address: | Doherty & Progar LLC | |
   | | 8105 Georgia Street | |
   | | Merrillville, IN 46410 | |
   | | Phone: (219) 513-9000 | |
   | | Fax: (219) 513-9010 | |

Page 1 of 3

Form TCM-TR3.1-1 Revised by
State Court Administration 07/09

Email Address: mmo@doherty-progar.com

*(List on continuation page additional attorneys appearing for above party)*

3.  This is a civil case type as defined in administrative Rule 8(B)(3).

4.  I will accept service by FAX at the above noted number:  Yes _____  No _____

5.  This case involves child support issues. Yes _____ No _X__  *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

6.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes _____ No _X__  *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

    _____    Attorney's address
    _____    The Attorney General Confidentiality program address
                 (contact the Attorney General at 1-800-321-1907 or e-mail address is
                 **confidential@atg.state.in.us)**.
    _____    Another address (provide)

    _____

7.  This case involves a petition for involuntary commitment.  Yes _____ No _X__

8.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

    a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

    b.  State of Residence of person subject to petition: _____

    c.  At least one of the following pieces of identifying information:
        (I)    Date of Birth _____
        (ii)   Driver's License Number _____
               State where issued _____ Expiration date _____
        (iii)  State ID number _____
               State where issued _____ Expiration date _____
        (iv)   FBI number _____
        (v)    Indiana Department of Corrections Number _____
        (vi)   Social Security Number is available and is being provided in an attached

Form TCM-TR3.1-1 Revised by
State Court Administration 07/09

confidential document Yes _____ No _____

9.  There are related cases: Yes _____ No __X_ *(If yes, list on continuation page.)*

10. Additional information required by local rule:
_____

11. There are other party members: Yes _____ No__X_ *(If yes, list on continuation page.)*

12. This form has been served on all other parties and Certificate of Service is attached:
Yes_X_ No____

_____
Attorney-at-Law
(Attorney information shown above.)

Form TCM-TR3.1-1 Revised by
State Court Administration 07/09

CIVIL NOTICE
HAMILTON SUPERIOR COURT 2

Taylor Bell   vs.   Noblesville Police Department,Hamilton County          29D02-1402-CT-001331
Sheriff's Department,Hamilton County Public Safety Communications
Centeret al

To:   Matthew L Hinkle
      255 E Carmel DR
      Carmel IN  46032

| ATTORNEYS | PARTIES |
|---|---|
| | **PLAINTIFF / PETITIONER** |
| Thomas Edward Hastings | Taylor Bell |
| | |
| | **DEFENDANT / RESPONDENT** |
| Kirk A Horn; Matthew L Hinkle; Erika N Sylvester; | Noblesville Police Department; Hamilton County |
| Matthew L Hinkle; Erika N Sylvester; Edward Dyer | Sheriff's Department; Hamilton County Public |
| D'Arcy, Jr.; Michael Mark Oberman; Mark Charles | Safety Communications Center; Aspire Indiana |
| Webb; Tyler Helmond; Kirk A Horn | Inc; CallNet Call Center Services Inc; Sheriff, |
| | Hamilton County; City of Noblesville |

EVENTS:

| Entry Date | File Stamp/ Order Signed/ Hearing Date | Event and Comments |
|---|---|---|
| 07/18/2014 | 07/16/2014 | Order Issued (Plaintiff's Motion for Change of Venue is now set for hearing on the 18th day of August, 2014 at 9:30 a.m.  So Ordered this 16th day of July, 2014.) |

Distribution:   Thomas Edward Hastings
                Kirk A Horn
                Erika N Sylvester
                Tyler Helmond
                Mark Charles Webb
                Edward Dyer D'Arcy, Jr.
                Sheriff, Hamilton County
                Michael Mark Oberman

17,120.015

CIVIL NOTICE
HAMILTON SUPERIOR COURT 2

Taylor Bell   vs.   Noblesville Police Department,Hamilton County          29D02-1402-CT-001331
Sheriff's Department,Hamilton County Public Safety Communications
Centeret al

To:   Matthew L Hinkle
      255 E Carmel DR
      Carmel IN  46032

| ATTORNEYS | PARTIES |
|-----------|---------|
| | PLAINTIFF / PETITIONER |
| Thomas Edward Hastings | Taylor Bell |
| | |
| | DEFENDANT / RESPONDENT |
| Kirk A Horn; Matthew L Hinkle; Erika N Sylvester; | Noblesville Police Department; Hamilton County |
| Matthew L Hinkle; Erika N Sylvester; Edward Dyer | Sheriff's Department; Hamilton County Public |
| D'Arcy, Jr.; Michael Mark Oberman; Mark Charles | Safety Communications Center; Aspire Indiana |
| Webb; Tyler Helmond; Kirk A Horn | Inc; CallNet Call Center Services Inc; Sheriff, |
| | Hamilton County; City of Noblesville |

EVENTS:

| Entry Date | File Stamp/ Order Signed/ Hearing Date | Event and Comments |
|------------|----------------------------------------|--------------------|
| 07/18/2014 | 07/16/2014 | Order Issued (Plaintiff's Motion for Change of Venue is now set for hearing on the 18th day of August, 2014 at 9:30 a.m.  So Ordered this 16th day of July, 2014.) |

Distribution:   Thomas Edward Hastings
                Kirk A Horn
                Erika N Sylvester
                Tyler Helmond
                Mark Charles Webb
                Edward Dyer D'Arcy, Jr.
                Sheriff, Hamilton County
                Michael Mark Oberman

Printed 7/18/2014 10:51 AM

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT 2 |
| | )SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-001331 |

SHELLA WILDE, as Guardian of )
TAYLOR BELL, )
                      )
        Plaintiff, )
                      )
    v. )
                      )
CITY OF NOBLESVILLE, HAMILTON )
COUNTY SHERIFF, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS )
CENTER, ASPIRE INDIANA, INC. and )
CALLNET CALL CENTER SERVICES, INC., )
                      )
        Defendants. )

FILED

NOV 18 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## ORDER

Defendant, Noblesville Police Department, by counsel, having moved the court for an Order granting its Motion for Enlargement of Time to Respond to Plaintiff's Second Set of Interrogatories;

AND THE COURT, having reviewed said motion and being otherwise duly advised in the premises, finds the motion to be meritorious and should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant, Noblesville Police Department, shall have to and including January 5, 2015, within which to answer Plaintiff's Second Set of Interrogatories.

Dated: __11/17/2014__               _____
                                       JUDGE, HAMILTON SUPERIOR COURT 2

//

**Distribution:**

Kirk A. Horn
MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN 46032

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN 46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN 46410
*Attorney for Aspire Indiana, Inc.*

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN 46204
*Attorneys for CallNet Call Center Services*

STATE OF INDIANA    )    IN THE HAMILTON SUPERIOR COURT 2
          )SS:
COUNTY OF HAMILTON   )    CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of     )
TAYLOR BELL,           )
              )
     Plaintiff,        )
              )
   v.             )
              )
CITY OF NOBLESVILLE, HAMILTON   )
COUNTY SHERIFF, HAMILTON COUNTY   )
PUBLIC SAFETY COMMUNICATIONS    )
CENTER, ASPIRE INDIANA, INC. and    )
CALLNET CALL CENTER SERVICES, INC.,   )
              )
     Defendants.      )

**FILED**

DEC 1 5 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## ORDER

    Defendant, Noblesville Police Department, by counsel, having moved the court for an Order

granting its Motion for Enlargement of Time to Respond to Plaintiff's Third Set of Interrogatories and

Fourth Request for Production of Documents;

    **AND THE COURT**, having reviewed said motion and being otherwise duly advised in the premises,

finds the motion to be meritorious and should be granted.

    **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant, Noblesville Police

Department, shall have to and including February 6, 2015, within which to answer Plaintiff's Third Set of

Interrogatories and Fourth Request for Production of Documents.

Dated: _DEC 1 1 2014_

           _____
           JUDGE, HAMILTON SUPERIOR COURT 2

*[SEAL: HAMILTON COUNTY INDIANA SUPERIOR COURT 2]*

//

**Distribution:**

Kirk A. Horn
MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410
*Attorney for Aspire Indiana, Inc.*

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204
*Attorneys for CallNet Call Center Services*

HAMILTON COUNTY COURT

## CCS ENTRY

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT II |
| | )SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-1331 |

| | |
|---|---|
| SHELLA WILDE, as Guardian of TAYLOR BELL, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CITY OF NOBLESVILLE, HAMILTON COUNTY SHERIFF, ASPIRE INDIANA INC., HAMILTON COUNTY PUBLIC SAFETY COMMUNICATIONS, AND CALLNET CALL CENTER SERVICES, INC. | ) ) ) ) ) ) |
| Defendants. | ) |

*The Clerk will please enter the following entry on the Chronological Case Summary:*

Robert B. Turner files Appearance on behalf of Plaintiff, Shella Wilde, as Guardian of Taylor Bell.

Respectfully Submitted,

Robert B. Turner (2288-49)
The Hastings Law Firm

NOTICE: Pursuant to Local Rule 4.1, this form must accompany all filings with the Circuit, Superior or County Courts of Hamilton County. This form may not be used as an order of the Court. Pursuant to Local Rule 4.2, a separate order must be submitted with each request for relief.

This section for Court usage only:

CODE _____                    Entered by: _____

# <u>APPEARANCE FORM (CIVIL)</u>
## Initiating Party

**Case Number:**_____29D02-1402-CT-11331_____
       (Previously supplied by Clerk)     (File Stamp)

/ / Check if *Pro Se.*

1.    Type of case:_____CT_____

2.    _____Shella Wilde, as Guardian of Taylor Bell_____
    Name of initiating party

(SUPPLY NAMES OF ADDITIONAL INITIATING PARTIES ON CONTINUATION PAGE)

3.  Attorney information (as applicable for service):

        Robert B. Turner (2288-49)
        The Hastings Law Firm
        323 N. Delaware St
        Indianapolis, IN 46204
        Phone: 317-686-1000
        Fax:   317-685-2330

(SUPPLY NAMES OF ADDITIONAL ATTORNEYS ON CONTINUATION PAGE)

4. Will initiating party accept service by FAX:  Yes__ No <u>XX</u>

5. Additional information required by state of local rule:

6. (Optional) Additional information to supplement the appearance form submitted by the initiating party:

_____
Robert B. Turner (2288-49)
THE HASTINGS LAW FIRM
323 North Delaware Street
Indianapolis, IN 46204
(317) 686-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Request for Production to the Hamilton County Sheriff's Department was served by United States First Class Mail this 6th day of January 2015 on the following counsel of record:

Kirk A. Horn
Mandel Horn, P.C.
704 Adams Street
Suite F
Carmel, IN  46032

Matthew L. Hinkle
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Michael Oberman
Doherty & Progar, LLC
8105 Georgia Street
Merrillville, IN  46410

Darren Murphy
HOWARD & ASSOCIATES
694 Logan St.
Noblesville, IN 46060


Robert B. Turner

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

**FILED**

JUN 2 3 2015

CLERK OF THE
HAMILTON SUPERIOR COURT

SHEILA WILDE, as Guardian of )
TAYLOR BELL, )
)
)
Plaintiff, )
v. )    CAUSE NO. 29D02-1402-CT-001331
)
CITY OF NOBLESVILLE, HAMILTON )
COUNTY SHERIFF, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS )
CENTER, and CALLNET CALL CENTER )
SERVICES, INC., )
)
Defendants. )

## <u>ORDER OF DISMISSAL WITH PREJUDICE</u>

Plaintiff, Sheila Wilde, as Guardian of Taylor Bell, and Defendants, City of Noblesville,

Hamilton County Sheriff, Hamilton County Public Safety Communications Center and CallNet

Call Center Services, Inc., by their respective counsel, filed their Stipulation of Dismissal with

Prejudice as to Hamilton County Public Safety Communications Center.  And the Court, having

examined the Stipulation of Dismissal executed by Plaintiff and Defendants, by their respective

counsel, finds that it should be APPROVED.

**IT IS, THEREFORE, ORDERED,** by the Court that all claims and demands for

compensation, including attorney fees, asserted by Sheila Wilde, as Guardian of Taylor Bell, in

the above cause of action against Defendant Hamilton County Public Safety Communications

Center are dismissed with prejudice. Costs paid.

DATED: _6/23/2015_          _____

JUDGE/MAGISTRATE, HAMILTON COUNTY
SUPERIOR COURT #2

COPIES TO:

Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64
**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032

Mark Charles Webb
Tyler Helmond
**VOYLES ZAHN & PAUL**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204

Thomas E. Hastings
Robert B. Turner
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN  46204

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN  46032

# STATE OF INDIANA
## COUNTY OF HAMILTON

|  |  |
|---|---|
| SHELLA WILDE, as Guardian of TAYLOR BELL,<br><br>Plaintiff,<br><br>v.<br><br>NEAL ROSENBERG, JAMES ALOISIO, CRAIG DENISON, LIEUTENANT DAVID THOMA, individually and as Servants, Agents of the Noblesville Police Department, THE CITY OF NOBLESVILLE and THE HAMILTON COUNTY SHERIFF,<br><br>Defendants. | Cause No: 29D02-1402-CT-1331 |

# APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:** ___ Initiating     _X_ Responding     ___ Intervening

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): Defendants, Neal Rosenberg, James Aloisio, Craig Denison, and Lieutenant David Thoma

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | |
|---|---|
| Name:    Kirk A. Horn<br>Address:   MANDEL HORN, P.C.<br>        704 Adams St., Suite F<br>        Carmel, IN  46032 | Atty. No.  15194-06<br>Phone:    317-848-7000<br>FAX:       317-848-6197<br>Computer Address:  khorn@mhmrlaw.com |

3. There are other party members: __ Yes _X_ No *(If yes, list on continuation page.)*

4. *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): _N/A_____

5. I will accept service by FAX at the above noted number: _X_ Yes ____ No

6. This case involves support issues: ____ Yes _X_ No *(If yes, supply social security numbers for all family members on continuation page.)*

7. There are related cases: __ Yes _X_ No *(If yes, list on continuation page.)*

8. This form has been served on all other parties.  Certificate of service is attached: _X_ Yes ____ No

9. Additional information required by local rule:  N/A

Date:  July 6, 2015

_____
 Kirk A. Horn (Attorney No.15194-06)
 *Attorney for Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and the City of Noblesville*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 6th day

of July, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
Robert B. Turner
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Darren Murphy
HOWARD & ASSOCIATES
694 Logan Street
Noblesville, IN  46060

_____
Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

I:\51858\Additional Appearance MMO.wpd/EDD/smm

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | **HAMILTON COUNTY SUPERIOR COURT** |
| | ) | **CIVIL DIVISION 2** |
| | ) SS: | |
| **COUNTY OF HAMILTON** | ) | CAUSE NO.:  29D02-1402-CT-1331 |

| | |
|---|---|
| TAYLOR BELL, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NOBLESVILLE POLICE DEPARTMENT, | ) |
| HAMILTON COUNTY SHERIFF'S | ) |
| DEPARTMENT, HAMILTON COUNTY | ) |
| PUBLIC SAFETY COMMUNICATIONS | ) |
| CENTER, ASPIRE INDIANA, INC. and | ) |
| CALLNET CALL CENTER SERVICES, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |

## ADDITIONAL APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating _____        Responding **X**         Intervening _____ ; and
   the undersigned attorney and all attorneys listed on this form now appear in this case  for
   the following parties:

   Name of party:  ASPIRE INDIANA, INC.

   Address of party  *(see Question # 6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

   *(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   | | | |
   |---|---|---|
   | Name: | Michael M. Oberman | Atty Number: 16155-49 |
   | Address: | Doherty & Progar LLC | |
   | | 8105 Georgia Street | |
   | | Merrillville, IN 46410 | |
   | | Phone: (219) 513-9000 | |
   | | Fax: (219) 513-9010 | |

Email Address: <u>mmo@doherty-progar.com</u>

*(List on continuation page additional attorneys appearing for above party)*

3.  This is a civil case type as defined in administrative Rule 8(B)(3).

4.  I will accept service by FAX at the above noted number:  Yes _____ No _____

5.  This case involves child support issues. Yes _____ No _X__ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**.  Use Form TCM-TR3.1-4.)*

6.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes _____ No _X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

    _____    Attorney's address
    _____    The Attorney General Confidentiality program address
                 (contact the Attorney General at 1-800-321-1907 or e-mail address is
                 **confidential@atg.state.in.us)**.
    _____    Another address (provide)

    _____

7.  This case involves a petition for involuntary commitment.  Yes _____ No _X__

8.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

    a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

    b.  State of Residence of person subject to petition: _____

    c.  At least one of the following pieces of identifying information:
        (I)    Date of Birth _____
        (ii)   Driver's License Number _____
               State where issued _____ Expiration date _____
        (iii)  State ID number _____
               State where issued _____ Expiration date _____
        (iv)   FBI number _____
        (v)    Indiana Department of Corrections Number _____
        (vi)   Social Security Number is available and is being provided in an attached

confidential document Yes _____ No _____

9.  There are related cases: Yes _____ No __X_ *(If yes, list on continuation page.)*

10. Additional information required by local rule:
    _____

11. There are other party members: Yes _____ No__X_ *(If yes, list on continuation page.)*

12. This form has been served on all other parties and Certificate of Service is attached:
    Yes_X_ No____

                              _____
                                   Attorney-at-Law
                                   (Attorney information shown above.)

Form TCM-TR3.1-1 Revised by
State Court Administration 07/09

I:\51858\Motion to Dismiss.wpd/EDD/smm

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | **HAMILTON COUNTY SUPERIOR COURT** |
| | ) | **CIVIL DIVISION 2** |
| | ) SS: | |
| **COUNTY OF HAMILTON)** | | **CAUSE NO.: 29D02-1402-CT-1331** |

| | |
|---|---|
| TAYLOR BELL, | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NOBLESVILLE POLICE DEPARTMENT, | ) |
| HAMILTON COUNTY SHERIFF'S | ) |
| DEPARTMENT, HAMILTON COUNTY | ) |
| PUBLIC SAFETY COMMUNICATIONS | ) |
| CENTER, ASPIRE INDIANA, INC. and | ) |
| CALLNET CALL CENTER SERVICES, | ) |
| INC. | ) |
| | ) |
|         Defendants. | ) |

## DEFENDANT, ASPIRE INDIANA, INC.'s MOTION TO DISMISS

COMES NOW the Defendant, ASPIRE INDIANA, INC. ("ASPIRE"), by counsel,

DOHERTY & PROGAR LLC, and pursuant to Trial Rule 12(B)(6), respectfully prays the Court

to dismiss the Plaintiff's Complaint against it for failure to state a claim upon which relief can be

granted, and in support thereof, states as follows:

    1.    The Plaintiff filed his Complaint against ASPIRE, among others, as a result of

being shot "multiple times" by members of the Co-Defendants, NOBLESVILLE POLICE

DEPARTMENT and HAMILTON COUNTY SHERIFF'S DEPARTMENT, on July 20, 2013.

Attached hereto as Exhibit "A" is a copy of the Plaintiff's Complaint for Damages.

    2.    In his Complaint, the Plaintiff alleged that he called ASPIRE on that date and

discussed "thoughts of suicide" with one of its employees. After talking with an employee of

ASPIRE by telephone, the Complaint further alleged that the Plaintiff "communicated several

times with a negotiator for NPD and/or HCSD" by cell phone. A simple review of the Complaint

shows that it fails to allege any specific acts of negligence by ASPIRE or how ASPIRE's alleged negligence regarding a telephone call from the Plaintiff was the proximate cause of his subsequent shooting.

3.      It is well established that a motion to dismiss under Trial Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a Plaintiff would be entitled to relief. See *Kitco, Inc. v. Corp. for GEN. Trade*, 706 N.E.2d 581 (1991). Thus, while the court does not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, it does test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred. *Trail v. Boys and Girls Club of Northwest Indiana*, 845 N.E.2d 130, 134 (2006).

A court should "accept as true the facts alleged in the complaint", *Minks v. Pina*, 709 N.E.2d 379, 381 (1999), and should not only "consider the pleadings in the light most favorable to the plaintiff", but also "draw every reasonable inference in favor of the non-moving party". *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (1998). However, a court need not accept as true "allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading". *Morgan Asset Holding Corp. v. CoBank, ACB,* 736 N.E.2d 1268, 1271 (2000).

Indiana Trial Rule 8(A) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief". Although the plaintiff need not set out in precise detail the facts upon which the claim is based, he must still plead the operative facts necessary to set forth an actionable claim. *Miller v. Memorial Hospital of South Bend, Inc.*, 679 N.E.2d 1329 (1997).

4.     As noted above, the Plaintiff's Complaint alleged that he suffered injuries when he was shot "multiple times" by the Co-Defendants, NOBLESVILLE POLICE DEPARTMENT and HAMILTON COUNTY SHERIFF'S DEPARTMENT, on July 20, 2013. Prior to being shot, the Complaint further alleged that the Plaintiff spoke several times by cell phone with a "negotiator" for the NPD and/or HCSD.

The cases cited above establish that although Indiana is notice pleading state, a plaintiff must nonetheless still plead the operative facts necessary to set forth an actionable claim. In the present case, paragraph 13 of the Plaintiff's Complaint concludes that all Defendants, including ASPIRE, were "negligent" without any specific allegations of negligence against ASPIRE or how its alleged negligence regarding a single telephone call received from the plaintiff was the proximate result of his subsequent shooting. On the contrary, paragraph 9 of the Plaintiff's Complaint specifically admits that the Plaintiff gave his approval for an employee of ASPIRE to call "911" and that the Plaintiff subsequently communicated "several times with a negotiator for NPD and/or HCSD" before he was shot. Under the specific facts alleged, the Plaintiff's Complaint fails to state against a claim ASPIRE since it fails to establish "any set of circumstances under which a Plaintiff would be entitled to relief" against ASPIRE. Accordingly, ASPIRE respectfully requests the court to dismiss the Plaintiff's Complaint under Trial Rule 12(B)(6).

WHEREFORE, the Defendant, ASPIRE INDIANA, INC., respectfully prays the court to dismiss the Plaintiff's Complaint for damages under Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted.

3

Respectfully submitted,

ASPIRE INDIANA, INC.

By: _____
Edward D. D'Arcy, Jr.
One of Its Attorneys

Edward D. D'Arcy, Jr.
Attorney #28158-45
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

4

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing document was made upon:

Thomas E. Hastings
Attorney No. 8334-80
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204

Mr. Matthew L. Hinkle
Ms. Erika N. Sylvester
Coots, Henke & Wheeler, P.C.
255 East Carmel Drive
Carmel, IN 46032

Mr. Kirk A. Horn
Mandel Horn McGrath & Reynolds, P.C.
704 Adams Street, Suite F
Carmel, IN 46032

by depositing same in the United States Mail on the _____13th_____ day of March, 2014.

Edward D. D'Arcy, Jr.
Attorney No.: 28158-45
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

5

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing document was made upon:

Thomas E. Hastings
Attorney No. 8334-80
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204

Mr. Matthew L. Hinkle
Ms. Erika N. Sylvester
Coots, Henke & Wheeler, P.C.
255 East Carmel Drive
Carmel, IN 46032

Mr. Kirk A. Horn
Mandel Horn McGrath & Reynolds, P.C.
704 Adams Street, Suite F
Carmel, IN 46032

by depositing same in the United States Mail on the _____13th_____ day of March, 2014.

Edward D. D'Arcy, Jr.
Attorney No.: 28158-45
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

5

#57858

STATE OF INDIANA ) HAMILTON COUNTY SUPERIOR COURT
)SS: CIVIL DIVISION 2
COUNTY OF HAMILTON ) CAUSE NO.


TAYLOR BELL, ) 29D02-1402 CT-1331
)
Plaintiff, )
)
vs. )
)
NOBLESVILLE POLICE DEPARTMENT, )
HAMILTON COUNTY SHERIFF'S )
DEPARTMENT, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS )
CENTER, ASPIRE INDIANA, INC. and )
CALLNET CALL CENTER SERVICES, )
INC. )
)
Defendants. )

## COMPLAINT FOR DAMAGES

Comes now Taylor Bell, by counsel, Thomas E. Hastings, and for this Complaint for

Damages, alleges and says as follows:

1.      That at all times relevant herein, Taylor Bell (hereinafter referred to as "Bell")

was a resident of Hamilton County, Indiana.

2.      That at all times relevant herein, the Noblesville Police Department (hereinafter

"NPD") was a law enforcement agency in the city of Noblesville, Hamilton County, Indiana.

3.      That at all times relevant herein, the Hamilton County Sheriff's Department

(hereinafter referred to as "HCSD") was a law enforcement agency in the city of Noblesville,

Hamilton County, Indiana.



EXHIBIT

"A"

4.      That at all times relevant here the Hamilton County Public Safety Communications Center (hereinafter referred to as "HCPSC") was the dispatch service for emergency runs to the HCSD and NPD.

5.      That at all times herein Aspire Indiana, Inc. (hereinafter referred to as "Aspire") was a corporation authorized to do business in the State of Indiana.

6.      That at all times herein CallNet Call Center Services, Inc. (hereinafter referred to as "CallNet") was the contractor that answered the crisis line for Aspire.

7.      That on or about July 20, 2103, Bell made a call to the Aspire crisis hot line seeking help for thoughts of suicide, which call was answered by CallNet.

8.      That on or about July 20, 2013, Thomas Harris, MS, an Aspire employee, spoke with Bell about this thoughts of suicide.  Bell informed him that he had a "BB gun," and that he had no intention of hurting anyone but himself.

9.      That during the call between Bell and Thomas Harris, MS, Harris requested permission from bell to call 911, which is operated by HCPSC, for intervention and Bell gave his approval.

10.     That on or about July 20, 2013, Thomas Harris, MS, contacted NPD and advised them that Bell "had a gun," but did not clarify the type of gun.

11.     That on or about July 20, 2013, Bell communicated several times with a "negotiator" for NPD and/or HCSD, who communicated with him via cell phone. Bell also informed the "negotiator" that he was carrying a BB gun, not a real gun.

12.     That on or about July 20, 2013, the NPD and HCSD surrounded Bell in a parking lot at located at 395 Westfield Road in Noblesville, Indiana and utilizing excessive force, shot Taylor Bell multiple times, causing permanent bodily injury and damages.

-2-

13.    As a result of the negligence of the Defendants, HCPSC, NPD, HCSD, Aspire and

CallNet, Bell sustained permanent bodily injury and damages, including but not limited to,

medical expenses and lost wages in the approximate amount of Two Million Dollars

($2,000,000.00), pain and suffering, permanent impairment, future medical expenses and future

lost wages.

WHEREFORE, Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, requests the Court

enter judgment for Plaintiff Taylor Bell and against Defendants, and each of them, in an amount

to be determined by the trier-of- fact at the trial of this cause and for all other relief just and

proper in the premises.

Thomas E. Hastings (#8334-80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204
Telephone: 317.686.1000, ext 227

-3-

STATE OF INDIANA     )     IN THE HAMILTON SUPERIOR COURT 2
) SS:
COUNTY OF HAMILTON  )     CAUSE NO. 29D02-1402-CT-001331

TAYLOR BELL,              )
                       )
       Plaintiff,     )
                       )
v.                        )
                       )
HAMILTON COUNTY SHERIFF'S    )
DEPARTMENT; HAMILTON COUNTY   )
PUBLIC SAFETY COMMUNICATIONS  )
CENTER; ASPIRE INDIANA, INC.; and  )
CALLNET CALL CENTER SERVICES,  )
INC.,                      )
                       )
       Defendants    )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

This Appearance Form must be filed on behalf of every party in a civil case.

1. The party on whose behalf this form is being filed is:
Initiating ____       Responding **XX**     Intervening ____ ; and

the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

Name of party: **CALLNET CALL CENTER SERVICES, INC.**

2. Attorney information for service as required by Trial Rule 5(B)(2)

| Name: | **Mark C. Webb** | Attorney Number: | **14089-49** |
| | **Tyler D. Helmond** | | **28850-49** |
| Address: | **141 East Washington Street, Suite 300** | | |
| | **Indianapolis, Indiana 46204** | | |
| Phone: | **(317) 632-4463 (Office); (317) 439-9132 (Cell)** | | |
| FAX: | **(317) 631-1199** | | |

Email Address: **mwebb@vzplaw.com**

(List on continuation page additional attorneys appearing for above party)

3. This is a **CT** case type as defined in administrative Rule 8(B)(3).

Page 2 of 3, Form TCM-TR3.1-1
Revised by State Court Administration 07/09

4. I will accept service by:
   FAX at the above noted number: Yes _____ No **XX**
   Email at the above noted number: Yes _____ No **XX**

5. This case involves child support issues. Yes _____ No **XX** (If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on light green paper. Use Form TCM-TR3.1-4.)

6. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes _____ No **XX** (If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.) The party shall use the following address for purposes of legal service: **N/A**

7. This case involves a petition for involuntary commitment. Yes _____ No **XX**

8. There are related cases: Yes _____ No **XX** (If yes, list on continuation page.)

10. Additional information required by local rule: **N/A**

11. There are other party members: Yes **XX** No _____ (If yes, list on continuation page.)

12. This form has been served on all other parties and Certificate of Service is attached:
    Yes **XX** No _____

Respectfully submitted,

_____
MARK C. WEBB

_____
TYLER D. HELMOND

(Attorney information shown above.)

(Certificate of service on the following page)

Page 3 of 3, Form TCM-TR3.1-1
Revised by State Court Administration 07/09

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following parties and counsel by First Class Mail, U.S. postage prepaid, on the 5ᵗʰ day of _March_____, 2014:

Mr. Thomas E. Hastings
The Hastings Law Firm
323 North Delaware Street
Indianapolis, Indiana 46204

Mr. Matthew L. Hinkle
Ms. Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, Indiana 46032

Mr. Kirk A. Horn
MANDEL HORN McGRATH & REYNOLDS, P.C.
704 Adams Street, Suite F
Carmel, Indiana 46032

Aspire Indiana, Inc.
9615 East 148ᵗʰ Street, Suite 1
Noblesville, Indiana 46060

MARK C. WEBB

Mark C. Webb, #14089-49
Tyler D. Helmond, #28850-49
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, Indiana 46204
Telephone: (317) 632-4463
Telefax: (317) 631-1199
Email: mwebb@vzplaw.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
| | )SS: | CIVIL DIVISION 2 |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-1331 |

SHELLA WILDE, as Guardian )
of TAYLOR BELL, )
            )
         Plaintiff, )
            )
vs. )
            )
CITY OF NOBLESVILLE, )
HAMILTON COUNTY SHERIFF, )
HAMILTON COUNTY PUBLIC SAFETY )
COMMUNICATIONS CENTER, )
ASPIRE INDIANA, INC. and )
CALLNET CALL CENTER SERVICES, )
INC. )
            )
         Defendants. )

## JOINT MOTION TO DISMISS DEFENDANT, CALLNET CALL CENTER SERVICES, INC.

Plaintiff, Shella Wilde, as Guardian of Taylor Bell, by counsel, Thomas E. Hastings, and

Defendants, and each of them, state as follows:

         1.     Plaintiff filed his Complaint for Damages naming Callnet Call Center Services,

Inc. as a Defendant.

         2.     Plaintiff's counsel has conducted sufficient discovery to determine that Callnet

Call Center Services, Inc. has no liability in the referenced cause of action and should be dismissed.

         3.     All parties and counsel filing this joint motion, agree that Callnet Call Center

Services, Inc. has no liability, and should be dismissed, with prejudice and should not be named as a non-

party in this case.

         WHEREFORE, Plaintiff, Shella Wilde, as Guardian of Taylor Bell, by counsel, and Defendants,

by their respective counsel respectfully request the Court grant this Joint Motion to Dismiss Defendant,

Callnet Call Center Services, Inc. and all other relief just and proper in the premises.

Respectfully submitted,

Thomas E. Hastings (8334-80)
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
(3117) 686-1000

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN  46032

Matthew L. Hinkle
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Mark C. Webb
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN  46204

Edward D. D'Arcy, Jr. Michael M. Oberman
Doherty & Progar, LLC              16155-49
8105 Georgia Street
Merrillville, IN  46410

2

6//P

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT 2 |
| | )SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-001331 |

SHELLA WILDE, as Guardian of )
TAYLOR BELL, )
)
          Plaintiff, )
)
   v. )
)
CITY OF NOBLESVILLE, HAMILTON )
COUNTY SHERIFF, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS )
CENTER, ASPIRE INDIANA, INC. and )
CALLNET CALL CENTER SERVICES, INC., )
)
         Defendants. )

*FILED*

AUG 18 2014

*Peggy Beaver)*
CLERK OF THE
HAMILTON SUPERIOR COURT

## DEFENDANT CITY OF NOBLESVILLE'S MOTION TO JOIN IN DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CHANGE OF VENUE

Comes now the Defendant, City of Noblesville, by counsel, and moves to join in Defendants' Opposition to Plaintiffs' Motion for Change of Venue. In support of his motion, Defendant states as follows:

1.     Recently, the Plaintiffs filed a Motion for Change of Venue.

2.     The motion shall be granted only upon showing: 1) that the county where suit is pending is a party, or 2) that the party seeking the change will be unlikely to receive a fair trial on account of local prejudice or bias regarding a party or the claim or defense presented by a party. Ind. Tr. Rule 76(A).

3.     The Motion must be filed within ten (10) days after the issues are first closed on the merits. Rule 76(C).

4.     Plaintiffs have failed to make a showing of either ground. They have not shown that the county is a defendant. The Hamilton County Sheriff's Department is a separate suable entity from the "county." Nor have they shown that they will not receive a fair trial due to prejudice or bias. In fact, they have submitted no evidence whatsoever.

5.     Defendant joins in the Defendants' opposition to the motion for change of venue.

WHEREFORE, the Defendant, City of Noblesville, prays that the Court allow this Defendant to join in Defendants' Opposition to Plaintiff's Motion for Change of Venue, and for all other relief.

Respectfully submitted,

MANDEL HORN, P.C.

Kirk A. Horn, Attorney No. 15194-06
*Attorney for Defendant, City of Noblesville*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 28th day of July, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN 46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN 46410

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN 46204

Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN 46032
317/848-7000
317/848-6197 *(facsimile)*

STATE OF INDIANA    )        HAMILTON SUPERIOR COURT NO. 2
                    )SS:
COUNTY OF HAMILTON  )       CAUSE NO:   29D02-1402-CT-1331

TAYLOR BELL,

       Plaintiff,

     Vs.

NOBLESVILLE POLICE DEPARTMENT,
Et al,

        Defendants.

**FILED**

APR 2 3 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## COURT'S ORDER OF APRIL 21, 2014

Motion to Dismiss and Plaintiff's Response thereto are set for hearing on

the 16 day of June, 2014 at 11:00 A .m.

So ordered this 21st day of April, 2014.

_____
JUDGE/MAGISTRATE, Hamilton Superior Court No. 2

Distribution:

(PER CCS)

T. Hastings
Edward D'Arcy
M. Webb
M. Hinkle
K. Horn

DH

*(seal: HAMILTON COUNTY INDIANA SUPERIOR COURT 2 SEAL)*

REC'D APR 2 1 2014

I:\51858\Answer to Second Amended Complaint.wpd/EDD/MMO/pet

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | **HAMILTON COUNTY SUPERIOR COURT** |
| | ) | **CIVIL DIVISION 2** |
| | ) SS: | |
| **COUNTY OF HAMILTON)** | | CAUSE NO.:  29D02-1402-CT-1331 |

| | |
|---|---|
| SHEILA WILDE, as Guardian of | ) |
| TAYLOR BELL, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NOBLESVILLE POLICE DEPARTMENT, | ) |
| HAMILTON COUNTY SHERIFF'S | ) |
| DEPARTMENT, HAMILTON COUNTY | ) |
| PUBLIC SAFETY COMMUNICATIONS | ) |
| CENTER, ASPIRE INDIANA, INC. and | ) |
| CALLNET CALL CENTER SERVICES, | ) |
| INC. | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT, ASPIRE INDIANA, INC.'s ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW the Defendant, ASPIRE INDIANA, INC., by counsel, DOHERTY & PROGAR LLC, and for its Answer to Plaintiff's Second Amended Complaint for Damages, alleges and states as follows:

  1.  The Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in rhetorical paragraph No. 1.

  2.  The Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in rhetorical paragraph No. 2.

  3.  The Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in rhetorical paragraph No. 3.

  4.  The Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in rhetorical paragraph No. 4.

5.     The Defendant admits the allegations contained in rhetorical paragraph No. 5.

6.     The Defendant admits the allegations contained in rhetorical paragraph No. 6.

7.     The Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in rhetorical paragraph No. 7.

8.     The Defendant admits that on July 20, 2013, Thomas Harris, an Aspire employee, spoke with Bell about his thoughts of suicide after a call was transferred to him by CallNet and that Bell informed Harris that he had no intention of hurting anyone but himself. The Defendant denies that Bell informed Harris that he had a "BB Gun". The Defendant is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph 8.

9.     The Defendant admits that during the call between Bell and Thomas Harris, Harris requested permission from Bell to call the police to request a well being check and Bell gave his approval, but the Defendant is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph No. 10.

10.    The Defendant admits the truth of the allegations contained in rhetorical paragraph No. 10.

11.    The Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in rhetorical paragraph 11.

12.    The Defendant denies the allegations contained in rhetorical paragraph No. 12.

13.    The Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in rhetorical paragraph No. 13.

14.     The Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in rhetorical paragraph No. 14.

15.     The Defendant denies the truth of the allegations contained in rhetorical paragraph No. 15 as they relate to this Defendant, and states that it is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations contained therein.

WHEREFORE, the Defendant, ASPIRE INDIANA, INC., requests that a judgment be entered in its favor and against the Plaintiff and for all other just and proper relief from the Court.

## AFFIRMATIVE DEFENSES

COMES NOW the Defendant, ASPIRE INDIANA, INC., and to search the following Affirmative Defenses in accordance with Trial Rule 8(c):

1.     The Plaintiff's Fault, as that term is defined by IC § 34-6-2-45, was the sole or a contributing proximate cause of the incidents alleged in the Complaint, and the Plaintiff's recovery should be reduced or barred in accordance with the provisions of the Comparative Fault Act, Indiana Code § 34–51-2-1, *et. seq.*

2.     The Plaintiff's Fault includes, but is not limited to, his unreasonable assumption of risk, incurred risk and unreasonable failure to avoid an injury or mitigate his damages.

3.     The Plaintiff's actions were the sole proximate cause of his injuries, and his claims should be barred accordingly.

4.     Defendant reserves the right to introduce into evidence proof of collateral payments made for or on behalf of the Plaintiff pursuant to the applicable provisions of IC § 34-44-1-2 and pursuant to the holding of the Indiana Supreme Court in *Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009).

3

JURY DEMAND

DEFENDANT, ASPIRE INDIANA, INC., respectfully requests that the Second

Amended Complaint and all issues therein be tried by a jury.

Respectfully submitted,

ASPIRE INDIANA, INC.

By:_____
       Michael M. Oberman, #16155-49
       One of Its Attorneys

Edward D. D'Arcy, Jr., #28158-45
Michael M. Oberman, #16155-49
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

4

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing document was made upon:

> Thomas E. Hastings
> Attorney No. 8334-80
> The Hastings Law Firm
> 323 North Delaware Street
> Indianapolis, IN 46204
>
> Mr. Matthew L. Hinkle
> Ms. Erika N. Sylvester
> Coots, Henke & Wheeler, P.C.
> 255 East Carmel Drive
> Carmel, IN 46032
>
> Mr. Kirk A. Horn
> Mandel Horn McGrath & Reynolds, P.C.
> 704 Adams Street, Suite F
> Carmel, IN 46032

by depositing same in the United States Mail on the 27 day of June, 2014.

Michael M. Oberman, #16155-49

Edward D. D'Arcy, Jr., #28158-45
Michael M. Oberman, #16155-49
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

5

I:\51858\Appearance and Jury Demand.wpd/EDD/smm

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | **HAMILTON COUNTY SUPERIOR COURT** |
| | ) | **CIVIL DIVISION 2** |
| | ) SS: | |
| **COUNTY OF HAMILTON** | ) | CAUSE NO.:  29D02-1402-CT-1331 |

TAYLOR BELL,                                   )
                      Plaintiff,               )
                                               )
vs.                                            )
                                               )
NOBLESVILLE POLICE DEPARTMENT,                 )
HAMILTON COUNTY SHERIFF'S                       )
DEPARTMENT, HAMILTON COUNTY                      )
PUBLIC SAFETY COMMUNICATIONS                     )
CENTER, ASPIRE INDIANA, INC. and                 )
CALLNET CALL CENTER SERVICES,                    )
INC.                                            )
                                               )
                      Defendants.              )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating _____        Responding **X**        Intervening _____ ; and
   the undersigned attorney and all attorneys listed on this form now appear in this case  for
   the following parties:

   Name of party:  ASPIRE INDIANA, INC.

   Address of party  *(see Question # 6 below if this case involves a protection from abuse
   order, a workplace violence restraining order, or a no-contact order)*

   *(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   | | | |
   |---|---|---|
   | Name: | Edward D. D'Arcy, Jr. | Atty Number: 28158-45 |
   | Address: | Doherty & Progar LLC | |
   | | 8105 Georgia Street | |
   | | Merrillville, IN 46410 | |
   | | Phone: (219) 513-9000 | |
   | | Fax: (219) 513-9010 | |

Form TCM-TR3.1-1 Revised by
                                                        State Court Administration 07/09

Email Address: edd@doherty-progar.com

*(List on continuation page additional attorneys appearing for above party)*

3.  This is a civil case type as defined in administrative Rule 8(B)(3).

4.  I will accept service by FAX at the above noted number: Yes _____ No _____

5.  This case involves child support issues. Yes _____ No _X__ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

6.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes _____ No _X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

    _____  Attorney's address
    _____  The Attorney General Confidentiality program address
                (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.state.in.us**).
    _____  Another address (provide)
    _____

7.  This case involves a petition for involuntary commitment.  Yes _____ No _X__

8.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

    a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

    b.  State of Residence of person subject to petition: _____

    c.  At least one of the following pieces of identifying information:
        (I)    Date of Birth _____
        (ii)   Driver's License Number _____
               State where issued _____ Expiration date _____
        (iii)  State ID number _____
               State where issued _____ Expiration date _____
        (iv)   FBI number _____
        (v)    Indiana Department of Corrections Number _____
        (vi)   Social Security Number is available and is being provided in an attached

Form TCM-TR3.1-1 Revised by
State Court Administration 07/09

confidential document Yes _____ No _____

9.  There are related cases: Yes _____ No __X_ *(If yes, list on continuation page.)*


10. Additional information required by local rule:

_____

11. There are other party members: Yes _____ No _X_ *(If yes, list on continuation page.)*

12. This form has been served on all other parties and Certificate of Service is attached:
    Yes_X_ No___

_____
Attorney-at-Law
(Attorney information shown above.)

Form TCM-TR3.1-1 Revised by
State Court Administration 07/09

I:\51858\Motion to Dismiss(Amended Complaint).wpd/EDD/smm

**STATE OF INDIANA** )     **HAMILTON COUNTY SUPERIOR COURT**
                     )     **CIVIL DIVISION 2**
                     ) SS:
**COUNTY OF HAMILTON)**      CAUSE NO.:  29D02-1402-CT-1331

TAYLOR BELL,                          )
                    Plaintiff,        )
                                      )
vs.                                   )
                                      )
NOBLESVILLE POLICE DEPARTMENT,        )
HAMILTON COUNTY SHERIFF'S             )
DEPARTMENT, HAMILTON COUNTY           )
PUBLIC SAFETY COMMUNICATIONS          )
CENTER, ASPIRE INDIANA, INC. and      )
CALLNET CALL CENTER SERVICES,         )
INC.                                  )
                                      )
                    Defendants.       )

## DEFENDANT, ASPIRE INDIANA, INC.'s MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the Defendant, ASPIRE INDIANA, INC. ("ASPIRE"), by counsel,

DOHERTY & PROGAR LLC, and pursuant to Trial Rule 12(B)(6), respectfully prays the Court

to dismiss the Plaintiff's Amended Complaint against it for failure to state a claim upon which

relief can be granted, and in support thereof, states as follows:

1.      The Plaintiff previously filed a Complaint against ASPIRE, among others, as a

result of being shot "multiple times" by members of the Co-Defendants, NOBLESVILLE

POLICE DEPARTMENT and HAMILTON COUNTY SHERIFF'S DEPARTMENT, on July

20, 2013. Attached hereto as Exhibit "A" is a copy of the Plaintiff's Complaint for Damages.

2.      On March 13, 2014, ASPIRE filed a Motion to Dismiss the Plaintiff's original

Complaint pursuant to Trial Rule 12(B)(6) since it failed to state a claim upon which relief can

be granted. Attached hereto as Exhibit "B" is a copy of ASPIRE's Motion to Dismiss.

3.      On March 20, 2014, the Plaintiff filed an Amended Complaint for Damages. Since Paragraph 1 of the Amended Complaint referred to a case which held that "a motion to dismiss does not qualify as responsive pleading for purposes of Trial Rule", it is presumed that the Plaintiff amended his complaint in response to ASPIRE's prior Motion to Dismiss. Like the original Complaint, the Plaintiff's Amended Complaint should be dismissed under Trial Rule 12(B)(6) since it also fails to state a claim upon which relief can be granted. Attached hereto as Exhibit "C" is a copy of the Plaintiff's Amended Complaint.

4.      Like the original Complaint, the Plaintiff's Amended Complaint alleges that he called ASPIRE on 7/20/13 seeking "help for thoughts of suicide". (See Par. 8). Like the original Complaint, the Plaintiff's Amended Complaint further states that the employee of ASPIRE requested the Plaintiff's permission to call 911 and the Plaintiff "gave his approval". (Par. 10). The Plaintiff's Amended Complaint also alleged that ASPIRE's employee was negligent based upon his "failure to notify the 911 dispatcher that (Plaintiff) did not have a real gun" which was the proximate cause of his subsequent shooting by the co-defendants, NPD or HCSD. (Par. 13). Like the original Complaint, the Plaintiff's Amended Complaint also admits that the Plaintiff "communicated several times with a negotiator for NPD and/or HCSD who communicated with him via cell phone. (Plaintiff) also informed the negotiator that he was carrying a BB gun, not a real gun". (Par. 14).

5.      As noted in the previous motion, it is well established that a motion to dismiss under Trial Rule 12(B)(6) tests the legal sufficiency of a complaint; that is, whether the allegations in the complaint establish any set of circumstances under which a Plaintiff would be entitled to relief. *Kitco, Inc. v. Corp. For Gen. Trade,* 706 N.E.2d 581 (1991). Thus, while the

2

court does not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, it does test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred. *Trail v. Boys and Girls Club of Northwest, Indiana*, 845 N.E.2d 130, 134 (2006).

A court should "accept as true the facts alleged in the complaint", *Minks v. Pina*, 709 N.E.2d 379, 381 (1999), and should not only "consider the pleadings in the light most favorable to the Plaintiff", but also "draw every reasonable inference in favor of the non-moving party". *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (1998). However, a court need not accept as true "allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading". *Morgan Asset Holding Corp. v. CoBank, ABC*, 736 N.E.2d 1268, 1271 (2000).

Indiana Trial Rule 8(A) requires only "a short and plain statement of the claims showing that the pleader is entitled to relief". Although the Plaintiff need not set out in precise detail the facts upon which the claim is based, he must still plead the operative facts necessary to set forth an actionable claim. *Miller v. Memorial Hospital of South Bend, Inc.*, 679 N.E.2d 1329 (1997).

6.     Unlike his original Complaint, the Plaintiff's Amended Complaint specifically alleges that the actions of the ASPIRE employee in failing to "notify the 911 dispatcher that Bell did not have a real gun" was a proximate cause of his later shooting. (Par. 13). It is well established that in determining whether a negligent act or omission is the proximate cause of an injury, the test is whether the injury is a natural and probable consequence which, in light of the circumstances, should reasonably have been foreseen or anticipated. *Havert v. Caldwell*, 452 N.E.2d 154, 158 (1983). Foreseeability of the ultimate injury as a natural and probable consequence of the act or omission is vital to the question of proximate cause. *Id.* A rule related

3

closely to the foreseeability requirement is that an intervening cause may cut off the liability of

the original actor. *Elder v. Fisher*, 247 N.E.2d 847, 852 (1956).

> In *Havert v. Caldwell*, the Supreme Court described intervening cause as follows:
>
> > "An intervening cause, with respect to the doctrine of proximate cause, means, not a concurrent and contributing cause, but a superceding cause, which is itself the natural and logical cause of the harm or the immediate and direct cause of the injury; and where the cause of an injury or death is the negligent act of an independent responsible intervening agency, such acts may be regarded as the proximate cause thereof and the original negligence considered only as the remote cause." 453 N.E.2d at 158, 159.

It is generally for the jury to determine whether an intervening cause was sufficient to break the

causal connection between a Defendant's act and the injury. *Elder v. Fisher*, 217 N.E.2d at 852.

In plain and indisputable cases, however, where only a single inference or conclusion can be

drawn, the question of proximate cause and intervening cause are matters of law to be

determined by the court. *Crull v. Platt*, 471 N.E.2d 1211, 1215 (1984).

    7.    As noted above, the Plaintiff's Amended Complaint alleges that the actions of the

ASPIRE employee "was a proximate cause of the shooting of (Plaintiff) by the NPD or HCSD".

(Par. 13). In the very next paragraph, the Plaintiff further alleged that he communicated "several

times with a negotiator for NPD and/or HCSD" and "informed the negotiator that he was

carrying a BB gun, not a real gun". (Par. 14). The Plaintiff further alleged that members of the

NPD and HCSD "surrounded (Plaintiff) in a parking lot" and "utilizing excessive force, shot

(Plaintiff) multiple times, causing permanent bodily injury and damages". (Par. 15).

    The previous motion filed by ASPIRE sought dismissal of the Plaintiff's Complaint since

the Complaint failed to include any allegations of negligence against ASPIRE or how its alleged

4

negligence regarding a single telephone call from the Plaintiff was a proximate result of his subsequent shooting. The Plaintiff's Amended Complaint cures this technical defect by including an allegation of negligence regarding the ASPIRE employee's "failure to notify the 911 dispatcher that (Bell) did not have a real gun". Despite a specific allegation of negligence, the next Paragraph in the Plaintiff's Amended Complaint clearly establishes as a matter of law that the alleged negligence of the ASPIRE employee was not a proximate cause of the shooting since the Plaintiff admitted that he himself "informed the negotiator that he was carrying a BB gun, not a real gun". (Par. 14).

Although the question or proximate cause is usually reserved for a jury, the case cited above held that the issue of proximate cause can be resolved as a matter of law where only a single inference or conclusion can be drawn. The Plaintiff's Amended Complaint also alleges that members of NPD and HCSD shot the Plaintiff after "utilizing excessive force". Since the Plaintiff himself advised the negotiator for NPD and/or HCSD that he was not carrying a real gun and since the Amended Complaint alleges that NPD and HCSD "utilized excessive force" in shooting the Plaintiff, the Plaintiff's Amended Complaint on its face proves that the alleged negligence of the ASPIRE employee was not the proximate cause of his subsequent shooting.

8.     A motion to dismiss under Trial Rule 12(B)(6) tests whether the allegations in the Complaint establish any set of circumstances under which a Plaintiff would be entitled to relief. Since the alleged negligence of the ASPIRE employee could not have been a proximate cause of the Plaintiff's subsequent shooting for the reasons stated above, the allegations in the Plaintiff's Amended Complaint do not state a factual scenario in which a legally actionable injury has occurred. As a result, the court should dismiss the Plaintiff's Amended Complaint under Trial

5

Rule 12(B)(6) since the Amended Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, the Defendant, ASPIRE INDIANA, INC., respectfully prays the court to dismiss the Plaintiff's Amended Complaint for damages under Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

ASPIRE INDIANA, INC.

By:_____

Edward D. D'Arcy, Jr.
One of Its Attorneys

Edward D. D'Arcy, Jr.
Attorney #28158-45
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

6

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing document was made upon:

Thomas E. Hastings
Attorney No. 8334-80
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204

Mr. Matthew L. Hinkle
Ms. Erika N. Sylvester
Coots, Henke & Wheeler, P.C.
255 East Carmel Drive
Carmel, IN 46032

Mr. Kirk A. Horn
Mandel Horn McGrath & Reynolds, P.C.
704 Adams Street, Suite F
Carmel, IN 46032

by depositing same in the United States Mail on the _____26th_____ day of March, 2014.

Edward D. D'Arcy, Jr.

Edward D. D'Arcy, Jr.
Attorney No.: 28158-45
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

7

STATE OF INDIANA        )          HAMILTON COUNTY SUPERIOR COURT
                        )SS:       CIVIL DIVISION 2
COUNTY OF HAMILTON      )          CAUSE NO.

TAYLOR BELL,                       ) 29D02-1402 CT- 1331
                                  )
            Plaintiff,             )
                                  )
vs.                               )
                                  )
NOBLESVILLE POLICE DEPARTMENT,    )
HAMILTON COUNTY SHERIFF'S         )
DEPARTMENT, HAMILTON COUNTY       )
PUBLIC SAFETY COMMUNICATIONS      )
CENTER, ASPIRE INDIANA, INC. and  )
CALLNET CALL CENTER SERVICES,     )
INC.                              )
                                  )
            Defendants.           )

## COMPLAINT FOR DAMAGES

Comes now Taylor Bell, by counsel, Thomas E. Hastings, and for this Complaint for

Damages, alleges and says as follows:

1.      That at all times relevant herein, Taylor Bell (hereinafter referred to as "Bell")

was a resident of Hamilton County, Indiana.

2.      That at all times relevant herein, the Noblesville Police Department (hereinafter

"NPD") was a law enforcement agency in the city of Noblesville, Hamilton County, Indiana.

3.      That at all times relevant herein, the Hamilton County Sheriff's Department

(hereinafter referred to as "HCSD") was a law enforcement agency in the city of Noblesville,

Hamilton County, Indiana.



4.    That at all times relevant here the Hamilton County Public Safety Communications Center (hereinafter referred to as "HCPSC") was the dispatch service for emergency runs to the HCSD and NPD.

5.    That at all times herein Aspire Indiana, Inc. (hereinafter referred to as "Aspire") was a corporation authorized to do business in the State of Indiana.

6.    That at all times herein CallNet Call Center Services, Inc. (hereinafter referred to as "CallNet") was the contractor that answered the crisis line for Aspire.

7.    That on or about July 20, 2103, Bell made a call to the Aspire crisis hot line seeking help for thoughts of suicide, which call was answered by CallNet.

8.    That on or about July 20, 2013, Thomas Harris, MS, an Aspire employee, spoke with Bell about this thoughts of suicide.  Bell informed him that he had a "BB gun," and that he had no intention of hurting anyone but himself.

9.    That during the call between Bell and Thomas Harris, MS, Harris requested permission from bell to call 911, which is operated by HCPSC, for intervention and Bell gave his approval.

10.    That on or about July 20, 2013, Thomas Harris, MS, contacted NPD and advised them that Bell "had a gun," but did not clarify the type of gun.

11.    That on or about July 20, 2013, Bell communicated several times with a "negotiator" for NPD and/or HCSD, who communicated with him via cell phone.  Bell also informed the "negotiator" that he was carrying a BB gun, not a real gun.

12.    That on or about July 20, 2013, the NPD and HCSD surrounded Bell in a parking lot at located at 395 Westfield Road in Noblesville, Indiana and utilizing excessive force, shot Taylor Bell multiple times, causing permanent bodily injury and damages.

13.    As a result of the negligence of the Defendants, HCPSC, NPD, HCSD, Aspire and CallNet, Bell sustained permanent bodily injury and damages, including but not limited to, medical expenses and lost wages in the approximate amount of Two Million Dollars ($2,000,000.00), pain and suffering, permanent impairment, future medical expenses and future lost wages.

WHEREFORE, Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, requests the Court enter judgment for Plaintiff Taylor Bell and against Defendants, and each of them, in an amount to be determined by the trier-of- fact at the trial of this cause and for all other relief just and proper in the premises.

Thomas E. Hastings (#8334-80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000, ext 227

STATE OF INDIANA        )          HAMILTON COUNTY SUPERIOR COURT
                        )SS:       CIVIL DIVISION 2
COUNTY OF HAMILTON      )          CAUSE NO. 29D02-1402-CT-1331


TAYLOR BELL,                       )
                                   )
      Plaintiff,                  )
                                   )
vs.                                )
                                   )
NOBLESVILLE POLICE DEPARTMENT,     )
HAMILTON COUNTY SHERIFF'S          )
DEPARTMENT, HAMILTON COUNTY        )
PUBLIC SAFETY COMMUNICATIONS       )
CENTER, ASPIRE INDIANA, INC. and   )
CALLNET CALL CENTER SERVICES,      )
INC.                               )
                                   )
      Defendants.                 )


## PLAINTIFF'S AMENDED
## COMPLAINT FOR DAMAGES

     Taylor Bell, by counsel, Thomas E. Hastings, files his Amended Complaint for Damages

and alleges as follows:

     1.    As of the date of this filing, no Defendant has filed a responsive pleading, and

the Plaintiff may amend his pleading as a matter of course.  Ind. Trial R. 15(A); *Comer v. Gohil*,

664 N.E.2d 389, 393 (Ind. Ct. App. 1996) ("motion to dismiss does not qualify as responsive

pleading for purposes of trial rule).

     2.    At all times relevant herein, Taylor Bell (hereinafter referred to as "Bell") was a

resident of Hamilton County, Indiana.

     3.    At all times relevant herein, the Noblesville Police Department (hereinafter

"NPD") was a law enforcement agency in the city of Noblesville, Hamilton County, Indiana.

4. At all times relevant herein, the Hamilton County Sheriff's Department (hereinafter referred to as "HCSD") was a law enforcement agency in the city of Noblesville, Hamilton County, Indiana.

5. At all times relevant here the Hamilton County Public Safety Communications Center (hereinafter referred to as "HCPSC") was the dispatch service for emergency runs to the HCSD and NPD.

6. At all times herein Aspire Indiana, Inc. (hereinafter referred to as "Aspire") was a corporation authorized to do business in the State of Indiana.

7. At all times herein CallNet Call Center Services, Inc. (hereinafter referred to as "CallNet") was the contractor that answered the crisis line for Aspire.

8. On or about July 20, 2103, Bell made a call to the Aspire crisis hot line seeking help for thoughts of suicide, which call was answered by CallNet.

9. On or about July 20, 2013, Thomas Harris, MS, an Aspire employee, spoke with Bell about this thoughts of suicide. Bell informed him that he had a "BB gun," and that he had no intention of hurting anyone but himself.

10. During the call between Bell and Thomas Harris, MS, Harris requested permission from Bell to call 911, which is operated by HCPSC, for intervention and Bell gave his approval.

11. On or about July 20, 2013, Thomas Harris, MS, contacted NPD and advised them that Bell "had a gun," but did not state to the Hamilton County 911 Dispatcher that Bell did not possess a real gun.

12. Because Thomas Harris, MS in the course of his employment with Aspire, did not notify the Hamilton County 911 Dispatcher that Bell had a "BB gun" or that Bell did not have a

-2-

real gun, the 911 Dispatcher was unable to notify NPD or HCSD that Bell did not have a real gun.

13. Aspire employee, Thomas Harris, MS's failure to notify the 911 Dispatcher that Bell did not have a real gun was a proximate cause of the shooting of Bell by the NPD or HCSD.

14. On or about July 20, 2013, Bell communicated several times with a "negotiator" for NPD and/or HCSD, who communicated with him via cell phone. Bell also informed the "negotiator" that he was carrying a BB gun, not a real gun.

15. On or about July 20, 2013, the NPD officers and HCSD deputies surrounded Bell in a parking lot at located at 395 Westfield Road in Noblesville, Indiana and utilizing excessive force, shot Taylor Bell multiple times, causing permanent bodily injury and damages.

16. As a result of the negligence of the Defendants, HCPSC, NPD, HCSD, Aspire and CallNet, Bell sustained permanent bodily injury and damages, including but not limited to, medical expenses and lost wages in the approximate amount of Two Million Dollars ($2,000,000.00), pain and suffering, permanent impairment, future medical expenses and future lost wages.

WHEREFORE, Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, requests the Court enter judgment for Plaintiff Taylor Bell and against Defendants, and each of them, in an amount to be determined by the trier-of- fact at the trial of this cause and for all other relief just and proper in the premises.

-3-

Respectfully submitted,

Thomas E. Hastings (#8334-80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204
Telephone: 317.686.1000, ext 227

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this __20ᵗʰ__ day of March, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN 46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN 46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN 46204

Edward D. D'Arcy, Jr.
Doherty & Progar, LLC
8105 Georgia Street
Merrillville, IN 46410

Thomas E. Hastings

-4-

HAMILTON COUNTY COURT

## CCS ENTRY

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT II |
| | )SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-1331 |

TAYLOR BELL,                          )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )
                                      )
NOBLESVILLE POLICE DEPARTMENT, )
HAMILTON COUNTY SHERIFF'S      )
DEPARTMENT, HAMILTON COUNTY   )
PUBLIC SAFETY COMMUNICATIONS  )
CENTER, ASPIRE INDIANA, INC. and )
CALLNET CALL CENTER SERVICES, )
INC.,                                 )
                                      )
            Defendants.               )

*The Clerk will please enter the following entry on the Chronological Case Summary :*

> Plaintiff, by counsel, Thomas E. Hastings, files his Amended Complaint for Damages this 19th day of March 2014.

Respectfully Submitted,

Thomas E. Hastings, Atty No. 8334-80
The Hastings Law Firm

NOTICE: Pursuant to Local Rule 4.1, this form must accompany all filings with the Circuit, Superior or County Courts of Hamilton County. This form may not be used as an order of the Court. Pursuant to Local Rule 4.2, a separate order must be submitted with each request for relief.

This section for Court usage only:

CODE _____        Entered by: _____

i:\51858\Motion to Dismiss.wpd/EDD/smm

| | | |
|---|---|---|
| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
| | ) | CIVIL DIVISION 2 |
| | ) SS: | |
| COUNTY OF HAMILTON) | | CAUSE NO.: 29D02-1402-CT-1331 |

TAYLOR BELL,                          )
　　　　　　　Plaintiff,              )
　　　　　　　　　　　　　　　　　　　　)
vs.                                  )
　　　　　　　　　　　　　　　　　　　　)
NOBLESVILLE POLICE DEPARTMENT,       )
HAMILTON COUNTY SHERIFF'S            )
DEPARTMENT, HAMILTON COUNTY          )
PUBLIC SAFETY COMMUNICATIONS         )
CENTER, ASPIRE INDIANA, INC. and     )
CALLNET CALL CENTER SERVICES,        )
INC.                                 )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.             )

**FILED**

MAR 19 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## DEFENDANT, ASPIRE INDIANA, INC.'s MOTION TO DISMISS

　　COMES NOW the Defendant, ASPIRE INDIANA, INC. ("ASPIRE"), by counsel,

DOHERTY & PROGAR LLC, and pursuant to Trial Rule 12(B)(6), respectfully prays the Court

to dismiss the Plaintiff's Complaint against it for failure to state a claim upon which relief can be

granted, and in support thereof, states as follows:

　　1.　　The Plaintiff filed his Complaint against ASPIRE, among others, as a result of

being shot "multiple times" by members of the Co-Defendants, NOBLESVILLE POLICE

DEPARTMENT and HAMILTON COUNTY SHERIFF'S DEPARTMENT, on July 20, 2013.

Attached hereto as Exhibit "A" is a copy of the Plaintiff's Complaint for Damages.

　　2.　　In his Complaint, the Plaintiff alleged that he called ASPIRE on that date and

discussed "thoughts of suicide" with one of its employees. After talking with an employee of

ASPIRE by telephone, the Complaint further alleged that the Plaintiff "communicated several

times with a negotiator for NPD and/or HCSD" by cell phone. A simple review of the Complaint



EXHIBIT
B

shows that it fails to allege any specific acts of negligence by ASPIRE or how ASPIRE's alleged

negligence regarding a telephone call from the Plaintiff was the proximate cause of his

subsequent shooting.

   3.       It is well established that a motion to dismiss under Trial Rule 12(B)(6) tests the

legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set

of circumstances under which a Plaintiff would be entitled to relief. See *Kitco, Inc. v. Corp. for

GEN. Trade*, 706 N.E.2d 581 (1991). Thus, while the court does not test the sufficiency of the

facts alleged with regards to their adequacy to provide recovery, it does test their sufficiency with

regards to whether or not they have stated some factual scenario in which a legally actionable

injury has occurred. *Trail v. Boys and Girls Club of Northwest Indiana*, 845 N.E.2d 130, 134

(2006).

        A court should "accept as true the facts alleged in the complaint", *Minks v. Pina*,

709 N.E.2d 379, 381 (1999), and should not only "consider the pleadings in the light most

favorable to the plaintiff", but also "draw every reasonable inference in favor of the non-moving

party". *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (1998). However, a court need not accept as

true "allegations that are contradicted by other allegations or exhibits attached to or incorporated

in the pleading". *Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1271 (2000).

        Indiana Trial Rule 8(A) requires only "a short and plain statement of the claim

showing that the pleader is entitled to relief". Although the plaintiff need not set out in precise

detail the facts upon which the claim is based, he must still plead the operative facts necessary to

set forth an actionable claim. *Miller v. Memorial Hospital of South Bend, Inc.*, 679 N.E.2d 1329

(1997).

4.      As noted above, the Plaintiff's Complaint alleged that he suffered injuries when he was shot "multiple times" by the Co-Defendants, NOBLESVILLE POLICE DEPARTMENT and HAMILTON COUNTY SHERIFF'S DEPARTMENT, on July 20, 2013. Prior to being shot, the Complaint further alleged that the Plaintiff spoke several times by cell phone with a "negotiator" for the NPD and/or HCSD.

The cases cited above establish that although Indiana is notice pleading state, a plaintiff must nonetheless still plead the operative facts necessary to set forth an actionable claim. In the present case, paragraph 13 of the Plaintiff's Complaint concludes that all Defendants, including ASPIRE, were "negligent" without any specific allegations of negligence against ASPIRE or how its alleged negligence regarding a single telephone call received from the plaintiff was the proximate result of his subsequent shooting. On the contrary, paragraph 9 of the Plaintiff's Complaint specifically admits that the Plaintiff gave his approval for an employee of ASPIRE to call "911" and that the Plaintiff subsequently communicated "several times with a negotiator for NPD and/or HCSD" before he was shot. Under the specific facts alleged, the Plaintiff's Complaint fails to state against a claim ASPIRE since it fails to establish "any set of circumstances under which a Plaintiff would be entitled to relief" against ASPIRE. Accordingly, ASPIRE respectfully requests the court to dismiss the Plaintiff's Complaint under Trial Rule 12(B)(6).

WHEREFORE, the Defendant, ASPIRE INDIANA, INC., respectfully prays the court to dismiss the Plaintiff's Complaint for damages under Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted.

3

Respectfully submitted,

ASPIRE INDIANA, INC.

By: _____
Edward D. D'Arcy, Jr.
One of Its Attorneys

Edward D. D'Arcy, Jr.
Attorney #28158-45
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

4

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing document was made upon:

> Thomas E. Hastings
> Attorney No. 8334-80
> The Hastings Law Firm
> 323 North Delaware Street
> Indianapolis, IN 46204
>
> Mr. Matthew L. Hinkle
> Ms. Erika N. Sylvester
> Coots, Henke & Wheeler, P.C.
> 255 East Carmel Drive
> Carmel, IN 46032
>
> Mr. Kirk A. Horn
> Mandel Horn McGrath & Reynolds, P.C.
> 704 Adams Street, Suite F
> Carmel, IN 46032

by depositing same in the United States Mail on the _13th_ day of March, 2014.

Edward D. D'Arcy, Jr.
Attorney No.: 28158-45
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

5

STATE OF INDIANA )
)SS:
COUNTY OF HAMILTON )

HAMILTON COUNTY SUPERIOR COURT
CIVIL DIVISION 2
CAUSE NO.

TAYLOR BELL,

           Plaintiff,

vs.

NOBLESVILLE POLICE DEPARTMENT,
HAMILTON COUNTY SHERIFF'S
DEPARTMENT, HAMILTON COUNTY
PUBLIC SAFETY COMMUNICATIONS
CENTER, ASPIRE INDIANA, INC. and
CALLNET CALL CENTER SERVICES,
INC.

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

29D02-1402 CT-1331

## COMPLAINT FOR DAMAGES

Comes now Taylor Bell, by counsel, Thomas E. Hastings, and for this Complaint for

Damages, alleges and says as follows:

    1.    That at all times relevant herein, Taylor Bell (hereinafter referred to as "Bell")

was a resident of Hamilton County, Indiana.

    2.    That at all times relevant herein, the Noblesville Police Department (hereinafter

"NPD") was a law enforcement agency in the city of Noblesville, Hamilton County, Indiana.

    3.    That at all times relevant herein, the Hamilton County Sheriff's Department

(hereinafter referred to as "HCSD") was a law enforcement agency in the city of Noblesville,

Hamilton County, Indiana.



EXHIBIT

"A"

4.     That at all times relevant here the Hamilton County Public Safety Communications Center (hereinafter referred to as "HCPSC") was the dispatch service for emergency runs to the HCSD and NPD.

5.     That at all times herein Aspire Indiana, Inc. (hereinafter referred to as "Aspire") was a corporation authorized to do business in the State of Indiana.

6.     That at all times herein CallNet Call Center Services, Inc. (hereinafter referred to as "CallNet") was the contractor that answered the crisis line for Aspire.

7.     That on or about July 20, 2103, Bell made a call to the Aspire crisis hot line seeking help for thoughts of suicide, which call was answered by CallNet.

8.     That on or about July 20, 2013, Thomas Harris, MS, an Aspire employee, spoke with Bell about this thoughts of suicide. Bell informed him that he had a "BB gun," and that he had no intention of hurting anyone but himself.

9.     That during the call between Bell and Thomas Harris, MS, Harris requested permission from bell to call 911, which is operated by HCPSC, for intervention and Bell gave his approval.

10.     That on or about July 20, 2013, Thomas Harris, MS, contacted NPD and advised them that Bell "had a gun," but did not clarify the type of gun.

11.     That on or about July 20, 2013, Bell communicated several times with a "negotiator" for NPD and/or HCSD, who communicated with him via cell phone. Bell also informed the "negotiator" that he was carrying a BB gun, not a real gun.

12.     That on or about July 20, 2013, the NPD and HCSD surrounded Bell in a parking lot at located at 395 Westfield Road in Noblesville, Indiana and utilizing excessive force, shot Taylor Bell multiple times, causing permanent bodily injury and damages.

-2-

13.     As a result of the negligence of the Defendants, HCPSC, NPD, HCSD, Aspire and CallNet,  Bell sustained permanent bodily injury and damages, including but not limited to, medical expenses and lost wages in the approximate amount of Two Million Dollars ($2,000,000.00), pain and suffering, permanent impairment, future medical expenses and future lost wages.

WHEREFORE, Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, requests the Court enter judgment for Plaintiff Taylor Bell and against Defendants, and each of them, in an amount to be determined by the trier-of- fact at the trial of this cause and for all other relief just and proper in the premises.

Thomas E. Hastings (#8334-80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000, ext 227

-3-

STATE OF INDIANA      )  
                           )SS:  
COUNTY OF HAMILTON   )

HAMILTON COUNTY SUPERIOR COURT  
CIVIL DIVISION 2  
CAUSE NO. 29D02-1402-CT-1331

TAYLOR BELL,                    )  
                                )  
        Plaintiff,           )  
                                )  
vs.                                )  
                                )  
NOBLESVILLE POLICE DEPARTMENT, )  
HAMILTON COUNTY SHERIFF'S     )  
DEPARTMENT, HAMILTON COUNTY   )  
PUBLIC SAFETY COMMUNICATIONS   )  
CENTER, ASPIRE INDIANA, INC. and )  
CALLNET CALL CENTER SERVICES,   )  
INC.                              )  
                                )  
        Defendants.       )

## PLAINTIFF'S AMENDED
## COMPLAINT FOR DAMAGES

      Taylor Bell, by counsel, Thomas E. Hastings, files his Amended Complaint for Damages and alleges as follows:

      1.      As of the date of this filing, no Defendant has filed a responsive pleading, and the Plaintiff may amend his pleading as a matter of course. Ind. Trial R. 15(A); *Comer v. Gohil*, 664 N.E.2d 389, 393 (Ind. Ct. App. 1996) ("motion to dismiss does not qualify as responsive pleading for purposes of trial rule).

      2.      At all times relevant herein, Taylor Bell (hereinafter referred to as "Bell") was a resident of Hamilton County, Indiana.

      3.      At all times relevant herein, the Noblesville Police Department (hereinafter "NPD") was a law enforcement agency in the city of Noblesville, Hamilton County, Indiana.



EXHIBIT

C

4.      At all times relevant herein, the Hamilton County Sheriff's Department (hereinafter referred to as "HCSD") was a law enforcement agency in the city of Noblesville, Hamilton County, Indiana.

5.      At all times relevant here the Hamilton County Public Safety Communications Center (hereinafter referred to as "HCPSC") was the dispatch service for emergency runs to the HCSD and NPD.

6.      At all times herein Aspire Indiana, Inc. (hereinafter referred to as "Aspire") was a corporation authorized to do business in the State of Indiana.

7.      At all times herein CallNet Call Center Services, Inc. (hereinafter referred to as "CallNet") was the contractor that answered the crisis line for Aspire.

8.      On or about July 20, 2103, Bell made a call to the Aspire crisis hot line seeking help for thoughts of suicide, which call was answered by CallNet.

9.      On or about July 20, 2013, Thomas Harris, MS, an Aspire employee, spoke with Bell about this thoughts of suicide.  Bell informed him that he had a "BB gun," and that he had no intention of hurting anyone but himself.

10.     During the call between Bell and Thomas Harris, MS, Harris requested permission from Bell to call 911, which is operated by HCPSC, for intervention and Bell gave his approval.

11.     On or about July 20, 2013, Thomas Harris, MS, contacted NPD and advised them that Bell "had a gun," but did not state to the Hamilton County 911 Dispatcher that Bell did not possess a real gun.

12.     Because Thomas Harris, MS in the course of his employment with Aspire, did not notify the Hamilton County 911 Dispatcher that Bell had a "BB gun" or that Bell did not have a

-2-

4.     At all times relevant herein, the Hamilton County Sheriff's Department (hereinafter referred to as "HCSD") was a law enforcement agency in the city of Noblesville, Hamilton County, Indiana.

5.     At all times relevant here the Hamilton County Public Safety Communications Center (hereinafter referred to as "HCPSC") was the dispatch service for emergency runs to the HCSD and NPD.

6.     At all times herein Aspire Indiana, Inc. (hereinafter referred to as "Aspire") was a corporation authorized to do business in the State of Indiana.

7.     At all times herein CallNet Call Center Services, Inc. (hereinafter referred to as "CallNet") was the contractor that answered the crisis line for Aspire.

8.     On or about July 20, 2103, Bell made a call to the Aspire crisis hot line seeking help for thoughts of suicide, which call was answered by CallNet.

9.     On or about July 20, 2013, Thomas Harris, MS, an Aspire employee, spoke with Bell about this thoughts of suicide.  Bell informed him that he had a "BB gun," and that he had no intention of hurting anyone but himself.

10.     During the call between Bell and Thomas Harris, MS, Harris requested permission from Bell to call 911, which is operated by HCPSC, for intervention and Bell gave his approval.

11.     On or about July 20, 2013, Thomas Harris, MS, contacted NPD and advised them that Bell "had a gun," but did not state to the Hamilton County 911 Dispatcher that Bell did not possess a real gun.

12.     Because Thomas Harris, MS in the course of his employment with Aspire, did not notify the Hamilton County 911 Dispatcher that Bell had a "BB gun" or that Bell did not have a

-2-

real gun, the 911 Dispatcher was unable to notify NPD or HCSD that Bell did not have a real gun.

13.     Aspire employee, Thomas Harris, MS's failure to notify the 911 Dispatcher that Bell did not have a real gun was a proximate cause of the shooting of Bell by the NPD or HCSD.

14.     On or about July 20, 2013, Bell communicated several times with a "negotiator" for NPD and/or HCSD, who communicated with him via cell phone.  Bell also informed the "negotiator" that he was carrying a BB gun, not a real gun.

15.     On or about July 20, 2013, the NPD officers and HCSD deputies surrounded Bell in a parking lot at located at 395 Westfield Road in Noblesville, Indiana and utilizing excessive force, shot Taylor Bell multiple times, causing permanent bodily injury and damages.

16.     As a result of the negligence of the Defendants, HCPSC, NPD, HCSD, Aspire and CallNet, Bell sustained permanent bodily injury and damages, including but not limited to, medical expenses and lost wages in the approximate amount of Two Million Dollars ($2,000,000.00), pain and suffering, permanent impairment, future medical expenses and future lost wages.

WHEREFORE, Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, requests the Court enter judgment for Plaintiff Taylor Bell and against Defendants, and each of them, in an amount to be determined by the trier-of- fact at the trial of this cause and for all other relief just and proper in the premises.

Respectfully submitted,

Thomas E. Hastings (#8334-80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204
Telephone: 317.686.1000, ext 227

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this __20th__ day of March, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN 46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN 46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN 46204

Edward D. D'Arcy, Jr.
Doherty & Progar, LLC
8105 Georgia Street
Merrillville, IN 46410

Thomas E. Hastings

-4-

HAMILTON COUNTY COURT

## CCS ENTRY

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT II |
| | )SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-1331 |

| | |
|---|---|
| TAYLOR BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NOBLESVILLE POLICE DEPARTMENT, | ) |
| HAMILTON COUNTY SHERIFF'S | ) |
| DEPARTMENT, HAMILTON COUNTY | ) |
| PUBLIC SAFETY COMMUNICATIONS | ) |
| CENTER, ASPIRE INDIANA, INC. and | ) |
| CALLNET CALL CENTER SERVICES, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

*The Clerk will please enter the following entry on the Chronological Case Summary :*

Plaintiff, by counsel, Thomas E. Hastings, files his Amended Complaint for Damages this 19th day of March 2014.

Respectfully Submitted,

*Thomas E. Hastings signature*

Thomas E. Hastings, Atty No. 8334-80
The Hastings Law Firm

NOTICE: Pursuant to Local Rule 4.1, this form must accompany all filings with the Circuit, Superior or County Courts of Hamilton County. This form may not be used as an order of the Court. Pursuant to Local Rule 4.2, a separate order must be submitted with each request for relief.

This section for Court usage only:

CODE _____        Entered by: _____

I:\51858\Objection to Pltf's Motion for Change of Venue.wpd/EDD/MMO/pet

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | **HAMILTON COUNTY SUPERIOR COURT** |
| | ) | **CIVIL DIVISION 2** |
| | ) SS: | |
| **COUNTY OF HAMILTON** | ) | CAUSE NO.: 29D02-1402-CT-1331 |

SHEILA WILDE, as Guardian of )
TAYLOR BELL, )
              Plaintiff, )
               )
vs. )
               )
CITY OF NOBLESVILLE, )
HAMILTON COUNTY SHERIFF, )
HAMILTON COUNTY PUBLIC SAFETY )
COMMUNICATIONS CENTER, ASPIRE )
INDIANA, INC. and CALLNET CALL )
CENTER SERVICES, INC. )
               )
              Defendants. )

## DEFENDANT, ASPIRE INDIANA, INC.'s OBJECTION TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE

COMES NOW the Defendant, ASPIRE INDIANA, INC. ("ASPIRE"), by counsel,

DOHERTY & PROGAR LLC, for its objection to Plaintiff's Motion for Change of Venue, states

as follows:

1.      Contrary to the requirements of T.R. 76(A), on or about July 1, 2014, Plaintiff

filed her <u>unverified</u> Motion for Change of Venue.

2.      Although the Plaintiff's Second Amended Complaint names the Hamilton County

Sheriff and the Hamilton County Public Safety Communications Center as Defendants herein,

Hamilton County in itself is not a named Defendant herein.

3.      A party seeking to change of venue has the burden to prove the existence of local

prejudice or bias which prevents him or her from receiving a fair trial. *Dolatowski v. Merrill*

*Lynch*, 808 N.E.2d 676 (Ind. Ct. App. 2004).

4.      Other than the Plaintiff's conclusory assertion of prejudice or bias, the Plaintiff has failed to present any evidence which would support the claim of prejudice or bias in this matter.

5.      In Plaintiff's Second Amended Complaint, Plaintiff alleges that Taylor Bell himself is a resident of Hamilton County, Indiana. Plaintiff has made no showing that Bell's being a resident of Hamilton County would result in bias or prejudice either for or against him.

WHEREFORE, the Defendant, ASPIRE INDIANA, INC., respectfully requests that Plaintiff's Motion for Change of Venue be denied and for such other relief as is just and appropriate.

Respectfully submitted,

ASPIRE INDIANA, INC.

By:_____

Michael M. Oberman
One of Its Attorneys

Michael M. Oberman
Attorney No.: 16155-49
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

2

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing document was made upon:

> Thomas E. Hastings
> Attorney No. 8334-80
> The Hastings Law Firm
> 323 North Delaware Street
> Indianapolis, IN 46204
>
> Mark Webb
> Tyler D. Helmond
> Voylers Zahn & Paul
> 141 East Washington Street, Suite 300
> Indianapolis, IL 46204
>
> Mr. Matthew L. Hinkle
> Ms. Erika N. Sylvester
> Coots, Henke & Wheeler, P.C.
> 255 East Carmel Drive
> Carmel, IN 46032
>
> Mr. Kirk A. Horn
> Mandel Horn McGrath & Reynolds, P.C.
> 704 Adams Street, Suite F
> Carmel, IN 46032

by depositing same in the United States Mail on the ____17th____ day of July, 2014.

_____
Michael M. Oberman

Michael M. Oberman
Attorney No.: 16155-49
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

3

I:\51858\Reply Brief.wpd/EDD/smm

| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
|---|---|---|
| | ) | CIVIL DIVISION 2 |
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO.: 29D02-1402-CT-1331 |

TAYLOR BELL,                                )
              Plaintiff,     )
                             )
vs.                                                    )
                             )
NOBLESVILLE POLICE DEPARTMENT,     )
HAMILTON COUNTY SHERIFF'S             )
DEPARTMENT, HAMILTON COUNTY       )
PUBLIC SAFETY COMMUNICATIONS      )
CENTER, ASPIRE INDIANA, INC. and      )
CALLNET CALL CENTER SERVICES,      )
INC.                                                   )
                             )
              Defendants.     )

## DEFENDANT, ASPIRE INDIANA, INC.'s REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the Defendant, ASPIRE INDIANA, INC. ("ASPIRE"), by counsel, DOHERTY & PROGAR LLC, and for its Reply Brief in Support of Motion to Dismiss the Plaintiff's Amended Complaint, states as follows:

ASPIRE filed a Motion to Dismiss the Plaintiff's amended complaint under Trial Rule 12(B)(6) since the amended complaint failed to state a claim against it. In response, the Plaintiff argued that his allegations of negligence against ASPIRE are sufficient to establish proximate cause of his resulting injuries which ignores the concept of proximate cause. A simple and careful reading of the Plaintiff's amended complaint clearly establishes that the alleged negligence of ASPIRE in failing to "notify the Hamilton County 911 dispatcher that BELL had a BB gun or that BELL did not have a real gun" was not the proximate cause of his subsequent injuries. Accordingly, ASPIRE's motion should be granted and the Plaintiff's amended

complaint should be dismissed.

As noted in ASPIRE's previous motions, a Plaintiff must establish the following elements to recover under a theory of negligence: (1) a duty by the Defendant to conform to a standard of care arising from its relationship with the Plaintiff; (2) a failure by the Defendant to conform its conduct to the requisite standard or care; and (3) an injury to the Plaintiff proximately caused by the breach. *Patterson v. Seavoy,* 822 N.E.2d 206, 211 (2005). A negligent act is the proximate cause of the injury if the injury is a natural and probable consequence, which in light of the circumstances, should have been foreseen or anticipated. *Florio v. Tilley,* 875 N.E.2d 253, 255 (2007). "At a minimum, proximate cause requires that the injury would not have occurred but for the Defendant's conduct". *Paragon Family Restaurant v. Bartolini,* 799 N.E.2d 1048, 1054 (2003). The Supreme Court has elaborated on the definition of proximate cause as follows:

> "Proximate cause has two components: causation - in - fact and scope of liability. To establish factual causation, the plaintiff must show that but for the defendant's allegedly tortious act or omission, the injury at issue would not have occurred. The scope of liability doctrine asks whether the injury was a natural and probable consequence of the defendant's conduct which should have been foreseen or anticipated" *Kovech v. Caligor Midwest,* 913 N.E.2d 193, 197-198 (2009).

On page 3 of his Response, the Plaintiff claims that "inquiries of foreseeability and proximate cause are reserved for the trier of fact and not the trial court". Contrary to the claim of the Plaintiff, although proximate cause is generally a question of fact to be determined by the jury, it becomes a question of law when the relevant facts are undisputed and lead only to a single inference or conclusion. *Pope v. Hancock County Rural Electric Membership Corp.,* 937 N.E.2d 1242, 1248 (2010); *Scott v. Retz,* 916 N.E.2d 252, 258 (2009).

2

In his amended complaint, the Plaintiff claimed that the misconduct of ASPIRE's employee in failing to "notify the Hamilton County 911 dispatcher that BELL had a BB gun or that BELL did not have a real gun" was the proximate cause of his subsequent injuries after being shot by members of the Noblesville Police Department and Hamilton County Sheriff's Department. The Plaintiff's response brief conveniently neglects the following additional allegations in the Plaintiff's amended complaint:

10.    During the call between BELL and Thomas Harris, MS, Harris requested permission from BELL to call 911, which is operated by HCPSC, for intervention and BELL gave his approval.

14.    On or about July 20, 2013, BELL communicated several times with a "negotiator" for NPD and/or HCSD, who communicated with him via cell phone. BELL also informed the "negotiator" that he was carrying a BB gun, not a real gun.

15.    On or about July 20, 2013, the NPD officers and HCSD deputies surrounded BELL in a parking lot located at 395 Westfield Road in Noblesville, Indiana, and utilizing excessive force, shot BELL multiple times, causing permanent bodily injuries and damages.

As noted in the motion to dismiss, the only allegation of negligence against ASPIRE is their employee's failure to notify "the Hamilton County 911 dispatcher that BELL had a BB gun or that BELL did not have a real gun". The amended complaint further alleges that BELL himself gave permission for the employee to call 911 and subsequently gave that exact information to the "negotiator" for the NPD and/or HCSD prior to being shot. Since the allegations of the Plaintiff's amended complaint specifically allege that he gave permission to call 911 and provided the exact

3

same information that the ASPIRE employee failed to provide, the Plaintiff's amended complaint cannot satisfy the "but for" requirement for proximate cause as established by the Supreme Court.

As an aside, page 3 of the Plaintiff's Response also claims that there is no case where dismissal was granted based upon a proximate cause challenge on a motion to dismiss. Contrary to the Plaintiff's claim, the court dismissed a complaint in response to a motion to dismiss on a proximate cause issue in *Dillner v. Maudlin*, 314 N.E.2d 794 (1974).

Several cases cited above clearly held that proximate cause can be determined as a question of law by the court when the relevant facts are undisputed and lead to only a single inference or conclusion. In the present case, the allegations of the Plaintiff's amended complaint failed to establish that his shooting would have resulted "but for" the failure of ASPIRE's employee to advise the dispatcher that BELL had a BB gun or did not have a real gun. Since the amended complaint specifically alleges that BELL provided that exact information at a later time to a negotiator, the Plaintiff's amended complaint fails to show that ASPIRE's misconduct was a proximate cause of his shooting. Accordingly, ASPIRE's Motion to Dismiss should be granted since the Plaintiff's amended complaint fails to state a claim against it.

WHEREFORE, the Defendant, ASPIRE INDIANA, INC., respectfully prays the court to grant its Motion and dismiss the Plaintiff's Amended Complaint for failure to state a claim pursuant to Trial Rule 12(B)(6).

4

Respectfully submitted,

ASPIRE INDIANA, INC.

By: _____
    Edward D. D'Arcy, Jr.
    One of Its Attorneys

Edward D. D'Arcy, Jr.
Attorney #28158-45
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

5

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing document was made upon:

Thomas E. Hastings
Attorney No. 8334-80
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204

Mr. Matthew L. Hinkle
Ms. Erika N. Sylvester
Coots, Henke & Wheeler, P.C.
255 East Carmel Drive
Carmel, IN 46032

Mr. Kirk A. Horn
Mandel Horn McGrath & Reynolds, P.C.
704 Adams Street, Suite F
Carmel, IN 46032

by depositing same in the United States Mail on the ___22ND___ day of April, 2014.

Edward D. D'Arcy, Jr.

Edward D. D'Arcy, Jr.
Attorney No.: 28158-45
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410
(219) 513-9000
(219) 513-9010 - Facsimile

6

| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT 2 |
|---|---|---|
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-001331 |

|  |  |
|---|---|
| TAYLOR BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAMILTON COUNTY SHERIFF'S | ) |
| DEPARTMENT; HAMILTON COUNTY | ) |
| PUBLIC SAFETY COMMUNICATIONS | ) |
| CENTER; ASPIRE INDIANA, INC.; and | ) |
| CALLNET CALL CENTER SERVICES, | ) |
| INC., | ) |
| | ) |
| Defendants | ) |

## MOTION FOR ENLARGEMENT OF TIME
## TO RESPOND TO COMPLAINT

Comes now defendant CallNet Call Center Services, Inc., by counsel, and hereby

moves for an enlargement of not less than thirty (30) days from March 16, 2014, in which

to respond to the complaint filed in this matter.  In support of this motion, CallNet would

show the Court the following:

1.    The complaint in this matter was filed with the Court on February 13,

2014.

2.    CallNet was served with the complaint by Certified Mail, Return Receipt

Requested on or about February 20, 2014.  Pursuant to the Indiana Rules

of Court, and including additional time allowed for certified mail service,

CallNet's response would otherwise be due on or before March 17, 2014.

3.    The undersigned counsel have not had sufficient time to adequately

prepare a response to the complaint in this matter and are requesting an

additional thirty (30) days from March 17, 2014, through and including

April 16, 2014, in which to answer or otherwise respond to plaintiff's

complaint in this matter.

4.      This motion is made in good faith and not for any improper purpose of

vexation, harassment or undue delay.

5.      Plaintiff will not be prejudiced if this motion is granted.

WHEREFORE, defendant CallNet Call Center Services, Inc., prays this Court for

an enlargement of not less than thirty (30) days from March 17, 2014, through and

including not earlier than April 16, 2014, in which to answer or otherwise respond to

plaintiff's complaint, and for any and all other just and proper relief.


Respectfully submitted,


_____

MARK C. WEBB


_____

TYLER D. HELMOND

(Certificate of service on the following page)


- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following parties and counsel by First Class Mail, U.S. postage prepaid, on the 5th day of *March*, 2014:

Mr. Thomas E. Hastings
The Hastings Law Firm
323 North Delaware Street
Indianapolis, Indiana 46204

Mr. Matthew L. Hinkle
Ms. Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, Indiana 46032

Mr. Kirk A. Horn
MANDEL HORN McGRATH & REYNOLDS, P.C.
704 Adams Street, Suite F
Carmel, Indiana 46032

Aspire Indiana, Inc.
9615 East 148th Street, Suite 1
Noblesville, Indiana 46060

MARK C. WEBB

Mark C. Webb, #14089-49
Tyler D. Helmond, #28850-49
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, Indiana 46204
Telephone: (317) 632-4463
Telefax: (317) 631-1199
Email: mwebb@vzplaw.com

- 3 -

STATE OF INDIANA            )      IN THE HAMILTON SUPERIOR COURT  2
                           ) SS:
COUNTY OF HAMILTON  )      CAUSE NO. 29D02-1402-CT-001331

TAYLOR BELL,                       )
                                   )
          Plaintiff,               )
                                   )
v.                                 )
                                   )
HAMILTON COUNTY SHERIFF'S          )
DEPARTMENT; HAMILTON COUNTY        )
PUBLIC SAFETY COMMUNICATIONS       )
CENTER; ASPIRE INDIANA, INC.; and  )
CALLNET CALL CENTER SERVICES,      )
INC.,                              )
                                   )
          Defendants               )

## ORDER GRANTING DEFENDANT
## CALLNET CALL CENTER SERVICES, INC.'S
## MOTION FOR ENLARGEMENT OF TIME
## TO RESPOND TO COMPLAINT

Comes now defendant CallNet Call Center Services, Inc., by counsel, and having

moved for an enlargement of not less than thirty (30) days from March 16, 2014, in

which to respond to the complaint filed in this matter;

And the Court, having been duly advised in the premises, now hereby GRANTS

this motion and hereby allows defendant CallNet Call Center Services, Inc., an

enlargement of time through and including April 16, 2014, in which to respond to

plaintiff's complaint herein.


DATED: _____        _____
                                   JUDGE
                                   HAMILTON SUPERIOR COURT
                                   CIVIL DIVISION 2

COPIES OF THIS ORDER ARE TO BE DISTRIBUTED TO:

Thomas E. Hastings
The Hastings Law Firm
323 North Delaware Street
Indianapolis, Indiana  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, Indiana  46032

Kirk A. Horn
MANDEL HORN McGRATH & REYNOLDS, P.C.
704 Adams Street, Suite F
Carmel, Indiana 46032

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, Indiana 46204

Aspire Indiana, Inc.
9615 East 148th Street, Suite 1
Noblesville, Indiana  46060

6 / 1 8

| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
|---|---|---|
| | ) SS: | CIVIL DIVISION 2 |
| COUNTY OF HAMILTON | ) | CAUSE NO.: 29D02-1402-CT-1331 |

TAYLOR BELL,                                )
                                           )
                    Plaintiff,             )
                                           )
vs.                                        )
                                           )
NOBLESVILLE POLICE DEPARTMENT,             )
HAMILTON COUNTY SHERIFF'S                  )
DEPARTMENT, HAMILTON COUNTY                )
PUBLIC SAFETY COMMUNICATIONS               )
CENTER, ASPIRE INDIANA, INC. and           )
CALLNET CALL CENTER SERVICES,              )
INC.;                                      )
                                           )
                    Defendants.            )

## DEFENDANT CALLNET CALLCENTER SERVICES, INC.,'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the Defendant, Callnet Call Center Services, Inc., ("Callnet"), by counsel, and pursuant to Trial Rule 12(B)(6), respectfully prays the Court to dismiss the Plaintiff's Amended Complaint against it for failure to state a claim upon which relief can be granted. In support of this motion, defendant Callnet would show the Court the following:

1.      The Plaintiff previously filed a Complaint against Callnet, among others, as a result of being shot "multiple times" by members of the Co-Defendants, NOBLESVILLE POLICE DEPARTMENT and HAMILTON COUNTY SHERIFF'S DEPARTMENT, on July 20, 2013. Attached hereto as Exhibit "A" is a copy of the Plaintiff's Complaint for Damages.

2.      On March 20, 2014, the Plaintiff filed an Amended Complaint for Damages. Plaintiff's Amended Complaint should be dismissed under Trial Rule 12(B)(6) since it fails to state a claim upon which relief can be granted.

- 1 -

4.      The Plaintiff's Amended Complaint alleges that he called ASPIRE on 7/20/13 seeking "help for thoughts of suicide", the call of which was answered by Callnet. (Paragraph 8).

5.      Callnet's sole involvement in this matter consisted of answering plaintiff's call and connecting plaintiff with Aspire.  As soon as Callnet connected plaintiff with Aspire, Callnet's involvement in the matter ceased.

6.      The conversation between plaintiff and Callnet up until the time that plaintiff was connected with Aspire was recorded and is maintained in a WAV file which was previously submitted in its entirety to plaintiff's counsel electronically on April 8, 2014.

7.      Like the original Complaint, the Plaintiff's Amended Complaint fails to allege any act of negligence or improper conduct on the part of Callnet.

5.      A motion to dismiss under Trial Rule 12(B)(6) tests the legal sufficiency of a complaint; that is, whether the allegations in the complaint establish any set of circumstances under which a Plaintiff would be entitled to relief. *Kitco, Inc. v. Corp. For Gen. Trade,* 706 N.E.2d 581 (1991). Thus, while the court does not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, it does test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred. *Trail v. Boys and Girls Club of Northwest, Indiana*, 845 N.E.2d 130, 134 (2006).

A court should "accept as true the facts alleged in the complaint", *Minks v. Pina*, 709 N.E.2d 379, 381 (1999), and should not only "consider the pleadings in the light most favorable to the Plaintiff", but also "draw every reasonable inference in favor of the non-moving party". *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (1998). However, a court need not accept as true "allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading". *Morgan Asset Holding Corp. v. CoBank, ABC*, 736 N.E.2d 1268, 1271 (2000).

- 2 -

Indiana Trial Rule 8(A) requires only "a short and plain statement of the claims showing that the pleader is entitled to relief". Although the Plaintiff need not set out in precise detail the facts upon which the claim is based, he must still plead the operative facts necessary to set forth an actionable claim. *Miller v. Memorial Hospital of South Bend, Inc.*, 679 N.E.2d 1329 (1997).

6.      Just like his original Complaint, the Plaintiff's Amended Complaint fails to allege any act of omission of Callnet which in any reasonable way attributed to plaintiff sustaining the injuries claimed.  Just because Callnet initially answered the call and connected plaintiff with the party he was trying to reach does not in any way, by itself, impose any liability on Callnet.

7.      Callnet had no further involvement in the call once plaintiff and Aspire were connected.  Callnet further had no involvement in the decision to bring law enforcement into the matter., and plaintiff's complaint makes no allegations to the contrary.

8.      It is well established that in determining whether a negligent act or omission is the proximate cause of an injury, the test is whether the injury is a natural and probable consequence which, in light of the circumstances, should reasonably have been foreseen or anticipated. *Havert v. Caldwell*, 452 N.E.2d 154, 158 (1983). Foreseeability of the ultimate injury as a natural and probable consequence of the act or omission is vital to the question of proximate cause. *Id.* A rule related closely to the foreseeability requirement is that an intervening cause may cut off the liability of the original actor. *Elder v. Fisher*, 247 N.E.2d 847, 852 (1956).

In *Havert v. Caldwell*, the Supreme Court described intervening cause as follows:

> "An intervening cause, with respect to the doctrine of
> proximate cause, means, not a concurrent and contributing cause,
> but a superceding cause, which is itself the natural and logical
> cause of the harm or the immediate and direct cause of the injury;
> and where the cause of an injury or death is the negligent act of an
> independent responsible intervening agency, such acts may be
> regarded as the proximate cause thereof and the original

- 3 -

negligence considered only as the remote cause." 453 N.E.2d at 158, 159.

It is generally for the jury to determine whether an intervening cause was sufficient to break the causal connection between a Defendant's act and the injury. *Elder v. Fisher*, 217 N.E.2d at 852. In plain and indisputable cases, however, where only a single inference or conclusion can be drawn, the question of proximate cause and intervening cause are matters of law to be determined by the court. *Crull v. Platt*, 471 N.E.2d 1211, 1215 (1984).

9.    Plaintiff fails to allege or state how Callnet's actions in following his directive (to connect him with Aspire) contributed to his injuries.  Plaintiff further fails to allege what legal duty Callnet owed him with respect to his ultimate injuries and how that duty was breached.

10.    A motion to dismiss under Trial Rule 12(B)(6) tests whether the allegations in the Complaint establish any set of circumstances under which a Plaintiff would be entitled to relief. Since the alleged involvement and actions of Callnet could not have been a proximate cause of the Plaintiff's subsequent shooting for the reasons stated above, the allegations in the Plaintiff's Amended Complaint do not state a factual scenario in which a legally actionable injury has occurred. As a result, the court should dismiss the Plaintiff's Amended Complaint under Trial Rule 12(B)(6) since the Amended Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, the Defendant, Callnet Call Center Services, Inc., respectfully prays the court to dismiss the Plaintiff's Amended Complaint for damages under Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted.

- 4 -

Respectfully submitted,

MARK C. WEBB
Attorney for Defendant
Callnet Call Center Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record by First Class U.S. Mail, postage prepaid, on the 16th day of May, 2014:

Thomas E. Hastings
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204

Mr. Matthew L. Hinkle
Ms. Erika N. Sylvester
Coots, Henke & Wheeler, P.C.
255 East Carmel Drive
Carmel, IN 46032

Mr. Kirk A. Horn
Mandel Horn McGrath & Reynolds, P.C.
704 Adams Street, Suite F
Carmel, IN 46032

Edward D. D'Arcy, Jr.
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410

MARK C. WEBB

Mark C. Webb, #14089-49
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, Indiana  46204
Telephone: (317) 632-4463
Telefax: (317) 631-1199
www.vzplaw.com

- 5 -

STATE OF INDIANA     )     IN THE HAMILTON SUPERIOR COURT 2
                      )SS:
COUNTY OF HAMILTON     )     CAUSE NO. 29D02-1402-CT-001331

| | |
|---|---|
| SHELLA WILDE, as Guardian of<br>TAYLOR BELL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| CITY OF NOBLESVILLE, HAMILTON<br>COUNTY SHERIFF, HAMILTON COUNTY<br>PUBLIC SAFETY COMMUNICATIONS<br>CENTER, ASPIRE INDIANA, INC. and<br>CALLNET CALL CENTER SERVICES, INC., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

FILED

JUN 2 5 2014

*[signature]*
HAMILTON SUPERIOR COURT

## DEFENDANT CITY OF NOBLESVILLE'S AMENDED ANSWER TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

Comes now the Defendant, City of Noblesville, by counsel, and hereby submits its Answer to

Plaintiff's Second Amended Complaint for Damages as follows:

    1.       Defendant lacks sufficient information to form a belief as to the truth of the allegations

contained in paragraph 1, and neither admits nor denies said allegations, but demands strict proof thereof.

    2.       Defendant admits the allegations contained in paragraph 2.

    3.       Defendant lacks sufficient information to form a belief as to the truth of the allegations

contained in paragraph 3, and neither admits nor denies said allegations, but demands strict proof thereof.

    4.       Defendant lacks sufficient information to form a belief as to the truth of the allegations

contained in paragraph 4, and neither admits nor denies said allegations, but demands strict proof thereof.

    5.       Defendant lacks sufficient information to form a belief as to the truth of the allegations

contained in paragraph 5, and neither admits nor denies said allegations, but demands strict proof thereof.

    6.       Defendant lacks sufficient information to form a belief as to the truth of the allegations

contained in paragraph 6, and neither admits nor denies said allegations, but demands strict proof thereof.

7.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 7, and neither admits nor denies said allegations, but demands strict proof thereof.

8.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 8, and neither admits nor denies said allegations, but demands strict proof thereof.

9.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 9, and neither admits nor denies said allegations, but demands strict proof thereof.

10.     Defendant admits it was told that the Plaintiff had "a gun," but lacks knowledge as to the remaining allegations in paragraph 10.

11.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 11, and neither admits nor denies said allegations, but demands strict proof thereof.

12.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 12, and neither admits nor denies said allegations, but demands strict proof thereof.

13.     Defendant denies the allegations contained in paragraph 13, to the extent that they are directed against it.

14.     Defendant denies the allegations contained in paragraph 14, to the extent that they are directed against it.

15.     Defendant denies the allegations contained in paragraph 15, to the extent that they are directed against it.

WHEREFORE, the Defendant, City of Noblesville, by counsel, denies the Plaintiff is entitled to any judgment whatsoever as against it.

## AFFIRMATIVE DEFENSES

Defendant, City of Noblesville, by counsel, for its Affirmative Defenses to Plaintiff's Second Amended Complaint, states as follows:

1.      Plaintiff was guilty of contributory negligence, which is a bar to Plaintiff's Second Amended

Complaint.

2.      Plaintiff assumed and/or incurred the risk of injury and damage and, therefore, Plaintiff's

Second Amended Complaint against Defendant is barred.

3.      Plaintiff has failed to mitigate his damages.

4.      Defendant was confronted with a sudden emergency and acted reasonably under the

circumstances.

5.      Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

6.      Plaintiff failed to give Defendant notice of his claim within 180 days after his alleged loss, as

required by the Indiana Tort Claims Act, I.C. § 34-13-3-8, and therefore, Plaintiff's Second Amended

Complaint against Defendant is barred.

7.      Plaintiff's action is barred for the reason that Plaintiff failed to give proper or sufficient

notice as required by the Indiana Tort Claims Act, I.C. § 34-13-3-10, 11 and/or 12.

8.      Defendant is entitled to immunities contained in Ind. Code § 34-13-3-3 et seq.

9.      As to state law claims, Defendant is entitled to sovereign and/or common law immunity.

10.     Plaintiffs claims are barred by the good faith defense, the existence of probable cause and

qualified privilege or immunity.

11.     Defendant is entitled to qualified immunity under state law, *Cantrell v. Morris*, 849 N.E.2d

488 (Ind. 2006).

12.     Defendant is entitled to the defenses of consent and self-defense.

13.     Any recovery by Plaintiff is barred or to be reduced in accordance with the Indiana

Collateral Source statute, and the legal and equitable principles of payment, satisfaction, accord and

satisfaction, set-off and rules barring windfalls and double recovery.

14.     Defendant reserves the right to add any additional affirmative defenses which may become

available as Plaintiff's legal theories or additional facts are revealed by discovery.

WHEREFORE, Defendant, City of Noblesville, by counsel, prays for judgment in its favor, costs of

this action, and for all other proper relief in the premises.

Respectfully submitted,

MANDEL HORN, P.C.

_____
Kirk A. Horn, Attorney No. 15194-06
*Attorney for Defendant, City of Noblesville*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 23rd day

of June, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204

_____
Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

STATE OF INDIANA           )        IN THE HAMILTON SUPERIOR COURT 2
                           )SS:
COUNTY OF HAMILTON         )        CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of        )
TAYLOR BELL,                        )
                                    )
              Plaintiff,            )
                                    )
       v.                           )
                                    )
CITY OF NOBLESVILLE, HAMILTON       )
COUNTY SHERIFF, HAMILTON COUNTY     )
PUBLIC SAFETY COMMUNICATIONS        )
CENTER, ASPIRE INDIANA, INC. and    )
CALLNET CALL CENTER SERVICES, INC., )
                                    )
              Defendants.           )

## JURY DEMAND

Comes now the Defendant, City of Noblesville, by counsel, and requests trial by jury as to all

issues raised in Plaintiff's Second Amended Complaint.

Respectfully submitted,

MANDEL HORN, P.C.

Kirk A. Horn, Attorney No. 15194-06
*Attorney for Defendant, City of Noblesville*

//

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 23rd day

of June, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN 46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032

Edward D'Arcy, Jr.
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN 46410

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN 46204

_____
Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN 46032
317/848-7000
317/848-6197 *(facsimile)*

STATE OF INDIANA       )     IN THE HAMILTON SUPERIOR COURT 2
                   )SS:
COUNTY OF HAMILTON   )     CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of      )
TAYLOR BELL,                  )
                              )
          Plaintiff,        )
                              )
     v.                        )
                              )
CITY OF NOBLESVILLE, HAMILTON   )
COUNTY SHERIFF, HAMILTON COUNTY  )
PUBLIC SAFETY COMMUNICATIONS   )
CENTER, ASPIRE INDIANA, INC. and    )
CALLNET CALL CENTER SERVICES, INC., )
                              )
          Defendants.      )

*FILED*

JUN 16 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## DEFENDANT CITY OF NOBLESVILLE'S ANSWER TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

Comes now the Defendant, City of Noblesville, by counsel, and hereby submits its Answer to

Plaintiff's Second Amended Complaint for Damages as follows:

1.     Defendant lacks sufficient information to form a belief as to the truth of the allegations

contained in paragraph 1, and neither admits nor denies said allegations, but demands strict proof thereof.

2.     Defendant admits the allegations contained in paragraph 2.

3.     Defendant lacks sufficient information to form a belief as to the truth of the allegations

contained in paragraph 3, and neither admits nor denies said allegations, but demands strict proof thereof.

4.     Defendant lacks sufficient information to form a belief as to the truth of the allegations

contained in paragraph 4, and neither admits nor denies said allegations, but demands strict proof thereof.

5.     Defendant lacks sufficient information to form a belief as to the truth of the allegations

contained in paragraph 5, and neither admits nor denies said allegations, but demands strict proof thereof.

6.     Defendant lacks sufficient information to form a belief as to the truth of the allegations

contained in paragraph 6, and neither admits nor denies said allegations, but demands strict proof thereof.

7.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 7, and neither admits nor denies said allegations, but demands strict proof thereof.

8.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 8, and neither admits nor denies said allegations, but demands strict proof thereof.

9.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 9, and neither admits nor denies said allegations, but demands strict proof thereof.

10.      Defendant admits it was told the Plaintiff had a gun, but lacks knowledge as to the remaining allegations in paragraph 10.

11.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 11, and neither admits nor denies said allegations, but demands strict proof thereof.

12.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 12, and neither admits nor denies said allegations, but demands strict proof thereof.

13.      Defendant denies the allegations contained in paragraph 13, to the extent that they are directed against it.

14.      Defendant denies the allegations contained in paragraph 14, to the extent that they are directed against it.

15.      Defendant denies the allegations contained in paragraph 15, to the extent that they are directed against it.

WHEREFORE, the Defendant, City of Noblesville, by counsel, denies the Plaintiff is entitled to any judgment whatsoever as against it.

## AFFIRMATIVE DEFENSES

Defendant, City of Noblesville, by counsel, for its Affirmative Defenses to Plaintiff's Second Amended Complaint, states as follows:

1.      Plaintiff was guilty of contributory negligence, which is a bar to Plaintiff's Second Amended

Complaint.

2.      Plaintiff assumed and/or incurred the risk of injury and damage and, therefore, Plaintiff's Second Amended Complaint against Defendant is barred.

3.      Plaintiff has failed to mitigate his damages.

4.      Defendant was confronted with a sudden emergency and acted reasonably under the circumstances.

5.      Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

6.      Plaintiff failed to give Defendant notice of his claim within 180 days after his alleged loss, as required by the Indiana Tort Claims Act, I.C. § 34-13-3-8, and therefore, Plaintiff's Second Amended Complaint against Defendant is barred.

7.      Plaintiff's action is barred for the reason that Plaintiff failed to give proper or sufficient notice as required by the Indiana Tort Claims Act, I.C. § 34-13-3-10, 11 and/or 12.

8.      Defendant is entitled to immunities contained in Ind. Code § 34-13-3-3 et seq.

9.      As to state law claims, Defendant is entitled to sovereign and/or common law immunity.

10.     Plaintiffs claims are barred by the good faith defense, the existence of probable cause and qualified privilege or immunity.

11.     Defendant is entitled to qualified immunity under state law, *Cantrell v. Morris*, 849 N.E.2d 488 (Ind. 2006).

12.     Any recovery by Plaintiff is barred or to be reduced in accordance with the Indiana Collateral Source statute, and the legal and equitable principles of payment, satisfaction, accord and satisfaction, set-off and rules barring windfalls and double recovery.

13.     Defendant reserves the right to add any additional affirmative defenses which may become available as Plaintiff's legal theories or additional facts are revealed by discovery.

WHEREFORE, Defendant, City of Noblesville, by counsel, prays for judgment in its favor, costs of this action, and for all other proper relief in the premises.

//

Respectfully submitted,

MANDEL HORN, P.C.

_____
Kirk A. Horn, Attorney No. 15194-06
*Attorney for Defendant, City of Noblesville*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 13th day

of June, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204

_____
Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT 2 |
| | )SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-001331 |

SHELLA WILDE, as Guardian of )
TAYLOR BELL, )
                        )
            Plaintiff, )
                        )
       v. )
                        )
CITY OF NOBLESVILLE, HAMILTON )
COUNTY SHERIFF, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS )
CENTER, ASPIRE INDIANA, INC. and )
CALLNET CALL CENTER SERVICES, INC., )
                        )
            Defendants. )

## JURY DEMAND

        Comes now the Defendant, City of Noblesville, by counsel, and requests trial by jury as to all

issues raised in Plaintiff's Second Amended Complaint.

                           Respectfully submitted,

                           MANDEL HORN, P.C.

                           _____
                           Kirk A. Horn, Attorney No. 15194-06
                           *Attorney for Defendant, City of Noblesville*

//

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 13th day

of June, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204

_____
Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

# STATE OF INDIANA
## COUNTY OF HAMILTON

SHELLA WILDE, as Guardian of TAYLOR BELL,

    Plaintiff,

v.

CITY OF NOBLESVILLE, HAMILTON COUNTY
SHERIFF, HAMILTON COUNTY PUBLIC
SAFETY COMMUNICATIONS CENTER, ASPIRE
INDIANA, INC., and CALLNET CALL CENTER
SERVICES, INC.,

    Defendants.

Cause No: 29D02-1402-CT-1331

*FILED*

JUN 16 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:** ___ Initiating ___X___ Responding ___ Intervening

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): ___Defendant, City of Noblesville___

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | | |
|---|---|---|
| Name: | Kirk A. Horn | Atty. No.  15194-06 |
| Address: | MANDEL HORN, P.C. | Phone:    317-848-7000 |
| | 704 Adams St., Suite F | FAX:       317-848-6197 |
| | Carmel, IN  46032 | Computer Address:  khorn@mhmrlaw.com |

3. There are other party members: __ Yes _X_ No *(If yes, list on continuation page.)*

4. *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):  _N/A_____

5. I will accept service by FAX at the above noted number: _X_ Yes _____ No

6. This case involves support issues: _____ Yes _X_ No *(If yes, supply social security numbers for all family members on continuation page.)*

7. There are related cases: __ Yes _X_ No *(If yes, list on continuation page.)*

8. This form has been served on all other parties. Certificate of service is attached: _X_ Yes _____ No

9. Additional information required by local rule: N/A

Date: June 13, 2014

_Kirk A. Horn_ (Attorney No.15194-06)
*Attorney for Defendant, City of Noblesville*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 13th day of June, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204

_____
Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

STATE OF INDIANA          )          IN THE HAMILTON SUPERIOR COURT 2
                         )SS:
COUNTY OF HAMILTON       )          CAUSE NO. 29D02-1402-CT-1331

TAYLOR BELL,                          )
                                     )
                Plaintiff,           )
                                     )
        v.                           )
                                     )
NOBLESVILLE POLICE DEPARTMENT,       )
HAMILTON COUNTY SHERIFF'S            )
DEPARTMENT, HAMILTON COUNTY          )
PUBLIC SAFETY COMMUNICATIONS         )
CENTER, ASPIRE INDIANA, INC. and     )
CALLNET CALL CENTER SERVICES, INC.,  )
                                     )
                Defendants.          )

**FILED**

MAR 0 5 2014

Peggy Beaver
CLERK OF THE
HAMILTON SUPERIOR COURT

## MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY

Defendant, Noblesville Police Department, by counsel, moves for an enlargement of time within which to respond to the Plaintiff's Interrogatories and Request for Production of Documents. In support of this Motion, Defendant would show the Court as follows:

1.      Plaintiff served discovery on this Defendant on February 27, 2014. The responses are therefore due on or about March 29, 2014.

2.      Defendant has not previously requested an enlargement of time.

3.      This motion is being made within the time Defendant is to respond to Plaintiff's discovery requests.

4.      Defendant requires additional time to assemble documents, prepare appropriate responses and consult with its counsel.

5.      This motion is not made for purposes of delay and will not prejudice Plaintiff.

WHEREFORE, Defendant, Noblesville Police Department, by counsel, prays that the Court grant its Motion for a thirty-day enlargement to and including April 28, 2014, and for all other just and proper relief.

//

Respectfully submitted,

MANDEL HORN, P.C.

_____

Kirk A. Horn, Attorney No. 15194-06
*Attorney for Defendant, Noblesville Police Dept.*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 3rd day

of March, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

_____

Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

611 8

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT 2 |
| | )SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-001331 |

FILED

JUL 0 2 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

SHELLA WILDE, as Guardian of )
TAYLOR BELL, )
)
Plaintiff, )
)
v. )
)
CITY OF NOBLESVILLE, HAMILTON )
COUNTY SHERIFF, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS )
CENTER, ASPIRE INDIANA, INC. and )
CALLNET CALL CENTER SERVICES, INC., )
)
Defendants. )

## MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY

Defendant, City of Noblesville, by counsel, moves for an enlargement of time within which to respond to the Plaintiff's Second Request for Production of Documents and Request for Admissions. In support of this Motion, Defendant would show the Court as follows:

1.     Plaintiff served discovery on this Defendant on June 30, 2014. The responses are therefore due on or about July 30, 2014.

2.     Defendant has not previously requested an enlargement of time.

3.     This motion is being made within the time Defendant is to respond to Plaintiff's discovery requests.

4.     Defendant requires additional time to assemble documents, prepare appropriate responses and consult with its counsel.

5.     This motion is not made for purposes of delay and will not prejudice Plaintiff.

WHEREFORE, Defendant, City of Noblesville, by counsel, prays that the Court grant its Motion for a thirty-day enlargement to and including August 29, 2014, and for all other just and proper relief.

//

Respectfully submitted,

MANDEL HORN, P.C.

_____
Kirk A. Horn, Attorney No. 15194-06
*Attorney for Defendant, City of Noblesville*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 1st day

of July, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN 46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN 46410
*Attorney for Aspire Indiana, Inc.*

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN 46204
*Attorneys for CallNet Call Center Services*

_____
Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN 46032
317/848-7000
317/848-6197 *(facsimile)*

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

TAYLOR BELL,                                    )
                                               )
            Plaintiff,                         )
      v.                                        )
                                               )
NOBLESVILLE POLICE DEPARTMENT,                 )
HAMILTON COUNTY SHERIFF'S                       )   Cause No. 29D02-1402-CT-001331
DEPARTMENT, HAMILTON COUNTY                     )
PUBLIC SAFETY COMMUNICATIONS                    )
CENTER, ASPIRE INDIANA, INC. and               )
CALLNET CALL CENTER SERVICES, INC. )
                                               )
            Defendants.                        )


## DEFENDANT, HAMILTON COUNTY SHERIFF'S DEPARTMENT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Indiana Rules of Trial Procedure, Defendant, Hamilton County Sheriff's Department ("HCSD"), by counsel, submits the following brief in support of its Motion to Dismiss:

### I.    PLAINTIFF'S ALLEGATIONS

Plaintiff's Amended Complaint alleges that on or about July 20, 2013, Plaintiff placed a call to co-defendant, Aspire about suicidal thoughts. *Amended Complaint*, ¶ 9. Plaintiff informed the Aspire employee that he was carrying a "BB gun" and had no intention of hurting anyone besides himself. *Id.* The Aspire employee contacted either the Noblesville Police Department or the Hamilton County 911 dispatch center and advised that Plaintiff had a gun. *Id.* at ¶11. The Aspire employee did not make any representation about the type of gun. *Id.* According to the Amended Complaint, the Plaintiff then spoke with a "negotiator" from either the Noblesville Police Department or the HCSD. *Id.* at ¶ 15. Plaintiff alleges that he informed

the negotiator that he was carrying a "BB gun, not a real gun." *Id.* At some point, Noblesville police officers and HCSD deputies "surrounded" Plaintiff and shot him multiple times. *Id.* at ¶ 15. Plaintiff alleges that the Defendants, including the HCSD, were negligent.

## II. STANDARD FOR DISMISSAL

A motion to dismiss, under Rule 12(B)(6) for failure to state a claim admits for the purpose of the motion the existence of the claim as stated in the complaint, but challenges the plaintiff's right to relief. City of New Haven v. Allen County Bd. of Zoning Appeals, 694 N.E.2d 306, 311 (Ind. Ct. App. 1998). The motion is designed to test the legal sufficiency of the plaintiff's complaint to state an actionable claim, not to test the truth of the facts alleged in the complaint. Higgason v. State, 789 N.E.2d 22, 29 (Ind. Ct. App. 2003); Lake County Council v. State Bd. Of Tax Com'rs, 706 N.E.2d 270 (Ind. Tax 1999); Vakos v. Travelers Ins., 691 N.E.2d 499 (Ind. Ct. App. 1998). In applying the standard under Rule 12(B)(6), the court may look only at the pleadings, with all well-pleaded material facts alleged in the complaint taken as admitted, supplemented by any facts of which the court will take judicial notice. Anderson v. Anderson, 399 N.E.2d 391, 406 (Ind. Ct. App. 1979). A complaint is subject to dismissal under Rule 12(B)(6) if it appears to a reasonable certainty that the plaintiff would not be entitled to relief under any set of facts. McDonald v. Smart Prof'l Photo Copy Corp., 664 N.E.2d 761, 764 (Ind. Ct. App. 1996); Vakos, 691 N.E.2d at 499. The motion to dismiss for failure to state a claim typically arises in one of three situations:

> First, the allegations in the complaint are so insufficient that the pleader has stated no claim for relief; Second, the pleader has alleged sufficient facts to state a claim for relief, but has also alleged facts or conditions which disclose a bar to the suit or claim. This situation often arises when the complaint establishes a statute of limitations defense; and Third, the pleader has made an allegation which is not recognized in the law as a basis for recovery.

*Indiana Practice,* Vol. 21, § 15.19.

2

## III. ARGUMENT

**A.    The Hamilton County Sheriff's Department Is Not A Suable Entity.**

Plaintiff's claims against the HCSD should be dismissed because the HCSD has no separate legal existence from the Hamilton County Sheriff's Office and therefore is not a suable entity.  The capacity of a party to sue or be sued is determined by Indiana law.  See Ind. R. Trial Proc. 17 (West 2011).  The sheriff is an elected official established under Article 6 of the Indiana Constitution.  The obligations, powers, and duties of the sheriff are codified within *I.C.* § 36-2-13, et seq.  To assist the sheriff in fulfilling these duties, the Indiana statutory scheme establishes a sheriff's department or "county police force." *Ind. Code* §36-8-10-1, et seq.  The "sheriff of the county" is responsible for assigning the duties of the county police force, including the dismissal, demotion, or suspension of county police officers, including the chief deputy. *I.C. 36-8-10-4, 10-5.5* and *10-11*.  Moreover, a sheriff's department's members act under the direction of the sheriff. *I.C. 36-8-10-9*.  The powers, duties and obligations contained in *I.C.* §36-8-10-1, et seq., demonstrate that the sheriff's department is the vehicle through which the sheriff fulfills its policy functions.

In analogous situations, it is well-established that police departments are not subject to suit because they have no separate existence from the controlling unit of government.  See *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.").    Police departments are merely vehicles through which government fulfills its policy functions, not governmental entities unto themselves. *Slay v. Marion Cty Sheriff's Dept.*, 603 N.E.2d 877, 887 (Ind. Ct. App. 1997).    Like a police department, a sheriff's department is not a unit of government, therefore, it is not a suable entity and should be dismissed from this action.

3

## IV.  CONCLUSION

For the above stated reasons, Plaintiff's Amended Complaint against the Hamilton County Sheriff's Department should be dismissed since it fails to state a claim upon which relief can be granted.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.

Matthew L. Hinkle, # 19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Hamilton County Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by First Class United States Mail, postage prepaid, this **16th day of May, 2014,** upon:

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN  46204
*Attorney for Plaintiff*

Edward D. D'Arcy, Jr.
**DOHERTY & PROGAR LLC**
8105 Georgia Street
Merrillville, IN  46410
*Attorney for Aspire Indiana, Inc.*

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN  46032
*Attorney for Noblesville Police Department*

Mark Charles Webb
Tyler Helmond
**VOYLES ZAHN & PAUL**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204
*Attorney for CallNet Call Center Services, Inc.*

Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone
(317) 573-5385 – facsimile
Email: mhinkle@chwlaw.com
        esylvester@chwlaw.com

L:\Alternative Service Concepts\Bell v. Hamilton Co. (17120.015)\Pleadings\Sheriff's Department's Motion to Dismiss\Motion to Dismiss MPD - Brief.docx

5

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

| | | |
|---|---|---|
| TAYLOR BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NOBLESVILLE POLICE DEPARTMENT, | ) | |
| HAMILTON COUNTY SHERIFF'S | ) | Cause No. 29D02-1402-CT-001331 |
| DEPARTMENT, HAMILTON COUNTY | ) | |
| PUBLIC SAFETY COMMUNICATIONS | ) | |
| CENTER, ASPIRE INDIANA, INC. and | ) | |
| CALLNET CALL CENTER SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, HAMILTON COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS

Pursuant to Ind. Trial Rule 12(B)(6), Defendant, Hamilton County Sheriff's Department ("HCSD"), by counsel, respectfully requests dismissal as Plaintiff has failed to state a claim upon which relief can be granted under the law. As set forth more fully in HCSD's Brief in Support of Its Motion to Dismiss, filed contemporaneously herewith, dismissal is warranted because a sheriff's department is not a suable entity.

WHEREFORE, Defendant, Hamilton County Sheriff's Department, by counsel, respectfully requests that this Court grant its Motion to Dismiss with prejudice, for costs, and for all other relief just and proper in the premises.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.

Matthew L. Hinkle, # 19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Hamilton County Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served by First Class United States Mail, postage prepaid, this **16th day of May, 2014**, upon:

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN 46204
*Attorney for Plaintiff*

Edward D. D'Arcy, Jr.
**DOHERTY & PROGAR LLC**
8105 Georgia Street
Merrillville, IN 46410
*Attorney for Aspire Indiana, Inc.*

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN 46032
*Attorney for Noblesville Police Department*

Mark Charles Webb
Tyler Helmond
**VOYLES ZAHN & PAUL**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204
*Attorney for CallNet Call Center Services, Inc.*

Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone
(317) 573-5385 – facsimile
Email: mhinkle@chwlaw.com
        esylvester@chwlaw.com

L:\Alternative Service Concepts\Williams, Tracy v. Hamilton Co. (17120.014)\Pleadings\Filed in Hamilton Co\Caption & COS.doc

2

STATE OF INDIANA      )      IN THE HAMILTON SUPERIOR COURT 2
                      )SS:
COUNTY OF HAMILTON     )      CAUSE NO. 29D02-1402-CT-001331

TAYLOR BELL,               )
                          )
         Plaintiff,         )
                          )
     v.                      )
                          )
NOBLESVILLE POLICE DEPARTMENT,   )
HAMILTON COUNTY SHERIFF'S      )
DEPARTMENT, HAMILTON COUNTY    )
PUBLIC SAFETY COMMUNICATIONS   )
CENTER, ASPIRE INDIANA, INC. and    )
CALLNET CALL CENTER SERVICES, INC., )
                          )
        Defendants.       )

**FILED**

APR 1 7 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## DEFENDANT NOBLESVILLE POLICE DEPARTMENT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

Comes now the Defendant, Noblesville Police Department, by counsel, and hereby submits its Answer to Plaintiff's Amended Complaint for Damages as follows:

1.       Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 1, and neither admits nor denies said allegations, but demands strict proof thereof.

2.       Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 2, and neither admits nor denies said allegations, but demands strict proof thereof.

3.       Defendant admits the allegations contained in paragraph 3.

4.       Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 4, and neither admits nor denies said allegations, but demands strict proof thereof.

5.       Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 5, and neither admits nor denies said allegations, but demands strict proof thereof.

6.       Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 6, and neither admits nor denies said allegations, but demands strict proof thereof.

7.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 7, and neither admits nor denies said allegations, but demands strict proof thereof.

8.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 8, and neither admits nor denies said allegations, but demands strict proof thereof.

9.      Defendant denies the allegations contained in paragraph 10, to the extent that they are directed against it.

10.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 10, and neither admits nor denies said allegations, but demands strict proof thereof.

11.     Defendant admits it was never notified that Plaintiff had anything other than a real gun.

12.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 12, and neither admits nor denies said allegations, but demands strict proof thereof.

13.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 13, and neither admits nor denies said allegations, but demands strict proof thereof.

14.     Defendant denies the allegations contained in paragraph 14, to the extent that they are directed against it.

15.     Defendant denies the allegations contained in paragraph 15, to the extent that they are directed against it.

16.     Defendant denies the allegations contained in paragraph 16, to the extent that they are directed against it.

WHEREFORE, the Defendant, Noblesville Police Department, by counsel, denies the Plaintiff is entitled to any judgment whatsoever as against it.

## AFFIRMATIVE DEFENSES

Defendant, Noblesville Police Department, by counsel, for its Affirmative Defenses to Plaintiff's

Amended Complaint, states as follows:

1.      Plaintiff was guilty of contributory negligence, which is a bar to Plaintiff's Complaint.

2.      Plaintiff assumed and/or incurred the risk of injury and damage and, therefore, Plaintiff's Amended Complaint against Defendant is barred.

3.      Plaintiff has failed to mitigate his damages.

4.      Defendant was confronted with a sudden emergency and acted reasonably under the circumstances.

5.      Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

6.      Plaintiff failed to give Defendant notice of his claim within 180 days after his alleged loss, as required by the Indiana Tort Claims Act, I.C. § 34-13-3-8, and therefore, Plaintiff's Amended Complaint against Defendant is barred.

7.      Plaintiff's action is barred for the reason that Plaintiff failed to give proper or sufficient notice as required by the Indiana Tort Claims Act, I.C. § 34-13-3-10, 11 and/or 12.

8.      Defendant is entitled to immunities contained in Ind. Code § 34-13-3-3 et seq.

9.      As to state law claims, Defendant is entitled to sovereign and/or common law immunity.

10.     Plaintiffs claims are barred by the good faith defense, the existence of probable cause and qualified privilege or immunity.

11.     Defendant is entitled to qualified immunity under state law, *Cantrell v. Morris*, 849 N.E.2d 488 (Ind. 2006).

12.     Any recovery by Plaintiff is barred or to be reduced in accordance with the Indiana Collateral Source statute, and the legal and equitable principles of payment, satisfaction, accord and satisfaction, set-off and rules barring windfalls and double recovery.

13.     Defendant reserves the right to add any additional affirmative defenses which may become available as Plaintiff's legal theories or additional facts are revealed by discovery.

WHEREFORE, Defendant, Noblesville Police Department, by counsel, prays for judgment in its favor, costs of this action, and for all other proper relief in the premises.

Respectfully submitted,

MANDEL HORN, P.C.

_____
Kirk A. Horn, Attorney No. 15194-06
*Attorney for Defendant, Noblesville Police Dept.*

### CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 15th day

of April, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN 46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032

Edward D'Arcy, Jr.
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN 46410

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN 46204

_____
Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN 46032
317/848-7000
317/848-6197 *(facsimile)*

STATE OF INDIANA       )       IN THE HAMILTON SUPERIOR COURT 2

)SS:

COUNTY OF HAMILTON     )      CAUSE NO. 29D02-1402-CT-001331

TAYLOR BELL,                    )

                                 )

           Plaintiff,         )

                                 )

    v.                             )

                                 )

NOBLESVILLE POLICE DEPARTMENT,   )

HAMILTON COUNTY SHERIFF'S       )

DEPARTMENT, HAMILTON COUNTY    )

PUBLIC SAFETY COMMUNICATIONS    )

CENTER, ASPIRE INDIANA, INC. and    )

CALLNET CALL CENTER SERVICES, INC., )

                                 )

          Defendants.       )

## JURY DEMAND

Comes now the Defendant, Noblesville Police Department, by counsel, and requests trial by jury as to all issues raised in Plaintiff's Amended Complaint.

Respectfully submitted,

MANDEL HORN, P.C.

_____

Kirk A. Horn, Attorney No. 15194-06

*Attorney for Defendant, Noblesville Police Dept.*

//

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 15th day

of April, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

> Thomas E. Hastings
> THE HASTINGS LAW FIRM
> 323 N. Delaware Street
> Indianapolis, IN 46204
>
> Matthew L. Hinkle
> Erika N. Sylvester
> COOTS, HENKE & WHEELER, P.C.
> 255 East Carmel Drive
> Carmel, IN 46032
>
> Edward D'Arcy, Jr.
> DOHERTY & PROGAR, LLC
> 8105 Georgia Street
> Merrillville, IN 46410
>
> Mark C. Webb
> Tyler D. Helmond
> VOYLES ZAHN & PAUL
> 141 East Washington Street, Suite 300
> Indianapolis, IN 46204

Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN 46032
317/848-7000
317/848-6197 *(facsimile)*

# STATE OF INDIANA
## COUNTY OF HAMILTON

TAYLOR BELL,

Plaintiff,

v.

NOBLESVILLE POLICE DEPARTMENT,
HAMILTON COUNTY SHERIFF'S
DEPARTMENT, HAMILTON COUNTY PUBLIC
SAFETY COMMUNICATIONS CENTER, ASPIRE
INDIANA, INC., and CALLNET CALL CENTER
SERVICES, INC.,

Defendants.

Cause No: 29D02-1402-CT-1331

FILED
FEB 25 2014

# APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:** _____ Initiating   __X__ Responding   _____ Intervening

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):   Defendant, Noblesville Police Department

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | | |
|---|---|---|
| Name: | Kirk A. Horn | Atty. No.  15194-06 |
| Address: | MANDEL HORN, P.C. | Phone:   317-848-7000 |
| | 704 Adams St., Suite F | FAX:   317-848-6197 |
| | Carmel, IN  46032 | Computer Address: khorn@mhmrlaw.com |

3. There are other party members: ___ Yes  _X_ No *(If yes, list on continuation page.)*

4. *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):   N/A

5. I will accept service by FAX at the above noted number: _X_ Yes  _____ No

6. This case involves support issues:  _____ Yes  _X_ No *(If yes, supply social security numbers for all family members on continuation page.)*

7. There are related cases: ___ Yes  _X_ No  *(If yes, list on continuation page.)*

8. This form has been served on all other parties.  Certificate of service is attached: _X_ Yes  _____No

9. Additional information required by local rule:  N/A

Date:  February 24, 2014

_____
Kirk A. Horn (Attorney No.15194-06)
*Attorney for Defendant, Noblesville Police Department*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 24th day of February, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 North Delaware Street
Indianapolis, IN  46204

Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT 2 |
|---|---|---|
| | )SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-1331 |

TAYLOR BELL,  )
  )
          Plaintiff,  )
  )
    v.  )
  )
NOBLESVILLE POLICE DEPARTMENT,  )
HAMILTON COUNTY SHERIFF'S  )
DEPARTMENT, HAMILTON COUNTY  )
PUBLIC SAFETY COMMUNICATIONS  )
CENTER, ASPIRE INDIANA, INC. and  )
CALLNET CALL CENTER SERVICES, INC., )
  )
          Defendants.  )

## MOTION FOR ENLARGEMENT OF TIME TO ANSWER

Defendant, Noblesville Police Department, by counsel, moves for an enlargement of time within which to answer or otherwise respond to the Plaintiff's Complaint for Damages. In support of this Motion, Defendant would show the Court as follows:

1.     Plaintiff filed his Complaint for Damages on February 13, 2014. Defendant was served via certified mail on February 21, 2014. Defendant's Answer to said Complaint is therefore due on or before March 16, 2014.

2.     Defendant requires additional time in order to confer with counsel, investigate the claim and prepare responsive pleadings.

3.     This motion is not made for purposes of delay and will not prejudice Plaintiff.

WHEREFORE, Defendant, Noblesville Police Department, by counsel, prays that the Court grant its Motion for a thirty-day enlargement to and including April 15, 2014, and for all other just and proper relief.

//

Respectfully submitted,

MANDEL HORN, P.C.

_____
Kirk A. Horn, Attorney No. 15194-06
*Attorney for Defendant, Noblesville Police Dept.*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 24th day

of February, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 North Delaware Street
Indianapolis, IN  46204

_____
Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

STATE OF INDIANA      )      IN THE HAMILTON SUPERIOR COURT 2
)SS:
COUNTY OF HAMILTON     )      CAUSE NO. 29D02-1402-CT-001331

|  |  |
|---|---|
| SHELLA WILDE, as Guardian of TAYLOR BELL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CITY OF NOBLESVILLE, HAMILTON COUNTY SHERIFF, HAMILTON COUNTY PUBLIC SAFETY COMMUNICATIONS CENTER, ASPIRE INDIANA, INC. and CALLNET CALL CENTER SERVICES, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY

Defendant, Noblesville Police Department, by counsel, moves for an enlargement of time within which to respond to the Plaintiff's Second Set of Interrogatories. In support of this Motion, Defendant would show the Court as follows:

1.     Plaintiff served discovery on this Defendant on November 6, 2014. The responses are therefore due on or about December 6, 2014.

2.     Defendant has not previously requested an enlargement of time.

3.     This motion is being made within the time Defendant is to respond to Plaintiff's discovery requests.

4.     Defendant requires additional time to assemble documents, prepare appropriate responses and consult with its counsel.

5.     This motion is not made for purposes of delay and will not prejudice Plaintiff.

WHEREFORE, Defendant, Noblesville Police Department, by counsel, prays that the Court grant its Motion for a thirty-day enlargement to and including January 5, 2015, and for all other just and proper relief.

//

Respectfully submitted,

MANDEL HORN, P.C.

_____

Kirk A. Horn, Attorney No. 15194-06
*Attorney for Defendant, City of Noblesville*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and exact copy of the foregoing was served upon all parties of record this 6th day

of November, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410
*Attorney for Aspire Indiana, Inc.*

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204
*Attorneys for CallNet Call Center Services*

_____

Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

STATE OF INDIANA )         IN THE HAMILTON SUPERIOR COURT 2
                      )SS:
COUNTY OF HAMILTON )         CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of       )
TAYLOR BELL,                       )
                                   )
              Plaintiff,           )
                                   )
       v.                          )
                                   )
CITY OF NOBLESVILLE, HAMILTON      )
COUNTY SHERIFF, HAMILTON COUNTY    )
PUBLIC SAFETY COMMUNICATIONS       )
CENTER, ASPIRE INDIANA, INC. and   )
CALLNET CALL CENTER SERVICES, INC., )
                                   )
              Defendants.          )

## ORDER

Defendant, Noblesville Police Department, by counsel, having moved the court for an Order

granting its Motion for Enlargement of Time to Respond to Plaintiff's Second Set of Interrogatories;

**AND THE COURT**, having reviewed said motion and being otherwise duly advised in the premises,

finds the motion to be meritorious and should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant, Noblesville Police

Department, shall have to and including January 5, 2015, within which to answer Plaintiff's Second Set of

Interrogatories.


Dated: _____        _____

                               JUDGE, HAMILTON SUPERIOR COURT 2


//

**Distribution:**

Kirk A. Horn
MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410
*Attorney for Aspire Indiana, Inc.*

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204
*Attorneys for CallNet Call Center Services*

STATE OF INDIANA          )          IN THE HAMILTON SUPERIOR COURT 2
                          )SS:
COUNTY OF HAMILTON        )          CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of          )
TAYLOR BELL,                          )
                                      )
                Plaintiff,            )
                                      )
        v.                            )
                                      )
CITY OF NOBLESVILLE, HAMILTON         )
COUNTY SHERIFF, HAMILTON COUNTY       )
PUBLIC SAFETY COMMUNICATIONS          )
CENTER, ASPIRE INDIANA, INC. and      )
CALLNET CALL CENTER SERVICES, INC.,   )
                                      )
                Defendants.           )

## MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY

Defendant, Noblesville Police Department, by counsel, moves for an enlargement of time within which to respond to the Plaintiff's Third Set of Interrogatories and Fourth Request for Production of Documents. In support of this Motion, Defendant would show the Court as follows:

1.      Plaintiff served discovery on this Defendant on December 8, 2014. The responses are therefore due on or about January 7, 2015.

2.      Defendant has not previously requested an enlargement of time.

3.      This motion is being made within the time Defendant is to respond to Plaintiff's discovery requests.

4.      Defendant requires additional time to assemble documents, prepare appropriate responses and consult with its counsel.

5.      This motion is not made for purposes of delay and will not prejudice Plaintiff.

WHEREFORE, Defendant, Noblesville Police Department, by counsel, prays that the Court grant its Motion for a thirty-day enlargement to and including February 6, 2015, and for all other just and proper relief.

//

Respectfully submitted,

MANDEL HORN, P.C.

_____

Kirk A. Horn, Attorney No. 15194-06
*Attorney for Defendant, City of Noblesville*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 8th day

of December, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410
*Attorney for Aspire Indiana, Inc.*

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204
*Attorneys for CallNet Call Center Services*

_____

Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

STATE OF INDIANA       )      IN THE HAMILTON SUPERIOR COURT 2
                          )SS:
COUNTY OF HAMILTON     )      CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of     )
TAYLOR BELL,                  )
                              )
            Plaintiff,       )
                              )
     v.                       )
                              )
CITY OF NOBLESVILLE, HAMILTON    )
COUNTY SHERIFF, HAMILTON COUNTY   )
PUBLIC SAFETY COMMUNICATIONS    )
CENTER, ASPIRE INDIANA, INC. and    )
CALLNET CALL CENTER SERVICES, INC., )
                              )
          Defendants.     )

## ORDER

Defendant, Noblesville Police Department, by counsel, having moved the court for an Order granting its Motion for Enlargement of Time to Respond to Plaintiff's Third Set of Interrogatories and Fourth Request for Production of Documents;

**AND THE COURT**, having reviewed said motion and being otherwise duly advised in the premises, finds the motion to be meritorious and should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant, Noblesville Police Department, shall have to and including February 6, 2015, within which to answer Plaintiff's Third Set of Interrogatories and Fourth Request for Production of Documents.

Dated: _____          _____
                                     JUDGE, HAMILTON SUPERIOR COURT 2

//

**Distribution:**

Kirk A. Horn
MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410
*Attorney for Aspire Indiana, Inc.*

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204
*Attorneys for CallNet Call Center Services*

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

| | | |
|---|---|---|
| TAYLOR BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NOBLESVILLE POLICE DEPARTMENT, | ) | |
| HAMILTON COUNTY SHERIFF'S | ) | Cause No. 29D02-1402-CT-001331 |
| DEPARTMENT, HAMILTON COUNTY | ) | |
| PUBLIC SAFETY COMMUNICATIONS | ) | |
| CENTER, ASPIRE INDIANA, INC. and | ) | |
| CALLNET CALL CENTER SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## HAMTILON COUNTY PUBLIC SAFETY COMMUNICATIONS CENTER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Hamilton County Public Safety Communications Center ("Communications Center"), by counsel, respectfully submits the following Answer and Affirmative Defenses to Plaintiff's Amended Complaint[1]:

1.      Communications Center admits it had not filed a responsive pleading prior to March 20, 2014.  Indiana Trial Rule 15(A) speaks for itself.

2.      Communications Center is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 2 of Plaintiff's Amended Complaint.

3.      Communications Center is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 3 of Plaintiff's Amended Complaint.

---

[1] Hamilton County Sheriff's Department, by counsel, also joins to the limited extent of its statement in Paragraph 17 below. Since the Sheriff's Department has filed a Motion to Dismiss it does not join in this answer for any other

4.      Communications Center admits the material allegations contained in rhetorical paragraph 4 of Plaintiff's Complaint.

5.      Communications Center admits it dispatches for police departments in Hamilton County, including the Sheriff's Office of Hamilton County but is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in rhetorical paragraph 5 of Plaintiff's Complaint.

6.      Communications Center is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7.      Communications Center is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

8.      Communications Center without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9.      Communications Center is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10.     Communications Center admits it answers 9-1-1 calls but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in rhetorical paragraph 10 of Plaintiff's Amended Complaint.

11.     Communications Center is without knowledge or information sufficient to admit or deny communications between Harris and Noblesville Police Department and admits that Harris

purpose.

informed the Hamilton County 9-1-1 dispatcher that Plaintiff had a gun, but that he did not characterize the gun as being a fake or toy gun.

12.     Communications Center admits it was told that Plaintiff reportedly had a gun and did not have information about the gun not being a "real gun" however the Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in rhetorical paragraph 12 of Plaintiff's Amended Complaint.

13.     Communications Center is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

14.     Paragraph 14 makes no allegations against the Communications Center, however, if Paragraph 14 was to be construed against the Communications Center, the Communications Center is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

15.     Defendant denies that any county employees utilized force on Plaintiff and since Paragraph 15 makes no allegations against the Communications Center, it is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16.     Defendant denies the material allegations contained in rhetorical paragraph 16 of Plaintiff's Amended Complaint.

17.     Hamilton County Sheriff's Department has filed a motion to dismiss contemporaneously herewith. If that Motion to Dismiss is denied then the Sheriff's Department will deny all assertions of negligence and liability.

3

WHEREFORE, Defendant, Hamilton County Sheriff's Department and Hamilton County Public Safety Communications Center, by counsel, respectfully request that judgment be entered in their favor for all claims asserted by Plaintiff against them, costs and all other appropriate relief.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.

Matthew L. Hinkle, # 19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Hamilton County Defendants*

## AFFIRMATIVE DEFENSES

Subject to ongoing investigation and discovery and without waiving any of the defenses set forth above, or any other defenses available at law or equity, Defendant, Hamilton County Public Safety Communications Center, by counsel, respectfully asserts the following defenses to the allegations in Plaintiff's Amended Complaint for Damages:

1.    Any and all allegations contained in Plaintiff's Complaint not hereinbefore specifically admitted or denied by Defendants are now specifically denied.

2.    The Complaint fails to state a claim for which relief may be granted.

3.    Upon information and belief, Plaintiff's claims are barred where Plaintiff failed to properly comply with the notice provisions of the Act under Indiana Code §§ 34-13-3-8, and 34-13-3-10.

4.    Plaintiff assumed and/or incurred the risk of injury and damage and, therefore, Plaintiff's Complaint against Defendants is barred.

5.    The Indiana Comparative Fault Act does not apply to the Hamilton County

4

## JURY DEMAND

Defendants, Hamilton County Sheriff's Department and the Hamilton County Public Safety

Communications Center, by counsel, demand trial by jury.

COOTS, HENKE & WHEELER, P.C.

Matthew L. Hinkle, # 19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Hamilton County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by First Class United States Mail, postage prepaid, this **16th day of May, 2014**, upon:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware St.
Indianapolis, IN 46204
*Attorney for Plaintiff*

Edward D. D'Arcy, Jr.
DOHERTY & PROGAR LLC
8105 Georgia Street
Merrillville, IN 46410
*Attorney for Aspire Indiana, Inc.*

Kirk A. Horn
MANDEL HORN MCGRATH & REYNOLDS, P.C.
704 Adams St., Ste. F
Carmel, IN 46032
*Attorney for Noblesville Police Department*

Mark Charles Webb
Tyler Helmond
VOYLES ZAHN & PAUL
141 E. Washington St., Ste. 300
Indianapolis, IN 46204
*Attorney for CallNet Call Center Services, Inc.*

Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64

COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone

L:\Alternative Service Concepts\Bell v. Hamilton Co. (17120.015)\Pleadings\Answer, AD's to Amdd Complaint & JD.doc

6

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

SHELLA WILDE, as Guardian of          )
TAYLOR BELL,                          )
                                      )
          Plaintiff,                  )
     v.                               )     CAUSE NO. 29D02-1402-CT-001331
                                      )
CITY OF NOBLESVILLE, HAMILTON         )
COUNTY SHERIFF, HAMILTON COUNTY       )
PUBLIC SAFETY COMMUNICATIONS          )
CENTER, ASPIRE INDIANA, INC. and      )
CALLNET CALL CENTER SERVICES, INC.,   )
                                      )
          Defendants.                 )

## HAMILTON COUNTY PUBLIC SAFETY COMMUNICATIONS CENTER'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A MORE DEFINITE STATEMENT

Defendant, Hamilton County Public Safety Communications Center ("HCPSC"), by counsel, submits this Memorandum in support of its Motion for a More Definite Statement:

## I.     INTRODUCTION

Plaintiff's *Second Amended Complaint* (Exhibit A) claims that certain defendants negligently handled the events that gave rise to the police action shooting that Taylor Bell described as his intention to commit suicide by cop. (Exhibit A, ¶ 7). However, Plaintiff does not aver any facts suggesting that HCPSC was in any way involved in the chain of causal acts or omissions that culminated in the shooting. Nevertheless, Plaintiff alleges that HCPSC, along with the other named Defendants, was negligent and the negligence caused Plaintiff's injuries. (Exh. A, ¶ 15).

## II.    STANDARD

Notice pleading requires a claimant to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Ind. Trial Rule 8(A). Conversely, T.R. 12(E) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." Further, although Indiana's notice pleading rules do not require the complaint to state all elements of a cause of action, the plaintiff must still plead the operative facts necessary to set forth an actionable claim. *State v. Am. Family Voices, Inc.,* 898 N.E.2d 293, 296 (Ind. 2008). Indiana courts permit the use of a motion under T.R. 12(E) when a complaint needs clarification. *Yaksich v. Gastevich,* 440 N.E.2d 1138, 1139 (Ind. Ct. App. 1982), *abrogated in part on other grounds by McDillon v. No. Ind. Pub. Serv. Co.,* 841 N.E.2d 1148 (Ind. 2006); *Jackson v. Ind. Family & Social Servs. Admin.,* 884 N.E.2d 284, 289-90 (Ind. Ct. App. 2008).

## III.    ARGUMENT

Plaintiff's *Second Amended Complaint* is too vague and ambiguous for HCPSC to respond properly as it fails to allege any operative facts that could reasonably support a claim of negligence against HCPSC. Here, the only specific reference to HCPSC in Plaintiff's Second Amended Complaint is the assertion that HCPSC operates the 911 service for emergency dispatch in Hamilton County. Plaintiff does not allege that HCPSC negligently operated the 911 service or otherwise engaged in acts or omissions that proximately caused Plaintiff to suffer a tort. Plaintiff makes a vague and blanket assertion that HCPSC was negligent, but otherwise fails to allege, describe or identify any negligent behavior by HCPSC.

Although Indiana law does not require a plaintiff to state all elements of a cause of action in the pleadings, Plaintiff's Second Amended Complaint fails to state even one of the elements of negligence supporting a claim against HCPSC. Plaintiff fails to assert the duty of care that HCPSC allegedly owed to Plaintiff. Plaintiff's failure to state any underlying operative facts that would support his claim of negligence against HCPSC fails to put HCPSC on notice as to why Plaintiff is bringing an action against this entity. Without a more definite indication of the facts supporting Plaintiff's claim against HCPSC, HCPSC cannot formulate an appropriate defense to Plaintiff's claims or defend itself from Plaintiff's vague and general statements contained in the Second Amended Complaint. Without an indication of HCPSC's wrongful action or inaction, HCPSC is forced to assert defenses which may or may not be relevant to the cause of action. HCPSC is further prejudiced by the potential of omitting a defense due to the lack of supporting facts in the Second Amended Complaint.

## IV.    CONCLUSION

For the aforementioned reasons, HCPSC respectfully requests this Court order Plaintiff to provide a more definite statement as to the allegations against HCPSC or, in the alternative, to strike the complaint against HCPSC.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.

Matthew L. Hinkle, # 19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Hamilton County Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by First Class United States Mail, postage prepaid, this **7th day of July, 2014,** upon:

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN  46204
*Attorney for Plaintiff*

Edward D. D'Arcy, Jr.
Michael M. Oberman
**DOHERTY & PROGAR LLC**
8105 Georgia Street
Merrillville, IN  46410
*Attorney for Aspire Indiana, Inc.*

Kirk A. Horn
**MANDEL HORN McGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN  46032
*Attorney for Noblesville Police Department*

Mark Charles Webb
Tyler Helmond
**VOYLES ZAHN & PAUL**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204
*Attorney for CallNet Call Center Services, Inc.*

Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone
(317) 573-5385 – facsimile
Email: mhinkle@chwlaw.com
        esylvester@chwlaw.com

STATE OF INDIANA          )          HAMILTON COUNTY SUPERIOR COURT
                          )SS:        CIVIL DIVISION 2
COUNTY OF HAMILTON        )          CAUSE NO. 29D02-1402-CT-1331


SHELLA WILDE, as Guardian          )
of TAYLOR BELL,                    )
                                   )
          Plaintiff,               )
                                   )          **FILED**
vs.                                )          JUN 11 2014
                                   )          *Peggy Beaver*
CITY OF NOBLESVILLE,               )          CLERK OF THE
HAMILTON COUNTY SHERIFF,           )          HAMILTON SUPERIOR COURT
HAMILTON COUNTY PUBLIC SAFETY      )
COMMUNICATIONS CENTER,             )
ASPIRE INDIANA, INC. and           )
CALLNET CALL CENTER SERVICES,      )
INC.                               )
                                   )
          Defendants.              )


## PLAINTIFF'S SECOND AMENDED
## COMPLAINT FOR DAMAGES

Taylor Bell, through his Guardian Shella Wilde, by counsel, Thomas E. Hastings, files

his Second Amended Complaint for Damages and alleges as follows:

1.      At all times relevant herein, Taylor Bell (hereinafter referred to as "Bell") was a

resident of Hamilton County, Indiana.

2.      At all times relevant herein, the City of Noblesville was the controlling entity of

its law enforcement agency, the Noblesville Police Department (hereinafter "NPD").

3.      At all times relevant herein, the Hamilton County Sheriff was the in command

control of the Hamilton County Sheriff's Department.

Exhibit "A"

4.    At all times relevant here the Hamilton County Public Safety Communications Center (hereinafter referred to as "HCPSC") was the dispatch service for emergency runs to the HCSD and NPD.

5.    At all times herein Aspire Indiana, Inc. (hereinafter referred to as "Aspire") was a corporation authorized to do business in the State of Indiana.

6.    At all times herein CallNet Call Center Services, Inc. (hereinafter referred to as "CallNet") was the contractor that answered the crisis line for Aspire.

7.    On or about July 20, 2103, Bell made a call to the Aspire crisis hot line seeking help for thoughts of suicide, which call was answered by a CallNet operator.  During that call, Bell informed the operator that he was going to commit suicide and stated "you have 5 minutes to talk me out of this."  Although Bell continued to speak to and ask questions of the CallNet Operator, the CallNet operator never inform the caller that he was not a professional capable of handling a suicidal threat and it was not until 4 minutes and 30 seconds into the call that CallNet informed Bell that he would be transferred to a professional for assistance.

8.    On or about July 20, 2013, Thomas Harris, MS, an Aspire employee, spoke with Bell about this thoughts of suicide after he Bell was transferred to him through Aspire's Crisis Hotline contractor, CallNet, which was several minutes after Bell made his initial call to Aspire for crisis and suicide intervention.  Bell informed him that he had a "BB gun," and that he had no intention of hurting anyone but himself.

9.    During the call between Bell and Thomas Harris, MS, Harris requested permission from Bell to call 911, which is operated by HCPSC, for intervention and Bell gave his approval.

10.     On or about July 20, 2013, Thomas Harris, MS, contacted NPD and advised them that Bell "had a gun," but did not state to the Hamilton County 911 Dispatcher that Bell did not possess a real gun.

11.     Because Thomas Harris, MS in the course of his employment with Aspire, did not notify the Hamilton County 911 Dispatcher that Bell had a "BB gun" or that Bell did not have a real gun, the 911 Dispatcher was unable to notify NPD or HCSD that Bell did not have a real gun.

12.     Aspire employee, Thomas Harris, MS's failure to notify the 911 Dispatcher that Bell did not have a real gun was a proximate cause of the shooting of Bell by the NPD or HCSD.

13.     On or about July 20, 2013, Bell communicated several times with a "negotiator" for NPD and/or HCSD, who communicated with him via cell phone.  Bell also informed the "negotiator" that he was carrying a BB gun, not a real gun.

14.     On or about July 20, 2013, the NPD officers  and HCSD deputies surrounded Bell in a parking lot at located at 395 Westfield Road in Noblesville, Indiana and utilizing excessive force, shot Taylor Bell multiple times, causing permanent bodily injury and damages.

15.     As a result of the negligence of the Defendants, HCPSC, NPD, HCSD, Aspire and CallNet,  Bell sustained permanent bodily injury and damages, including but not limited to, medical expenses and lost wages in the approximate amount of Two Million Dollars ($2,000,000.00), pain and suffering, permanent impairment, future medical expenses and future lost wages.

WHEREFORE, Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, requests the Court enter judgment for Plaintiff Taylor Bell and against Defendants, and each of them, in an amount

to be determined by the trier of fact at the trial of this cause and for all other relief just and

proper in the premises.

Respectfully submitted,

Thomas E. Hastings (#8334680)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000, ext 227

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this 30th day of May, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN  46204

Edward D. D'Arcy, Jr.
Doherty & Progar, LLC
8105 Georgia Street
Merrillville, IN  46410

-4-

Thomas E. Hastings

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

SHELLA WILDE, as Guardian of )
TAYLOR BELL, )
 )
 )
         Plaintiff, )
    v. ) CAUSE NO. 29D02-1402-CT-001331
 )
CITY OF NOBLESVILLE, HAMILTON )
COUNTY SHERIFF, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS )
CENTER, ASPIRE INDIANA, INC. and )
CALLNET CALL CENTER SERVICES, INC., )
 )
         Defendants. )

## DEFENDANT, HAMILTON COUNTY PUBLIC SAFETY COMMUNICATIONS CENTER'S, MOTION FOR A MORE DEFINITE STATEMENT

Hamilton County Public Safety Communications Center ("HCPSC"), by counsel, pursuant to Indiana Trial Rule 12(E), respectfully submits this Motion for a More Definite Statement and in support thereof states as follows:

1.    On February 20, 2014, Plaintiff, Taylor Bell ("Plaintiff"), filed a Complaint for Damages.

2.    On March 20, 2014, Plaintiff filed his Amended Complaint for Damages.

3.    On June 2, 2014, Plaintiff, by his Guardian Shella Wilde, submitted a Motion for Leave to File Second Amended Complaint, which was granted, and said Complaint was deemed filed by this Court on June 11, 2014.

4.    Pursuant to Ind. Trial R. 12(E), HCPSC submits this Motion for a More Definite Statement in response to Plaintiff's Second Amended Complaint for Damages.

5.    Ind. Trial R. 12(E) provides:

> The defendant may move for a more definite statement before serving a responsive pleading, if the complaint is so vague, indefinite, or ambiguous that the defendant cannot reasonably frame a responsive pleading.

6.    As explained more fully in its supporting Memorandum, Plaintiff's Second Amended Complaint is vague, indefinite, and ambiguous as to the basis of Plaintiff's claim against HCPSC thereby precluding HCPSC from reasonably responding and asserting appropriate defenses.

7.    HCPSC requests the Court order a more definite statement relative to Plaintiff's claim against HCPSC including setting forth sufficient factual allegations that HCPSC can understand why it has been made a party to this action.

8.    HCPSC contemporaneously files its memorandum in support of this motion.

WHEREFORE, Hamilton County Public Safety Communications Center, by counsel, respectfully requests the Court order Plaintiff to provide a more definite statement and in the absence of a more definite statement requests the Court strike the complaint thereby dismissing HCPSC from this matter and for all other proper relief.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.

Matthew L. Hinkle, # 19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Hamilton County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by First Class United States Mail, postage prepaid, this **7th day of July, 2014**, upon:

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN  46204
*Attorney for Plaintiff*

Edward D. D'Arcy, Jr.
Michael M. Oberman
**DOHERTY & PROGAR LLC**
8105 Georgia Street
Merrillville, IN  46410
*Attorney for Aspire Indiana, Inc.*

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN  46032
*Attorney for Noblesville Police Department*

Mark Charles Webb
Tyler Helmond
**VOYLES ZAHN & PAUL**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204
*Attorney for CallNet Call Center Services, Inc.*

Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone
(317) 573-5385 – facsimile
Email: mhinkle@chwlaw.com
　　　　esylvester@chwlaw.com

3

STATE OF INDIANA )   IN THE HAMILTON SUPERIOR COURT 2
) SS:
COUNTY OF HAMILTON )   Cause No.: 29D02-1402-CT-001331

TAYLOR BELL, )
        Plaintiff, )
   v. )
                     )
HAMILTON COUNTY SHERIFF'S DE- )
PARTMENT, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS )
CENTER, ASPIRE INDIANA, INC. and )
CALLNET CALL CENTER SERVICES, )
INC. )
        Defendants. )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1.  The party on whose behalf this form is being filed is:
   Initiating _____     Responding **XXX**     Intervening ____; and
   the undersigned attorney and all attorneys listed on this form now appear in this case for the following party(ies):
   Name of party:  **Hamilton County Sheriff's Department and Hamilton County Public Safety Communications Center.**

2.  Attorney information for service as required by Trial Rule 5(B)(2)
   Name: **Matthew L. Hinkle**  Atty Number: **19396-29**
   Name: **Erika N. Sylvester**  Atty Number: **30058-64**
   Address: **COOTS, HENKE & WHEELER, P.C., 255 East Carmel Drive, Carmel, IN 46032**
   Phone: **(317) 844-4693** / FAX: **(317) 573-5385**
   Email Address: **mhinkle@chwlaw.com** / **esylvester@chwlaw.com**

3.  This is a **CT** case type as defined in administrative Rule 8(B)(3).

4.  I will accept service by:
   FAX at the above noted number: Yes ___ No **XX**
   Email at the above noted address: Yes ___ No **XX**

5.  This case involves child support issues. Yes ___ No **XX**

APPEARANCE FORM –CONTINUATION PAGE (Civil Case)
Case Number:   **29D02-1402-CT-001331**
First Name in Case Caption:   **Taylor Bell**

6.  This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order. Yes ___ No **XX**
    The party shall use the following address for purposes of legal service:   **N/A**

7.  This case involves a petition for involuntary commitment. Yes ___ No **XX**

8.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:   **N/A**

9.  There are related cases: Yes ___ No **XX** *(If yes, list on continuation page.)*

10. Additional information required by local rule:   **N/A**

11. There are other party members: Yes **XX** No_____

12. This form has been served on all other parties and Certificate of Service is attached.
    Yes **XX** No_____

    _____
    Attorney-at-Law
    (Attorneys information shown above)

Form TCM-TR3.1-1 Revised by
State Court Administration 09/12
Effective 01/13

APPEARANCE FORM –CONTINUATION PAGE (Civil Case)
Case Number:   29D02-1402-CT-001331
First Name in Case Caption:   **Taylor Bell**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by First Class United States Mail, postage prepaid, this **26th day of February, 2014,** upon:

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN  46204
*Attorney for Plaintiff*

**ASPIRE INDIANA, INC.**
9615 E. 148th St., Ste. 1
Noblesville, IN  46060

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN  46032
*Attorney for Noblesville Police Department*

**CALLNET CALL CENTER SERVICES, INC.**
555 N. Morton St.
Bloomington, IN  47404

Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 - telephone
(317) 573-5385 – facsimile
Email: mhinkle@chwlaw.com
         esylvester@chwlaw.com

Form TCM-TR3.1-1 Revised by
State Court Administration 09/12
Effective 01/13

STATE OF INDIANA       )     IN THE HAMILTON SUPERIOR COURT 2
                             )SS:
COUNTY OF HAMILTON   )     CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of
TAYLOR BELL,

          Plaintiff,

   v.

CITY OF NOBLESVILLE, HAMILTON
COUNTY SHERIFF, HAMILTON COUNTY
PUBLIC SAFETY COMMUNICATIONS
CENTER, ASPIRE INDIANA, INC. and
CALLNET CALL CENTER SERVICES, INC.,

          Defendants.

**FILED**

AUG 2 0 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## NOTICE OF SERVICE OF RESPONSES TO
## REQUESTS FOR ADMISSIONS

Comes now the Defendant, City of Noblesville, by counsel and pursuant to Trial Rule 36 hereby notifies the court that on August 19, 2014 the undersigned counsel faxed and sent to the parties by U.S. Mail its responses to Plaintiff's Requests for Admissions.

Respectfully submitted,

MANDEL HORN, P.C.

Kirk A. Horn, Attorney No. 15194-06
*Attorney for Defendant, City of Noblesville*

//

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 19th day of August, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410
*Attorney for Aspire Indiana, Inc.*

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204
*Attorneys for CallNet Call Center Services*

Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

TAYLOR BELL,                                              )
                                                         )
          Plaintiff,                         )
                                                         )
    v.                                                   )
                                                         )
NOBLESVILLE POLICE DEPARTMENT,                           )
HAMILTON COUNTY SHERIFF'S                                )   Cause No. 29D02-1402-CT-001331
DEPARTMENT, HAMILTON COUNTY                              )
PUBLIC SAFETY COMMUNICATIONS                             )
CENTER, ASPIRE INDIANA, INC. and                         )
CALLNET CALL CENTER SERVICES, INC.                       )
                                                         )
          Defendants.                        )

**DEFENDANTS, HAMILTON COUNTY SHERIFF'S DEPARTMENT AND HAMILTON
COUNTY PUBLIC SAFETY COMMUNICATIONS CENTER'S, UNOPPOSED
MOTION FOR EXTENSION OF TIME TO SERVE ANSWERS TO DISCOVERY**

Defendants, Hamilton County Sheriff's Department and Hamilton County Public Safety

Communications Center (the "Hamilton County Defendants"), by counsel, respectfully move the

Court for an extension of time, through and including May 16, 2014 to respond to Plaintiff's First

Set of Interrogatories and First Request for Production of Documents.  In support of said

Motion, the Hamilton County Defendants state as follows:

    1.  Plaintiff served the Hamilton County Defendants with his First Set of

Interrogatories, and First Request for Production of Documents on February 27, 2014.

    2.  The Court granted an initial Extension of Time to and including April 28, 2014 to

respond to said discovery.  Since that time, the Defendants were also granted an Extension of

Time to Answer the Complaint until May 16, 2014.

    3.  The Hamilton County Defendants' responses to these discovery requests are

currently due on April 28, 2014.

4.  The Hamilton County Defendants are gathering information to answer the complaint and are still receiving and reviewing the information needed to respond to Plaintiff's discovery requests.   Therefore, they require additional time to adequately respond and seek an additional eighteen (18) days to do so.

5.  Opposing counsel, Thomas Hastings, was contacted by email on April 29, 2014, and he has no objection to this extension of time.

6.  For the foregoing reasons, the Hamilton County Defendants seek an extension of time to serve their responses to Plaintiff's discovery through and including May 16, 2014.

7.  This motion is not asserted for the purpose of undue hindrance or delay.

WHEREFORE, Defendants, Hamilton County Sheriff's Department and Hamilton County Public Safety Communications Center, by counsel, respectfully move the Court for an extension of time, through and including May 16, 2014, to respond to Plaintiff's First Set of Interrogatories, and First Request for Production of Documents, and for all other relief just and proper.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.

Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64
*Attorney for Hamilton County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by First Class United States Mail, postage prepaid, this **30th day of April, 2014**, upon:

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN   46204
*Attorney for Plaintiff*

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN   46032
*Attorney for Noblesville Police Department*

Edward D. D'Arcy, Jr.
**DOHERTY & PROGAR LLC**
8105 Georgia Street
Merrillville, IN   46410
*Attorney for Aspire Indiana, Inc.*

Mark Charles Webb
Tyler Helmond
**Voyles Zahn & Paul**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204
*Attorneys for CallNet Call Center Services, Inc.*

Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone
(317) 573-5385 – facsimile
Email: mhinkle@chwlaw.com
        esylvester@chwlaw.com

3

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

|                                              |     |                               |
|----------------------------------------------|-----|-------------------------------|
| TAYLOR BELL,                                 | )   |                               |
|                                              | )   |                               |
|          Plaintiff,                          | )   |                               |
|     v.                                       | )   |                               |
|                                              | )   |                               |
| NOBLESVILLE POLICE DEPARTMENT,               | )   |                               |
| HAMILTON COUNTY SHERIFF'S                    | )   | Cause No. 29D02-1402-CT-001331 |
| DEPARTMENT, HAMILTON COUNTY                  | )   |                               |
| PUBLIC SAFETY COMMUNICATIONS                 | )   |                               |
| CENTER, ASPIRE INDIANA, INC. and             | )   |                               |
| CALLNET CALL CENTER SERVICES, INC.           | )   |                               |
|                                              | )   |                               |
|          Defendants.                         | )   |                               |

**DEFENDANTS', HAMILTON COUNTY SHERIFF'S DEPARTMENT AND HAMILTON
COUNTY PUBLIC SAFETY COMMUNICATIONS CENTER,
UNOPPOSED MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendants, Hamilton County Sheriff's Department and Hamilton County Public Safety

Communications Center (the "Hamilton County Defendants"), by counsel, respectfully move the

Court for a thirty (30) day extension of time to respond to Plaintiff's Complaint.   In support of said

Motion, the Hamilton County Defendants state as follows:

1.      Plaintiff's Complaint was filed on February 13, 2014, and served via certified mail

on or about February 13, 2014.   Therefore, the Hamilton County Defendants' responsive pleading

is currently due on or about March 17, 2014.

2.      Counsel for the Hamilton County Defendants was recently retained in this matter

and the extension of time is necessary to allow counsel to consult and confer with his client

regarding the facts of the case and prepare an adequate responsive pleading.

3.      No prior extensions of time have been granted.

4.     The Hamilton County Defendants request an extension of thirty (30) days to and including April 16, 2014, to file a responsive pleading.

5.     Plaintiff's counsel was contacted on March 11, 2014, and does not object to an extension of time beyond thirty (30) days from the date on which the Hamilton County Defendants counsel filed their appearance on February 26, 2014.

6.     This motion is asserted in good faith and not for the purpose of hindrance or delay.

WHEREFORE, Defendants, Hamilton County Sheriff's Department and Hamilton County Public Safety Communications Center, by counsel, respectfully request that they be granted a thirty (30) day extension of time, to and including April 16, 2014, to respond to Plaintiff's Complaint and for all other relief just and proper in the premises.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.

Matthew L. Hinkle, # 19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by First Class United States Mail, postage prepaid, this **12th day of March, 2014**, upon:

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN   46204
*Attorney for Plaintiff*

**ASPIRE INDIANA, INC.**
9615 E. 148th St., Ste. 1
Noblesville, IN   46060

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN   46032
*Attorney for Noblesville Police Department*

Mark Charles Webb
Tyler Helmond
**Voyles Zahn & Paul**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204
*Attorney for CallNet Call Center Services, Inc.*

Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone
(317) 573-5385 – facsimile
Email: mhinkle@chwlaw.com
        esylvester@chwlaw.com

L:\Alternative Service Concepts\Williams, Tracy v. Hamilton Co. (17120.014)\Pleadings\Filed in Hamilton Co\Motion for Extension of Time.docx

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

| | | |
|---|---|---|
| TAYLOR BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NOBLESVILLE POLICE DEPARTMENT, | ) | |
| HAMILTON COUNTY SHERIFF'S | ) | Cause No. 29D02-1402-CT-001331 |
| DEPARTMENT, HAMILTON COUNTY | ) | |
| PUBLIC SAFETY COMMUNICATIONS | ) | |
| CENTER, ASPIRE INDIANA, INC. and | ) | |
| CALLNET CALL CENTER SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS', HAMILTON COUNTY SHERIFF'S DEPARTMENT AND HAMILTON
COUNTY PUBLIC SAFETY COMMUNICATIONS CENTER,
UNOPPOSED MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT**

———————————

Defendants, Hamilton County Sheriff's Department and Hamilton County Public Safety
Communications Center (the "Hamilton County Defendants"), by counsel, respectfully move the
Court for a thirty (30) day extension of time to respond to Plaintiff's Amended Complaint.  In
support of said Motion, the Hamilton County Defendants state as follows:

1.     Plaintiff's Complaint was filed on February 13, 2014.

2.     The Court granted an extension of time for Defendants to Answer the original
complaint, to and including April 16, 2014.

3.     On March 20, 2014, Plaintiff filed and served his amended complaint.

2.     Counsel for the Hamilton County Defendants has been traveling extensively and
has just recently received numerous documents related to this matter and the extension of time is
necessary to allow counsel to review same, and consult and confer with his client regarding the
facts of the case and prepare an adequate responsive pleading.

3.    No prior extensions of time have been granted to answer the Amended Complaint.

4.    The Hamilton County Defendants request an extension of thirty (30) days to and including May 16, 2014 to file a responsive pleading.

5.    Plaintiff's counsel was contacted on April 15, 2014, and does not object to a fifteen (15) day extension of time, but expressed an objection to a thirty (30) day extension of time to May 16, 2014.

6.    This motion is asserted in good faith and not for the purpose of hindrance or delay.

WHEREFORE, Defendants, Hamilton County Sheriff's Department and Hamilton County Public Safety Communications Center, by counsel, respectfully request that they be granted a thirty (30) day extension of time, to and including May 16, 2014, to respond to Plaintiff's Amended Complaint and for all other relief just and proper in the premises.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.

Matthew L. Hinkle, # 19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Defendant*

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by First Class United States Mail, postage prepaid, this **15th day of April, 2014**, upon:

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN   46204
*Attorney for Plaintiff*

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN   46032
*Attorney for Noblesville Police Department*

Edward D. D'Arcy, Jr.
**DOHERTY & PROGAR LLC**
8105 Georgia Street
Merrillville, IN   46410
*Attorney for Aspire Indiana, Inc.*

Mark Charles Webb
Tyler Helmond
**Voyles Zahn & Paul**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204
*Attorney for CallNet Call Center Services, Inc.*


_____
Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone
(317) 573-5385 – facsimile
Email: mhinkle@chwlaw.com
        esylvester@chwlaw.com

3

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

| | | |
|---|---|---|
| TAYLOR BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NOBLESVILLE POLICE DEPARTMENT, | ) | |
| HAMILTON COUNTY SHERIFF'S | ) | Cause No. 29D02-1402-CT-001331 |
| DEPARTMENT, HAMILTON COUNTY | ) | |
| PUBLIC SAFETY COMMUNICATIONS | ) | |
| CENTER, ASPIRE INDIANA, INC. and | ) | |
| CALLNET CALL CENTER SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS', HAMILTON COUNTY SHERIFF'S
DEPARTMENT AND HAMILTON COUNTY PUBLIC SAFETY COMMUNICATIONS
CENTER, MOTION FOR EXTENSION OF TIME TO RESPOND TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Hamilton County Sheriff's Department and Hamilton County Public Safety

Communications, by counsel, filed their Motion for Extension of Time to Respond to Plaintiff's

Amended Complaint, and the Court, being duly advised in the premises, NOW FINDS that it

should be GRANTED.

IT IS, THEREFORE, ORDERED, that the Hamilton County Sheriff's Department and the

Hamilton County Public Safety Communications Center shall file their responsive pleadings to

Plaintiff's Amended Complaint on or before May 16, 2014.

DATED: _____     _____

                                        Judge, Hamilton County Superior Court 2

**COPIES TO:**

Matthew L. Hinkle
Erika N. Sylvester
**COOTS HENKE & WHEELER, P.C.**
255 E. Carmel Drive
Carmel, IN   46032

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN   46032

Mark Charles Webb
Tyler Helmond
**VOYLES ZAHN & PAUL**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN   46204

Edward D. D'Arcy, Jr.
**DOHERTY & PROGAR LLC**
8105 Georgia Street
Merrillville, IN   46410

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

| | | |
|---|---|---|
| SHELLA WILDE, as Guardian of<br>TAYLOR BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 29D02-1402-CT-001331 |
| | ) | |
| CITY OF NOBLESVILLE, HAMILTON<br>COUNTY SHERIFF, HAMILTON COUNTY<br>PUBLIC SAFETY COMMUNICATIONS<br>CENTER, ASPIRE INDIANA, INC. and<br>CALLNET CALL CENTER SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**HAMILTON COUNTY SHERIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Hamilton County Sheriff ("Sheriff"), by counsel, respectfully submits the following Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint:

1.  The Sheriff is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 1 of Plaintiff's Second Amended Complaint.

2.  The Sheriff is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 2 of Plaintiff's Second Amended Complaint.

3.  The Sheriff admits the allegations in paragraph 3 to the extent of the Hamilton County Sheriff is enumerated powers and authority over the Hamilton County Sheriff's Office as codified by State law, including *I.C.* § 36-2-13, *et. seq* and *I.C.* § 36-8-10-9. The Sheriff is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3, but denies liability.

4.      Upon information and belief, HSPSC dispatches emergency communications for the Sheriff's Office but the Sheriff is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in paragraph 4 of Plaintiff's Second Amended Complaint.

5.      The Sheriff is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint.

6.      The Sheriff is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint.

7.      The Sheriff is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 7 of Plaintiff's Second Amended Complaint.

8.      The Sheriff is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 8 of Plaintiff's Second Amended Complaint.

9.      The Sheriff is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 9 of Plaintiff's Second Amended Complaint.

10.     The Sheriff is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint.

11.     The Sheriff is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 11 pertaining to the 911 Dispatcher's ability to notify the Hamilton County Sheriff's Department of information regarding whether the gun was "real".

12.     The Sheriff denies paragraph 12 to the extent that it states or implies the Hamilton County Sheriff's Department shot Bell.  The Sheriff is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in paragraph 12 of Plaintiff's Second Amended Complaint, but denies all liability.

13.     The Sheriff denies communicating with Bell on or about July 20, 2013.  The Sheriff is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint.

14.     The Sheriff denies the material allegations contained in paragraph 14 of Plaintiff's Second Amended Complaint.

15.     The Sheriff denies the material allegations contained in rhetorical paragraph 15 of Plaintiff's Amended Complaint.

WHEREFORE, Defendant, Hamilton County Sheriff, by counsel, respectfully request that judgment be entered in their favor for all claims asserted by Plaintiff against them, costs and all other appropriate relief.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.

Matthew L. Hinkle, # 19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Hamilton County Defendants*

3

## AFFIRMATIVE DEFENSES

Subject to ongoing investigation and discovery and without waiving any of the defenses set forth above, or any other defenses available at law or equity, Defendant, Hamilton County Sheriff, by counsel, respectfully asserts the following defenses to the allegations in Plaintiff's Second Amended Complaint for Damages:

1.      Any and all allegations contained in Plaintiff's Complaint not hereinbefore specifically admitted or denied by Defendants are now specifically denied.

2.      The Complaint fails to state a claim for which relief may be granted.

3.      Upon information and belief, Plaintiff's claims are barred where Plaintiff failed to properly comply with the notice provisions of the Act under Indiana Code §§ 34-13-3-8, and 34-13-3-10.

4.      Plaintiff assumed and/or incurred the risk of injury and damage and, therefore, Plaintiff's Complaint against Defendants is barred.

5.      The Indiana Comparative Fault Act does not apply to the Hamilton County Defendants as set forth in Ind. Code § 34-51-2-2; therefore, Plaintiff contributory negligence no matter how slight or significant bars his claim.

6.      Any negligence, fault or want of care on the part of the Plaintiff constitutes a complete bar to the Plaintiff's claims against Defendant.

7.      Defendant hereby raises all applicable privileges and immunities afforded to it by the Indiana Tort Claims Act, Ind. Code § 34-13-3-1, *et seq*, including but not limited to Ind. Code § 34-13-3-3 (7), (8), (10), (12), (14) and (19).

8.      Defendant is entitled to credit and/or set off for any payments received, adjustments or write-offs including any settlement Plaintiff has entered into and/or will make with any other party

or non-party.

9.      The Sheriff is entitled to qualified immunity under Indiana law.

10.     Plaintiff has failed to mitigate his damages.

11.     Defendant hereby reserves the right to raise and assert additional affirmative defenses which may arise or develop during the course of investigation of discovery in this matter.

WHEREFORE, Defendant, Hamilton County Sheriff, by counsel, respectfully request that judgment be entered in its favor for all claims asserted by Plaintiff, costs and all other appropriate relief.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.

Matthew L. Hinkle, # 19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Hamilton County Public Safety
Communications Center*

## JURY DEMAND

Defendant, Hamilton County Sheriff, by counsel, demands trial by jury.

COOTS, HENKE & WHEELER, P.C.

Matthew L. Hinkle, # 19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Hamilton County Defendants*

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by First Class United States Mail, postage prepaid, this **7th day of July, 2014**, upon:

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN 46204
*Attorney for Plaintiff*

Edward D. D'Arcy, Jr.
**DOHERTY & PROGAR LLC**
8105 Georgia Street
Merrillville, IN 46410
*Attorney for Aspire Indiana, Inc.*

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN 46032
*Attorney for Noblesville Police Department*

Mark Charles Webb
Tyler Helmond
**VOYLES ZAHN & PAUL**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204
*Attorney for CallNet Call Center Services, Inc.*

Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone

L:\Alternative Service Concepts\Bell v. Hamilton Co. (17120.015)\Pleadings\Complaint & Resp Pldg\HC Sheriff Answer, AD's to 2ND Amdd Complaint & JD.doc

6

STATE OF INDIANA      )      HAMILTON COUNTY SUPERIOR COURT
                             )SS:      CIVIL DIVISION 2
COUNTY OF HAMILTON    )      CAUSE NO.  29D02-1402-CT-1331

| | |
|---|---|
| TAYLOR BELL, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NOBLESVILLE POLICE DEPARTMENT, | ) |
| HAMILTON COUNTY SHERIFF'S | ) |
| DEPARTMENT, HAMILTON COUNTY | ) |
| PUBLIC SAFETY COMMUNICATIONS | ) |
| CENTER, ASPIRE INDIANA, INC.  and | ) |
| CALLNET CALL CENTER SERVICES, | ) |
| INC., | ) |
| | ) |
|        Defendants. | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT TO ADD ADDITIONAL DEFENDANTS AND
## UPDATE IDENTIFICATION OF PLAINTIFF

Come now the Plaintiff, Taylor Bell, through his Court Appointed Guardian, Shella

Wilde, by counsel, and for their Motion for Leave to File Amended Complaint, pursuant to Trial

Rules 15 and 19, state as follows:

1.       That Plaintiff's Complaint for Damages was filed by Taylor Bell against

Noblesville Police Department and Hamilton County Sheriff's Department, among other

Defendants, on February 13, 2014.

2.       On May 1, 2014, the Hamilton County Superior Court I, appointed Shella Wilde

as the Guardian of the Person and Estate of Taylor Bell, which now requires the Plaintiff's

caption be changed to Shella Wilde, Guardian of Taylor Bell.

3.       That on May 16, 2014, the Hamilton County Sheriff's Department filed a Motion

to Dismiss Plaintiff's Complaint on the foundation that the Hamilton County Sheriff's

Department was not the proper entity to sue, and in response, Plaintiff is requesting leave to add the Hamilton County Sheriff.

4.      In an effort to prevent further amendments, Plaintiff is also requesting leave to add the City of Noblesville as the controlling entity of the Noblesville Police Department.

5.      Counsel for Plaintiff has advised counsel for the Hamilton County Sheriff's Department and the Noblesville Police Department of this Motion to Amend the Complaint and there is no objection.

6.      That the statute of limitations does not expire in this case until July 20, 2015.

7.      Plaintiff requests the Court to grant leave to name Shella Wilde, as Guardian of Taylor Bell, as Plaintiff.  Plaintiff also requests the Court grant leave to name the Hamilton County Sheriff and the City of Noblesville as additional defendants so that Plaintiff may recover damages in the event one of these Defendants is found liable for the injuries and damages sustained by the Taylor Bell.   Both of the City of Noblesville and the Hamilton County Sheriff were appropriately and timely served the statutory Tort Claim Notice that would allow inclusion in this lawsuit.  Copies of the Tort Claim Notice and receipt thereof are attached hereto as Exhibit "A".

8.      Plaintiffs' proposed Amended Complaint is attached hereto and labeled Exhibit "B".

WHEREFORE, the Plaintiff, Taylor Bell, through his Guardian, Shella Wilde, by counsel, Thomas E. Hastings, requests the Court for leave to amend Plaintiff's Complaint, to update the Plaintiff's status and add additional parties, namely, the Hamilton County Sheriff and the City of Noblesville, to this lawsuit and for leave to file a Second Amended Complaint for

Damages as attached hereto as Exhibit "B" and for all other relief just and proper in the premises.

Respectfully submitted,

*[signature]*

Thomas E. Hastings (8334-80)
THE HASTINGS LAW FIRM
323 North Delaware Street
Indianapolis, IN 46204
(317) 686-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this 30th day of May, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN  46204

Edward D. D'Arcy, Jr.
Doherty & Program, LLC
8105 Georgia Street
Merrillville, IN  46410

*[signature]*

Thomas E. Hastings

3



# THE HASTINGS LAW FIRM

323 North Delaware Street
Indianapolis, Indiana 46204
www.lawindianapolis.com
(Not a Partnership)

Phone (317) 686-1000
Toll Free (866) 686-1101
Fax (317) 685-2330

November 7, 2013

Thomas E. Hastings
Jeff D. Oliphant
Sam D. Krahulik
Nicholas F. Baker

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623797
Indiana Department of Insurance
Political Subdivision Risk Management
311 West Washington Street, Suite 300
Indianapolis, IN 46204-2787

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
0100780000166623803
Kevin Jowitt, Chief
Noblesville Police Department
135 S. 9th Street
Noblesville, IN 46060

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623810
Michael A. Howard
Hamilton County Attorney
694 Logan Street
Noblesville, IN 46060

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623827
The Honorable John Ditslear
Mayor, City of Noblesville
16 S. 10th Street
Noblesville, IN 46060

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623834
Noblesville Common Council
16 S. 10th Street
Noblesville, IN 46060

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623841
Hamilton County Commissioners
1 Hamilton County Square, Suite 157
Noblesville, IN 46060

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623858
Mark Brown, Sheriff
Hamilton County Sheriff's Department
18100 Cumberland Road
Noblesville, IN 46060

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623865
Michael Snowden
Executive Director
Hamilton County Public Safety Communications
18100 Cumberland Road
Noblesville, IN 46060

## TORT CLAIM NOTICE

Re:     Our Client:  Taylor Bell
        Date of Accident:   July 20, 2013
        Accident Location:  395 Westfield Road, Noblesville, Indiana



PLAINTIFF'S
EXHIBIT
A

**Taylor Bell Tort Claim Notice**
**Page Two**
**November 7, 2013**

---

Taylor Bell, by counsel, Thomas E. Hastings, hereby files this *Notice of Tort Claim* with the Noblesville Police Department, the Hamilton County Sheriff's Department and other interested parties.

The named individual, through counsel, herein provides the following as a short, plain statement of the facts on which he bases his claim.

On July 20, 2013, Taylor Bell, who suffers from a documented mental illness, called the Aspire Hotline to report a desire to commit suicide. Aspire then contacted the Noblesville Police Department and/or the Hamilton County Sheriff's Department and gave them the cell phone number of Taylor Bell who was then called by a crisis negotiator.

Taylor Bell communicated with the negotiator by cell phone for some time and the negotiator eventually found him in a parking lot in the area of 395 Westfield Road in Noblesville, Indiana. At the time, Taylor Bell was carrying a Beretta Airsoft pistol in the front of his pants and informed the negotiator repeatedly during telephone conversation that the gun was *not* real.

At some point during their telephone conversation the negotiator and Taylor Bell were surrounded by several law enforcement vehicles. Officers exited their vehicles, positioned into formation and drew AR-15 rifles, all of which were pointed at Taylor.

Taylor, still speaking with the negotiator, informed him that he was not going to go through with the suicide and that he wanted to surrender. With all of the lights from the police and/or sheriff department cars pointed on him, Taylor Bell removed the gun from the front of his pants, and keeping his hand on the barrel with his arm stretched out to his side, made the statement, "I am going to hand you my weapon" and then he was shot simultaneously by three officers with A-15 rifles, in spite of the fact that he had informed the negotiator that the gun was not real and he was going to surrender. Taylor was approximately 3 meters away from the officers when the shooting occurred.

Because Taylor Bell nor his counsel have a copy of the police and/or sheriff's report and follow-up investigation to determine all agencies involved in the crisis intervention and the shooting, and it is reported that the Hamilton County Sheriff's office performed an investigation into this incident, the Noblesville Police Department, Hamilton County Sheriff's Department, and other interested parties are receiving notice of this Tort Claim.

Taylor Bell is still hospitalized for his injuries. Medical bills to date are in excess of $700,000 and demand is therefore made in the amount of $700,000.00.

**Taylor Bell Tort Claim Notice**
**Page Three**
**November 7, 2013**

_____

      Taylor Bell, through his counsel, requests that you advise in writing of your approval or denial of this claim within ninety (90) days from receipt of this notice.

                              Sincerely yours,

                              Thomas E. Hastings

TEH/sl

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Honorable John Ditslear
Mayor, City of Noblesville
16 S. 10th Street
Noblesville, IN 46060

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                                ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7010 0780 0001 6662 3827

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Noblesville Common Council
16 S. 10th Street
Noblesville, IN 46060

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                                ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7010 0780 0001 6662 3834

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark Brown, Sheriff
Hamilton County Sheriff's Department
18100 Cumberland Road
Noblesville, IN 46060

STATE OF INDIANA     )         HAMILTON COUNTY SUPERIOR COURT
                          )SS:    CIVIL DIVISION 2
COUNTY OF HAMILTON  )        CAUSE NO. 29D02-1402-CT-1331

SHELLA WILDE, as Guardian     )
of TAYLOR BELL,               )
                           )
         Plaintiff,       )
                           )
vs.                       )
                           )
CITY OF NOBLESVILLE,        )
HAMILTON COUNTY SHERIFF,    )
HAMILTON COUNTY PUBLIC SAFETY )
COMMUNICATIONS CENTER,     )
ASPIRE INDIANA, INC. and       )
CALLNET CALL CENTER SERVICES, )
INC.                         )
                           )
        Defendants.     )

## PLAINTIFF'S SECOND AMENDED
## COMPLAINT FOR DAMAGES

Taylor Bell, through his Guardian Shella Wilde, by counsel, Thomas E. Hastings, files

his Second Amended Complaint for Damages and alleges as follows:

1.      At all times relevant herein, Taylor Bell (hereinafter referred to as "Bell") was a

resident of Hamilton County, Indiana.

2.      At all times relevant herein, the City of Noblesville was the controlling entity of

its law enforcement agency, the Noblesville Police Department (hereinafter "NPD").

3.      At all times relevant herein, the Hamilton County Sheriff was the in command

control of the Hamilton County Sheriff's Department.



PLAINTIFF'S EXHIBIT B

4.      At all times relevant here the Hamilton County Public Safety Communications Center (hereinafter referred to as "HCPSC") was the dispatch service for emergency runs to the HCSD and NPD.

5.      At all times herein Aspire Indiana, Inc. (hereinafter referred to as "Aspire") was a corporation authorized to do business in the State of Indiana.

6.      At all times herein CallNet Call Center Services, Inc. (hereinafter referred to as "CallNet") was the contractor that answered the crisis line for Aspire.

7.      On or about July 20, 2103, Bell made a call to the Aspire crisis hot line seeking help for thoughts of suicide, which call was answered by a CallNet operator.  During that call, Bell informed the operator that he was going to commit suicide and stated "you have 5 minutes to talk me out of this."  Although Bell continued to speak to and ask questions of the CallNet Operator, the CallNet operator never inform the caller that he was not a professional capable of handling a suicidal threat and it was not until 4 minutes and 30 seconds into the call that CallNet informed Bell that he would be transferred to a professional for assistance.

8.      On or about July 20, 2013, Thomas Harris, MS, an Aspire employee, spoke with Bell about this thoughts of suicide after he Bell was transferred to him through Aspire's Crisis Hotline contractor, CallNet, which was several minutes after Bell made his initial call to Aspire for crisis and suicide intervention.  Bell informed him that he had a "BB gun," and that he had no intention of hurting anyone but himself.

9.      During the call between Bell and Thomas Harris, MS, Harris requested permission from Bell to call 911, which is operated by HCPSC, for intervention and Bell gave his approval.

10.     On or about July 20, 2013, Thomas Harris, MS, contacted NPD and advised them that Bell "had a gun," but did not state to the Hamilton County 911 Dispatcher that Bell did not possess a real gun.

11.     Because Thomas Harris, MS in the course of his employment with Aspire, did not notify the Hamilton County 911 Dispatcher that Bell had a "BB gun" or that Bell did not have a real gun, the 911 Dispatcher was unable to notify NPD or HCSD that Bell did not have a real gun.

12.     Aspire employee, Thomas Harris, MS's failure to notify the 911 Dispatcher that Bell did not have a real gun was a proximate cause of the shooting of Bell by the NPD or HCSD.

13.     On or about July 20, 2013, Bell communicated several times with a "negotiator" for NPD and/or HCSD, who communicated with him via cell phone.  Bell also informed the "negotiator" that he was carrying a BB gun, not a real gun.

14.     On or about July 20, 2013, the NPD officers  and HCSD deputies surrounded Bell in a parking lot at located at 395 Westfield Road in Noblesville, Indiana and utilizing excessive force, shot Taylor Bell multiple times, causing permanent bodily injury and damages.

15.     As a result of the negligence of the Defendants, HCPSC, NPD, HCSD, Aspire and CallNet,  Bell sustained permanent bodily injury and damages, including but not limited to, medical expenses and lost wages in the approximate amount of Two Million Dollars ($2,000,000.00), pain and suffering, permanent impairment, future medical expenses and future lost wages.

WHEREFORE, Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, requests the Court enter judgment for Plaintiff Taylor Bell and against Defendants, and each of them, in an amount

to be determined by the trier of fact at the trial of this cause and for all other relief just and

proper in the premises.

Respectfully submitted,

Thomas E. Hastings (#8334?80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000, ext 227

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this 30th day of May, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN  46204

Edward D. D'Arcy, Jr.
Doherty & Progar, LLC
8105 Georgia Street
Merrillville, IN  46410

-4-

Thomas E. Hastings

| | | |
|---|---|---|
| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
| | )SS: | CIVIL DIVISION 2 |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-1331 |

SHELLA WILDE, as Guardian )
of TAYLOR BELL, )
                     )
           Plaintiff, )
                     )
vs.                     )
                     )
CITY OF NOBLESVILLE, )
HAMILTON COUNTY SHERIFF, )
NOBLESVILLE POLICE DEPARTMENT, )
                     )
           Defendants. )

## MOTION FOR LEAVE TO FILE
## THIRD AMENDED COMPLAINT

Come now the Plaintiff, Taylor Bell, through his Court Appointed Guardian, Shella

Wilde, by counsel, and for their Motion for Leave to File his Third Amended Complaint,

pursuant to Trial Rules 15 and 19, state as follows:

1.      Discovery has revealed that Plaintiff was deprived rights under the Fourth,

Fourteenth and Eighth Amendments to the United States Constitution, specifically citing 42

U.S.C. §1983, 28 U.S.C. §1367, as a result of the actions of Noblesville Police Department

Officers, Neal Rosenberg, James Aloisio, Craig Dennison and Lt. David Thoma, the Noblesville

Police Department, the Hamilton County Sheriff and the City of Noblesville.

2.      As a result, the Second Amended Complaint must be amended to join NPD

Officers Neal Rosenberg, James Aloisio, Craig Dennison and Lt. David Thoma, Individually and

as Servants, agents of the Noblesville Police Department, as defendants in the referenced cause

of action.

WHEREFORE, the Plaintiff, Taylor Bell, through his Guardian, Shella Wilde, by counsel, Thomas E. Hastings, requests the Court for leave to amend Plaintiff's Second Amended Complaint with the Third Amended Complaint attached hereto as Exhibit "A" joining as Defendants, Neal Rosenberg, James Aloisio, Craig Dennison and Lt. David Thoma,  and, for an Order to the Clerk of this Court for issuance of Alias Summons upon Officers Neal Rosenberg, James Aloisio, Craig Dennison and Lt. David Thoma, individually and as servants and agents of the Noblesville Police Department and for all other relief just and proper herein.

Respectfully submitted,

Thomas E. Hastings (833480)
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
(3147) 686-1000, ext. 227

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this 17th day of June, 2015.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Darren Murphy
HOWARD & ASSOCIATES
694 Logan St.
Noblesville, IN 46060

Thomas E. Hastings

STATE OF INDIANA ) HAMILTON COUNTY SUPERIOR COURT
)SS: CIVIL DIVISION 2
COUNTY OF HAMILTON ) CAUSE NO. 29D02-1402-CT-1331

SHELLA WILDE, as Guardian )
of TAYLOR BELL, )
)
      Plaintiff, )
)
vs. )
)
NEAL ROSENBERG, JAMES ALOISIO, )
CRAIG DENISON, LIEUTENANT DAVID )
THOMA, Individually, and as Servants, Agents of )
The Noblesville Police Department, THE CITY )
OF NOBLESVILLE, and THE HAMILTON )
COUNTY SHERIFF )
)
      Defendants. )

## PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES

Comes now the Plaintiff Taylor Bell (hereinafter "BELL"), through his Guardian Shella Wilde, by counsel, Thomas E. Hastings, and files his Third Amended Complaint for Damages, against Defendants the City of Noblesville (hereinafter the "CITY"), Hamilton County Sheriff (hereinafter the "SHERIFF"), Neal Rosenberg (hereinafter "ROSENBERG"), James Aloisio (hereinafter "ALOISIO"), Craig DENISON (hereinafter "DENISON"), and Lieutenant David THOMA (hereinafter "LT. THOMA"), and alleges and states as follows:

### NATURE OF CASE

1.     This lawsuit seeks monetary damage for the violations of federal and state laws when the defendants caused the shooting of Taylor Bell, a potential suicide victim.

**EXHIBIT "A"**

## JURISDICTION AND VENUE

2.      This cause of action arises under both Indiana State and Federal laws regarding a violation of Plaintiff's civil rights under the Fourth, Fourteenth, and Eighth Amendments to the United States Constitution.

3.      This action arises under 42 U.S.C. § 1983, 28 U.S.C. § 1367, to redress deprivations of the civil rights of Plaintiff through acts and/or omissions of Defendants committed under color of the law.   Specifically here, Defendants deprived Plaintiff of his right under the Fourth, Fourteenth, and Eighth Amendments to the United States Constitution.

4.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983, et. seq. and 1988; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this Court because the Defendants are residents of Hamilton County, Indiana.

6.      Venue also lies in the United States District Court, Southern District of Indiana pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

## II.      PARTIES

7.      At all times relevant herein, BELL resided in Hamilton County, in the State of Indiana.

8.      At all times relevant herein, the CITY was the controlling entity of its law enforcement agency, the Noblesville Police Department (hereinafter "NPD"), and is located in Hamilton County Indiana and is a subdivision of the State of Indiana.   The CITY is a municipal corporation within the State of Indiana, and at all times relevant and material to this action, was

the employer and principal of ROSENBERG, ALOISIO, DENISON, and LT. THOMA that shot and arrested Plaintiff.  The CITY is and was at all relevant times responsible for the supervision, training, policies, practices, and customs of the Noblesville Police Department and its officers.

9.      At all times relevant herein, the SHERIFF was in command and control of the Hamilton County Sheriff's Office located in Hamilton County Indiana, and is a political subdivision of the State of Indiana.

10.      At all times relevant herein, ROSENBERG is an adult resident of Indiana and is a police officer employed by NPD and the City of Noblesville, State of Indiana, acting under color of the law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Noblesville Police Department and the State of Indiana.  ROSENBERG is sued in his individual capacity and as an employee of NPD.

11.      At all times relevant herein, ALOISIO is an adult resident of Indiana and is a police officer employed by NPD and the City of Noblesville, State of Indiana, acting under color of the law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Noblesville Police Department and the State of Indiana.  ALOISIO is sued in his individual capacity and as an employee of NPD.

12.      At all times relevant herein, DENISON is an adult resident of Indiana and is a police officer employed by NPD and the City of Noblesville, State of Indiana, acting under color of the law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Noblesville Police Department and the State of Indiana.  DENISON is sued in his individual capacity and as an employee of NPD.

13.      At all times relevant herein, LT. THOMA is an adult resident of Indiana and is a Lieutenant employed by the NPD and the City of Noblesville, State of Indiana, acting under color

of the law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Noblesville Police Department and the State of Indiana.  LT. THOMA is sued in his individual capacity and as an employee of NPD.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14.     Plaintiff hereby adopts, re-alleges, and incorporates paragraphs one (1) through thirteen (13), as stated above in this Third Amended Complaint, and further alleges and states as follows:

15.     On July 20, 2013, BELL was a mentally unstable adult that suffered from suicidal tendencies.

16.     BELL sought suicidal treatment from Aspire Crisis Hot Line.  In speaking with Counselor Thomas Harris, BELL advised him that he intended to commit suicide by cop by pointing a gun at police officers with no intention of shooting the gun.

17.     This is known as "suicide by cop" as referenced in NPD SO-05-002.

18.     BELL had already obtained a Beretta Air Gun to carry out his plan.

19.     After the telephone call Harris reported BELL's intentions to 911 providing the information that BELL was an emotionally disturbed person considering suicide, and that he had no intention to harm any police officers but intended to point a gun at them so they would shoot him.

20.     In his call to 911, Harris further requested NPD to perform a welfare check on BELL.

21.     911 dispatched NPD Officers to BELL's home to perform the welfare check.

22.     LT. THOMA, a crisis negotiator for NPD, asked to be put on the run to locate and check-up on BELL.

-4-

23.     LT. THOMA located BELL via cell-phone and began conversing with him.

24.     BELL was physically located at the old Kahlo parking lot adjacent to Riverview Hospital.

25.     Defendant ALOISIO was the first to arrive at the location.

26.     Defendant ALOISIO drew his weapon and ordered BELL to walk towards him.

27.     Defendant ALOISIO was commanded to disengage because THOMA was communicating with BELL via cell-phone attempting to talk to him regarding the situation.

28.     Other officers from NPD and the SHERIFF arrived on the scene.  Some assumed felony stop positions behind their vehicles in front of BELL, and others hid behind buildings.

29.     Officers were present from the NPD and the Hamilton County Sheriff Office.

30.     BELL was holding the Beretta Air Gun by the barrel in his right hand, and his cell phone in his left hand while talking to LT. THOMA on the cell phone.

31.     LT. THOMA requested BELL drop the Beretta Air Gun and walk toward where LT. THOMA was located.

32.     BELL began to walk toward THOMA holding the Beretta Air Gun by the barrel.

33.     At this same time, BELL was shot by two bean bag rounds fired by NPD Officers.

34.     BELL was then shot by multiple NPD Taser guns.

35.     BELL began to run to the back of the parking lot to escape the attack.

36.     LT THOMA gave an order for NPD Officers to "go get him" meaning BELL.

37.     LT. THOMA joined the pursuit in his police vehicle.

38.     BELL ultimately surrendered to the NPD Officers with his hands up.

39.     LT. THOMA again ordered BELL to drop the Beretta Air Gun.

40.     BELL was again shot by multiple Tasers.

-5-

41.     Defendant ROSENBERG then shot BELL center mass (upper abdominal/chest area).

42.     Defendants ALOISIO and DENISON subsequently fired their weapons.  BELL was also shot in the back of his left thigh but the subsequent investigation did not confirm which offer shot BELL in the back of the left thigh.

43.     Subsequent to the shooting, BELL's Beretta Air Gun was secured by ROSENBERG.

44.     Subsequent to the shooting there was no standard crime scene investigation conducted.

45.     Subsequent to the shooting NPD and the CITY engaged the SHERIFF to conduct the investigation of the crime scene and the officer involved shooting, instead of utilizing an outside agency/investigator not involved in the incident per standard protocol.

46.     Subsequent to the shooting the NPD failed to conduct a proper internal investigation into the actions of ROSENBERG, ALOISIO and DENISON per standard protocol and procedure.

47.     The SHERIFF failed to accurately conduct laboratory testing on the bullet shell casings, weapons used in the shooting and other evidence in the matter.

48.     The SHERIFF failed to properly investigate the shootings regarding the knowledge of on-scene officers that BELL only possessed a Beretta Air gun.

49.     The SHERIFF failed to complete a final comprehensive report or summary regarding its investigation and findings per standard procedure and protocol.

50.     The NPD and/or SHERIFF failed to properly preserve all dash cam footage and officer / dispatch communications for the investigation.

51.     The NPD and/or SHERIFF intentionally manipulated and/or deleted dash cam footage obtained of the shooting.

52.     That ROSENBERG, ALOISIO, DENISON AND THOMA failed to properly preserve all dash cam footage for the investigation.

53.     The DEFENDANT OFFICERS intentionally manipulated and/or deleted dash cam footage obtained of the shooting.

54.     That as a result of the shooting and actions/omissions of the Defendants, and each of them, BELL sustained severe and permanent injuries requiring surgical intervention and medical care and treatment.

55.     That as a result of the shooting and acts of the Defendants, and each of them, BELL incurred the inability to seek employment opportunities.

56.     That as a result of the shooting and the intentional acts of the Defendants, and each of them, BELL was damaged.

## COUNT I
### EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 & 4th AMENDMENT CLAIMS AGAINST DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON, AND LT. THOMA

57.     That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Fifty-Six (56) as stated above in this Third Amended Complaint, and further alleges and states as follows:

58      At all relevant times, ROSENBERG, ALOISIO, DENISON and THOMA had a legal duty to refrain from using unnecessary and reasonable force under the circumstances.

59.     That on July 20, 2013 there was no legal justification and/or probable cause to necessitate the use of excessive, deadly force against BELL.

60.     That acts of ROSENBERG, ALOISIO, DENISON AND THOMA, in chasing, ordering the use of Tasers on a suicidal and emotionally disturbed person, giving orders to "go get him", shooting at, and ultimately shooting BELL multiple times constituted an unreasonable seizure, excessive force and deprived Plaintiff of his right to be free from such conduct as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

61.     At all relevant times, ROSENBERG, ALOISIO, DENISON AND THOMA actions and/or omissions as they pertained to BELL were unnecessary, unreasonable, excessive, and done maliciously, willfully, wantonly, and with deliberate indifference, and/or in reckless disregard for the Plaintiff's safety and constitutional rights.

62.     The acts and/or omissions of ROSENBERG, ALOISIO, DENISON AND THOMA proximately caused BELL to suffer both physical and psychological injuries, pain, suffering, humiliation and fear of death; some of which injuries are permanent.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## COUNT II
### 42 U.S.C. § 1983 DUE PROCESS CLAIM FOR FAILURE TO INTERVENE/PROTECT OFFICER DEFENDANTS ROSENBERG, ALOISIO, DENISON, AND LT. THOMA

63.     That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Sixty-Two (62) as stated above in this Third Amended Complaint, and further alleges and states as follows:

64.     At all relevant times, ROSENBERG, ALOISIO, DENISON and THOMA had a legal duty to refrain from using unnecessary and reasonable force under the circumstances.

65.     That on July 20, 2013, there was no legal justification and/or probable cause to necessitate the use of excessive, deadly force against BELL.

66.     That ROSENBERG, ALOISIO, DENISON AND THOMA failed to intervene and/or protect BELL from the conduct set forth above.

67.     All of the above stated, several times, ROSENBERG, ALOISIO, DENISON and THOMA had the ability and opportunity to intervene and prevent the use of excessive, attempted deadly force against BELL but failed to do so.

68.     That by reason of these said acts and/or omissions, BELL was deprived of his rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted there under.

69.     That said acts and/or omissions of ROSENBERG, ALOISIO, DENISON and THOMA proximately caused BELL to suffer both physical and psychological injuries, pain, suffering, humiliation and fear of death; some of which injuries are permanent.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## COUNT III
## *MONELL* POLICY PRACTICE AND CUSTOMS VIOLATION AGAINST DEFENDANTS CITY OF NOBLESVILLE AND HAMILTON COUNTY SHERIFF

70.     That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Sixty-Nine (69) as stated above in this Third Amended Complaint, and further alleges and states as follows:

71.     As described above, ROSENBERG, ALOISIO, and/or DENISON unlawfully shot BELL and ROSENBERG, ALOISIO, DENISON and THOMA all engaged in harassing and abusive behavior toward BELL all in violation of the Fourth Amendment.

72.     That the misconduct described in this Third Amended Complaint, and this Count, was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's rights.

73.     That the misconduct described in this Third Amended Complaint, and in this Count, was undertaken with malice, willfulness, and reckless indifference to the rights of others.

74.     That the misconduct described in this Third Amended Complaint, and in this Count, was undertaken pursuant to the policy and practice of the NPD and the SHERIFF in that:

  a. As a matter of both policy and practice, the NPD and the SHERIFF directly encourage, and are thereby the moving force behind, the type of misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference;

  b. Specifically, as a matter of both policy and practice, the NPD and SHERIFF facilitate the type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct; thereby leading the NPD Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses, wrongful shootings, crime scene cover-ups, such as those affecting BELL; specifically, police officers who unlawfully seize (shoot) citizens believed to be mentally unstable/disturbed without any lawful purpose can be confident that the CITY will not investigate those accusations and will

refuse to recommend discipline even where the officer has engaged in an

unreasonable seizure (shooting) in violation of the Fourth Amendment;

c.    Generally, as a matter of widespread practice so prevalent as to compromise

municipal policy, officers of the NPD the SHERIFF abuse citizens in a

manner similar to that alleged by BELL in this Complaint, and this Count,

on a frequent basis, yet the CITY, the SHERIFF, and the Internal Affairs

Division of the NPD, make findings of wrongdoing in a disproportionately

small number of cases;

d.    That the CITY policy-makers are aware of, and condone and facilitate by

their inaction, a "code of silence" within the NPD and SHERIFF offices.

Police officers routinely fail to report instances of police misconduct and lie

to protect each other from punishment, and go un-disciplined for doing so;

e.    The CITY, NPD and SHERIFF have failed to act to remedy the patterns of

abuse, despite actual knowledge of the same, thereby causing the types of

injuries alleged here;

f.    That the CITY, NPD and SHERIFF acting by and through their agents, have

knowledge of, and the relevant policy-makers have failed to act to remedy,

the patterns of abuse described in the preceding sub-paragraphs, despite

actual knowledge of the same, thereby tacitly approving the ratifying the

type of misconduct alleged here.

75.    As a result of the individual Officer Defendants' unreasonable, unlawful seizure

(shooting), and the policy and practices of the CITY, SHERIFF and the NPD, BELL has suffered

pain and injury.

76.    That the misconduct of the ROSENBERG, ALOISIO, DENISON and THOMA was undertaken within the scope or their employment and under the color of the law.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

**COUNT IV**
**CONSPIRACY UNDER 42 U.S.C. § 1983**
**DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON, AND LT. THOMA;**
**AND THE CITY OF NOBLESVILLE; AND THE HAMILTON COUNTY SHERIFF**

77.    That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Seventy-Six (76) as stated above in this Third Amended Complaint, and further alleges and states as follows:

78.    That the individual Defendants, ROSENBERG, ALOISIO, DENISON, and LT. THOMA, being persons employed by and/or associated with the CITY, and its police department, did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree together with each other and with others whose names are unknown, to conduct and participate, directly and indirectly, in activities which affected BELL's constitutionally protected rights through a pattern of police misconduct consisting of multiple acts in conspiracy with the intent and means as is incorporated by reference and re-alleged as facts set forth herein.

79.    That the CITY and SHERIFF unlawfully, knowingly and intentionally combine, conspire, confederate, and agree together with each other and with others whose names are unknown, to conduct and participate, directly and indirectly, in activities of which affected Plaintiff's constitutionally protected rights through a pattern of police misconduct and failing to properly investigate the shootings and follow proper protocol and procedure, thereby consisting of

-12-

multiple acts in conspiracy with the intent and means as is incorporated by reference and re-alleged as facts set forth herein.

80.     That each Defendant met by agreement in order to commit said acts in concert as individual members of the conspiracy in furtherance of the conduct of the conspiracy.

81.     That as a direct and proximate cause of Defendants actions, BELL has been damaged.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## COUNT V
## CLAIM FOR BATTERY AGAINST
## DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON, AND LT. THOMA

82.     That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Eighty-One (81) as stated above in this Third Amended Complaint, and further alleges and states that:

83.     On July 20, 2013, Defendants ROSENBERG, ALOISIO, DENISON, and LT. THOMA, without any legal cause, caused force to be used or used force against Bell's person.

84.     That ROSENBERG, ALOISIO, and DENISON intentionally pointed and fired their gun, shooting BELL multiple times, with high powered rifles, at close range.

85.     That as a result of the battery, BELL sustained physical injuries, emotional distress and other damages.

86.     That due to the actions of ROSENBERG, ALOISIO, DENISON and THOMA, BELL has been damaged.

-13-

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## COUNT VI
## CLAIM FOR ASSUALT AGAINST
## DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON, AND LT. THOMA

87.     That Plaintiff BELL hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Eighty-Six (86) as stated above in this Third Amended Complaint, and further alleges and states as follows:

88.     That LT. THOMA gave the order to "go get him" and ROSENBERG, ALOISIO, and DENISON, intentionally pointed and fired their weapons at least once at BELL with the intent to instill fear, threat and intimidation upon BELL; and with the intent to cause offensive, deadly bodily harm.

89.     That BELL reasonably feared that harmful and/or offensive contact was about to occur.

90.     That as a result of the assault and subsequent battery, BELL sustained physical injuries, emotional distress and other damages.

89.     That due to the actions of ROSENBERG, ALOISIO, DENISON and THOMA, BELL has been permanently damaged.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

-14-

**COUNT VII**
**CLAIM OF INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON,**
**AND LT. THOMA**

90.     That Plaintiff hereby adopts, re-alleges and incorporates Paragraphs One (1) through Eighty-Nine (89) as stated above in this Third Amended Complaint, and further alleges and states that:

91.     That the actions of ROSENBERG, ALOISIO, DENISON AND THOMA placed BELL in fear of his life and safety, and in fear of receiving an assault and battery, as well as causing him the emotional distress of fearing for his life.

92.     That the actions of ROSENBERG, ALOISIO, DENISON and THOMA constituted extreme and outrageous conduct and were done deliberately and intentionally and in a willful and wanton manner.

93.     That ROSENBERG, ALOISIO, DENISON AND THOMA intended to inflict severe emotional distress and/or knew there was high probability that their conduct would cause severe emotional distress.

94.     That due to the conduct of ROSENBERG, ALOISIO, DENISON and THOMA, BELL has suffered severe emotional distress.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

-15-

**COUNT VIII**
**CLAIM FOR NEGLIGENCE AGAINST DEFENDANT OFFICERS**
**ROSENBERG, ALOISIO, DENISON, AND LT. THOMA**

95.     That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Ninety-Four (94) as stated above in this Third Amended Complaint, and further alleges and states that:

96.     That on July 20, 2013, at all material times relevant hereto, ROSENBERG, ALOISIO, DENISON and THOMA were acting under the color of state law, statutes, customs, ordinances, official policies, and in the furtherance and usage of their employment with NPD and the CITY.

97.     That ROSENBERG, ALOISIO, DENISON and THOMA approached and pursued BELL in such a way that enhanced the risk of deadly force contrary to good police procedure.

98.     That ROSENBERG, ALOISIO, DENISON and THOMA failed to exercise due care for the safety of BELL, thereby resulting in him being violently shot.

99.     That ROSENBERG, ALOISIO, DENISON and THOMA acted with conscious disregard of their duties and responsibilities toward citizens of the Noblesville, Indiana, based on their position as Police Officers.

100.    That said negligence of ROSENBERG, ALOISIO, DENISON and THOMA deprived BELL of his rights secured by the laws of the State of Indiana.

101.    That as a direct and proximate result of the ROSENBERG, ALOISIO, DENISON and THOMA, BELL was suffered grievous and continuing injuries and damages as set forth above/below.

102.    That due to the negligence of ROSENBERG, ALOISIO, DENISON AND THOMA, BELL was damaged.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## COUNT IX
## CLAIM FOR INADEQUATE TRAINING, SUPERVISION, AND DISCIPLINE AGAINST THE CITY OF NOBLESVILLE AND THE HAMILTON COUNTY SHERIFF

103.    That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through One Hundred Two (102) as stated above in this Third Amended Complaint, and further alleges and states that:

104.    The NPD, the CITY, SHERIFF, and its various officers, are responsible for establishing the policies, procedures, customs, and usages complained about herein.

105.    The NPD, the CITY, and the SHERIFF had an obligation and duty to BELL to properly train, supervise, and discipline the Police Officers of the NPD, including ROSENBERG, ALOISIO, DENISON and LT. THOMA.

106.    The NPD, the CITY, and the SHERIFF, had a duty to comply with all the terms, conditions and policies including enacted SO-05-002, Subject: Interaction with Persons Suspected of Mental Illness.

107.    That such policy requires annual mandatory training of all Officers regarding proper procedures and protocol in handling situations of emotionally disturbed persons attempting suicide by cop.

108.    The NPD, the CITY, and the SHERIFF, had a duty to comply with all the terms,

-17-

conditions and policies that establish procedures to identify, investigate, and take appropriate discipline against Police Officers of the CITY, when citizens allege and establish that said Officers have engaged in wrongful conduct, including, but not limited to, the use of excessive and/or potentially deadly force.

109.    The NPD, the CITY, and the SHERIFF, acted with reckless disregard of the foreseeable, natural consequences of their actions in failing to train, supervise, investigate and discipline its Police Officers  pursuant to procedures policy; specifically, but not limited to, the ROSENBERG, ALOISIO, DENISON AND THOMA in one or more of the following ways:

a.    The NPD, the CITY, and the SHERIFF, encouraged, acquiesced, and/or approved of the practice in which ROSENBERG, ALOISIO, DENISON AND THOMA pursued citizens and used excessive/unreasonable and/or deadly force while making contact with citizens, including Plaintiff BELL;

b.    The NPD, the CITY, and the SHERIFF, failed and refused to train, supervise and/or discipline Defendants in their unlawful pursuits and use of excessive and deadly force, specifically as to BELL;

c.    The NPD, the CITY, and the SHERIFF, failed to properly discipline ROSENBERG, ALOISIO, DENISON AND THOMA for their misconduct in the pursuit and shooting of BELL.

110.    That such failure to train, supervise, investigate and discipline its Police Officers demonstrates a deliberate and conscious choice by the NPD, the CITY, and the SHERIFF, to disregard the constitutionally protected rights of its citizens, including BELL; as well as establish a policy and custom of disregarding the terms of any policies regarding the same.

111.    That the NPD, the CITY, and the SHERIFF's actions and omissions demonstrate a

-18-

callous indifference to the rights of Plaintiff BELL, as well as other individuals who are harmed by police misconduct.

112.    That the NPD, the CITY, and the SHERIFF's actions and omissions result in increased police misconduct.

113.    That the NPD, the CITY, and the SHERIFF's lack of training, supervision, investigation and discipline caused a deprivation of liberty and physical injury to Plaintiff BELL.

114.    That as a direct and proximate result of the NPD, the CITY, and the SHERIFF's actions, BELL suffered grievous and continuing injuries and damages as set forth above/below.

115.    That as a result of the NPD, the CITY, and the SHERIFF'S acts and omissions, BELL has been damaged.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

**COUNT X**
**CLAIM FOR NEGLIGENCE AGAINST THE CITY OF NOBLESVILLE AND THE HAMILTON COUNTY SHERIFF**

116.    That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through One Hundred Fifteen (115) as stated above in this Third Amended Complaint, and further alleges and states that:

117.    The NPD, CITY and SHERIFF were negligent in their actions in one or more of the following ways during the shooting of Plaintiff BELL:

        a.      The CITY, through employees of the NPD, and SHERIFF, failed to

                protect and preserve evidence in the shooting of BELL.

-19-

b.  The CITY, through employees of the NPD and SHERIFF failed to establish a plan of action to seize BELL in a safe manner, without harm.

c.  The CITY, through employees of the NPD and SHERIFF, failed to follow protocol and procedure in having a proper investigation conducted by an independent agency.

d.  The CITY and SHERIFF, were otherwise negligent in their actions resulting in damages to BELL.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## COUNT XI
### CLAIM FOR RESPONDEAT SUPERIOR AGAINST CITY OF NOBLESVILLE UNDER THE INDIANA TORT CLAIMS ACT, IND. CODE § 34-13-3, *et. seq.* AND INDIANA STATE LAW

118.    That Plaintiff hereby adopts, re-alleges and incorporates Paragraphs One (1) through One Hundred Seventeen (117) as stated above in this Third Amended Complaint, and further alleges and states that:

119.    That at all times relevant and material hereto, ROSENBERG, ALOISIO, DENISON and THOMA, ROSENBERG, were employed as Police Officers with the NPD and the CITY, and were acting under the color of state law, statutes, customs, ordinances, official policies, and in the furtherance and usage of their employment with the NPD and the CITY.

120.    That at all times relevant and material hereto, including all conduct as mentioned above in this Complaint, ROSENBERG, ALOISIO, DENISON AND THOMA were acting within the course and scope of their employment with NPD and the CITY.

-20-

121.     That the conduct by which ROSENBERG, ALOISIO, DENISON AND THOMA undertook in carrying out their routine investigative police functions as NPD Police Officers, and engaging in such conduct as would have been reasonably expected, and was in the fact foreseen by their employer.

122.     That at all times relevant and material hereto, NPD and the CITY were responsible and liable to BELL for damages caused by the actions of its police officers, servants, agents, employees, principals, representatives and/or contractors while acting with the course and scope of their employment and authority with the NPD and the CITY, under the doctrine of *respondeat superior.*

123.     That the NPD and the CITY are legally responsible under Indiana law for the actions of ROSENBERG, ALOISIO, DENISON and LT. THOMA.

124.     That as a result there from, BELL has been permanently damaged.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## DEMAND FOR JURY TRIAL

125.     Plaintiff BELL demands this matter be tried by jury.

## CONCLUSION

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, Thomas E. Hastings, hereby respectfully requests that this Honorable Court assume jurisdiction over this cause and enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award actual damages to Plaintiff to compensate him for his injuries; award punitive damages to deter

Defendants, and all other similarly situated, from like conduct in the future; grant Plaintiff the costs of this action and reasonable attorney fees; award pre-judgment and statutory interest; and, for all other just and proper relief in the premises.

Respectfully submitted,

Thomas E. Hastings (#8334-80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this *17* day of June, 2015.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Darren Murphy
HOWARD & ASSOCIATES
694 Logan St.
Noblesville, IN 46060

Thomas E. Hastings

-22-

STATE OF INDIANA      )      IN THE HAMILTON SUPERIOR COURT 2

                       )SS:

COUNTY OF HAMILTON   )      CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of     )
TAYLOR BELL,                 )
                            )
          Plaintiff,        )
                            )
    v.                        )
                            )
CITY OF NOBLESVILLE, HAMILTON  )
COUNTY SHERIFF, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS   )
CENTER, ASPIRE INDIANA, INC. and   )
CALLNET CALL CENTER SERVICES, INC., )
                            )
          Defendants.     )

## DEFENDANT CITY OF NOBLESVILLE'S MOTION TO JOIN IN DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CHANGE OF VENUE

Comes now the Defendant, City of Noblesville, by counsel, and moves to join in Defendants' Opposition to Plaintiffs' Motion for Change of Venue.  In support of his motion, Defendant states as follows:

    1.      Recently, the Plaintiffs filed a Motion for Change of Venue.

    2.      The motion shall be granted only upon showing: 1) that the county where suit is pending is a party, or 2) that the party seeking the change will be unlikely to receive a fair trial on account of local prejudice or bias regarding a party or the claim or defense presented by a party. Ind. Tr. Rule 76(A).

    3.      The Motion must be filed within ten (10) days after the issues are first closed on the merits. Rule 76(C).

    4.      Plaintiffs have failed to make a showing of either ground. They have not shown that the county is a defendant. The Hamilton County Sheriff's Department is a separate suable entity from the "county." Nor have they shown that they will not receive a fair trial due to prejudice or bias. In fact, they have submitted no evidence whatsoever.

    5.      Defendant joins in the Defendants' opposition to the motion for change of venue.

WHEREFORE, the Defendant, City of Noblesville, prays that the Court allow this Defendant to join in Defendants' Opposition to Plaintiff's Motion for Change of Venue, and for all other relief.

Respectfully submitted,

MANDEL HORN, P.C.

_____

Kirk A. Horn, Attorney No. 15194-06
*Attorney for Defendant, City of Noblesville*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 28th day of July, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204

_____

Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

STATE OF INDIANA      )      IN THE HAMILTON SUPERIOR COURT 2
                           )SS:
COUNTY OF HAMILTON    )      CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of     )
TAYLOR BELL,                    )
                                  )
             Plaintiff,       )
                                  )
     v.                          )
                                  )
CITY OF NOBLESVILLE, HAMILTON    )
COUNTY SHERIFF, HAMILTON COUNTY   )
PUBLIC SAFETY COMMUNICATIONS     )
CENTER, ASPIRE INDIANA, INC. and     )
CALLNET CALL CENTER SERVICES, INC., )
                                  )
            Defendants.     )

## ORDER GRANTING DEFENDANT COLLINS' MOTION TO JOIN IN DEFENDANT HARRIS' MOTION FOR SUMMARY JUDGMENT

Defendant, City of Noblesville, by counsel, having moved the court to join in Defendants' Opposition to Plaintiff's Motion for Change of Venue;

AND THE COURT, having reviewed said motion and being otherwise duly advised in the premises, finds the motion to be meritorious and should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendant, City of Noblesville, is hereby joined in Defendants' Opposition to Plaintiff's Motion for Change of Venue.

DATED:_____    _____
                                    JUDGE, HAMILTON SUPERIOR COURT 2

//

**Distribution:**

Kirk A. Horn
MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204

STATE OF INDIANA      )      IN THE HAMILTON SUPERIOR COURT 2
)SS:
COUNTY OF HAMILTON    )      CAUSE NO. 29D02-1402-CT-001331

| | |
|---|---|
| SHELLA WILDE, as Guardian of | ) |
| TAYLOR BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEAL ROSENBERG, JAMES ALOISIO, | ) |
| CRAIG DENISON, LIEUTENANT DAVID | ) |
| THOMA, Individually, and as Servants, Agents | ) |
| of the Noblesville Police Department, THE | ) |
| CITY OF NOBLESVILLE AND The | ) |
| HAMILTON COUNTY SHERIFF, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Comes now the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, and provides notice of the removal of this cause from the Hamilton Superior Court 2 to the United States District Court for the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. § 1441 and 1446. This Court is therefore without jurisdiction to undertake further proceedings with respect to this cause.

Respectfully submitted,

MANDEL HORN, P.C.

_____
Kirk A. Horn, Attorney No. 15194-06
*Attorney for Noblesville Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville*

//

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 6th day

of July, 2015, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
Robert B. Turner
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Darren Murphy
HOWARD & ASSOCIATES
694 Logan Street
Noblesville, IN  46060

_____
Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 (facsimile)

STATE OF INDIANA     )     IN THE HAMILTON SUPERIOR COURT 2
               )SS:
COUNTY OF HAMILTON    )     CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of     )
TAYLOR BELL,     )
     )
     Plaintiff,     )
     )
     v.     )
     )
NEAL ROSENBERG, JAMES ALOISIO,     )
CRAIG DENISON, LIEUTENANT DAVID     )
THOMA, Individually, and as Servants, Agents     )
of the Noblesville Police Department, THE     )
CITY OF NOBLESVILLE AND The     )
HAMILTON COUNTY SHERIFF,     )
     )
     Defendants.     )

## ORDER ACKNOWLEDGING REMOVAL TO FEDERAL COURT

Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, having filed with this Court its Notice of Removal to Federal Court;

**AND THE COURT**, having reviewed said motion and being otherwise duly advised in the premises, acknowledges receipt of said Notice;

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that, pursuant to Title 28 USCS § 1446(d), the case is hereby removed and the above-noted action shall proceed no further unless and until it is remanded from the federal court.

DATE: _____     _____

                                      JUDGE, HAMILTON SUPERIOR COURT 2

//

**Distribution to**:

Thomas E. Hastings
Robert B. Turner
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Darren Murphy
HOWARD & ASSOCIATES
694 Logan Street
Noblesville, IN  46060

Kirk A. Horn
MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032

STATE OF INDIANA      )      IN THE HAMILTON SUPERIOR COURT 2
                              )SS:
COUNTY OF HAMILTON    )      CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of     )
TAYLOR BELL,                  )
                                )
          Plaintiff,         )

**FILED**

**AUG 2 0 2014**

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

     v.                       )
                                )
CITY OF NOBLESVILLE, HAMILTON    )
COUNTY SHERIFF, HAMILTON COUNTY   )
PUBLIC SAFETY COMMUNICATIONS    )
CENTER, ASPIRE INDIANA, INC. and    )
CALLNET CALL CENTER SERVICES, INC., )
                                )
        Defendants.      )

## NOTICE OF SERVICE OF RESPONSES TO
## REQUESTS FOR ADMISSIONS

     Comes now the Defendant, City of Noblesville, by counsel and pursuant to Trial Rule 36 hereby

notifies the court that on August 19, 2014 the undersigned counsel faxed and sent to the parties by U.S.

Mail its responses to Plaintiff's Requests for Admissions.

                        Respectfully submitted,

                        MANDEL HORN, P.C.

                        _____
                        Kirk A. Horn, Attorney No. 15194-06
                        *Attorney for Defendant, City of Noblesville*

//

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all parties of record this 19th day

of August, 2014, and deposited same in the U.S. mail, first-class, postage prepaid to:

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410
*Attorney for Aspire Indiana, Inc.*

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204
*Attorneys for CallNet Call Center Services*

Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*

STATE OF INDIANA        )        HAMILTON COUNTY SUPERIOR COURT
                        )SS:     CIVIL DIVISION 2
COUNTY OF HAMILTON      )        CAUSE NO.  29D02-1402-CT-1331

TAYLOR BELL,                        )
                                   )
             Plaintiff,            )
                                   )
vs.                                )
                                   )
NOBLESVILLE POLICE DEPARTMENT, )
HAMILTON COUNTY SHERIFF'S           )
DEPARTMENT, HAMILTON COUNTY         )
PUBLIC SAFETY COMMUNICATIONS        )
CENTER, ASPIRE INDIANA, INC. and    )
CALLNET CALL CENTER SERVICES,       )
INC.,                              )
                                   )
             Defendants.            )

**FILED**

JUN 1 9 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

The COURT having reviewed and considered the Defendant Aspire Indiana, Inc.'s Motion to Dismiss and being duly advised, hereby DENYS the motion.

IT IS HEREBY ORDERED.

_____
Date   6/19/14

_____
JUDGE, Hamilton County Superior Court

Distribution:

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN   46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN  46204

Edward D. D'Arcy, Jr.
Doherty & Program, LLC
8105 Georgia Street
Merrillville, IN  46410

Thomas E. Hastings
Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

SHELLA WILDE, as Guardian of          )
TAYLOR BELL,                          )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )    CAUSE NO. 29D02-1402-CT-001331
                                      )
CITY OF NOBLESVILLE, HAMILTON         )
COUNTY SHERIFF, HAMILTON COUNTY       )
PUBLIC SAFETY COMMUNICATIONS          )
CENTER, ASPIRE INDIANA, INC. and      )
CALLNET CALL CENTER SERVICES, INC.,   )
                                      )
        Defendants.                   )

**FILED**

AUG 1 9 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## <u>ORDER</u>

The Court having considered Plaintiff's Motion for Change of Venue and the Response *City of Noblesville, Aspire +* of Defendants, Hamilton County Sheriff and Hamilton County Public Safety Communications Center, finds that Plaintiff has not made the proper showing for a change of venue and that Plaintiff's motion was procedurally defective. The Court being duly advised in the premises denies Plaintiff's Motion for Change of Venue.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that venue shall remain in Hamilton County, all of which is ordered this __19__ day of __Aug__ 2014.

_____
JUDGE, Hamilton Superior Court

Copies to:

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN 46204
*Attorney for Plaintiff*

Edward D. D'Arcy, Jr.
Michael M. Oberman
**DOHERTY & PROGAR LLC**
8105 Georgia Street
Merrillville, IN 46410
*Attorney for Aspire Indiana, Inc.*

Matthew L. Hinkle
Erika N. Sylvester
**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
*Attorney for Hamilton County Sheriff and
Hamilton County Public Safety
Communications Center*

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN 46032
*Attorney for Noblesville Police Department*

Mark Charles Webb
Tyler Helmond
**VOYLES ZAHN & PAUL**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204
*Attorney for CallNet Call Center Services, Inc.*

I:\51858\Order to Dismiss Aspire Indiana, Inc.wpd/MMO/mlw

| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
|---|---|---|
| | ) | CIVIL DIVISION 2 |
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO.: 29D02-1402-CT-1331 |

SHEILA WILDE, as Guardian of )
TAYLOR BELL, )
              )
           Plaintiff, )
              )
vs. )
              )
NOBLESVILLE POLICE DEPARTMENT; )
HAMILTON COUNTY SHERIFF'S )
DEPARTMENT; HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS )
CENTER; ASPIRE INDIANA, INC.; and )
CALLNET CALL CENTER SERVICES, )
INC., )
              )
           Defendants. )

**FILED**

FEB 2 4 2015

*Tammy Baitz*
CLERK OF THE
HAMILTON SUPERIOR COURT

## ORDER OF DISMISSAL OF DFENDANT ASPIRE INDIANA, INC.

Come now the parties, each by counsel, and file their JOINT MOTION TO DISMISS

DEFENDANT ASPIRE INDIANA, INC. The Court, having reviewed the same, now GRANTS

said Motion. Defendant ASPIRE INDIANA, INC., is hereby Dismissed with prejudice. This

matter shall remain pending as to all remaining defendants.

Signed this 23 day of Feb _____, 2015.

_____
Judge, Hamilton Superior Court 2

REC'D FEB 2 4 2015

Copies to:

Thomas E. Hastings
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204

Kirk A. Horn
Mandel Horn McGrath & Reynolds, P.C.
704 Adams Street, Suite F
Carmel, IN 46032

Matthew L. Hinkle
Coots, Henke & Wheeler, P.C.
255 East Carmel Drive
Carmel, IN 46032

Edward D. D'Arcy
Michael M. Oberman
Doherty & Progar LLC
8105 Georgia Street
Merrillville, IN 46410

2

STATE OF INDIANA     )     IN THE HAMILTON SUPERIOR COURT 2
                        )SS:
COUNTY OF HAMILTON    )     CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of      )
TAYLOR BELL,                      )
                               )
            Plaintiff,        )
                               )
     v.                          )
                               )
CITY OF NOBLESVILLE, HAMILTON     )
COUNTY SHERIFF, HAMILTON COUNTY   )
PUBLIC SAFETY COMMUNICATIONS      )
CENTER, ASPIRE INDIANA, INC. and      )
CALLNET CALL CENTER SERVICES, INC., )
                               )
          Defendants.      )

**FILED**

JUL 0 3 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## ORDER

Defendant, City of Noblesville, by counsel, having moved the court for an Order granting its

Motion for Enlargement of Time to Respond to Plaintiff's Second Request for Production of Documents

and Request for Admissions;

**AND THE COURT**, having reviewed said motion and being otherwise duly advised in the premises,

finds the motion to be meritorious and should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant, City of Noblesville, shall

have to and including August 29, 2014, within which to answer Plaintiff's Second Request for Production of

Documents and Request for Admissions.

Dated: ___7/3/2014___

_____
JUDGE, HAMILTON SUPERIOR COURT 2

//

**Distribution:**

Kirk A. Horn
MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN 46032

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN 46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN 46410
*Attorney for Aspire Indiana, Inc.*

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN 46204
*Attorneys for CallNet Call Center Services*

STATE OF INDIANA ) IN THE HAMILTON SUPERIOR COURT 2
) SS:
COUNTY OF HAMILTON ) CAUSE NO. 29D02-1402-CT-001331

TAYLOR BELL, )
)
      Plaintiff, )
)
v. )
)
HAMILTON COUNTY SHERIFF'S )
DEPARTMENT; HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS )
CENTER; ASPIRE INDIANA, INC.; and )
CALLNET CALL CENTER SERVICES, )
INC., )
)
      Defendants )

**FILED**

MAR 1 1 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## ORDER GRANTING DEFENDANT
## CALLNET CALL CENTER SERVICES, INC.'S
## MOTION FOR ENLARGEMENT OF TIME
## TO RESPOND TO COMPLAINT

Comes now defendant CallNet Call Center Services, Inc., by counsel, and having

moved for an enlargement of not less than thirty (30) days from March 16, 2014, in

which to respond to the complaint filed in this matter;

And the Court, having been duly advised in the premises, now hereby GRANTS

this motion and hereby allows defendant CallNet Call Center Services, Inc., an

enlargement of time through and including April 16, 2014, in which to respond to

plaintiff's complaint herein.

DATED: 3|11|14

_____
JUDGE
HAMILTON SUPERIOR COURT
CIVIL DIVISION 2

REC'D MAR 1 0 2014

COPIES OF THIS ORDER ARE TO BE DISTRIBUTED TO:

Thomas E. Hastings
The Hastings Law Firm
323 North Delaware Street
Indianapolis, Indiana 46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, Indiana 46032

Kirk A. Horn
MANDEL HORN McGRATH & REYNOLDS, P.C.
704 Adams Street, Suite F
Carmel, Indiana 46032

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, Indiana 46204

Aspire Indiana, Inc.
9615 East 148th Street, Suite 1
Noblesville, Indiana 46060

| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT 2 |
| COUNTY OF HAMILTON | )SS:<br>) | CAUSE NO. 29D02-1402-CT-1331 |

**FILED**

MAR 1 2 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

TAYLOR BELL, )
            )
    Plaintiff, )
            )
    v. )
            )
NOBLESVILLE POLICE DEPARTMENT, )
HAMILTON COUNTY SHERIFF'S )
DEPARTMENT, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS )
CENTER, ASPIRE INDIANA, INC. and )
CALLNET CALL CENTER SERVICES, INC., )
            )
    Defendants. )

## ORDER

Defendant, Noblesville Police Department, by counsel, having moved the court for an Order granting its Motion for Enlargement of Time to Respond to Plaintiff's Interrogatories and Request for Production of Documents;

**AND THE COURT**, having reviewed said motion and being otherwise duly advised in the premises, finds the motion to be meritorious and should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant, Noblesville Police Department, shall have to and including April 28, 2014, within which to answer Plaintiff's Interrogatories and Request for Production of Documents.

Dated: ___3|11|14___

_____
JUDGE, HAMILTON SUPERIOR COURT 2

//

**<u>Distribution:</u>**

Kirk A. Horn
MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 North Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT 2 |
|---|---|---|
| | )SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-1331 |

TAYLOR BELL,                              )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )
                                         )
NOBLESVILLE POLICE DEPARTMENT,           )
HAMILTON COUNTY SHERIFF'S                )
DEPARTMENT, HAMILTON COUNTY              )
PUBLIC SAFETY COMMUNICATIONS             )
CENTER, ASPIRE INDIANA, INC. and         )
CALLNET CALL CENTER SERVICES, INC., )
                                         )
                    Defendants.          )

**FILED**

MAR 03 2014

## ORDER

Defendant, Noblesville Police Department, by counsel, having moved the court for an Order

granting its Motion for Enlargement of Time to answer Plaintiff's Complaint for Damages;

**AND THE COURT,** having reviewed said motion and being otherwise duly advised in the premises,

finds the motion to be meritorious and should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant, Noblesville Police

Department, shall have to and including April 15, 2014, within which to answer Plaintiff's Complaint.

Dated: ___2/27/14___

_____
JUDGE, HAMILTON SUPERIOR COURT 2

**Distribution:**

Kirk A. Horn
MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 North Delaware Street
Indianapolis, IN  46204

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

**FILED**

MAR 1 7 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

| | |
|---|---|
| TAYLOR BELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| NOBLESVILLE POLICE DEPARTMENT, | ) |
| HAMILTON COUNTY SHERIFF'S | ) |
| DEPARTMENT, HAMILTON COUNTY | ) |
| PUBLIC SAFETY COMMUNICATIONS | ) |
| CENTER, ASPIRE INDIANA, INC. and | ) |
| CALLNET CALL CENTER SERVICES, INC. | ) |
| | ) |
| Defendants. | ) |

Cause No. 29D02-1402-CT-001331

## ORDER GRANTING DEFENDANTS', HAMILTON COUNTY SHERIFF'S DEPARTMENT AND HAMILTON COUNTY PUBLIC SAFETY COMMUNICATIONS CENTER, MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendants, Hamilton County Sheriff's Department and Hamilton County Public Safety Communications, by counsel, filed their Motion for Extension of Time to Respond to Plaintiff's Complaint, and the Court, being duly advised in the premises, NOW FINDS that it should be GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Hamilton County Sheriff's Department and the Hamilton County Public Safety Communications Center shall file their responsive pleadings to Plaintiff's Complaint on or before April 14, 2014.

DATED: ___3/14/2014___

_____
Judge, Hamilton County Superior Court 2

*[SEAL: HAMILTON COUNTY INDIANA SUPERIOR COURT 2]*

**COPIES TO:**

Matthew L. Hinkle
Erika N. Sylvester
**COOTS HENKE & WHEELER, P.C.**
255 E. Carmel Drive
Carmel, IN   46032

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN   46032

Mark Charles Webb
Tyler Helmond
**VOYLES ZAHN & PAUL**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN   46204

**ASPIRE INDIANA, INC.**
9615 E. 148th St., Ste. 1
Noblesville, IN   46060

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

FILED

APR 1 7 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

| | |
|---|---|
| TAYLOR BELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| NOBLESVILLE POLICE DEPARTMENT, | ) |
| HAMILTON COUNTY SHERIFF'S | ) |
| DEPARTMENT, HAMILTON COUNTY | ) |
| PUBLIC SAFETY COMMUNICATIONS | ) |
| CENTER, ASPIRE INDIANA, INC. and | ) |
| CALLNET CALL CENTER SERVICES, INC. | ) |
| | ) |
| Defendants. | ) |

Cause No. 29D02-1402-CT-001331

**ORDER GRANTING DEFENDANTS', HAMILTON COUNTY SHERIFF'S
DEPARTMENT AND HAMILTON COUNTY PUBLIC SAFETY COMMUNICATIONS
CENTER, MOTION FOR EXTENSION OF TIME TO RESPOND TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Hamilton County Sheriff's Department and Hamilton County Public Safety

Communications, by counsel, filed their Motion for Extension of Time to Respond to Plaintiff's

Amended Complaint, and the Court, being duly advised in the premises, NOW FINDS that it

should be GRANTED.

IT IS, THEREFORE, ORDERED, that the Hamilton County Sheriff's Department and the

Hamilton County Public Safety Communications Center shall file their responsive pleadings to

Plaintiff's Amended Complaint on or before May 16, 2014.

DATED: 4-16-2014

_____
Judge, Hamilton County Superior Court 2

**COPIES TO:**

Matthew L. Hinkle
Erika N. Sylvester
**COOTS HENKE & WHEELER, P.C.**
255 E. Carmel Drive
Carmel, IN   46032

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN   46032

Mark Charles Webb
Tyler Helmond
**VOYLES ZAHN & PAUL**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204

Thomas E. Hastings
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN   46204

Edward D. D'Arcy, Jr.
**DOHERTY & PROGAR LLC**
8105 Georgia Street
Merrillville, IN   46410

STATE OF INDIANA      )      IN THE HAMILTON SUPERIOR COURT 2
                   )SS:
COUNTY OF HAMILTON   )      CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of   )
TAYLOR BELL,                )
                         )
          Plaintiff,      )
                         )
   v.                   )
                         )
CITY OF NOBLESVILLE, HAMILTON  )
COUNTY SHERIFF, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS  )
CENTER, ASPIRE INDIANA, INC. and  )
CALLNET CALL CENTER SERVICES, INC., )
                         )
         Defendants.    )

FILED

JUL 03 2014

*Peggy Beaver*
HAMILTON SUPERIOR COURT
CLERK OF THE

## ORDER

Defendant, City of Noblesville, by counsel, having moved the court for an Order granting its

Motion for Enlargement of Time to Respond to Plaintiff's Second Request for Production of Documents

and Request for Admissions;

**AND THE COURT**, having reviewed said motion and being otherwise duly advised in the premises,

finds the motion to be meritorious and should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant, City of Noblesville, shall

have to and including August 29, 2014, within which to answer Plaintiff's Second Request for Production of

Documents and Request for Admissions.

Dated: ___7/3/2014___

_____
JUDGE, HAMILTON SUPERIOR COURT 2

//

**Distribution:**

Kirk A. Horn
MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410
*Attorney for Aspire Indiana, Inc.*

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204
*Attorneys for CallNet Call Center Services*

STATE OF INDIANA      )      IN THE HAMILTON SUPERIOR COURT 2
                         )SS:
COUNTY OF HAMILTON   )      CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of    )
TAYLOR BELL,                 )
                            )
           Plaintiff,      )
                            )
     v.                    )
                            )
CITY OF NOBLESVILLE, HAMILTON   )
COUNTY SHERIFF, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS   )
CENTER, ASPIRE INDIANA, INC. and  )
CALLNET CALL CENTER SERVICES, INC., )
                            )
          Defendants.    )

*FILED*

*JUL 0 3 2014*

*Peggy Beaver*
*CLERK OF THE*
*HAMILTON SUPERIOR COURT*

## ORDER

Defendant, City of Noblesville, by counsel, having moved the court for an Order granting its

Motion for Enlargement of Time to Respond to Plaintiff's Second Request for Production of Documents

and Request for Admissions;

**AND THE COURT**, having reviewed said motion and being otherwise duly advised in the premises,

finds the motion to be meritorious and should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant, City of Noblesville, shall

have to and including August 29, 2014, within which to answer Plaintiff's Second Request for Production of

Documents and Request for Admissions.

Dated: _7/3/2014_                     _____

                                 JUDGE, HAMILTON SUPERIOR COURT 2

//

**Distribution:**

Kirk A. Horn
MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN 46032

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN 46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN 46410
*Attorney for Aspire Indiana, Inc.*

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN 46204
*Attorneys for CallNet Call Center Services*

| | | |
|---|---|---|
| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
| | )SS: | CIVIL DIVISION 2 |
| COUNTY OF HAMILTON | ) | CAUSE NO.  29D02-1402-CT-1331 |

SHELLA WILDE, as Guardian of      )
TAYLOR BELL,                              )
                                                 )
      Plaintiff,                       )
                                                 )
vs.                                             )
                                                 )
CITY OF NOBLESVILLE,              )
HAMILTON COUNTY SHERIFF,    )
NOBLESVILLE POLICE DEPARTMENT, )
                                                 )
      Defendants.                    )

**ORDER ON**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**THIRD AMENDED COMPLAINT**

     Come now the Plaintiff, Taylor Bell, through his Court Appointed Guardian, Shella

Wilde, by counsel, and submits to this Court his Motion for Leave to File Second Amended

Complaint and update the identification of Plaintiff through his Guardian.

     And the Court, being duly advised, hereby grants said Motion.

     IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Plaintiff is hereby

granted leave to file the Third Amended Complaint as presented to this Court; and,

     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of this Court

will issue Alias Summons for service of due process on Neal Rosenberg, James Aloisio, Craig

Dennison and Lt. David Thoma.

     ALL of which is ORDERED this ____19____ day of June, 2015.

                             _____

                             JUDGE, HAMILTON SUPERIOR COURT

Distribution to:

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Darren Murphy
HOWARD & ASSOCIATES
694 Logan Street
Noblesville, IN  46070

Thomas E. Hastings
323 North Delaware Street
Indianapolis, IN  46204

STATE OF INDIANA ) IN THE HAMILTON SUPERIOR COURT 2
)SS:
COUNTY OF HAMILTON ) CAUSE NO. 29D02-1402-CT-001331

SHELLA WILDE, as Guardian of )
TAYLOR BELL, )
)
                    Plaintiff, )
)
        v. )
)
CITY OF NOBLESVILLE, HAMILTON )
COUNTY SHERIFF, HAMILTON COUNTY )
PUBLIC SAFETY COMMUNICATIONS )
CENTER, ASPIRE INDIANA, INC. and )
CALLNET CALL CENTER SERVICES, INC., )
)
                    Defendants. )

FILED

AUG 1 8 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## ORDER GRANTING DEFENDANT COLLINS' MOTION TO JOIN
## IN DEFENDANT HARRIS' MOTION FOR SUMMARY JUDGMENT

Defendant, City of Noblesville, by counsel, having moved the court to join in Defendants'

Opposition to Plaintiff's Motion for Change of Venue;

**AND THE COURT**, having reviewed said motion and being otherwise duly advised in the premises,

finds the motion to be meritorious and should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Defendant, City of Noblesville,

is hereby joined in Defendants' Opposition to Plaintiff's Motion for Change of Venue.

DATED:_____8/15/14_____     _____
                                      JUDGE, HAMILTON SUPERIOR COURT 2

//

**Distribution:**

Kirk A. Horn
MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032

Thomas E. Hastings
THE HASTINGS LAW FIRM
323 N. Delaware Street
Indianapolis, IN  46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Edward D'Arcy, Jr.
Michael M. Oberman
DOHERTY & PROGAR, LLC
8105 Georgia Street
Merrillville, IN  46410

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, IN  46204

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

FILED

MAY 0 2 2014

*[signature]*
CLERK OF THE
HAMILTON SUPERIOR COURT

|  |  |  |
|---|---|---|
| TAYLOR BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NOBLESVILLE POLICE DEPARTMENT, | ) | Cause No. 29D02-1402-CT-001331 |
| HAMILTON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, HAMILTON COUNTY | ) | |
| PUBLIC SAFETY COMMUNICATIONS | ) | |
| CENTER, ASPIRE INDIANA, INC. and | ) | |
| CALLNET CALL CENTER SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON HAMILTON COUNTY SHERIFF'S DEPARTMENT AND HAMILTON
COUNTY PUBLIC SAFETY COMMUNICATIONS CENTER'S
MOTION FOR EXTENSION OF TIME TO SERVE ANSWERS TO DISCOVERY**

Defendants, Hamilton County Sheriff's Department and Hamilton County Public Safety

Communications Center, by counsel, having filed their Unopposed Motion for Extension of Time

to Serve Answers to Discovery, and the Court having examined said Motion and being duly

advised in the premises, now finds that said Motion should be GRANTED.

IT IS, THEREFORE, ORDERED that the Hamilton County Sheriff's Department and

Hamilton County Public Safety Communications Center shall serve their responses to Plaintiff's

First Set of Interrogatories, and First Request for Production of Documents on or before May 16,

2014.

DATED: _____ 5/1/14

_____
Judge, Hamilton Superior Court 2

**COPIES TO:**

All Counsel of Record

— Hastings
— D'Arcy
— Lewis
— CHW
— Horn

REC'D MAY 0 1 2014

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

FILED

MAR 1 8 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

TAYLOR BELL,                        )
                                    )
            Plaintiff,              )
        v.                          )
                                    )
NOBLESVILLE POLICE DEPARTMENT,      )
HAMILTON COUNTY SHERIFF'S           )   Cause No. 29D02-1402-CT-001331
DEPARTMENT, HAMILTON COUNTY         )
PUBLIC SAFETY COMMUNICATIONS        )
CENTER, ASPIRE INDIANA, INC. and    )
CALLNET CALL CENTER SERVICES, INC.  )
                                    )
            Defendants.             )

## ORDER ON HAMILTON COUNTY SHERIFF'S DEPARTMENT AND HAMILTON COUNTY PUBLIC SAFETY COMMUNICATIONS CENTER'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO SERVE ANSWERS TO DISCOVERY

Defendants, Hamilton County Sheriff's Department and Hamilton County Public Safety Communications Center, by counsel, having filed their Unopposed Motion for Extension of Time to Serve Answers to Discovery, and the Court having examined said Motion and being duly advised in the premises, now finds that said Motion should be GRANTED.

IT IS, THEREFORE, ORDERED that the Hamilton County Sheriff's Department and Hamilton County Public Safety Communications Center shall serve their responses to Plaintiff's First Set of Interrogatories, and First Request for Production of Documents on or before April 28, 2014.

DATED: __3/17/2014__          _____
                                Judge, Hamilton Superior Court 2

**COPIES TO:**

All Counsel of Record

**IN THE SUPERIOR COURT NO. 2**
**OF HAMILTON COUNTY**

TAYLOR BELL,
    Plaintiff

vs

NOBLESVILLE POLICE DEPT, et al
    Defendants.

CAUSE NO. 29D02-1402-CT-1331
DATE:  August 18, 2014

**FILED**

AUG 1 9 2014

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

### ORDER ON HEARING ON MOTION FOR CHANGE OF VENUE

The Plaintiff appears by counsel Thomas Hastings;. the Defendant Noblesville Police

Department by counsel Michael Oberman, Defendant Hamilton County by Matthew Hinkle and

Erika Sylvester, Defendant City of Noblesville by Kirk Horn.

Argument is heard on Plaintiff's motion for change of venue.  The Court takes the motion

for change of venue under advisement and will have an order by Wednesday, August 20, 2014.

The Plaintiff will file an answer to Defendants' motion for more definite statement on

allegations for the Communications Center within 20 days.

_____
Daniel J. Pfleging, Judge
Hamilton Superior Court No. 2

REC'D AUG 1 8 2014

DJP/kc

Distribution to:

All parties

T. Hastings
M. Oberman
M. Webb
K. Horn
M. Hinkle
HCSD

## IN THE SUPERIOR COURT NO. 2
## OF HAMILTON COUNTY

TAYLOR BELL,
    Plaintiff

CAUSE NO. 29D02-1402-CT-1331
DATE:  August 18, 2014

**FILED**

vs

AUG **1 9** 2014

NOBLESVILLE POLICE DEPT, et al
    Defendants.


*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

### ORDER ON HEARING ON MOTION FOR CHANGE OF VENUE

    The Plaintiff appears by counsel Thomas Hastings;. the Defendant Noblesville Police Department by counsel Michael Oberman, Defendant Hamilton County by Matthew Hinkle and Erika Sylvester, Defendant City of Noblesville by Kirk Horn.

    Argument is heard on Plaintiff's motion for change of venue.  The Court takes the motion for change of venue under advisement and will have an order by Wednesday, August 20, 2014.

    The Plaintiff will file an answer to Defendants' motion for more definite statement on allegations for the Communications Center within 20 days.

_____
Daniel J. Pfleging, Judge
Hamilton Superior Court No. 2

REC'D AUG 1 8 2014

DJP/kc

Distribution to:

All parties

T. Hastings
M. Oberman
M. Webb
K. Horn
M. Hinkle
HCSD

| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
| | )SS: | CIVIL DIVISION 2 |
| COUNTY OF HAMILTON | ) | CAUSE NO.  29D02-1402-CT-1331 |

TAYLOR BELL,                                    )
                                               )
      Plaintiff,                          )
                                               )
vs.                                            )
                                               )
NOBLESVILLE POLICE DEPARTMENT, )
HAMILTON COUNTY SHERIFF'S           )
DEPARTMENT, HAMILTON COUNTY    )
PUBLIC SAFETY COMMUNICATIONS )
CENTER, ASPIRE INDIANA, INC.  and )
CALLNET CALL CENTER SERVICES,    )
INC.,                                          )
                                               )
      Defendants.                         )

**FILED**

JUN 1 1 2014

*Roger Peterson*
CLERK OF THE
HAMILTON SUPERIOR COURT

## ORDER ON
## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT TO ADD ADDITIONAL DEFENDANTS AND
## UPDATE IDENTIFICATION OF PLAINTIFF

Come now the Plaintiff, Taylor Bell, through his Court Appointed Guardian, Shella

Wilde, by counsel, and submits to this Court his Motion for Leave to File Second Amended

Complaint and update the identification of Plaintiff through his Guardian.

And the Court, being duly advised, hereby grants said Motion.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Plaintiff is granted

leave to file the Second Amended Complaint as presented to this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff's status

be amended to "Shella Wilde, as Guardian of Taylor Bell" in future pleadings filed in this action.

All of which is Ordered this _____3_____ day of _____June_____, 2014.

_____

JUDGE, HAMILTON SUPERIOR COURT

Distribution to:

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN  46204

Edward D. D'Arcy, Jr.
Doherty & Program, LLC
8105 Georgia Street
Merrillville, IN  46410

Thomas E. Hastings
Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204

| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
|---|---|---|
| | )SS: | CIVIL DIVISION 2 |
| COUNTY OF HAMILTON | ) | CAUSE NO.  29D02-1402-CT-1331 |

SHELLA WILDE, as Guardian of )
TAYLOR BELL, )
)
      Plaintiff, )
)
vs. )
)
CITY OF NOBLESVILLE, )
HAMILTON COUNTY SHERIFF, )
NOBLESVILLE POLICE DEPARTMENT, )
)
      Defendants. )

FILED

JUN 2 2 2015

*(signature)*

## ORDER ON
## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## THIRD AMENDED COMPLAINT

Come now the Plaintiff, Taylor Bell, through his Court Appointed Guardian, Shella

Wilde, by counsel, and submits to this Court his Motion for Leave to File Second Amended

Complaint and update the identification of Plaintiff through his Guardian.

And the Court, being duly advised, hereby grants said Motion.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Plaintiff is hereby

granted leave to file the Third Amended Complaint as presented to this Court; and,

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of this Court

will issue Alias Summons for service of due process on Neal Rosenberg, James Aloisio, Craig

Dennison and Lt. David Thoma.

ALL of which is ORDERED this ____19____ day of June, 2015.

_____

JUDGE, HAMILTON SUPERIOR COURT

Distribution to:

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Darren Murphy
HOWARD & ASSOCIATES
694 Logan Street
Noblesville, IN  46070

Thomas E. Hastings
323 North Delaware Street
Indianapolis, IN  46204

STATE OF INDIANA    )    IN THE HAMILTON SUPERIOR COURT 2
                 ) SS:
COUNTY OF HAMILTON  )    CAUSE NO. 29D02-1402-CT-001331

TAYLOR BELL,           )
                     )
       Plaintiff,      )
                     )
v.                   )
                     )
HAMILTON COUNTY SHERIFF'S   )
DEPARTMENT; HAMILTON COUNTY  )
PUBLIC SAFETY COMMUNICATIONS )
CENTER; ASPIRE INDIANA, INC.; and )
CALLNET CALL CENTER SERVICES,  )
INC.,                 )
                     )
       Defendants     )

**FILED**

**MAY 2 8 2014**

*Peggy Beaver*
CLERK OF THE
HAMILTON SUPERIOR COURT

## ORDER SETTING DEFENDANT
## CALLNET CALL CENTER SERVICES, INC.'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
## FOR HEARING

Comes now defendant CallNet Call Center Services, Inc., by counsel, and having

filed with the Court its Motion to Dismiss Plaintiff's Amended Complaint;

And the Court, having been duly advised in the premises, now hereby finds that

this matter should be set for hearing on defendant Callnet's motion and hereby sets the

same for hearing on the ___11___ day of ___August_____, 2014,

beginning at ___1:30___ _P._.m.

DATED: 5/20/14           _MAGISTRA_

~~JUDGE~~
HAMILTON SUPERIOR COURT
CIVIL DIVISION 2

REC'D MAY 2 8 2014

DH

COPIES OF THIS ORDER ARE TO BE DISTRIBUTED TO:

Thomas E. Hastings
The Hastings Law Firm
323 North Delaware Street
Indianapolis, Indiana 46204

Matthew L. Hinkle
Erika N. Sylvester
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, Indiana 46032

Kirk A. Horn
MANDEL HORN McGRATH & REYNOLDS, P.C.
704 Adams Street, Suite F
Carmel, Indiana 46032

Mark C. Webb
Tyler D. Helmond
VOYLES ZAHN & PAUL
141 East Washington Street, Suite 300
Indianapolis, Indiana 46204

Edward D. D'Arcy, Jr.
Attorney at Law
8105 Georgia Street
Merrillville, Indiana 46410

- 2 -

STATE OF INDIANA     )     HAMILTON COUNTY SUPERIOR COURT
                         )SS:  CIVIL DIVISION 2
COUNTY OF HAMILTON  )     CAUSE NO. 29D02-1402-CT-1331

SHELLA WILDE, as Guardian      )
of TAYLOR BELL,               )
                            )
        Plaintiff,        )
                            )
vs.                          )
                            )
CITY OF NOBLESVILLE,       )
HAMILTON COUNTY SHERIFF,   )
HAMILTON COUNTY PUBLIC SAFETY )
COMMUNICATIONS CENTER,     )
ASPIRE INDIANA, INC. and      )
CALLNET CALL CENTER SERVICES, )
INC.                           )
                            )
        Defendants.     )

## PLAINTIFF'S MOTION FOR CHANGE OF VENUE

Comes now the Plaintiff, by counsel, and for this Motion for Change of Venue, pursuant to Trial Rule 76(A), states as follows:

1.     All parties have filed Answers to Plaintiff's Second Amended Complaint for Damages, with the last having been received from Aspire Indiana, Inc. on June 27, 2014.

2.     Plaintiff has filed an action against the City of Noblesville on behalf of the Noblesville Police Department and the Hamilton County Sheriff as the appropriate individual for allegations asserted against the Hamilton County Sheriff's office, which are the local law enforcement agencies in Hamilton County.

3.     Having filed suit against Defendants City of Noblesville, the Hamilton County Sheriff and the Hamilton County Public Safety Communications Center, Inc. there is no question

that all are governmental entities and as such, plaintiff is unlikely to receive a fair trial due to prejudice or bias.

WHEREFORE, Plaintiff, by counsel, respectfully requests the Court grant this Change of Venue and all other relief just and proper in the premises.

Respectfully submitted,

Thomas E. Hastings (#8334-80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000, ext 227

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this 1st day of July, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN   46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN   46204

Edward D. D'Arcy, Jr.
Doherty & Progar, LLC
8105 Georgia Street
Merrillville, IN  46410

Darren J. Murphy
694 Logan Street
Noblesville, IN  46060

_____
Thomas E. Hastings

-3-

STATE OF INDIANA     )       HAMILTON COUNTY SUPERIOR COURT
                      )SS:    CIVIL DIVISION 2
COUNTY OF HAMILTON  )       CAUSE NO. 29D02-1402-CT-1331

SHELLA WILDE, as Guardian     )
of TAYLOR BELL,             )
                          )
        Plaintiff,        )
                          )
vs.                        )
                          )
CITY OF NOBLESVILLE,       )
HAMILTON COUNTY SHERIFF,    )
HAMILTON COUNTY PUBLIC SAFETY )
COMMUNICATIONS CENTER,     )
ASPIRE INDIANA, INC. and      )
CALLNET CALL CENTER SERVICES,  )
INC.                       )
                          )
        Defendants.      )

## PLAINTIFF'S RESPONSE TO DEFENDANT, HAMILTON COUNTY PUBLIC SAFETY COMMUNICATION'S  MEMORANDUM IN SUPPORT OF ITS MOTION FOR MORE DEFINITE STATEMENT

Comes now the Plaintiff Shella Wilde, as Guardian of Taylor Bell, by counsel, and submits the following in Response to Defendant's Motion for More Definite Statement.

Plaintiff's counsel served counsel of record with the Second Amended Complaint on May 30, 2014.  As alleged in both the original and the Second Amended Complaint, calls regarding Taylor Bell were handled and dispatched through the Hamilton County Public Safety Communication Center ("HCPSC") and it was not clear whether miscommunication, a lack of communication, or inaccurate communication by any of the named parties, in part, led to the injuries sustained by Taylor Bell.

Unfortunately, at the time of filing Plaintiff's Second Amended Complaint, discovery responses had not been received from the HCPSC or the Hamilton County Sheriff's Office. Written responses were not received until after business hours, via email on May 30, 2014. Requests for audio and video files were received the following week, but there were programming issues with the discs, making the files not audible or visible, so new discs had to be created and were not received by Plaintiff's counsel until June 21, 2014.

Once plaintiff's counsel had the opportunity to review the 911 audio files, it was revealed that an HCPSC dispatcher issued "two alerts" to units responding to "Natasha Drive." Those alerts specifically advised officers that the suspect was "carrying a concealed firearm" and that the suspect had "a history of resisting." Taylor Bell did not have a "history" of resisting arrest, as is documented in the run reports provided by the Hamilton County Sheriff's Department. So the question became, where and from whom did the dispatcher receive the information issued in the "alerts" and did that information have an impact on how the officers responded to Taylor Bell during the evening of July 20, 2012.

Plaintiff's counsel realizes the Second Amended Complaint was vague, but at the time of filing Plaintiff did not have sufficient information to set forth a more succinct statement of its claim for damages against HCPSC because discovery responses had not been received. It is certain that a Third Amended Complaint will be filed, but not until such time as the pending discovery requests, due on August 29, 2014, are received. After a thorough review of the discovery responses, counsel for Plaintiff will be in a position to file the Third Amended Complaint, which may set forth more precise allegations of negligence against HCPSC, as well as the other defendants, and add any additional parties at that time. It should also be noted that

-2-

counsel for Plaintiff advised all counsel of record that once the second set of discovery responses are received and reviewed, some of the Defendants may be dismissed.

Respectfully submitted,

_____
Thomas E. Hastings (#8334-80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000, ext 227

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this 25th day of August, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN   46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN   46204

Edward D. D'Arcy, Jr.
Doherty & Progar, LLC
8105 Georgia Street
Merrillville, IN   46410

Thomas E. Hastings

STATE OF INDIANA    )       HAMILTON COUNTY SUPERIOR COURT
                       )SS:    CIVIL DIVISION 2
COUNTY OF HAMILTON  )       CAUSE NO.  29D02-1402-CT-1331

TAYLOR BELL,                  )

         Plaintiff,         )

vs.                           )

NOBLESVILLE POLICE DEPARTMENT, )
HAMILTON COUNTY SHERIFF'S     )
DEPARTMENT, HAMILTON COUNTY  )
PUBLIC SAFETY COMMUNICATIONS  )
CENTER, ASPIRE INDIANA, INC. and  )
CALLNET CALL CENTER SERVICES,  )
INC.,                         )

        Defendants.       )

## PLAINTIFF'S RESPONSE TO DEFENDANT,
## ASPIRE INDIANA, INC.'s MOTION TO DISMISS

Comes now Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, and for this Motion would show the court as follows:

1.      Defendant Aspired filed its Motion to Dismiss, which was received by Plaintiff's counsel on March 15, 2014.

2.      Defendant alleged Plaintiff failed to allege "any specific acts of negligence by Aspire or how Aspire's alleged negligence" was the proximate cause of his subsequent shooting.

3.      Because none of the Defendants had filed an Answer to Plaintiff's Complaint, pursuant to Trial Rule 15(A) Plaintiff was permitted to file an Amended Complaint clarifying how Aspire's alleged negligence was a proximate cause of his shooting, citing paragraph 12 of Plaintiff's Amended Complaint:

"Because Thomas Harris, MS in the course of his employment with Aspire, did not notify the Hamilton County 911 Dispatcher that Bell had a "BB gun" or that Bell did not have a real gun, the 911 Dispatcher was unable to notify NPD or HCSD that Bell did not have a real gun.

Through clarification of this allegation, Plaintiff has alleged a specific act of negligence which was a proximate cause of his subsequent shooting and therefore, Defendant Aspire's Motion to Dismiss must fail.

WHEREFORE, Plaintiff Taylor Beil, by counsel, Thomas E. Hastings, respectfully request Defendant Aspire's Motion to Dismiss be denied and all other relief just and proper in the premises.

Thomas E. Hastings, (8334-80)
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000, ext 227

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this _28th_ day of March, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN  46204

Edward D. D'Arcy, Jr.
Doherty & Program, LLC
8105 Georgia Street
Merrillville, IN  46410

Thomas E. Hastings

STATE OF INDIANA )       HAMILTON COUNTY SUPERIOR COURT
                )SS:     CIVIL DIVISION 2
COUNTY OF HAMILTON )     CAUSE NO.  29D02-1402-CT-1331


SHELLA WILDE, as guardian of          )
TAYLOR BELL,                          )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )
                                      )
NOBLESVILLE POLICE DEPARTMENT, )
HAMILTON COUNTY SHERIFF'S             )
DEPARTMENT, HAMILTON COUNTY           )
PUBLIC SAFETY COMMUNICATIONS          )
CENTER, ASPIRE INDIANA, INC. and      )
CALLNET CALL CENTER SERVICES,         )
INC.,                                 )
                                      )
            Defendants.               )

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS
## TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE


Comes now the Plaintiff, by counsel, Thomas E. Hastings, responds to the Defendants'

objections to plaintiff's Motion for Change of Venue, and in support thereof states as follows:

1.  Defense Counsel has accurately stated that pursuant to Ind. T.R. 76 (A) the change of
    venue cannot be automatically granted because the Hamilton County Defendants, the City
    of Noblesville, the Hamilton County Sheriff and the Hamilton County Public Safety
    Communications Center, are not technically the "County".

2.  The Court has discretion whether to grant a Change of Venue if the Plaintiff "will be
    unlikely to receive a fair trial on account of local prejudice or bias regarding a party…".
    T.R.  76 (A)

3.  As set forth in Plaintiff's Second Amended Complaint, the police shooting of Taylor Bell
    Occurred after the Defendants were notified that Taylor Bell was suicidal and had a "BB
    gun".  There were numerous television news presentations and newspaper articles of the
    Taylor Bell shooting that may prejudice and bias potential jurors.  Copies of relevant
    television, newspaper and internet documents are attached hereto, incorporated herein and
    labeled Exhibits 1-8.

WHEREFORE, the Plaintiff, by counsel, requests the Court to grant the Change of Venue if the Court decides that potential jurors are likely to be prejudiced or biased and grant all other relief just and proper in the premises.

Respectfully Submitted,

Thomas E. Hastings, Esq. (#8354-80)
Attorney for Plaintiff
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204
Telephone: 317.686.1000, ext. 227

## CERTIFICATE OF SERVICE

Kirk A. Horn, Esq.
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN 46032

Matthew L. Hinkle, Esq.
Erika N. Sylvester, Esq.
Coots, Henke & Wheeler
255 East Carmel Drive
Carmel, IN 46032

Mark C. Webb, Esq.
Voyles, Zahn & Paul
141 East Washington Street
Suite 300
Indianapolis, IN 46204

Edward D. D'Arcy, Jr., Esq.
Doherty & Progar, LLC
8105 Georgia Street
Merrillville, IN 46410

Thomas E. Hastings, Esq.

*Exhibit 1*

# 1 critically injured in police action shooting in Noblesville

Suspect was suicidal, disobeyed police

BY: TheIndyChannel.com Staff (mailto:wrtvwebstaff@wrtv.com)
POSTED: 12:43 AM, Jul 21, 2013
UPDATED: 10:59 AM, Jul 22, 2013



Copyright 2013 Scripps Media, Inc. All rights reserved. This material may not be published, broadcast, rewritten, or redistributed.
Taylor Bell

NOBLESVILLE, Ind. - One person was critically injured during a police action shooting in Noblesville late Saturday night, officials said.

The Hamilton County Communications Center received a call shortly after 9:30 p.m. from a man who said he had a gun and was going to point it at officers in a suicide attempt, police said.

Police found the suicidal male suspect in a parking lot of Riverview Hospital in the 300 block of Westfield Road, Lt. Bruce Barnes with the Noblesville Police Department confirmed.

The man was later identified as Taylor Bell, 27.

Police said a negotiator was talking to Bell when he took a pistol from his waistband and started waving it at the ground.

Officers then fired bean bag rounds at Bell to subdue him, police said.

When Bell tried to flee the scene, officers used stun guns to try to stop him, but they were ineffective, police said.

Police said Bell then raised his gun and pointed it at three Noblesville officers, prompting the officers to open fire.

All three officers fired at Bell, and two shots struck him, police said.

Bell was transported to IU Methodist Hospital in critical condition. When police recovered Bell's weapon, they found that it was an airsoft gun.

No police officers were injured in the incident, Barnes said.

The criminal investigation is ongoing.

*Watch RTV6 and refresh this page for updates.*

Copyright 2013 Scripps Media, Inc. All rights reserved. This material may not be published, broadcast, rewritten, or redistributed.

Print this article

*Exhibit 2*



# Man in critical condition after Noblesville police action shooting

Updated: Jul 15, 2014 2:00 PM EDT

NOBLESVILLE, Ind. - A 27-year-old Hamilton County man remains in critical condition Monday after being shot by police Saturday night.

Noblesville Police were called to the parking lot of Riverview Hospital at around 9:36 pm on Saturday, July 20th, after a man later identified as Taylor Bell called to say he had a gun and was going to set himself up to be killed by police officers by pointing a gun at them.

Officers found Bell at around 10:00 am and began negotiating with him. While talking with officers, Bell took a pistol out of his waistband and was waving it at the ground.

Noblesville Police officers shot bean bag rounds to control Bell. At around 10:30 pm, Bell tried to flee, and two officers deployed stun guns which were not effective. Police say Bell raised his weapon and pointed it at officers on the perimeter. The three officers each fired one round from their patrol rifles, striking Bell twice.

Officers administered first aid to Bell until medics arrived. Bell was then taken to Methodist Hospital in Indianapolis where he remains in critical condition.

Bell's weapon turned out to be a Beretta airsoft gun.

Once the investigation is complete, it will be turned over to the Hamilton County prosecutor.

---



MEMBER CENTER: Create Account | Log In

About | Contact Us    Programming    Contests    Photo Gallery    Employment
Links to the FCC website to view WTHR and/or WALV's on-line public inspection files:
WTHR: https://stations.fcc.gov/station-profile/WTHR || WALV: https://stations.fcc.gov/station-profile/WALV
Individuals with disabilities may contact Jill Pursell at publicfile@wthr.com, or 317.655.5602, for assistance with access to the public inspection files.

All content © Copyright 2000 - 2014 WorldNow and WTHR. All Rights Reserved. For more information on this site, please read our Privacy Policy and Terms of Service.

Exhibit 3

Building Safer Communities Together     Registered Subscribers: **Sign In Here**      Sign up with Facebook

Receive alerts from your local agencies **Sign Up ▸** ...or text your ZIP CODE to 888777 for mobile alerts not sure how?

**« Back | Full Notification**



### Noblesville Police Department

Monday July 22nd, 2013 :: 11:15 a.m. EDT

Forward 

**Community**   **Update on Police Action Shooting**

Noblesville Police Department Police Action Shooting

Detectives with the Hamilton County Sheriff's Office are continuing their investigation into the police action shooting that occurred on Saturday evening in Noblesville. The initial investigation shows the following:

On July 20, 2013 at approximately 9:36pm, the Hamilton County Communications Center received a call stating that Taylor Bell, a 27 year old male, had called stating he had a gun and was going to set himself up to be killed by the police by pointing the gun at officers. At 9:56pm officers from the Noblesville Police Department located Mr. Bell. A Noblesville Police Department negotiator who was on-duty at the time started negotiations with Mr. Bell. During the negotiations Mr. Bell produced a pistol from his waistline and was waving it at the ground.

Noblesville Police Department officers initially deployed less than lethal bean bag rounds in an attempt to control Mr. Bell. At approximately 10:33, Mr. Bell attempted to flee and two officers deployed Tasers. The Tasers were ineffective. At that time, Mr. Bell raised his weapon and pointed it in the direction of three Noblesville officers who were on the perimeter. The three officers each fired one round from their patrol rifles striking Mr. Bell twice. Officers administered first aid to Mr. Bell until medics arrived on the scene. Bell was then transported to Methodist Hospital in Indianapolis where he remains in critical condition at this time.

Upon recovery of the weapon, it was found to be a Beretta air soft gun.

Once the investigation is complete it will be submitted to Hamilton County Prosecutor Lee Buckingham for review.

**Address/Location**
Noblesville Police Department
135 S 9th St
Noblesville, IN 46060

**Contact**
Emergency: 9-1-1
Non-emergencies: 317-776-6340



**More Messages**

**See more messages from Noblesville, Indiana »**

**Navigate & Discover**

Enter a town, zip code or address

 Add a comment.

☑ Also post on Facebook     Posting as Thomas Hastings (Not you?) **Comment**

Facebook social plugin

For help, reply **HELP** to 888777. To cancel, reply **STOP** to 888777. No charge but Message & Data rates may apply. Message frequency varies.
More info at nixle.com. AT&T, T-Mobile®, Sprint, Verizon Wireless and most other carriers are supported. Contact customer support at support@nixle.com

Company Overview   Support   Press   Contact   Careers   Terms of Service   Privacy Policy   FAQs

*Exhibit 4*

# 1 critically injured in police action shooting in Noblesville

Suspect was suicidal, disobeyed police

**BY:** TheIndyChannel.com Staff (mailto:wrtvwebstaff@wrtv.com)
**POSTED:** 12:43 AM, Jul 21, 2013
**UPDATED:** 10:59 AM, Jul 22, 2013

NOBLESVILLE, Ind. - One person was critically injured during a police action shooting in Noblesville late Saturday night, officials said.

The Hamilton County Communications Center received a call shortly after 9:30 p.m. from a man who said he had a gun and was going to point it at officers in a suicide attempt, police said.

Police found the suicidal male suspect in a parking lot of Riverview Hospital in the 300 block of Westfield Road, Lt. Bruce Barnes with the Noblesville Police Department confirmed.

The man was later identified as Taylor Bell, 27.

Police said a negotiator was talking to Bell when he took a pistol from his waistband and started waving it at the ground.

Officers then fired bean bag rounds at Bell to subdue him, police said.

When Bell tried to flee the scene, officers used stun guns to try to stop him, but they were ineffective, police said.

Police said Bell then raised his gun and pointed it at three Noblesville officers, prompting the officers to open fire.

All three officers fired at Bell, and two shots struck him, police said.

Bell was transported to IU Methodist Hospital in critical condition. When police recovered Bell's weapon, they found that it was an airsoft gun.

No police officers were injured in the incident, Barnes said.

The criminal investigation is ongoing.

*Watch RTV6 and refresh this page for updates.*

Copyright 2013 Scripps Media, Inc. All rights reserved. This material may not be published, broadcast, rewritten, or redistributed.

Print this article

JOBS  CARS  HOMES  APARTMENTS  CLASSIFIEDS  SHOPPING

LOG IN  SUBSCRIBE  ACTIVATE  E-NEWSPAPER  HELP

| News | Sports | Business | Life | Things to Do | Opinion | Obituaries |

FEATURED:  Pat McAfee Show  RetroIndy  Staff Blogs  Falcon Cams  Our Children, Our City

Find what you are looking for ...    SEARCH



ADVERTISEMENT

# Officials: Suicidal Noblesville man wanted police to shoot him

5:15 PM Jul 22 2013

Recommend    33 people recommend this. Be the first of your friends.

Recommend   33       Tweet   2       0       A A

Written by
Brian Wilson

FILED UNDER

Indianapolis News

Noblesville police shot and injured a suicidal man after he told them he would give them no other choice, according to new information released Monday from the Hamilton County Sheriff's Office.

Armed with what only later was discovered to be an air pistol, 27-year-old Taylor Bell of Noblesville repeatedly waved the gun at police after they tried to negotiate Saturday night in the parking lot of Riverview Hospital. When he wouldn't drop his weapon after being hit with electric shocks, officers shot him twice around 10:30 p.m.

Bell was sent to Methodist Hospital, where he was in critical ...

**CONTINUE READING IN OUR PAID ARCHIVE**



mazda

2013 Mazda 3

$4500 OFF
OR
$2000 OFF &
0% for
72 months

Tom Roush

US 31 & 169TH STREET • WESTFIELD, IN 46074
800.891.6205 • WWW.TOMROUSH.COM

ADVERTISEMENT

TOP VIDEO PICKS



Peyton Manning signs pregame autographs



Man shoots wife while confronting ex-wife's bo...



Police kill suspect during drug raid

YOU MIGHT BE INTERESTED IN

Ticket prices for Colts-Manning game have dipped since…

Indianapolis police identify 55-year-old killed in…

1 killed, 3 hurt in car-truck crash at 46th Street…

Dead animals found in Lawrence shelter; manager fired

Toddler at Carmel day care died long before 911 call…

LG LRE3023ST (Oven Info)

SPONSORED LINKS

Mother Of Twisted Killer Scott Peterson Dies… WITHOUT…
(Radar Online)

Nicole Kidman's Intimate Photo
(Hollyscoop)

Vitamin D Affects Genes for Cancer, Autoimmune Diseases
(Health Central)

Coroner: Student bled to death in dorm room after… (ArcaMax)

Johnny Manziel and His Girlfriend In 10 Great Photos
(Roto Sports)

Why Is Social Security Stockpiling Bullets? (AARP.org)

[?]

SPONSORED LINKS

  

How To Treat Psoriasis

Most Popular    Most Commented    More Headlines

1   Indiana University East volleyball coach placed on paid leave after player allegations

2   IndyCar's JR Hildebrand foils robbery after fake gun suspicions

3   Woman shot at Northside home, bandits steal 3 vehicles

4   Bob & Tom sign with new syndication company, will stay put at Q95

5

*Exhibit 6*

Home | News | Contact Us | Subscribe | Advertise | Classifieds





### Serving Noblesville & Hamilton County

home : wedding announcement : local news          Share          August 17, 2014

Subscription Login
LOGIN | SUBSCRIBE

Home

Find us on
Facebook

News
Sports
Obituaries
Opinion Page
Columnists
E-Edition
Photo Galleries
Calendar
Traffic Cams
Community
Classifieds
Notices
Closings
Life
Extras
Webcasts
Today's Classifieds
Links
The Times Video
Police Blotter
Faith
Puzzles

7/23/2013 10:52:00 PM

## Police looking for witnesses

**The Times**

The Hamilton County Sheriff's office is looking for anyone who may have witnessed the incident Saturday night that led police to shoot a man in the parking lot of Riverview Hospital.

"According to witnesses already interviewed, a black Mitsubishi Eclipse convertible and a white 4-door, possibly Ford, sedan were seen at the location and may have witnessed the incident," Hamilton County Sheriff Deputy Bryant Orem said in a news release. "The vehicles were located in the east parking lot of Riverview Hospital near the surgery center."

Noblesville Police responded to a call from a suicidal man, later identified as Taylor Bell, 27. Bell told dispatchers that he had a gun and was going to set himself up to be killed by the police by pointing the gun at officers. A Noblesville Police Department negotiator who was on-duty at the time started negotiations with Bell. During the negotiations, Bell produced a pistol from his waistline and was waving it at the ground.

According to Hamilton County Deputy Bryant Orem, officers tried to use less-than-lethal bean bag rounds on Bell. At approximately 10:33 p.m., Bell attempted to flee and two officers deployed Tasers. The Tasers were in effective. At that time, Bell raised his weapon and pointed it in the direction of three Noblesville officers who were on the perimeter. The three officers each fired one round from their patrol rifles striking Bell twice. Officers administered first aid to Bell until medics arrived on the scene. Bell was then transported to Methodist Hospital in Indianapolis where he remains in critical condition.

Upon recovery of the weapon, it was found to be a Beretta air soft gun.

Sheriff's Office investigators are requesting anyone who witnessed the shooting or actions leading up to the shooting to contact them at 776-9887.

Ask an Expert

**ASK AN EXPERT SPOT CAN BE YOURS!**
The Times
Expertise:
Hamilton County's
Only Local Online
News Source
641 Westfield Rd.,
Noblesville, IN
46060
317.770.7777
TheTimes24-7.Com

### Article Comment Submission Form

Please feel free to submit your comments.

Article comments are not posted immediately to the Web site. Each submission must be approved by the Web site editor, who may edit content for appropriateness. There may be a delay of 24-48 hours for any submission while the web site editor reviews and approves it.

**Note:** All information on this form is required. Your telephone number is for our use only, and will not be attached to your comment.

### Submit an Article Comment

First Name:
Required

Last Name:
Required

Telephone:
Required

Email:
Required

Comment:
Required

Passcode:
Required                3V6CML          Click here to see a new mix of characters.

*Exhibit 7*

HOME PAGE
READ ONLINE
COMMUNITY
COVER STORIES
VIEWS
OTHER
ABOUT US




Orthopedics & Spo

COMMUNITY          ☁ 1          FOLLOW:           

# Police shoot suicidal suspect

BY ROBERT HERRINGTON · JULY 30, 2013



SHARE

1

🐦

1

f

0

## Shocking French Video

If you don't know French, you've got to see this brilliant video before it's gone!

You'll be absolutely blown away after!

Watch Video

Noblesville Police Officers are highly trained in dealing with emotionally disturbed people, and it seems those skills are being called into play more and more.

On July 20, after less drastic means were unsuccessful, Noblesville police officers shot and wounded an apparent suicidal man near Riverview Hospital, at 395 Westfield Rd. At press time, the suspect, Taylor Bell, 27, remained in critical condition in Methodist Hospital where he was taken



0



1 Rule of a flat stomach:
Cut down a bit of stomach fat every day by using this 1 weird old tip. ▶ Tip

**These Foods Kill Your Brain**



**Shocking video reveals NASA doctor's secret for improving brain health and what Big Pharma doesn't want you to know.** [video]

after the
shooting.

According to
Sheriff Deputy
Bryant Orem, the
Hamilton County
Communications
Center received a
call at 9:36 p.m.
from Bell who
was claiming he
had a gun and
was going to set
himself up to be
killed by the
police by pointing
the gun at
officers. At 9:56
p.m., officers
located Bell, and
an NPD
negotiator
started
communications
with him.

"During the
negotiations, Mr.
Bell produced a
pistol from his
waistline and

Police shoot suicidal suspect - Current in Noblesville
Page 4 of 2
Case 1:15-cv-01051-JMS-TAB   Document 1-1   Filed 07/06/15   Page 293 of 368 PageID #: 296

was waving it at
the ground,"
Orem said.
"Noblesville
Police Dept.
officers initially
deployed less
than lethal bean
bag rounds in an
attempt to
control Mr. Bell."

Around 10:33
p.m., Bell
attempted to flee
and two officers
deployed tasers
which were
ineffective. At
that time, Bell
raised his
weapon and
pointed it in the
direction of three
nearby
Noblesville
officers.

"The three
officers each
fired one round
from their patrol

rifles striking Mr. Bell twice. Officers administered first aid to Mr. Bell until medics arrived on the scene," Orem said.

As is often the practice with police action shootings, Noblesville Police Chief Kevin Jowitt requested a different agency investigate the incident and turned control over to the Hamilton County Sheriff's Office. While it is becoming a national phenomenon, Jowitt said this was the first incident of a person

attempting
"suicide by
police" in recent
memory.



*A Beretta air soft gun*
*was recovered at the*
*scene and displayed by*
*the suspect.*

"Our officers get
a pretty
significant
amount of
training on
various aspects
of emotionally
disturbed
people," Jowitt
said, adding that
the
disappearance of
state mental
health facilities
means law
enforcement is
dealing with
more mental and

emotionally
disturbed people.
"Suicidal and
attempting
suicide calls are
not as
infrequent. We've
had far more
situations with
mentally or
emotionally
disrupted people
than we used to."

Jowitt could not
comment on the
current
investigation but
said NPD officers
are trained to
deal with
unsettled
suspects.

"We always try
to resolve any
situation without
having to resort
to force. When
we do, we use
the minimal
amount of force.

All officers have
multiple options
others than
firearms," he
said.

With any horrific
event officers are
involved with,
Jowitt said the
department's
critical incident
team
immediately
comes out and
talks to officers.
With police
action shootings,
the critical
incident team is
debriefed and
officers are
required to visit
with a
psychologist. He
added that
officer's spouses
also are provided
with a counselor
if needed.

Bell's weapon recovered at the scene was a Beretta air soft gun. Jowitt said these look-alike weapons are "virtually not distinguishable" as fakes from a distance.

"You're not able to tell they are not real. It looks like a compact Beretta," he said. "There's nothing about that weapon you couldn't tell without a close exam what it was."

Jowitt said the popularity of air soft and pellet guns are the cause for more phone calls from concerned

residents about weapons being out in the public.

"It happens more than a little bit," he said. "Officers have to assume it is a firearm until proven otherwise."

Tags:    featured



**Robert Herrington**

Managing editor of Current in Noblesville. A 1999 graduate of Noblesville High School, Herrington has been covering Noblesville and Hamilton County as a journalist since 2004. The military brat lived all over the east coast before calling Noblesville home since 1994. He and his wife, Maggie, live in the

community with
their baby
daughter (and
youngest Boston
Red Sox fan),
Caroline. From
school board to
common council
meetings, First
Friday events and
summer concerts
in the city parks,
Herrington loves
to attend and
cover all that
Noblesville has to
offer.

PREVIOUS
STORY

Boudia
repeats
at
World
Championships

NEXT
STORY

Hamilton
County
4-H
Fair

## 👍 YOU MAY ALSO LIKE...





💬 0



Interse
ctions
reopen,

Gov.
Pence
signs
FFA

Obituar
y:
Nancy

| road closes | Week procla | Ann Shubert |
| --- | --- | --- |
| 29 OCT, 2013 | mation | 6 MAY, 2014 |
| | 18 FEB, 2013 | |

Current in Carmel
Current in Westfield
Current in Fishers
Current in Zionsville
Current Night & Day



# Suicide By Cop

Not that there is a lack of ironies when it comes to police interactions with the public, but few are more inane than the handling of a call for a potentially suicidal person. By definition, this is a person who courts death, and the reason for the call to police is to stop him from doing so.

Does this elude the officers, or does the First Rule of Policing trump reason? From the IndyStar:

> Noblesville police shot and injured a 27-year old man in a parking lot at Riverview Hospital on Saturday night, but details of what led to the shooting are still unclear. [T][he incident began when police were called to the hospital to assist with a person who they believe was suicidal. Officers encountered the man in a parking lot on the east side of the hospital.

There would seem to be a few things cops would realize from the start. First, that a suicidal guy isn't going to be compliant. Second, that a suicidal guy isn't going to be rational. Third, that a suicidal guy wants to die. These are the hallmarks of people who are suicidal. So what do the Noblesville police do?

> According to a statement, the officers attempted to use "less than lethal munitions" on the man, but the maneuver was ineffective and the man disobeyed the officers' verbal commands..

There is no explanation of what "less than lethal" force was used or why it was "ineffective." Indeed, there is no explanation of why any force was used, as the closest the story comes to providing any "wrong" is that the man "disobeyed" commands.

So? He's suicidal, not vying for the local PBA citizenship award. What did you expect?

> The officers, then "perceived a threat" from the man, according to the police statement, and shot him twice.

Whenever crafty yet meaningless language like this is used, "perceived a threat," it's invariably to mask the absence of anything remotely factual. Perhaps it morphs into a "fighting stance" claim, or "threatening stare," the sorts of unprovable contentions used to justify *post hoc* conduct.

Spokesmen for the police department and sheriff's office could not confirm whether the man had a weapon, whether the non-lethal munitions mentioned by police was a Taser or what actions by the man may have caused the officers to perceive a threat.

But this is the kicker, when spokesmen "could not confirm" whether the person just shot by cops was armed. If he has so much as a bottle cap that could have taken out an officer's eye, they would not only have known that, but made absolutely sure that everyone realized that this guy was about to take down a hero.

Never, but never, does a spokesmen not know whether a person just shot by cops was armed. And if he had every gotten a ticket for violent jaywalking, you can bet he would know that as well.

So assuming, *arguendo*, that the officers confronted an unarmed, suicidal, non-compliant man in a hospital parking lot, one might expect them to be trained in the handling of such a situation. So they shoot?

Despite two shots, the man apparently survived, to be taken to another hospital about a half hour away, though the hospital to which he was taken had the appropriate trauma center. Was this a matter of the shooting cop being a good marksman or bad?

Police officers are trained that if they have the authority to use lethal force, they use it to kill. Despite aficionados of Roy Rogers' movies, police do not shoot to cripple. They shoot to kill, suggesting that on top of everything else, the Noblesville officer who fired was in need of some quality time at the range as well.

Did it occur to the officers that the entire point of being called to assist a suicidal man isn't to perform the act for him, but to prevent the act from occurring? If somebody wants to die, does this mean the easiest way is to call the cops and, upon their arrival, take a "fighting stance?"

One of the growing concerns is that seeking the assistance of police for someone in distress, whether victim, complainant or, as in this case, potential suicide, is the surest route to things ending badly.  As much as I try, on occasion, to distinguish the harm they do from the necessity of having police as a means of protecting and serving, it's stories like this that leave me with the sense that not only are we left without anyone to protect us from potential harm, but that calling the police is akin to rolling the dice as to whether someone will be saved or end up dead.

This wasn't a confused situation, with life-threatening possibilities and police called upon to make snap-judgments in the face of impending doom. That the guy survived is pure luck that the officers who arrives couldn't shoot straight. The situation doesn't get much clearer, simpler. And yet they shot the suicidal guy anyway.  There is no rational explanation for it, and it serves to remind us that calling the police for help is a crap shoot.

This entry was posted in Uncategorized on July 23, 2013
[http://blog.simplejustice.us/2013/07/23/suicide-by-cop/] by SHG.

29 comments on "Suicide By Cop"

Paul B.

July 23, 2013 at 10:32 am

The police are there to arrest people and gather evidence of a crime. Expecting them to help and support people in distress is ridiculous. I tell people that there is no reason to call police unless the situation is so extreme that their presence could not possibly make the situation worse.

Unfortunately for suicide calls, accidents etc. it's become common for police to accompany ambulances and fire trucks even when no police assistance is requested by the 911 caller. This results in a lot of arrests for "disorderly conduct" (of people who are understandably upset and agitated), lots of arrests for that joint or bong that was in "plain view," as well as serious injury or death to emotionally disturbed persons.

**SHG** | Post author |

July 23, 2013 at 11:01 am

While your post somewhat mirrors the point of the post, you go too far. By simplistically going straight for polar extremes, you do yourself and anyone reading this a disservice. You are wrong. Every cop isn't evil and dangerous. Cops help and support people every day. Cops also fail to do so. Comments like this just make people stupider. Don't do it.

**Ken Bellone**

July 23, 2013 at 11:49 am

SHG, I suspect the poster wasn't entirely knocking the police, but I have often been perplexed by the need for the police to accompany every fire engine, ambulance etc. These are usually situations fraught with tension/emotion and a "disorderly conduct" charge is far from uncommon. Cops aren't bad, they're people. We all have our days, present company included, but perhaps some unnecessary arrests could be avoided by not escalating tension, but then I'd be arguing that police cause tension, which would be a circular argument....so maybe I'm stupid.

**SHG** | Post author |

July 23, 2013 at 11:57 am

While I tend to post mostly about things that cops do wrong, it's critical that some nuanced understanding exists that cops are people. Cops do good as well as bad. I fail to see anything remotely illuminating by knee-jerk or blind cop hatred. And it may well prove

disastrous to someone who decides not to call a cop when one is needed because of all the scary stories and comments that suggest that cops only do harm.

If people want to hate cops, they can do it elsewhere. Here, my goal is to improve the situation rather than make it stupider.

C. N. Nevets
July 25, 2013 at 8:46 am

As a volunteer EMT, there are few situations that are scarier than responding to a suicidal scene with no police presence. It is impossible to predict the actions of most people in a suicidal state. Many of them are experiencing suicidal ideations but haven't locked in on the intention yet. When that's the case, there's just a s good a chance as they will turn violent toward others. As EMT's, we need to be focused on patient care, and we can't do that if we're too focused on protecting ourselves from the patient.

Bruce Coulson
July 23, 2013 at 12:32 pm

What I find most disturbing about the story is where it took place.
Hospitals encounter a full range of humanity, including those who have mental issues (as well as physical ones). Thye have procedures and training in dealing (at least short term) with such people in a manner that leaves them at least no worse off than they were. And yet, with a problem on their own property, clearly visibile...they simply let the police attempt to handle it. Why?
And why was a shooting victim transported for an hour and half away FROM a hospital? None of this excuses the officer's actions in this matter, but I'd like to know more about the other involved parties.

SHG  Post author
July 23, 2013 at 12:34 pm

I found these gaps problematic as well, but the story was remarkably short on details it should have included.

John Neff
July 23, 2013 at 12:51 pm

When there is a shooting with an injury or fatality there is supposed to be an "independent" investigation and nobody is free to talk until the investigation is completed. I don't think the

investigations are that "independent" and others share my view so any such incident turns into a big damage control problem.

It would help if the investigations were in fact "independent" and the investigators were the sole source of information.

**Eddie Harrington**

July 23, 2013 at 1:52 pm

Apparently he had an air soft gun and pointed it at the cops. At least that's what is being reported here:

http://www.wishtv.com/dpp/news/local/hamilton_county/police-action-shooting-suspect-idd

Link provided only for your perusal as I know it violates the Simple Justice comment policy!

**SHG** | Post author |

July 23, 2013 at 3:48 pm

Normally, I would delete the link, but as it contradicts my argument in the post that if there was a gun, they would have damn well known it and said so immediately, I've decided to leave it in.

> A Noblesville negotiator spoke with Bell who then took a pistol – later identified as a Beretta air soft gun – from his waist and waved it at the ground.

> In an effort to control Bell, officers shot non-lethal bean bag rounds. About 30 minutes later, Bell was hit with a stun gun as he tried to flee from the area, a release said.

> Bell then raised his weapon and pointed it at three Noblesville officers. They each fired one round, which hit Bell twice.

Yet, I find it hard to believe, just as I find it hard, no impossible, to believe that he's waiving the gun at the cops and they then try to tase him. While the report says he had the gun doesn't smell right. Not at all.

**Bruce Coulson**

July 23, 2013 at 2:01 pm

"Officials: Suicidal Noblesville man wanted police to shoot him."

See? The police were engaged in community service!

No? Interesting that the article states that the (unarmed) suicide victim wasn't giving the police 'any other choice' but to shoot him. I guess Noblesville skips all those difficult unarmed training measures for their police. And can't afford tasers. 'Welp, he won't come quietly; guess we'l have to shoot him.'

**SHG** [Post author]

July 23, 2013 at 6:48 pm

They will never get the irony of their reasoning.

ExCop-LawStudent

July 24, 2013 at 1:12 pm

I'm sorry, but I have to disagree with a good part of your post.

According to the linked story, Bell called and said he was going to commit suicide by cop. That is the reason that the police tried less-lethal weapons to begin with. What officers believed was a real pistol was pointed at the ground at the time, not at officers. While one (or several) officers were firing beanbag rounds at Bell to try and incapacitate him, other officers were aiming real firearms at him. You never deploy less-lethal weapons without having cover officers with real, lethal weapons to protect those officers. I am making an assumption that it was 12ga. beanbag rounds, but as that is the standard now in police work, I believe that I'm on reasonably firm ground.

The beanbags failed. It happens. All a beanbag round does is punch you in the chest (or stomach or where-ever). Some people, especially those who are emotionally disturbed or intoxicated, don't react to being hit. The same thing goes with the taser – they don't always work.

Then Bell pointed the airsoft at an officer, and he got shot. It's tragic, but neither the officers or any bystanders in the area wanted to die, and if it were a real gun that could have happened. Officers and others have been shot by suicidal subjects who wanted to insure that they would be killed.

Officers are not trained to shoot to kill, at least not by any decent instructor, they are trained to shoot to stop the threat. It may be semantics, but it is a critical distinction. As an instructor, I taught officers to aim for the center of mass and to fire, assess, and re-engage if necessary until there was no longer a threat. In high stress situations, the accuracy of most officers deteriorate, so you train them to aim at the largest target available to maximize the chance of a hit.

That's not designed to kill the subject, it is designed to stop them. The subject may die, true, but that is not the intent of the training. The officers that had to shoot don't want to shoot, and they have to deal with the repercussions of it for the rest of their life. It affects them and

no officer who has talked to such an officer wants to be in that position. I can think of two officers right off of the top of my head, both suffered from their experience.

I also disagree with you on calling the police on a suicidal subject. In most instances (about 20 to 1 in my experience), you can get a suicidal subject to surrender (or take them into custody without deadly force).

I sorry that I don't know how to explain it better, I know that my words alone can not convey all of what I'm trying to get across here.

**SHG** ⬚ Post author
July 24, 2013 at 1:47 pm

You're allowed to disagree, though you may find that much of our disagreement to less disagreement than experience doing this. My "shoot to kill," for example, is less precise but much shorter than another lengthy explanation of shooting at center mass and meant to distinguish those who argue cops should shoot 'em in the leg. Every post can't be a post-doc dissertation in trivial distinctions. See how long it took you to try to do it, and it was just a tiny piece of the post.

I have no problem, per se, with police coming to either deal with, or assist, a suicide. I have a problem, however, when they substitute force for patience. Now as for the gun, I'm having a real hard time with the guy waving a gun around, even if not pointing it at the officers, while they're shooting bean bags. That's remarkably risky, if not completely foolhearty. After all, it takes only a fraction of a second for a gun in hand to be pointed and fired, and I can't believe that they would let that happen.

But bear in mind, my thoughts were based on the original story, where there was no information about a gun. How likely is it that cops shoot a guy and the spokesman doesn't know whether he's armed? Exactly.

**John Neff**
July 24, 2013 at 2:08 pm

You point about substituting force for patience is on target. I have been informally following use of force incidents for about a dozen years and that is the most significant difference between sucess and failure.

**SHG** ⬚ Post author
July 24, 2013 at 3:33 pm

Back in the old days, before there were "less than lethal weapons" and when the locals knew who the cops were, knew their wives and kids, and the only option was to talk, be

patient, calm the situation down, or shoot at center mass (see? I'm being more precise for you?) and "possibly" kill the person, fewer tragedies happened. That was a good thing.

**John Neff**

July 24, 2013 at 4:21 pm

Today an armed standoff involves disruption of a neighborhood, many officers and huge expenses so there is a lot of pressue to settle the matter quickly. It is not easy to resist that kind of pressure. Most people don't think about what it costs if someone is injured or killed because they forced the issue.

**ExCop-LawStudent**

July 25, 2013 at 1:10 am

Later reports (use "Taylor Bell Noblesville" in Google for the articles) show that the investigation is being conducted by the Sheriff's Office rather than the Noblesville Police, at the PD's request.

It reports that both beanbags and taser were ineffective, and that a negotiator was on the scene for about 30 minutes before the shooting, which was outside in a parking lot.

The report also stated that he waved the gun around pointed down at the ground until just before he was shot, when he raised it and pointed it at the officers.

I don't buy that this was a lack of patience on the part of the PD, the presence of a negotiator indicates that they were prepared to wait him out. Unfortunately, a suicidal subject doesn't always cooperate with you.

I've been on a suicidal person call several times – many times they will wave weapons around but not in the direction of officers. No officer wants to help a suicidal person end their life, and I can easily see them not shooting until they absolutely had to do so. Of course I also have an inherent bias on the matter.

Officers don't always pull the trigger, even when they are justified in doing so. I can think of six different occasions where I could have shot a suspect and being totally justified – but did not. In each of those cases I did not do so and the guy surrendered. In each case I was thankful I did not have to fire.

I would have to have more information before I fault the officers for lack of patience in this case. JMO though.

**SHG** Post author

July 25, 2013 at 5:54 am

Now there was a negotiator on the scene? The later stories have an awful lot of very different info from the story this post was based on. It disturbs me that none of this was "known" at the original story. Some details missing, maybe, but the police spokesman was unaware that he had an gun?

I wonder what new "facts" there will be tomorrow.

Edit: C.N.Nevets provides some explanation for the absurdity of the police spokesman not having minimal information, such as the guy having a gun, in the initial reports, so perhaps my skepticism about the "developing" facts in the subsequent reports isn't due to any post-hoc fabrication, but just basic bad reporting.

**ExCop-LawStudent**

July 25, 2013 at 1:49 pm

You also have to remember that most police chiefs want to approve what is released, and the PIO is usually a talking head, repeating only what the chief feeds him.

**SHG**   Post author

July 25, 2013 at 1:51 pm

Meh. He's talking to the press already, cops shot a guy, and he holds back the fact that the guy had a gun? Nah.

If he's talking, this is the first thing out of his mouth.

Bruce Coulson

July 24, 2013 at 3:02 pm

Re 'force for patience'; my source/good friend who is now retired got reprimanded for disarming a knife-wielding subject, because he risked injury to himself in doing so. (This later backfired, when the department wished to discipline/terminate an officer for shooting someone with a knife to avoid public furore. The letter reprimanding an officer for failing to shoot proved to be a liability…)

George B

July 24, 2013 at 8:54 pm

> force for patience

Yep. But patience is OT! And we're all geared up and ready to go NOW…..

Everyone recall not the Waco debacle, but rather the Montana Freemen [I think that's the name] standoff after it? With the Waco holocaust still in the public eye, the FBI just waited out the Freeman…. and yep, they surrendered eventually. I think it was 2 months in.

I only wish such patience was still practiced.

**David Park**
July 25, 2013 at 1:05 am

I think the distinction between shoot to kill and shoot, reassess, or whatever is important. Soldiers shoot to kill. A Soldier absolutely does not shoot at something (on duty) unless he means to kill it, and it is absolutely acceptable (and expected) to continue firing until "cease fire" is called. It's a completely different mindset, with different weaponry, clothing, and Rules of Engagement. I think that is part of Randy Balko's continually reiterated point about letting (and encouraging) police officers to dress up like Soldiers. I could go on and on, but I just wanted to chip in my anecdote to offer some insight from another point of view on ExCop's point.

I do see what you mean about the propriety of calling police to deal with suicidal people. It seems that suicidal and criminal behavior occasionally intersect, though.

**C. N. Nevets**
July 25, 2013 at 8:58 am

I live within an hour of Noblesville, and as strange as the late-coming details seem, I can tell you that they're also pretty par for the course in criminal news reporting in East Central Indiana. There's a rush to get a few reports out right away, generally with few details and a leapt-to conclusion, and then slowly, over the period of two or three weeks, more facts emerge. I would be more suspicious of it if I hadn't seen it happen as many times as I have with as wide a variety of criminal subjects. That's not to say that I'm taking everything that's coming out late for granted as fact, just that I'm not automatically suspicious of it.

The thing that probably bothers me the most is how little buzz this story's getting in the region. It's still out there. The press is reporting on it. But people aren't talking about. They just don't care all that much. The first report we heard on the radio started out with, "Man shot in Noblesville by police was attempting suicide-by-cop." My wife said, "So he got what he wanted?" We were confused and concerned. When we saw each other again later that day, we both reported that no one else in our offices had even really noticed the story.

**SHG** [Post author]
July 25, 2013 at 9:17 am

If that's the case, then it provides some explanation for the absurd lack of information by the police spokesman about the guy having a gun in the initial reports. Perhaps my skepticism about it was off target, though I still find it unimaginable that the initial reports didn't include the most basic information to justify the shooting.

**C. N. Nevets**

July 25, 2013 at 9:20 am

If I didn't live here I couldn't imagine it either. We have some decent media outlets and a few really good reporters, but crime reporting here has been abysmal as long as I remember. The initial reports are basically just slightly more elaborate variations on the police blotter.

Pingback: Suicide By Cop: When Stupid Prevails | Simple Justice

Pingback: Be Thankful To Live In St. John Parish | Simple Justice

Comments are closed.

STATE OF INDIANA )     HAMILTON COUNTY SUPERIOR COURT
                      )SS:   CIVIL DIVISION 2
COUNTY OF HAMILTON )     CAUSE NO. 29D02-1402-CT-1331

SHELLA WILDE, as Guardian          )
of TAYLOR BELL,                    )
                                   )
            Plaintiff,             )
                                   )
vs.                                )
                                   )
CITY OF NOBLESVILLE,               )
HAMILTON COUNTY SHERIFF,           )
HAMILTON COUNTY PUBLIC SAFETY )
COMMUNICATIONS CENTER,             )
ASPIRE INDIANA, INC. and           )
CALLNET CALL CENTER SERVICES,      )
INC.                               )
                                   )
            Defendants.            )

**FILED**

**JUN 11 2014**

_Rock Beane_
CLERK OF THE
HAMILTON SUPERIOR COURT

## PLAINTIFF'S SECOND AMENDED
## COMPLAINT FOR DAMAGES

Taylor Bell, through his Guardian Shella Wilde, by counsel, Thomas E. Hastings, files

his Second Amended Complaint for Damages and alleges as follows:

1.      At all times relevant herein, Taylor Bell (hereinafter referred to as "Bell") was a

resident of Hamilton County, Indiana.

2.      At all times relevant herein, the City of Noblesville was the controlling entity of

its law enforcement agency, the Noblesville Police Department (hereinafter "NPD").

3.      At all times relevant herein, the Hamilton County Sheriff was the in command

control of the Hamilton County Sheriff's Department.

4.      At all times relevant here the Hamilton County Public Safety Communications Center (hereinafter referred to as "HCPSC") was the dispatch service for emergency runs to the HCSD and NPD.

5.      At all times herein Aspire Indiana, Inc. (hereinafter referred to as "Aspire") was a corporation authorized to do business in the State of Indiana.

6.      At all times herein CallNet Call Center Services, Inc. (hereinafter referred to as "CallNet") was the contractor that answered the crisis line for Aspire.

7.      On or about July 20, 2103, Bell made a call to the Aspire crisis hot line seeking help for thoughts of suicide, which call was answered by a CallNet operator.  During that call, Bell informed the operator that he was going to commit suicide and stated "you have 5 minutes to talk me out of this."  Although Bell continued to speak to and ask questions of the CallNet Operator, the CallNet operator never inform the caller that he was not a professional capable of handling a suicidal threat and it was not until 4 minutes and 30 seconds into the call that CallNet informed Bell that he would be transferred to a professional for assistance.

8.      On or about July 20, 2013, Thomas Harris, MS, an Aspire employee, spoke with Bell about this thoughts of suicide after he Bell was transferred to him through Aspire's Crisis Hotline contractor, CallNet, which was several minutes after Bell made his initial call to Aspire for crisis and suicide intervention.  Bell informed him that he had a "BB gun," and that he had no intention of hurting anyone but himself.

9.      During the call between Bell and Thomas Harris, MS, Harris requested permission from Bell to call 911, which is operated by HCPSC, for intervention and Bell gave his approval.

10.     On or about July 20, 2013, Thomas Harris, MS, contacted NPD and advised them that Bell "had a gun," but did not state to the Hamilton County 911 Dispatcher that Bell did not possess a real gun.

11.     Because Thomas Harris, MS in the course of his employment with Aspire, did not notify the Hamilton County 911 Dispatcher that Bell had a "BB gun" or that Bell did not have a real gun, the 911 Dispatcher was unable to notify NPD or HCSD that Bell did not have a real gun.

12.     Aspire employee, Thomas Harris, MS's failure to notify the 911 Dispatcher that Bell did not have a real gun was a proximate cause of the shooting of Bell by the NPD or HCSD.

13.     On or about July 20, 2013, Bell communicated several times with a "negotiator" for NPD and/or HCSD, who communicated with him via cell phone.  Bell also informed the "negotiator" that he was carrying a BB gun, not a real gun.

14.     On or about July 20, 2013, the NPD officers  and HCSD deputies surrounded Bell in a parking lot at located at 395 Westfield Road in Noblesville, Indiana and utilizing excessive force, shot Taylor Bell multiple times, causing permanent bodily injury and damages.

15.     As a result of the negligence of the Defendants, HCPSC, NPD, HCSD, Aspire and CallNet,  Bell sustained permanent bodily injury and damages, including but not limited to, medical expenses and lost wages in the approximate amount of Two Million Dollars ($2,000,000.00), pain and suffering, permanent impairment, future medical expenses and future lost wages.

WHEREFORE, Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, requests the Court enter judgment for Plaintiff Taylor Bell and against Defendants, and each of them, in an amount

Thomas E. Hastings

STATE OF INDIANA          )        HAMILTON COUNTY SUPERIOR COURT
                          )SS:     CIVIL DIVISION 2
COUNTY OF HAMILTON        )        CAUSE NO. 29D02-1402-CT-1331


TAYLOR BELL,                          )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )
                                      )
NOBLESVILLE POLICE DEPARTMENT,        )
HAMILTON COUNTY SHERIFF'S             )
DEPARTMENT, HAMILTON COUNTY           )
PUBLIC SAFETY COMMUNICATIONS          )
CENTER, ASPIRE INDIANA, INC. and      )
CALLNET CALL CENTER SERVICES,         )
INC.                                  )
                                      )
            Defendants.               )

## PLAINTIFF'S AMENDED
## COMPLAINT FOR DAMAGES

Taylor Bell, by counsel, Thomas E. Hastings, files his Amended Complaint for Damages and alleges as follows:

1.      As of the date of this filing, no Defendant has filed a responsive pleading, and the Plaintiff may amend his pleading as a matter of course.  Ind. Trial R. 15(A); *Comer v. Gohil*, 664 N.E.2d 389, 393 (Ind. Ct. App. 1996) ("motion to dismiss does not qualify as responsive pleading for purposes of trial rule).

2.      At all times relevant herein, Taylor Bell (hereinafter referred to as "Bell") was a resident of Hamilton County, Indiana.

3.      At all times relevant herein, the Noblesville Police Department (hereinafter "NPD") was a law enforcement agency in the city of Noblesville, Hamilton County, Indiana.

4.      At all times relevant herein, the Hamilton County Sheriff's Department (hereinafter referred to as "HCSD") was a law enforcement agency in the city of Noblesville, Hamilton County, Indiana.

5.      At all times relevant here the Hamilton County Public Safety Communications Center (hereinafter referred to as "HCPSC") was the dispatch service for emergency runs to the HCSD and NPD.

6.      At all times herein Aspire Indiana, Inc. (hereinafter referred to as "Aspire") was a corporation authorized to do business in the State of Indiana.

7.      At all times herein CallNet Call Center Services, Inc. (hereinafter referred to as "CallNet") was the contractor that answered the crisis line for Aspire.

8.      On or about July 20, 2103, Bell made a call to the Aspire crisis hot line seeking help for thoughts of suicide, which call was answered by CallNet.

9.      On or about July 20, 2013, Thomas Harris, MS, an Aspire employee, spoke with Bell about this thoughts of suicide.  Bell informed him that he had a "BB gun," and that he had no intention of hurting anyone but himself.

10.     During the call between Bell and Thomas Harris, MS, Harris requested permission from Bell to call 911, which is operated by HCPSC, for intervention and Bell gave his approval.

11.     On or about July 20, 2013, Thomas Harris, MS, contacted NPD and advised them that Bell "had a gun," but did not state to the Hamilton County 911 Dispatcher that Bell did not possess a real gun.

12.     Because Thomas Harris, MS in the course of his employment with Aspire, did not notify the Hamilton County 911 Dispatcher that Bell had a "BB gun" or that Bell did not have a

real gun, the 911 Dispatcher was unable to notify NPD or HCSD that Bell did not have a real gun.

13.     Aspire employee, Thomas Harris, MS's failure to notify the 911 Dispatcher that Bell did not have a real gun was a proximate cause of the shooting of Bell by the NPD or HCSD.

14.     On or about July 20, 2013, Bell communicated several times with a "negotiator" for NPD and/or HCSD, who communicated with him via cell phone.  Bell also informed the "negotiator" that he was carrying a BB gun, not a real gun.

15.     On or about July 20, 2013, the NPD officers  and HCSD deputies surrounded Bell in a parking lot at located at 395 Westfield Road in Noblesville, Indiana and utilizing excessive force, shot Taylor Bell multiple times, causing permanent bodily injury and damages.

16.     As a result of the negligence of the Defendants, HCPSC, NPD, HCSD, Aspire and CallNet,  Bell sustained permanent bodily injury and damages, including but not limited to, medical expenses and lost wages in the approximate amount of Two Million Dollars ($2,000,000.00), pain and suffering, permanent impairment, future medical expenses and future lost wages.

WHEREFORE, Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, requests the Court enter judgment for Plaintiff Taylor Bell and against Defendants, and each of them, in an amount to be determined by the trier-of- fact at the trial of this cause and for all other relief just and proper in the premises.

Respectfully submitted,

Thomas E. Hastings (#8334-80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000, ext 227

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this _20th_ day of March, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN  46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN  46204

Edward D. D'Arcy, Jr.
Doherty & Progar, LLC
8105 Georgia Street
Merrillville, IN  46410

Thomas E. Hastings

-4-

| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
|  | )SS: | CIVIL DIVISION 2 |
| COUNTY OF HAMILTON | ) | CAUSE NO.  29D02-1402-CT-1331 |

|  |  |
|---|---|
| TAYLOR BELL, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| NOBLESVILLE POLICE DEPARTMENT, | ) |
| HAMILTON COUNTY SHERIFF'S | ) |
| DEPARTMENT, HAMILTON COUNTY | ) |
| PUBLIC SAFETY COMMUNICATIONS | ) |
| CENTER, ASPIRE INDIANA, INC.  and | ) |
| CALLNET CALL CENTER SERVICES, | ) |
| INC., | ) |
|  | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT TO ADD ADDITIONAL DEFENDANTS AND
## UPDATE IDENTIFICATION OF PLAINTIFF

Come now the Plaintiff, Taylor Bell, through his Court Appointed Guardian, Shella

Wilde, by counsel, and for their Motion for Leave to File Amended Complaint, pursuant to Trial

Rules 15 and 19, state as follows:

1.      That Plaintiff's Complaint for Damages was filed by Taylor Bell against

Noblesville Police Department and Hamilton County Sheriff's Department, among other

Defendants, on February 13, 2014.

2.      On May 1, 2014, the Hamilton County Superior Court I, appointed Shella Wilde

as the Guardian of the Person and Estate of Taylor Bell, which now requires the Plaintiff's

caption be changed to Shella Wilde, Guardian of Taylor Bell.

3.      That on May 16, 2014, the Hamilton County Sheriff's Department filed a Motion

to Dismiss Plaintiff's Complaint on the foundation that the Hamilton County Sheriff's

Department was not the proper entity to sue, and in response, Plaintiff is requesting leave to add the Hamilton County Sheriff.

4.     In an effort to prevent further amendments, Plaintiff is also requesting leave to add the City of Noblesville as the controlling entity of the Noblesville Police Department.

5.     Counsel for Plaintiff has advised counsel for the Hamilton County Sheriff's Department and the Noblesville Police Department of this Motion to Amend the Complaint and there is no objection.

6.     That the statute of limitations does not expire in this case until July 20, 2015.

7.     Plaintiff requests the Court to grant leave to name Shella Wilde, as Guardian of Taylor Bell, as Plaintiff.  Plaintiff also requests the Court grant leave to name the Hamilton County Sheriff and the City of Noblesville as additional defendants so that Plaintiff may recover damages in the event one of these Defendants is found liable for the injuries and damages sustained by the Taylor Bell.   Both of the City of Noblesville and the Hamilton County Sheriff were appropriately and timely served the statutory Tort Claim Notice that would allow inclusion in this lawsuit.  Copies of the Tort Claim Notice and receipt thereof are attached hereto as Exhibit "A".

8.     Plaintiffs' proposed Amended Complaint is attached hereto and labeled Exhibit "B".

WHEREFORE, the Plaintiff, Taylor Bell, through his Guardian, Shella Wilde, by counsel, Thomas E. Hastings, requests the Court for leave to amend Plaintiff's Complaint, to update the Plaintiff's status and add additional parties, namely, the Hamilton County Sheriff and the City of Noblesville, to this lawsuit and for leave to file a Second Amended Complaint for

2

Damages as attached hereto as Exhibit "B" and for all other relief just and proper in the premises.

Respectfully submitted,

Thomas E. Hastings (8334-80)
THE HASTINGS LAW FIRM
323 North Delaware Street
Indianapolis, IN 46204
(317) 686-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this 30th day of May, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN  46204

Edward D. D'Arcy, Jr.
Doherty & Program, LLC
8105 Georgia Street
Merrillville, IN  46410

Thomas E. Hastings



# THE HASTINGS LAW FIRM

323 North Delaware Street
Indianapolis, Indiana 46204
www.lawindianapolis.com
(Not a Partnership)

Phone (317) 686-1000
Toll Free (866) 686-1101
Fax (317) 685-2330

November 7, 2013

Thomas E. Hastings
Jeff D. Oliphant
Sam D. Krahulik
Nicholas F. Baker

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623797
Indiana Department of Insurance
Political Subdivision Risk Management
311 West Washington Street, Suite 300
Indianapolis, IN 46204-2787

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
0100780000166623803
Kevin Jowitt, Chief
Noblesville Police Department
135 S. 9th Street
Noblesville, IN 46060

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623810
Michael A. Howard
Hamilton County Attorney
694 Logan Street
Noblesville, IN 46060

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623827
The Honorable John Ditslear
Mayor, City of Noblesville
16 S. 10th Street
Noblesville, IN 46060

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623834
Noblesville Common Council
16 S. 10th Street
Noblesville, IN 46060

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623841
Hamilton County Commissioners
1 Hamilton County Square, Suite 157
Noblesville, IN 46060

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623858
Mark Brown, Sheriff
Hamilton County Sheriff's Department
18100 Cumberland Road
Noblesville, IN 46060

*CERTIFIED MAIL - RETURN RECEIPT REQUESTED*
70100780000166623865
Michael Snowden
Executive Director
Hamilton County Public Safety Communications
18100 Cumberland Road
Noblesville, IN 46060

## TORT CLAIM NOTICE

Re:   Our Client:   Taylor Bell
      Date of Accident:   July 20, 2013
      Accident Location:   395 Westfield Road, Noblesville, Indiana



**Taylor Bell Tort Claim Notice**
**Page Two**
**November 7, 2013**

_____

Taylor Bell, by counsel, Thomas E. Hastings, hereby files this *Notice of Tort Claim* with the Noblesville Police Department, the Hamilton County Sheriff's Department and other interested parties.

The named individual, through counsel, herein provides the following as a short, plain statement of the facts on which he bases his claim.

On July 20, 2013, Taylor Bell, who suffers from a documented mental illness, called the Aspire Hotline to report a desire to commit suicide. Aspire then contacted the Noblesville Police Department and/or the Hamilton County Sheriff's Department and gave them the cell phone number of Taylor Bell who was then called by a crisis negotiator.

Taylor Bell communicated with the negotiator by cell phone for some time and the negotiator eventually found him in a parking lot in the area of 395 Westfield Road in Noblesville, Indiana. At the time, Taylor Bell was carrying a Beretta Airsoft pistol in the front of his pants and informed the negotiator repeatedly during telephone conversation that the gun was *not* real.

At some point during their telephone conversation the negotiator and Taylor Bell were surrounded by several law enforcement vehicles. Officers exited their vehicles, positioned into formation and drew AR-15 rifles, all of which were pointed at Taylor.

Taylor, still speaking with the negotiator, informed him that he was not going to go through with the suicide and that he wanted to surrender. With all of the lights from the police and/or sheriff department cars pointed on him, Taylor Bell removed the gun from the front of his pants, and keeping his hand on the barrel with his arm stretched out to his side, made the statement, "I am going to hand you my weapon" and then he was shot simultaneously by three officers with A-15 rifles, in spite of the fact that he had informed the negotiator that the gun was not real and he was going to surrender. Taylor was approximately 3 meters away from the officers when the shooting occurred.

Because Taylor Bell nor his counsel have a copy of the police and/or sheriff's report and follow-up investigation to determine all agencies involved in the crisis intervention and the shooting, and it is reported that the Hamilton County Sheriff's office performed an investigation into this incident, the Noblesville Police Department, Hamilton County Sheriff's Department, and other interested parties are receiving notice of this Tort Claim.

Taylor Bell is still hospitalized for his injuries. Medical bills to date are in excess of $700,000 and demand is therefore made in the amount of $700,000.00.

**Taylor Bell Tort Claim Notice**
**Page Three**
**November 7, 2013**

_____

Taylor Bell, through his counsel, requests that you advise in writing of your approval or denial of this claim within ninety (90) days from receipt of this notice.

Sincerely yours,

Thomas E. Hastings

TEH/sl

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Honorable John Ditslear
Mayor, City of Noblesville
16 S. 10th Street
Noblesville, IN  46060

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)    7010 0780 0001 6662 3827

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark Brown, Sheriff
Hamilton County Sheriff's Department
18100 Cumberland Road
Noblesville, IN  46060

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Noblesville Common Council
16 S. 10th Street
Noblesville, IN  46060

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)    7010 0780 0001 6662 3834

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1

STATE OF INDIANA  )   HAMILTON COUNTY SUPERIOR COURT
         )SS:  CIVIL DIVISION 2
COUNTY OF HAMILTON )   CAUSE NO. 29D02-1402-CT-1331


SHELLA WILDE, as Guardian    )
of TAYLOR BELL,       )
              )
    Plaintiff,     )
              )
vs.            )
              )
CITY OF NOBLESVILLE,    )
HAMILTON COUNTY SHERIFF,  )
HAMILTON COUNTY PUBLIC SAFETY )
COMMUNICATIONS CENTER,   )
ASPIRE INDIANA, INC. and    )
CALLNET CALL CENTER SERVICES, )
INC.            )
              )
    Defendants.    )

### PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

Taylor Bell, through his Guardian Shella Wilde, by counsel, Thomas E. Hastings, files his Second Amended Complaint for Damages and alleges as follows:

1.  At all times relevant herein, Taylor Bell (hereinafter referred to as "Bell") was a resident of Hamilton County, Indiana.

2.  At all times relevant herein, the City of Noblesville was the controlling entity of its law enforcement agency, the Noblesville Police Department (hereinafter "NPD").

3.  At all times relevant herein, the Hamilton County Sheriff was the in command control of the Hamilton County Sheriff's Department.


PLAINTIFF'S EXHIBIT B

4.     At all times relevant here the Hamilton County Public Safety Communications Center (hereinafter referred to as "HCPSC") was the dispatch service for emergency runs to the HCSD and NPD.

5.     At all times herein Aspire Indiana, Inc. (hereinafter referred to as "Aspire") was a corporation authorized to do business in the State of Indiana.

6.     At all times herein CallNet Call Center Services, Inc. (hereinafter referred to as "CallNet") was the contractor that answered the crisis line for Aspire.

7.     On or about July 20, 2103, Bell made a call to the Aspire crisis hot line seeking help for thoughts of suicide, which call was answered by a CallNet operator.  During that call, Bell informed the operator that he was going to commit suicide and stated "you have 5 minutes to talk me out of this."  Although Bell continued to speak to and ask questions of the CallNet Operator, the CallNet operator never inform the caller that he was not a professional capable of handling a suicidal threat and it was not until 4 minutes and 30 seconds into the call that CallNet informed Bell that he would be transferred to a professional for assistance.

8.     On or about July 20, 2013, Thomas Harris, MS, an Aspire employee, spoke with Bell about this thoughts of suicide after he Bell was transferred to him through Aspire's Crisis Hotline contractor, CallNet, which was several minutes after Bell made his initial call to Aspire for crisis and suicide intervention.  Bell informed him that he had a "BB gun," and that he had no intention of hurting anyone but himself.

9.     During the call between Bell and Thomas Harris, MS, Harris requested permission from Bell to call 911, which is operated by HCPSC, for intervention and Bell gave his approval.

10.    On or about July 20, 2013, Thomas Harris, MS, contacted NPD and advised them that Bell "had a gun," but did not state to the Hamilton County 911 Dispatcher that Bell did not possess a real gun.

11.    Because Thomas Harris, MS in the course of his employment with Aspire, did not notify the Hamilton County 911 Dispatcher that Bell had a "BB gun" or that Bell did not have a real gun, the 911 Dispatcher was unable to notify NPD or HCSD that Bell did not have a real gun.

12.    Aspire employee, Thomas Harris, MS's failure to notify the 911 Dispatcher that Bell did not have a real gun was a proximate cause of the shooting of Bell by the NPD or HCSD.

13.    On or about July 20, 2013, Bell communicated several times with a "negotiator" for NPD and/or HCSD, who communicated with him via cell phone.  Bell also informed the "negotiator" that he was carrying a BB gun, not a real gun.

14.    On or about July 20, 2013, the NPD officers  and HCSD deputies surrounded Bell in a parking lot at located at 395 Westfield Road in Noblesville, Indiana and utilizing excessive force, shot Taylor Bell multiple times, causing permanent bodily injury and damages.

15.    As a result of the negligence of the Defendants, HCPSC, NPD, HCSD, Aspire and CallNet,  Bell sustained permanent bodily injury and damages, including but not limited to, medical expenses and lost wages in the approximate amount of Two Million Dollars ($2,000,000.00), pain and suffering, permanent impairment, future medical expenses and future lost wages.

WHEREFORE, Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, requests the Court enter judgment for Plaintiff Taylor Bell and against Defendants, and each of them, in an amount

to be determined by the trier of fact at the trial of this cause and for all other relief just and

proper in the premises.

Respectfully submitted,

Thomas E. Hastings (#8334480)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000, ext 227

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this 30th day of May, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN  46204

Edward D. D'Arcy, Jr.
Doherty & Progar, LLC
8105 Georgia Street
Merrillville, IN  46410

-4-

Thomas E. Hastings

STATE OF INDIANA )                HAMILTON COUNTY SUPERIOR COURT
                        )SS:      CIVIL DIVISION 2
COUNTY OF HAMILTON )              CAUSE NO.  29D02-1402-CT-1331


TAYLOR BELL,                                )
                                            )
                    Plaintiff,              )
                                            )
vs.                                         )
                                            )
NOBLESVILLE POLICE DEPARTMENT, )
HAMILTON COUNTY SHERIFF'S            )
DEPARTMENT, HAMILTON COUNTY     )
PUBLIC SAFETY COMMUNICATIONS  )
CENTER, ASPIRE INDIANA, INC.  and   )
CALLNET CALL CENTER SERVICES,     )
INC.,                                       )
                                            )
                    Defendants.             )

## PLAINTIFF'S RESPONSE TO DEFENDANT, ASPIRE INDIANA, INC.'s MOTION TO DISMISS

Comes now Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, and for this Motion would show the court as follows:

1.      Defendant Aspired filed its Motion to Dismiss, which was received by Plaintiff's counsel on March 15, 2014.

2.      Defendant alleged Plaintiff failed to allege "any specific acts of negligence by Aspire or how Aspire's alleged negligence" was the proximate cause of his subsequent shooting.

3.      Because none of the Defendants had filed an Answer to Plaintiff's Complaint, pursuant to Trial Rule 15(A) Plaintiff was permitted to file an Amended Complaint clarifying how Aspire's alleged negligence was a proximate cause of his shooting, citing paragraph 12 of Plaintiff's Amended Complaint:

"Because Thomas Harris, MS in the course of his employment with Aspire, did not notify the Hamilton County 911 Dispatcher that Bell had a "BB gun" or that Bell did not have a real gun, the 911 Dispatcher was unable to notify NPD or HCSD that Bell did not have a real gun.

Through clarification of this allegation, Plaintiff has alleged a specific act of negligence which was a proximate cause of his subsequent shooting and therefore, Defendant Aspire's Motion to Dismiss must fail.

WHEREFORE, Plaintiff Taylor Beil, by counsel, Thomas E. Hastings, respectfully request Defendant Aspire's Motion to Dismiss be denied and all other relief just and proper in the premises.

Thomas E. Hastings, (8334-80)
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000, ext 227

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this ___28th___ day of March, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN   46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN  46204

Edward D. D'Arcy, Jr.
Doherty & Program, LLC
8105 Georgia Street
Merrillville, IN  46410

Thomas E. Hastings

6118

| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
|---|---|---|
| | )SS: | CIVIL DIVISION 2 |
| COUNTY OF HAMILTON | ) | CAUSE NO.  29D02-1402-CT-1331 |

TAYLOR BELL,                          )
                                     )
          Plaintiff,                 )
                                     )
vs.                                  )
                                     )
NOBLESVILLE POLICE DEPARTMENT, )
HAMILTON COUNTY SHERIFF'S      )
DEPARTMENT, HAMILTON COUNTY    )
PUBLIC SAFETY COMMUNICATIONS   )
CENTER, ASPIRE INDIANA, INC. and )
CALLNET CALL CENTER SERVICES,  )
INC.,                                )
                                     )
          Defendants.                )

## PLAINTIFF'S RESPONSE TO DEFENDANT, ASPIRE INDIANA, INC.'s MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Taylor Bell, by counsel, Thomas E. Hastings, respectfully responds to the

Defendant, Aspire Indiana Inc.'s ("Aspire") Motion to Dismiss Plaintiff's Amended Complaint

as follows:

### I. Summary:

Aspire filed its Motion to Dismiss Plaintiff's Amended Complaint, which was received

by Plaintiff's counsel on March 29, 2014.  Aspire asks this Court to make a factual ruling on the

pleadings regarding proximate cause and find that Aspire may not be held liable.

Plaintiff's Amended Complaint specifically states:

Because Thomas Harris, MS in the course of his employment with Aspire, did not
notify the Hamilton County 911 Dispatcher that Bell had a "BB gun" or that Bell
did not have a real gun, the 911 Dispatcher was unable to notify NPD or HCSD
that Bell did not have a real gun.

Plaintiff alleged a specific act of negligence which was a proximate cause of his subsequent shooting, thus, Aspire's Motion to Dismiss should be denied.

## II. Standard of Reviewing Motion to Dismiss Proximate Cause Inquiry:

"A complaint cannot be dismissed under Trial Rule 12(B)(6) unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts." *Godby v. Whitehead*, 837 N.E.2d 146, 149 (Ind. Ct. App. 2005) *citing Schulz v. State*, 731 N.E.2d 1041, 1043 (Ind. Ct. App. 2000), *trans. denied*. A motion to dismiss under Ind. Trial Rule 12(B)(6) tests the legal sufficiency of a claim, not the facts supporting it, and looks only to the amended complaint and not any other evidence in the record.. *Id. citing Burke v. Town of Schererville*, 739 N.E.2d 1086, 1090-91 (Ind. Ct. App. 2000). This Court views the amended complaint in the light most favorable to the non-moving party, the Plaintiff, drawing every reasonable inference in favor the Plaintiff. *Id.* "Further, under notice pleading, a plaintiff need only plead the operative facts involved in the litigation." *Godby*, 837 N.E.2d at 149 citing *Donahue v. St. Joseph County*, 720 N.E.2d 1236, 1239 (Ind. Ct. App. 1999); Ind. Trial Rule 8(A). The only way a Court may grant a motion to dismiss for failure to state a claim is if the facts alleged in the complaint are "incapable of supporting relief under any set of circumstances." *Russo v. Southern Developers, Inc.*, 868 N.E.2d 46 (Ind. Ct. App. 2007).

In considering Aspire's Motion to Dismiss, Aspire is deemed to have admitted all of the allegations in the Plaintiff's Amended Complaint. *See National R.R. Passanger Corp. v. Everton*, 655 N.E.2d 360, 363 (Ind. Ct. App. 1995). "An act of negligence need not be the only proximate cause, and liability arises if the act, concurring with one or more other causes, is a proximate cause of the injury." *Id. citing Elder v. Fisher*, 217 N.E.2d 847, 852 (Ind. 1966).

Indiana adopted the Comparative Fault Act to properly apportion liability to all parties that may have a proximate cause to the claimed injury. Ind. Code § 34-51-2. The inquiry is whether or not the resulting injury was a foreseeable cause of a party's act or failure to act. *Everton*, 655 N.E.2d at 367. The inquiries of foreseeability and proximate cause are reserved for the trier of fact and not the trial court. *Id. citing Conder v. Hull Lift Truck, Inc.*, 435 N.E.2d 10, 15 (Ind. 1982). "It is for the jury to determine whether or not the injurious consequences that resulted from negligence are such as ought to have been reasonably foreseen . . . ." *Id. citing Elder*, 217 N.E.2d at 852.

### III. Analysis

Aspire did not cite and Plaintiff's counsel is unaware of any case where dismissal was granted based on a proximate cause challenge on a motion to dismiss.[1] Plaintiff's amended complaint effectively notices Aspire that Plaintiff alleges Aspire was a proximate cause of his resulting injuries. Axiomatic to a proximate cause claim is Aspire owed Plaintiff a duty, Aspire breached its duty, and Aspire's breach of its duty (whether statutory or common law) proximately caused Plaintiff's resulting injuries. A notice pleading need only generally recite the theory of the Plaintiff's recovery.

Aspire alleges that the acts alleged against the Hamilton County Sheriff's Department and the Noblesville Police Department somehow, on their face, act as an intervening cause, or a cause breaking the causal connection to Aspire. As conceded in Aspire's Motion to Dismiss, a jury must determine whether an "intervening cause" was sufficient to break the causal connection. *Def.'s Motion to Dimiss* at 4 para. 6 *citing Elder*, 217 N.E.2d at 852. The amended

---

[1] Aspire cites *Crull v. Platt*, 471 N.E.2d 1211, 1215 (Ind. 1984) in support of its motion to dismiss. Aspire neglects to advise the Court it was a matter pending on summary judgment and the decision was reached after review the evidence and facts in the record, inquiries not appropriate on a motion to dismiss. Aspire cited no case supporting a dismissal entered after a proximate cause challenge on a motion to dismiss.

complaint's allegations do not conflict but rather establish claims against multiple parties consistent with apportioning comparative fault. Just as in *Everton*, the Plaintiff's subsequent allegations against a Sheriff's Department did not extinguish the allegations lodged against the railroad corporation. *Id.* at 367. Instead, the Court held the apportionment of fault was for the jury to decide. *Id.*

Aspire cites no authority to support its motion to dismiss. This Court should deny Aspire's motion, allow the parties to seek and respond to discovery, conduct depositions, and reserve matters of foreseeability, proximate cause, and intervening cause for the trier of fact – the jury.

### IV. Conclusion

Plaintiff Taylor Bell, by counsel, Thomas E. Hastings, respectfully request Defendant Aspire's Motion to Dismiss be denied and all other relief just and proper in the premises.

Thomas E. Hastings, (8334-80)
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204
Telephone: 317.686.1000, ext 227

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this 15th day of April, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN  46204

Edward D. D'Arcy, Jr.
Doherty & Program, LLC
8105 Georgia Street
Merrillville, IN  46410


Thomas E. Hastings

STATE OF INDIANA      )      HAMILTON COUNTY SUPERIOR COURT
                         )SS:  CIVIL DIVISION 2
COUNTY OF HAMILTON  )      CAUSE NO. 29D02-1402-CT-1331


SHELLA WILDE, as Guardian      )
of TAYLOR BELL,                )
                                 )
           Plaintiff,       )
                                 )
vs.                              )
                                 )
CITY OF NOBLESVILLE,       )
HAMILTON COUNTY SHERIFF,     )
HAMILTON COUNTY PUBLIC SAFETY )
COMMUNICATIONS CENTER,     )
ASPIRE INDIANA, INC. and       )
CALLNET CALL CENTER SERVICES,  )
INC.                             )
                                 )
          Defendants.     )


## PLAINTIFF'S RESPONSE TO DEFENDANT, HAMILTON COUNTY PUBLIC SAFETY COMMUNICATION'S  MEMORANDUM IN SUPPORT OF ITS MOTION FOR MORE DEFINITE STATEMENT

       Comes now the Plaintiff Shella Wilde, as Guardian of Taylor Bell, by counsel, and

submits the following in Response to Defendant's Motion for More Definite Statement.

       Plaintiff's counsel served counsel of record with the Second Amended Complaint on May

30, 2014.  As alleged in both the original and the Second Amended Complaint, calls regarding

Taylor Bell were handled and dispatched through the Hamilton County Public Safety

Communication Center ("HCPSC") and it was not clear whether miscommunication, a lack of

communication, or inaccurate communication by any of the named parties, in part, led to the

injuries sustained by Taylor Bell.

Unfortunately, at the time of filing Plaintiff's Second Amended Complaint, discovery responses had not been received from the HCPSC or the Hamilton County Sheriff's Office. Written responses were not received until after business hours, via email on May 30, 2014. Requests for audio and video files were received the following week, but there were programming issues with the discs, making the files not audible or visible, so new discs had to be created and were not received by Plaintiff's counsel until June 21, 2014.

Once plaintiff's counsel had the opportunity to review the 911 audio files, it was revealed that an HCPSC dispatcher issued "two alerts" to units responding to "Natasha Drive." Those alerts specifically advised officers that the suspect was "carrying a concealed firearm" and that the suspect had "a history of resisting." Taylor Bell did not have a "history" of resisting arrest, as is documented in the run reports provided by the Hamilton County Sheriff's Department. So the question became, where and from whom did the dispatcher receive the information issued in the "alerts" and did that information have an impact on how the officers responded to Taylor Bell during the evening of July 20, 2012.

Plaintiff's counsel realizes the Second Amended Complaint was vague, but at the time of filing Plaintiff did not have sufficient information to set forth a more succinct statement of its claim for damages against HCPSC because discovery responses had not been received. It is certain that a Third Amended Complaint will be filed, but not until such time as the pending discovery requests, due on August 29, 2014, are received. After a thorough review of the discovery responses, counsel for Plaintiff will be in a position to file the Third Amended Complaint, which may set forth more precise allegations of negligence against HCPSC, as well as the other defendants, and add any additional parties at that time. It should also be noted that

counsel for Plaintiff advised all counsel of record that once the second set of discovery responses are received and reviewed, some of the Defendants may be dismissed.

Respectfully submitted,

Thomas E. Hastings (#8334-80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN 46204
Telephone: 317.686.1000, ext 227

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this 25th day of August, 2014.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN 46032

Matthew L. Hinkle
Erika N. Sylvester
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN 46032

Mark C. Webb
Tyler D. Helmond
Voyles Zahn & Paul
141 East Washington Street, Suite 300
Indianapolis, IN 46204

Edward D. D'Arcy, Jr.
Doherty & Progar, LLC
8105 Georgia Street
Merrillville, IN 46410

Thomas E. Hastings

| | | |
|---|---|---|
| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
| | )SS: | CIVIL DIVISION 2 |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29D02-1402-CT-1331 |

SHELLA WILDE, as Guardian    )
of TAYLOR BELL,         )
              )
   Plaintiff,      )
              )
vs.             )
              )
NEAL ROSENBERG, JAMES ALOISIO, )
CRAIG DENISON, LIEUTENANT DAVID )
THOMA, Individually, and as Servants, Agents of )
The Noblesville Police Department, THE CITY )
OF NOBLESVILLE, and THE HAMILTON )
COUNTY SHERIFF       )
              )
   Defendants.     )

## PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES

Comes now the Plaintiff Taylor Bell (hereinafter "BELL"), through his Guardian Shella Wilde, by counsel, Thomas E. Hastings, and files his Third Amended Complaint for Damages, against Defendants the City of Noblesville (hereinafter the "CITY"), Hamilton County Sheriff (hereinafter the "SHERIFF"), Neal Rosenberg (hereinafter "ROSENBERG"), James Aloisio (hereinafter "ALOISIO"), Craig DENISON (hereinafter "DENISON"), and Lieutenant David THOMA (hereinafter "LT. THOMA"), and alleges and states as follows:

### NATURE OF CASE

1.  This lawsuit seeks monetary damage for the violations of federal and state laws when the defendants caused the shooting of Taylor Bell, a potential suicide victim.

## JURISDICTION AND VENUE

2.      This cause of action arises under both Indiana State and Federal laws regarding a violation of Plaintiff's civil rights under the Fourth, Fourteenth, and Eighth Amendments to the United States Constitution.

3.      This action arises under 42 U.S.C. § 1983, 28 U.S.C. § 1367, to redress deprivations of the civil rights of Plaintiff through acts and/or omissions of Defendants committed under color of the law.   Specifically here, Defendants deprived Plaintiff of his right under the Fourth, Fourteenth, and Eighth Amendments to the United States Constitution.

4.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983, et. seq. and 1988; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this Court because the Defendants are residents of Hamilton County, Indiana.

6.      Venue also lies in the United States District Court, Southern District of Indiana pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

## II.      PARTIES

7.      At all times relevant herein, BELL resided in Hamilton County, in the State of Indiana.

8.      At all times relevant herein, the CITY was the controlling entity of its law enforcement agency, the Noblesville Police Department (hereinafter "NPD"), and is located in Hamilton County Indiana and is a subdivision of the State of Indiana.   The CITY is a municipal corporation within the State of Indiana, and at all times relevant and material to this action, was

the employer and principal of ROSENBERG, ALOISIO, DENISON, and LT. THOMA that shot and arrested Plaintiff. The CITY is and was at all relevant times responsible for the supervision, training, policies, practices, and customs of the Noblesville Police Department and its officers.

9.      At all times relevant herein, the SHERIFF was in command and control of the Hamilton County Sheriff's Office located in Hamilton County Indiana, and is a political subdivision of the State of Indiana.

10.     At all times relevant herein, ROSENBERG is an adult resident of Indiana and is a police officer employed by NPD and the City of Noblesville, State of Indiana, acting under color of the law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Noblesville Police Department and the State of Indiana. ROSENBERG is sued in his individual capacity and as an employee of NPD.

11.     At all times relevant herein, ALOISIO is an adult resident of Indiana and is a police officer employed by NPD and the City of Noblesville, State of Indiana, acting under color of the law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Noblesville Police Department and the State of Indiana. ALOISIO is sued in his individual capacity and as an employee of NPD.

12.     At all times relevant herein, DENISON is an adult resident of Indiana and is a police officer employed by NPD and the City of Noblesville, State of Indiana, acting under color of the law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Noblesville Police Department and the State of Indiana. DENISON is sued in his individual capacity and as an employee of NPD.

13.     At all times relevant herein, LT. THOMA is an adult resident of Indiana and is a Lieutenant employed by the NPD and the City of Noblesville, State of Indiana, acting under color

of the law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Noblesville Police Department and the State of Indiana.  LT. THOMA is sued in his individual capacity and as an employee of NPD.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14.  Plaintiff hereby adopts, re-alleges, and incorporates paragraphs one (1) through thirteen (13), as stated above in this Third Amended Complaint, and further alleges and states as follows:

15.  On July 20, 2013, BELL was a mentally unstable adult that suffered from suicidal tendencies.

16.  BELL sought suicidal treatment from Aspire Crisis Hot Line.  In speaking with Counselor Thomas Harris, BELL advised him that he intended to commit suicide by cop by pointing a gun at police officers with no intention of shooting the gun.

17.  This is known as "suicide by cop" as referenced in NPD SO-05-002.

18.  BELL had already obtained a Beretta Air Gun to carry out his plan.

19.  After the telephone call Harris reported BELL's intentions to 911 providing the information that BELL was an emotionally disturbed person considering suicide, and that he had no intention to harm any police officers but intended to point a gun at them so they would shoot him.

20.  In his call to 911, Harris further requested NPD to perform a welfare check on BELL.

21.  911 dispatched NPD Officers to BELL's home to perform the welfare check.

22.   LT. THOMA, a crisis negotiator for NPD, asked to be put on the run to locate and check-up on BELL.

-4-

23.     LT. THOMA located BELL via cell-phone and began conversing with him.

24.     BELL was physically located at the old Kahlo parking lot adjacent to Riverview Hospital.

25.     Defendant ALOISIO was the first to arrive at the location.

26.     Defendant ALOISIO drew his weapon and ordered BELL to walk towards him.

27.     Defendant ALOISIO was commanded to disengage because THOMA was communicating with BELL via cell-phone attempting to talk to him regarding the situation.

28.     Other officers from NPD and the SHERIFF arrived on the scene.  Some assumed felony stop positions behind their vehicles in front of BELL, and others hid behind buildings.

29.     Officers were present from the NPD and the Hamilton County Sheriff Office.

30.     BELL was holding the Beretta Air Gun by the barrel in his right hand, and his cell phone in his left hand while talking to LT. THOMA on the cell phone.

31.     LT. THOMA requested BELL drop the Beretta Air Gun and walk toward where LT. THOMA was located.

32.     BELL began to walk toward THOMA holding the Beretta Air Gun by the barrel.

33.     At this same time, BELL was shot by two bean bag rounds fired by NPD Officers.

34.     BELL was then shot by multiple NPD Taser guns.

35.     BELL began to run to the back of the parking lot to escape the attack.

36.     LT THOMA gave an order for NPD Officers to "go get him" meaning BELL.

37.     LT. THOMA joined the pursuit in his police vehicle.

38.     BELL ultimately surrendered to the NPD Officers with his hands up.

39.     LT. THOMA again ordered BELL to drop the Beretta Air Gun.

40.     BELL was again shot by multiple Tasers.

41.     Defendant ROSENBERG then shot BELL center mass (upper abdominal/chest area).

42.     Defendants ALOISIO and DENISON subsequently fired their weapons.  BELL was also shot in the back of his left thigh but the subsequent investigation did not confirm which offer shot BELL in the back of the left thigh.

43.     Subsequent to the shooting, BELL's Beretta Air Gun was secured by ROSENBERG.

44.     Subsequent to the shooting there was no standard crime scene investigation conducted.

45.     Subsequent to the shooting NPD and the CITY engaged the SHERIFF to conduct the investigation of the crime scene and the officer involved shooting, instead of utilizing an outside agency/investigator not involved in the incident per standard protocol.

46.     Subsequent to the shooting the NPD failed to conduct a proper internal investigation into the actions of ROSENBERG, ALOISIO and DENISON per standard protocol and procedure.

47.     The SHERIFF failed to accurately conduct laboratory testing on the bullet shell casings, weapons used in the shooting and other evidence in the matter.

48.     The SHERIFF failed to properly investigate the shootings regarding the knowledge of on-scene officers that BELL only possessed a Beretta Air gun.

49.     The SHERIFF failed to complete a final comprehensive report or summary regarding its investigation and findings per standard procedure and protocol.

50.     The NPD and/or SHERIFF failed to properly preserve all dash cam footage and officer / dispatch communications for the investigation.

-6-

51.     The NPD and/or SHERIFF intentionally manipulated and/or deleted dash cam footage obtained of the shooting.

52.     That ROSENBERG, ALOISIO, DENISON AND THOMA failed to properly preserve all dash cam footage for the investigation.

53.     The DEFENDANT OFFICERS intentionally manipulated and/or deleted dash cam footage obtained of the shooting.

54.     That as a result of the shooting and actions/omissions of the Defendants, and each of them, BELL sustained severe and permanent injuries requiring surgical intervention and medical care and treatment.

55.     That as a result of the shooting and acts of the Defendants, and each of them, BELL incurred the inability to seek employment opportunities.

56.     That as a result of the shooting and the intentional acts of the Defendants, and each of them, BELL was damaged.

**COUNT I**
**EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 & 4th AMENDMENT**
**CLAIMS AGAINST DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON,**
**AND LT. THOMA**

57.     That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Fifty-Six (56) as stated above in this Third Amended Complaint, and further alleges and states as follows:

58     At all relevant times, ROSENBERG, ALOISIO, DENISON and THOMA had a legal duty to refrain from using unnecessary and reasonable force under the circumstances.

59.     That on July 20, 2013 there was no legal justification and/or probable cause to necessitate the use of excessive, deadly force against BELL.

60.     That acts of ROSENBERG, ALOISIO, DENISON AND THOMA, in chasing, ordering the use of Tasers on a suicidal and emotionally disturbed person, giving orders to "go get him", shooting at, and ultimately shooting BELL multiple times constituted an unreasonable seizure, excessive force and deprived Plaintiff of his right to be free from such conduct as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

61.     At all relevant times, ROSENBERG, ALOISIO, DENISON AND THOMA actions and/or omissions as they pertained to BELL were unnecessary, unreasonable, excessive, and done maliciously, willfully, wantonly, and with deliberate indifference, and/or in reckless disregard for the Plaintiff's safety and constitutional rights.

62.     The acts and/or omissions of ROSENBERG, ALOISIO, DENISON AND THOMA proximately caused BELL to suffer both physical and psychological injuries, pain, suffering, humiliation and fear of death; some of which injuries are permanent.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## COUNT II
### 42 U.S.C. § 1983 DUE PROCESS CLAIM FOR FAILURE TO INTERVENE/PROTECT OFFICER DEFENDANTS ROSENBERG, ALOISIO, DENISON, AND LT. THOMA

63.     That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Sixty-Two (62) as stated above in this Third Amended Complaint, and further alleges and states as follows:

64.     At all relevant times, ROSENBERG, ALOISIO, DENISON and THOMA had a legal duty to refrain from using unnecessary and reasonable force under the circumstances.

-8-

65.     That on July 20, 2013, there was no legal justification and/or probable cause to necessitate the use of excessive, deadly force against BELL.

66.     That ROSENBERG, ALOISIO, DENISON AND THOMA failed to intervene and/or protect BELL from the conduct set forth above.

67.     All of the above stated, several times, ROSENBERG, ALOISIO, DENISON and THOMA had the ability and opportunity to intervene and prevent the use of excessive, attempted deadly force against BELL but failed to do so.

68.     That by reason of these said acts and/or omissions, BELL was deprived of his rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted there under.

69.     That said acts and/or omissions of ROSENBERG, ALOISIO, DENISON and THOMA proximately caused BELL to suffer both physical and psychological injuries, pain, suffering, humiliation and fear of death; some of which injuries are permanent.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

**COUNT III**
***MONELL* POLICY PRACTICE AND CUSTOMS VIOLATION AGAINST
DEFENDANTS CITY OF NOBLESVILLE AND HAMILTON COUNTY SHERIFF**

70.     That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Sixty-Nine (69) as stated above in this Third Amended Complaint, and further alleges and states as follows:

71.     As described above, ROSENBERG, ALOISIO, and/or DENISON unlawfully shot BELL and ROSENBERG, ALOISIO, DENISON and THOMA all engaged in harassing and abusive behavior toward BELL all in violation of the Fourth Amendment.

72.     That the misconduct described in this Third Amended Complaint, and this Count, was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's rights.

73.     That the misconduct described in this Third Amended Complaint, and in this Count, was undertaken with malice, willfulness, and reckless indifference to the rights of others.

74.     That the misconduct described in this Third Amended Complaint, and in this Count, was undertaken pursuant to the policy and practice of the NPD and the SHERIFF in that:

    a.     As a matter of both policy and practice, the NPD and the SHERIFF directly encourage, and are thereby the moving force behind, the type of misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference;

    b.     Specifically, as a matter of both policy and practice, the NPD and SHERIFF facilitate the type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct; thereby leading the NPD Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses, wrongful shootings, crime scene cover-ups, such as those affecting BELL; specifically, police officers who unlawfully seize (shoot) citizens believed to be mentally unstable/disturbed without any lawful purpose can be confident that the CITY will not investigate those accusations and will

refuse to recommend discipline even where the officer has engaged in an unreasonable seizure (shooting) in violation of the Fourth Amendment;

c.   Generally, as a matter of widespread practice so prevalent as to compromise municipal policy, officers of the NPD the SHERIFF abuse citizens in a manner similar to that alleged by BELL in this Complaint, and this Count, on a frequent basis, yet the CITY, the SHERIFF, and the Internal Affairs Division of the NPD, make findings of wrongdoing in a disproportionately small number of cases;

d.   That the CITY policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" within the NPD and SHERIFF offices. Police officers routinely fail to report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so;

e.   The CITY, NPD and SHERIFF have failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.   That the CITY, NPD and SHERIFF acting by and through their agents, have knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving the ratifying the type of misconduct alleged here.

75.   As a result of the individual Officer Defendants' unreasonable, unlawful seizure (shooting), and the policy and practices of the CITY, SHERIFF and the NPD, BELL has suffered pain and injury.

76.     That the misconduct of the ROSENBERG, ALOISIO, DENISON and THOMA was undertaken within the scope or their employment and under the color of the law.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## COUNT IV
### CONSPIRACY UNDER 42 U.S.C. § 1983
### DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON, AND LT. THOMA; AND THE CITY OF NOBLESVILLE; AND THE HAMILTON COUNTY SHERIFF

77.     That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Seventy-Six (76) as stated above in this Third Amended Complaint, and further alleges and states as follows:

78.     That the individual Defendants, ROSENBERG, ALOISIO, DENISON, and LT. THOMA, being persons employed by and/or associated with the CITY, and its police department, did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree together with each other and with others whose names are unknown, to conduct and participate, directly and indirectly, in activities which affected BELL's constitutionally protected rights through a pattern of police misconduct consisting of multiple acts in conspiracy with the intent and means as is incorporated by reference and re-alleged as facts set forth herein.

79.     That the CITY and SHERIFF unlawfully, knowingly and intentionally combine, conspire, confederate, and agree together with each other and with others whose names are unknown, to conduct and participate, directly and indirectly, in activities of which affected Plaintiff's constitutionally protected rights through a pattern of police misconduct and failing to properly investigate the shootings and follow proper protocol and procedure, thereby consisting of

-12-

multiple acts in conspiracy with the intent and means as is incorporated by reference and re-alleged as facts set forth herein.

80.     That each Defendant met by agreement in order to commit said acts in concert as individual members of the conspiracy in furtherance of the conduct of the conspiracy.

81.     That as a direct and proximate cause of Defendants actions, BELL has been damaged.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## COUNT V
## CLAIM FOR BATTERY AGAINST
## DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON, AND LT. THOMA

82.     That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Eighty-One (81) as stated above in this Third Amended Complaint, and further alleges and states that:

83.     On July 20, 2013, Defendants ROSENBERG, ALOISIO, DENISON, and LT. THOMA, without any legal cause, caused force to be used or used force against Bell's person.

84.     That ROSENBERG, ALOISIO, and DENISON intentionally pointed and fired their gun, shooting BELL multiple times, with high powered rifles, at close range.

85.     That as a result of the battery, BELL sustained physical injuries, emotional distress and other damages.

86.     That due to the actions of ROSENBERG, ALOISIO, DENISON and THOMA, BELL has been damaged.

-13-

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## COUNT VI
## CLAIM FOR ASSUALT AGAINST
## DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON, AND LT. THOMA

87.    That Plaintiff BELL hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Eighty-Six (86) as stated above in this Third Amended Complaint, and further alleges and states as follows:

88.    That LT. THOMA gave the order to "go get him" and ROSENBERG, ALOISIO, and DENISON, intentionally pointed and fired their weapons at least once at BELL with the intent to instill fear, threat and intimidation upon BELL; and with the intent to cause offensive, deadly bodily harm.

89.    That BELL reasonably feared that harmful and/or offensive contact was about to occur.

90.    That as a result of the assault and subsequent battery, BELL sustained physical injuries, emotional distress and other damages.

89.    That due to the actions of ROSENBERG, ALOISIO, DENISON and THOMA, BELL has been permanently damaged.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

-14-

## COUNT VII
## CLAIM OF INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON, AND LT. THOMA

90.     That Plaintiff hereby adopts, re-alleges and incorporates Paragraphs One (1) through Eighty-Nine (89) as stated above in this Third Amended Complaint, and further alleges and states that:

91.     That the actions of ROSENBERG, ALOISIO, DENISON AND THOMA placed BELL in fear of his life and safety, and in fear of receiving an assault and battery, as well as causing him the emotional distress of fearing for his life.

92.     That the actions of ROSENBERG, ALOISIO, DENISON and THOMA constituted extreme and outrageous conduct and were done deliberately and intentionally and in a willful and wanton manner.

93.     That ROSENBERG, ALOISIO, DENISON AND THOMA intended to inflict severe emotional distress and/or knew there was high probability that their conduct would cause severe emotional distress.

94.     That due to the conduct of ROSENBERG, ALOISIO, DENISON and THOMA, BELL has suffered severe emotional distress.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

-15-

**COUNT VIII**
**CLAIM FOR NEGLIGENCE AGAINST DEFENDANT OFFICERS**
**ROSENBERG, ALOISIO, DENISON, AND LT. THOMA**

95.     That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through Ninety-Four (94) as stated above in this Third Amended Complaint, and further alleges and states that:

96.     That on July 20, 2013, at all material times relevant hereto, ROSENBERG, ALOISIO, DENISON and THOMA were acting under the color of state law, statutes, customs, ordinances, official policies, and in the furtherance and usage of their employment with NPD and the CITY.

97.     That ROSENBERG, ALOISIO, DENISON and THOMA approached and pursued BELL in such a way that enhanced the risk of deadly force contrary to good police procedure.

98.     That ROSENBERG, ALOISIO, DENISON and THOMA failed to exercise due care for the safety of BELL, thereby resulting in him being violently shot.

99.     That ROSENBERG, ALOISIO, DENISON and THOMA acted with conscious disregard of their duties and responsibilities toward citizens of the Noblesville, Indiana, based on their position as Police Officers.

100.    That said negligence of ROSENBERG, ALOISIO, DENISON and THOMA deprived BELL of his rights secured by the laws of the State of Indiana.

101.    That as a direct and proximate result of the ROSENBERG, ALOISIO, DENISON and THOMA, BELL was suffered grievous and continuing injuries and damages as set forth above/below.

-16-

102.    That due to the negligence of ROSENBERG, ALOISIO, DENISON AND THOMA, BELL was damaged.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## COUNT IX
### CLAIM FOR INADEQUATE TRAINING, SUPERVISION, AND DISCIPLINE AGAINST THE CITY OF NOBLESVILLE AND THE HAMILTON COUNTY SHERIFF

103.    That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through One Hundred Two (102) as stated above in this Third Amended Complaint, and further alleges and states that:

104.    The NPD, the CITY, SHERIFF, and its various officers, are responsible for establishing the policies, procedures, customs, and usages complained about herein.

105.    The NPD, the CITY, and the SHERIFF had an obligation and duty to BELL to properly train, supervise, and discipline the Police Officers of the NPD, including ROSENBERG, ALOISIO, DENISON and LT. THOMA.

106.    The NPD, the CITY, and the SHERIFF, had a duty to comply with all the terms, conditions and policies including enacted SO-05-002, Subject: Interaction with Persons Suspected of Mental Illness.

107.    That such policy requires annual mandatory training of all Officers regarding proper procedures and protocol in handling situations of emotionally disturbed persons attempting suicide by cop.

108.    The NPD, the CITY, and the SHERIFF, had a duty to comply with all the terms,

-17-

conditions and policies that establish procedures to identify, investigate, and take appropriate discipline against Police Officers of the CITY, when citizens allege and establish that said Officers have engaged in wrongful conduct, including, but not limited to, the use of excessive and/or potentially deadly force.

109.    The NPD, the CITY, and the SHERIFF, acted with reckless disregard of the foreseeable, natural consequences of their actions in failing to train, supervise, investigate and discipline its Police Officers pursuant to procedures policy; specifically, but not limited to, the ROSENBERG, ALOISIO, DENISON AND THOMA in one or more of the following ways:

a.    The NPD, the CITY, and the SHERIFF, encouraged, acquiesced, and/or approved of the practice in which ROSENBERG, ALOISIO, DENISON AND THOMA pursued citizens and used excessive/unreasonable and/or deadly force while making contact with citizens, including Plaintiff BELL;

b.    The NPD, the CITY, and the SHERIFF, failed and refused to train, supervise and/or discipline Defendants in their unlawful pursuits and use of excessive and deadly force, specifically as to BELL;

c.    The NPD, the CITY, and the SHERIFF, failed to properly discipline ROSENBERG, ALOISIO, DENISON AND THOMA for their misconduct in the pursuit and shooting of BELL.

110.    That such failure to train, supervise, investigate and discipline its Police Officers demonstrates a deliberate and conscious choice by the NPD, the CITY, and the SHERIFF, to disregard the constitutionally protected rights of its citizens, including BELL; as well as establish a policy and custom of disregarding the terms of any policies regarding the same.

111.    That the NPD, the CITY, and the SHERIFF's actions and omissions demonstrate a

-18-

callous indifference to the rights of Plaintiff BELL, as well as other individuals who are harmed by police misconduct.

112.   That the NPD, the CITY, and the SHERIFF's actions and omissions result in increased police misconduct.

113.   That the NPD, the CITY, and the SHERIFF's lack of training, supervision, investigation and discipline caused a deprivation of liberty and physical injury to Plaintiff BELL.

114.   That as a direct and proximate result of the NPD, the CITY, and the SHERIFF's actions, BELL suffered grievous and continuing injuries and damages as set forth above/below.

115.   That as a result of the NPD, the CITY, and the SHERIFF'S acts and omissions, BELL has been damaged.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## COUNT X
## CLAIM FOR NEGLIGENCE AGAINST THE CITY OF NOBLESVILLE AND THE HAMILTON COUNTY SHERIFF

116.   That Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs One (1) through One Hundred Fifteen (115) as stated above in this Third Amended Complaint, and further alleges and states that:

117.   The NPD, CITY and SHERIFF were negligent in their actions in one or more of the following ways during the shooting of Plaintiff BELL:

   a.   The CITY, through employees of the NPD, and SHERIFF, failed to protect and preserve evidence in the shooting of BELL.

-19-

b. The CITY, through employees of the NPD and SHERIFF failed to establish a plan of action to seize BELL in a safe manner, without harm.

c. The CITY, through employees of the NPD and SHERIFF, failed to follow protocol and procedure in having a proper investigation conducted by an independent agency.

d. The CITY and SHERIFF, were otherwise negligent in their actions resulting in damages to BELL.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

**COUNT XI**
**CLAIM FOR RESPONDEAT SUPERIOR AGAINST CITY OF NOBLESVILLE UNDER THE INDIANA TORT CLAIMS ACT, IND. CODE § 34-13-3, *et. seq.* AND INDIANA STATE LAW**

118. That Plaintiff hereby adopts, re-alleges and incorporates Paragraphs One (1) through One Hundred Seventeen (117) as stated above in this Third Amended Complaint, and further alleges and states that:

119. That at all times relevant and material hereto, ROSENBERG, ALOISIO, DENISON and THOMA, ROSENBERG, were employed as Police Officers with the NPD and the CITY, and were acting under the color of state law, statutes, customs, ordinances, official policies, and in the furtherance and usage of their employment with the NPD and the CITY.

120. That at all times relevant and material hereto, including all conduct as mentioned above in this Complaint, ROSENBERG, ALOISIO, DENISON AND THOMA were acting within the course and scope of their employment with NPD and the CITY.

-20-

121.    That the conduct by which ROSENBERG, ALOISIO, DENISON AND THOMA undertook in carrying out their routine investigative police functions as NPD Police Officers, and engaging in such conduct as would have been reasonably expected, and was in the fact foreseen by their employer.

122.    That at all times relevant and material hereto, NPD and the CITY were responsible and liable to BELL for damages caused by the actions of its police officers, servants, agents, employees, principals, representatives and/or contractors while acting with the course and scope of their employment and authority with the NPD and the CITY, under the doctrine of *respondeat superior*.

123.    That the NPD and the CITY are legally responsible under Indiana law for the actions of ROSENBERG, ALOISIO, DENISON and LT. THOMA.

124.    That as a result there from, BELL has been permanently damaged.

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, hereby respectfully requests that this Honorable Court enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award damages to Plaintiff, and for all other just and proper relief in the premises.

## DEMAND FOR JURY TRIAL

125.    Plaintiff BELL demands this matter be tried by jury.

## CONCLUSION

WHEREFORE, Plaintiff, Taylor Bell, by Counsel, Thomas E. Hastings, hereby respectfully requests that this Honorable Court assume jurisdiction over this cause and enter an Order of Judgment in favor of the Plaintiff; declare the aforementioned conduct unlawful; award actual damages to Plaintiff to compensate him for his injuries; award punitive damages to deter

Defendants, and all other similarly situated, from like conduct in the future; grant Plaintiff the costs of this action and reasonable attorney fees; award pre-judgment and statutory interest; and, for all other just and proper relief in the premises.

Respectfully submitted,

Thomas E. Hastings (#8334-80)
Attorney for Plaintiffs
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record this _17_th day of June, 2015.

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN  46032

Matthew L. Hinkle
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Darren Murphy
HOWARD & ASSOCIATES
694 Logan St.
Noblesville, IN 46060

Thomas E. Hastings

-22-

IN THE HAMILTON SUPERIOR COURT 2
STATE OF INDIANA

SHELLA WILDE, as Guardian of )
TAYLOR BELL, )
                                  )
              Plaintiff, )
       v. )      CAUSE NO. 29D02-1402-CT-001331
                                  )
CITY OF NOBLESVILLE, HAMILTON )
COUNTY SHERIFF, HAMILTON COUNTY )
and PUBLIC SAFETY COMMUNICATIONS )
CENTER, )
                                  )
              Defendants. )

## STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff, Sheila Wilde, as Guardian of Taylor Bell, and Defendants, City of Noblesville,

Hamilton County Sheriff, and Hamilton County Public Safety Communications Center, by their

respective counsel, stipulate to the dismissal of all claims and demands for compensation,

inclusive of attorney fees, asserted by Plaintiff against the Hamilton County Public Safety

Communications Center in the above cause of action with prejudice.   Costs paid.   Claims against

remaining Defendants remain pending.

Thomas E. Hastings #8334-80
Robert Bandel Turner
*Attorneys for Plaintiff*
211 N. Pennsylvania Street, Suite 2252
Indianapolis, IN   46204

Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Hamilton*
*County and Public Safety Comm. Ctr.*
**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032

Kirk A. Horn #15194-06
*Attorney for City of Noblesville*
**MANDEL HORN McGRATH &**
**REYNOLDS, PC**
704 Adams St., Ste. F
Carmel, IN   46032

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by First Class United States Mail, postage prepaid, this **22nd day of June, 2015**, upon:

Thomas E. Hastings
Robert B. Turner
**THE HASTINGS LAW FIRM**
323 N. Delaware St.
Indianapolis, IN  46204
*Attorneys for Plaintiff*

Mark Charles Webb
Tyler Helmond
**VOYLES ZAHN & PAUL**
141 E. Washington St., Ste. 300
Indianapolis, IN 46204
*Attorney for CallNet Call Center Services, Inc.*

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
704 Adams St., Ste. F
Carmel, IN  46032
*Attorney for Noblesville Police Department*

_____
Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone
(317) 573-5385 – facsimile
Email: mhinkle@chwlaw.com
         esylvester@chwlaw.com

2