UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHELLA WILDE, as Guardian of ) | |
| TAYLOR BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:15-cv-1051-JMS-TAB |
| ) | |
| NEAL ROSENBERG, JAMES ALOISIO, ) | |
| CRAIG DENISON, LIEUTENANT DAVID ) | |
| THOMA, Individually, and as Servants, Agents ) | |
| of the Noblesville Police Department, THE ) | |
| CITY OF NOBLESVILLE AND The ) | |
| HAMILTON COUNTY SHERIFF, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS ROSENBERG, ALOISIO, DENISON, THOMA, NOBLESVILLE POLICE DEPARTMENT AND CITY OF NOBLESVILLE'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

Come now the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, and hereby submit their Answer to Plaintiff's Third Amended Complaint for Damages as follows:

NATURE OF CASE

1. The assertions contained in rhetorical paragraph 1 are not averments of a claim against Defendants and, therefore, not susceptible to admission or denial. However, to the extent that rhetorical paragraph 1 can be construed as an assertion that Defendant violated Plaintiff's rights, Defendants deny the same.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

JURISDICTION AND VENUE

2. The assertions contained in rhetorical paragraph 2 are jurisdictional in nature and not averments of a claim against Defendants, however, claims arising under the Constitution of the United States or laws of the United States are within the original jurisdiction of the federal district courts. To the extent that rhetorical paragraph 2 can be construed as an assertion that Defendants violated Plaintiff's rights, Defendants deny the same.

3. Defendants deny the allegations contained in paragraph 3, to the extent that they are directed against them.

4. The assertions contained in rhetorical paragraph 4 are jurisdictional in nature and not averments of a claim against Defendants, however, claims arising under the Constitution of the United States or laws of the United States are within the original jurisdiction of the federal district courts. To the extent that rhetorical paragraph 4 can be construed as an assertion that Defendants violated Plaintiff's rights, Defendants deny the same.

5. Defendants admit the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## II. PARTIES

7. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 7, and neither admit nor deny said allegations, but demand strict proof thereof.

8. Defendants admit the officers were in the scope of their employment for the City of Noblesville at all relevant times but denies the remaining allegation of rhetorical paragraph 8.

9. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 9, and neither admit nor deny said allegations, but demand strict proof thereof.

10. Defendants admit the allegations contained in paragraph 10.

11. Defendants admit the allegations contained in paragraph 11.

12. Defendants admit the allegations contained in paragraph 12.

13. Defendants admit the allegations contained in paragraph 13.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Defendants adopt and reallege their answers to paragraphs 1 through 13 of Plaintiff's Complaint for Damages as their answer to paragraph 14 of this Count as though fully set forth herein.

15. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 15, and neither admit nor deny said allegations, but demand strict proof thereof.

16. Defendants admit Bell advised Aspire that he would point the gun at the officers but deny that he told them he had no intention of shooting the gun.

17. Defendants admit the allegations contained in paragraph 17.

18. Defendants admit that all relevant times Bell was in possession of a fake weapon that appeared to be a real Beretta handgun.

19. Defendants admit Aspire informed dispatch that Bell intended to point the gun at the officers but deny that it told them Bell had no intention of harming police officers.

20. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 20, and neither admit nor deny said allegations, but demand strict proof thereof.

21. Defendants admit they were dispatched to Bell's home but deny the remaining allegations of rhetorical paragraph 21.

22. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 22, and neither admit nor deny said allegations, but demand strict proof thereof.

23. Defendants admit the allegations contained in paragraph 23.

24. Defendants admit the allegations contained in paragraph 24.

25. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 25, and neither admit nor deny said allegations, but demand strict proof thereof.

26. Defendants deny the allegations contained in paragraph 26, to the extent that they are directed against them.

27. Defendants admit the allegations contained in paragraph 27.

28. Defendants admit the allegations contained in paragraph 28.

29. Defendants admit the allegations contained in paragraph 29.

30. Defendants admit Bell was holding his gun by the barrel at some point in the negotiations but just prior to the shooting was gripping it by the handle as if to shoot.

31. Defendant admits Bell was holding his gun by the barrel at some point in the negotiations but just prior to the shooting was holding it in the shooting position.

32. Defendants admit rhetorical paragraph 32, although during this time Bell was ordered multiple times to drop his weapon.

33. Defendants admit Bell was struck by at least one beanbag round.

34. Defendants admit two officers discharged their tasers at Bell, although they did not appear to the officers to be effective.

35. Defendants admit Bell ran in the direction of the emergency room entrance of Riverview Hospital, but denies he ran to "escape the attack."

36. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 36, and neither admit nor deny said allegations, but demand strict proof thereof.

37. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 37, and neither admit nor deny said allegations, but demand strict proof thereof.

38. Defendants deny the allegations contained in paragraph 38, to the extent that they are directed against them.

39. Defendants admit they ordered Bell multiple times to drop his weapon.

40. Defendants deny the allegations contained in paragraph 40, to the extent that they are directed against them.

41. Defendants deny the allegations contained in paragraph 41, to the extent that they are directed against them.

42. Defendants deny the allegations contained in paragraph 42, to the extent that they are directed against them.

43. Defendants admit the weapon was secured after the shooting.

44. Defendants deny the allegations contained in paragraph 44, to the extent that they are directed against them.

45. Defendants admit Hamilton County conducted the investigation but deny the remaining allegations of rhetorical paragraph 45.

46. Defendants deny the allegations contained in paragraph 46, to the extent that they are directed against them.

47. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 47, and neither admit nor deny said allegations, but demand strict proof thereof.

48. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 48, and neither admit nor deny said allegations, but demand strict proof thereof.

49. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 49, and neither admit nor deny said allegations, but demand strict proof thereof.

50. Defendants deny the allegations contained in paragraph 50, to the extent that they are directed against them.

51. Defendants deny the allegations contained in paragraph 51, to the extent that they are directed against them.

52. Defendants deny the allegations contained in paragraph 52, to the extent that they are directed against them.

53. Defendants deny the allegations contained in paragraph 53, to the extent that they are directed against them.

54. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 54, and neither admit nor deny said allegations, but demand strict proof thereof.

55. Defendants deny the allegations contained in paragraph 55, to the extent that they are directed against them.

56. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 56, and neither admit nor deny said allegations, but demand strict proof thereof.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## COUNT I
### EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 & 4TH AMENDMENT CLAIMS AGAINST DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON AND LT. THOMA

57. Defendants adopt and reallege their answers to paragraphs 1 through 56 of Plaintiff's Complaint for Damages as their answer to paragraph 57 of this Count I as though fully set forth herein.

58. Defendants deny the allegations contained in paragraph 58, to the extent that they are directed against them.

59. Defendants deny the allegations contained in paragraph 59, to the extent that they are directed against them.

60. Defendants deny the allegations contained in paragraph 60, to the extent that they are directed against them.

61. Defendants deny the allegations contained in paragraph 61, to the extent that they are directed against them.

62. Defendants deny the allegations contained in paragraph 62, to the extent that they are directed against them.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## COUNT II
### 42 U.S.C. § 1983 DUE PROCESS CLAIM FOR FAILURE TO INTERVENE/PROTECT OFFICER DEFENDANTS ROSENBERG, ALOISIO, DENISON, AND LT. THOMA

63. Defendants adopt and reallege their answers to paragraphs 1 through 56 and paragraphs 57 through 62 of Count I of Plaintiff's Complaint for Damages as their answer to paragraph 63 of this Count II as though fully set forth herein.

64. Defendants deny the allegations contained in paragraph 64, to the extent that they are directed against them.

65. Defendants deny the allegations contained in paragraph 65, to the extent that they are directed against them.

66. Defendants deny the allegations contained in paragraph 66, to the extent that they are directed against them.

67. Defendants deny the allegations contained in paragraph 67, to the extent that they are directed against them.

68. Defendants deny the allegations contained in paragraph 68, to the extent that they are directed against them.

69. Defendants deny the allegations contained in paragraph 69, to the extent that they are directed against them.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## COUNT III
### *MONELL* POLICY PRACTICE AND CUSTOMS VIOLATION AGAINST DEFENDANTS CITY OF NOBLESVILLE AND HAMILTON COUNTY SHERIFF

70. Defendants adopt and reallege their answers to paragraphs 1 through 56, paragraphs 57 through 62 of Count I, and paragraphs 63 through 69 of Count II of Plaintiff's Complaint for Damages as their answer to paragraph 70 of this Count III as though fully set forth herein.

71. Defendants deny the allegations contained in paragraph 71, to the extent that they are directed against them.

72. Defendants deny the allegations contained in paragraph 72, to the extent that they are directed against them.

73. Defendants deny the allegations contained in paragraph 73, to the extent that they are directed against them.

74. Defendants deny the allegations contained in paragraph 74 and subsections a-f, to the extent that they are directed against them.

75. Defendants deny the allegations contained in paragraph 75, to the extent that they are directed against them.

76. Defendants deny the allegations contained in paragraph 76, to the extent that they are directed against them.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

COUNT IV
CONSPIRACY UNDER 42 U.S.C. § 1983
DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON AND LT.THOMA; AND THE CITY OF NOBLESVILLE; AND THE HAMILTON COUNTY SHERIFF

77. Defendants adopt and reallege their answers to paragraphs 1 through 56, paragraphs 57 through 62 of Count I, paragraphs 63 through 69 of Count II, and paragraphs 70 through 76 of Count III of Plaintiff's Complaint for Damages as their answer to paragraph 77 of this Count IV as though fully set forth herein.

78. Defendants deny the allegations contained in paragraph 78, to the extent that they are directed against them.

79. Defendants deny the allegations contained in paragraph 79, to the extent that they are directed against them.

80. Defendants deny the allegations contained in paragraph 80, to the extent that they are directed against them.

81. Defendants deny the allegations contained in paragraph 81, to the extent that they are directed against them.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## COUNT V
## CLAIM FOR BATTERY AGAINST DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON AND LT. THOMA

82. Defendants adopt and reallege their answers to paragraphs 1 through 56, paragraphs 57 through 62 of Count I, paragraphs 63 through 69 of Count II, paragraphs 70 through 76 of Count III, and paragraphs 77 through 81 of Count IV of Plaintiff's Complaint for Damages as their answer to paragraph 82 of this Count V as though fully set forth herein.

83. Defendants deny the allegations contained in paragraph 83, to the extent that they are directed against them.

84. Defendants deny the allegations contained in paragraph 84, to the extent that they are directed against them.

85. Defendants deny the allegations contained in paragraph 85, to the extent that they are directed against them.

86. Defendants deny the allegations contained in paragraph 86, to the extent that they are directed against them.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## COUNT VI
### CLAIM FOR ASSAULT AGAINST DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON AND LT. THOMA

87. Defendants adopt and reallege their answers to paragraphs 1 through 56, paragraphs 57 through 62 of Count I, paragraphs 63 through 69 of Count II, paragraphs 70 through 76 of Count III, paragraphs 77 through 81 of Count IV, and paragraphs 82 through 86 of Count V of Plaintiff's Complaint for Damages as their answer to paragraph 87 of this Count VI as though fully set forth herein.

88. Defendants deny the allegations contained in paragraph 88, to the extent that they are directed against them.

89. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 89, and neither admit nor deny said allegations, but demand strict proof thereof.

90. Defendants deny the allegations contained in paragraph 90, to the extent that they are directed against them.

89.[sic] Defendants deny the allegations contained in paragraph 89, to the extent that they are directed against them.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## COUNT VII
### CLAIM OF INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON AND LT. THOMA

90. Defendants adopt and reallege their answers to paragraphs 1 through 56, paragraphs 57 through 62 of Count I, paragraphs 63 through 69 of Count II, paragraphs 70 through 76 of Count III, paragraphs 77 through 81 of Count IV, paragraphs 82 through 86 of Count V, and paragraphs 87 through

89[sic] of Count VI of Plaintiff's Complaint for Damages as their answer to paragraph 90 of this Count VII as though fully set forth herein.

91. Defendants deny the allegations contained in paragraph 91, to the extent that they are directed against them.

92. Defendants deny the allegations contained in paragraph 92, to the extent that they are directed against them.

93. Defendants deny the allegations contained in paragraph 93, to the extent that they are directed against them.

94. Defendants deny the allegations contained in paragraph 94, to the extent that they are directed against them.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## COUNT VIII
## CLAIM FOR NEGLIGENCE AGAINST DEFENDANT OFFICERS ROSENBERG, ALOISIO, DENISON AND LT. THOMA

95. Defendants adopt and reallege their answers to paragraphs 1 through 56, paragraphs 57 through 62 of Count I, paragraphs 63 through 69 of Count II, paragraphs 70 through 76 of Count III, paragraphs 77 through 81 of Count IV, paragraphs 82 through 86 of Count V, paragraphs 87 through 89[sic] of Count VI, and paragraphs 90 through 94 of Count VII of Plaintiff's Complaint for Damages as their answer to paragraph 95 of this Count VIII as though fully set forth herein.

96. Defendants admit the allegations contained in paragraph 96.

97. Defendants deny the allegations contained in paragraph 97, to the extent that they are directed against them.

98. Defendants deny the allegations contained in paragraph 98, to the extent that they are directed against them.

99. Defendants deny the allegations contained in paragraph 99, to the extent that they are directed against them.

100. Defendants deny the allegations contained in paragraph 100, to the extent that they are directed against them.

101. Defendants deny the allegations contained in paragraph 101, to the extent that they are directed against them.

102. Defendants deny the allegations contained in paragraph 102, to the extent that they are directed against them.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## COUNT IX
### CLAIM FOR INADEQUATE TRAINING, SUPERVISION, AND DISCIPLINE AGAINST THE CITY OF NOBLESVILLE AND THE HAMILTON COUNTY SHERIFF

103. Defendants adopt and reallege their answers to paragraphs 1 through 56, paragraphs 57 through 62 of Count I, paragraphs 63 through 69 of Count II, paragraphs 70 through 76 of Count III, paragraphs 77 through 81 of Count IV, paragraphs 82 through 86 of Count V, paragraphs 87 through 89[sic] of Count VI, paragraphs 90 through 94 of Count VII, and paragraphs 95 through 102 of Count VIII of Plaintiff's Complaint for Damages as their answer to paragraph 103 of this Count IX as though fully set forth herein.

104. Defendants admit the allegations contained in paragraph 104.

105. Defendants deny the allegations contained in paragraph 105, to the extent that they are directed against them.

106. Defendants deny the allegations contained in paragraph 106, to the extent that they are directed against them.

107. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 107, and neither admit nor deny said allegations, but demand strict proof thereof.

108. Defendants deny the allegations contained in paragraph 108, to the extent that they are directed against them.

109. Defendants deny the allegations contained in paragraph 109, including subsections a-c, to the extent that they are directed against them.

110. Defendants deny the allegations contained in paragraph 110, to the extent that they are directed against them.

111. Defendants deny the allegations contained in paragraph 111, to the extent that they are directed against them.

112. Defendants deny the allegations contained in paragraph 112, to the extent that they are directed against them.

113. Defendants deny the allegations contained in paragraph 113, to the extent that they are directed against them.

114. Defendants deny the allegations contained in paragraph 114, to the extent that they are directed against them.

115. Defendants deny the allegations contained in paragraph 115, to the extent that they are directed against them.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## COUNT X
## CLAIM FOR NEGLIGENCE AGAINST THE CITY OF NOBLESVILLE AND THE HAMILTON COUNTY SHERIFF

116. Defendants adopt and reallege their answers to paragraphs 1 through 56, paragraphs 57 through 62 of Count I, paragraphs 63 through 69 of Count II, paragraphs 70 through 76 of Count III, paragraphs 77 through 81 of Count IV, paragraphs 82 through 86 of Count V, paragraphs 87 through 89[sic] of Count VI, paragraphs 90 through 94 of Count VII, paragraphs 95 through 102 of Count VIII,

and paragraphs 103 through 115 of Count IX of Plaintiff's Complaint for Damages as their answer to paragraph 116 of this Count X as though fully set forth herein.

117.   Defendants deny the allegations contained in paragraph 117, including subsections a-d, to the extent that they are directed against them.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## COUNT XI
### CLAIM FOR RESPONDEAT SUPERIOR AGAINST CITY OF NOBLESVILLE UNDER THE INDIANA TORT CLAIMS ACT, IND. CODE 34-13-3, *et seq.* AND INDIANA STATE LAW

118.   Defendants adopt and reallege their answers to paragraphs 1 through 56, paragraphs 57 through 62 of Count I, paragraphs 63 through 69 of Count II, paragraphs 70 through 76 of Count III, paragraphs 77 through 81 of Count IV, paragraphs 82 through 86 of Count V, paragraphs 87 through 89[sic] of Count VI, paragraphs 90 through 94 of Count VII, paragraphs 95 through 102 of Count VIII, paragraphs 103 through 115 of Count IX, and paragraphs 116 through 117 of Count X of Plaintiff's Complaint for Damages as their answer to paragraph 118 of this Count XI as though fully set forth herein.

119.   Defendants admit the allegations contained in paragraph 119.

120.   Defendants admit the officers were acting in the scope of their employment and deny the remaining allegation of rhetorical paragraph 120.

121.   Defendants deny the allegations contained in paragraph 121, to the extent that they are directed against them.

122.   Defendants deny the allegations contained in paragraph 122, to the extent that they are directed against them.

123.   Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 123, and neither admit nor deny said allegations, but demand strict proof thereof.

124.   Defendants deny the allegations contained in paragraph 124, to the extent that they are directed against them.

125. The assertions contained in rhetorical paragraph 125 are not averments of a claim against Defendants and, therefore, not susceptible to admission or denial. However, to the extent that rhetorical paragraph 125 can be construed as an assertion that Defendants violated Plaintiff's rights, Defendants deny the same.

WHEREFORE, the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, deny the Plaintiff is entitled to any judgment whatsoever as against them.

## AFFIRMATIVE DEFENSES

Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, for their Affirmative Defenses to Plaintiff's Complaint, state as follows:

1. Plaintiff was guilty of contributory negligence, which is a bar to Plaintiff's Complaint.

2. Plaintiff assumed and/or incurred the risk of injury and damage and, therefore, Plaintiff's Complaint against Defendants is barred.

3. Plaintiff's injuries were proximately caused in whole or in part by non-parties to this action.

4. Plaintiff has failed to mitigate his damages.

5. Defendants were confronted with a sudden emergency and acted reasonably under the circumstances.

6. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

7. Plaintiff has waived any claim against Defendants.

8. Plaintiff failed to give Defendant notice of his claim within 180 days after his alleged loss, as required by the Indiana Tort Claims Act, I.C. § 34-13-3-8, and therefore, Plaintiff's Complaint against Defendants is barred.

9. Plaintiff's action is barred for the reason that Plaintiff failed to give proper or sufficient notice as required by the Indiana Tort Claims Act, I.C. § 34-13-3-10, 11 and/or 12.

10. Defendants are entitled to immunities contained in Ind. Code § 34-13-3-3 et seq., including

but not limited to law enforcement immunity, Sections 8 and 17.

11. As to state law claims, Defendants are entitled to sovereign and/or common law immunity.

12. Plaintiff's claims are barred by the good faith defense, the existence of probable cause and qualified privilege or immunity.

13. Defendants are entitled to qualified immunity under state law, Cantrell v. Morris, 849 N.E.2d 488 (Ind. 2006).

14. Plaintiff's detention was authorized due to his mental health status.

15. As to the constitutional claim, Plaintiff's claim against Defendants is barred by qualified immunity as a reasonable law enforcement official could conclude Defendants' actions were constitutional in light of existing law.

16. The Complaint fails to state a claim against Defendants under 42 U.S.C. § 1983, as the Complaint fails to adequately plead a policy, custom, practice or usage sufficient to invoke municipal liability.

17. As to claims for false arrest/false imprisonment/malicious prosecution, they are barred by the good faith defense and the existence of probable cause.

18. As to state law claims, they are barred against the individual officers under Ind. Code 34-13-3-5.

19. Plaintiff is not entitled to punitive damages under federal law.

20. Defendants assert the defenses of self-defense and consent.

21. Plaintiff's claims under the Indiana Constitution fail to state a claim for which relief may be granted, Cantrell v. Morris, 849 N.E.2d 488 (Ind. 2006).

22. Any recovery by Plaintiff is barred or to be reduced in accordance with the Indiana Collateral Source statute and the legal and equitable principles of payment, satisfaction, accord and satisfaction, set-off and rules barring windfalls and double recovery

23. Defendants reserve the right to add any additional affirmative defenses which may become available as Plaintiff's legal theories or additional facts are revealed by discovery.

24. Any request for punitive damages must be addressed in a bifurcated trial after a trial on the merits as to liability; otherwise, Defendant's due process rights are violated.

WHEREFORE, Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, pray for judgment in their favor, costs of this action, and for all other proper relief in the premises.

## JURY DEMAND

Come now the Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville, by counsel, and request trial by jury as to all issues raised in Plaintiff's Complaint.

Respectfully submitted,

MANDEL HORN, P.C.

/s/ Kirk A. Horn
Kirk A. Horn, Attorney No. 15194-06
*Attorney for Noblesville Defendants, Neal Rosenberg, James Aloisio, Craig Denison, Lieutenant David Thoma, Noblesville Police Department and City of Noblesville*

//

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 13, 2015, his office electronically filed the foregoing with the Clerk of Court using CM/ECF system, which sent notification of such filing to the following:

> Thomas E. Hastings
> Robert B. Turner
> THE HASTINGS LAW FIRM
> 323 N. Delaware Street
> Indianapolis, IN  46204
>
> Matthew L. Hinkle
> Erika N. Sylvester
> COOTS, HENKE & WHEELER, P.C.
> 255 East Carmel Drive
> Carmel, IN  46032
>
> Darren Murphy
> HOWARD & ASSOCIATES
> 694 Logan Street
> Noblesville, IN  46060

>                             /s/ Kirk A. Horn_____
>                             Kirk A. Horn

MANDEL HORN, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
317/848-7000
317/848-6197 *(facsimile)*