UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHEILA WILDE, *as guardian of Taylor Bell*, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01051-JMS-TAB |
| ) | |
| NEAL ROSENBERG, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**ORDER**

Presently pending before the Court is Plaintiff Sheila Wilde's First Motion for Extension of Time. [Filing No. 15; Filing No. 16.][1] In her motion, Ms. Wilde requests an extension of time until December 18, 2015 to respond to Defendant Hamilton County Sheriff's ("Hamilton County") Motion to Dismiss Third Amended Complaint, [Filing No. 13]. Ms. Wilde states that "in order to adequately and substantively respond to [Hamilton County's] arguments as stated in its Motion To Dismiss, Plaintiff needs to complete the depositions of the officers and investigators which depositions are currently scheduled for November 17-19, 2015." [Filing No. 15 at 1.] Ms. Wilde advises that Hamilton County has no objection to a thirty-day extension of time, but does object to an extension of time until December 18, 2015. [Filing No. 15 at 2.]

In deciding a motion to dismiss made under Fed. R. Civ. P. 12(b)(6), as is Hamilton County's Motion to Dismiss here, the Court determines whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell*

---

[1] Filing No. 15 and Filing No. 16 appear to be identical, duplicate motions, but Filing No. 16 attaches a proposed order. The Clerk is **DIRECTED TO STRIKE** Filing No. 16 as duplicative.

1

*Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. See *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). Because the Court must apply this standard to Hamilton County's motion, it finds that Ms. Wilde's desire to depose several Defendants before responding to the Motion to Dismiss is unwarranted. Put simply, the Motion to Dismiss tests the Complaint allegations as they stand, regardless of the deposition testimony Ms. Wilde seeks to obtain.

Because the Court finds that the deposition is irrelevant for purposes of Ms. Wilde's response to Hamilton County's Motion to Dismiss, it **DENIES** Ms. Wilde's Motion for Extension of Time, [Filing No. 15], to the extent that she seeks an extension of time until December 18, 2015. However, because Hamilton County does not object to a thirty-day extension, the Court **GRANTS** Ms. Wilde's Motion for Extension of Time, [Filing No. 15], to the extent that it extends Ms. Wilde's time for responding to Hamilton County's Motion to Dismiss to **October 8, 2015**.[2]

As Ms. Wilde prepares her response to Hamilton County's Motion to Dismiss, the Court cautions her regarding two potentially applicable rules:

- Fed. R. Civ. P. 15(a)(1)(B), which permits a party to amend its pleading (here, the Complaint) "once as a matter of course within…21 days after service of a motion under Rule 12(b)...." The Committee Notes to the 2009 Amendment to the Rule state: "The distinction drawn in former Rule 15(a) is changed in two ways. First, the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings."

---

[2] Ms. Wilde states that her response to the Motion to Dismiss is currently due on or before September 7, 2015, [Filing No. 15 at 1], but September 7 is Labor Day so her deadline is actually September 8, 2015. Accordingly, a thirty-day extension from September 8, 2015 would be October 8, 2015.

> Ms. Wilde should consider whether amending her Complaint would be a more prudent course under the circumstances.

- Fed. R. Civ. P. 11, which provides that "[b]y presenting to the court a pleading…. – whether by signing, filing, submitting, or later advocating it – an attorney…certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:…(2) the claims…are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…."

The Court is concerned that Ms. Wilde's desire to wait for depositions denotes a "file first ask questions later" strategy that may be inconsistent with Rule 11. Indeed, Hamilton County notes that a Rule 11 safe harbor letter has been sent. [Filing No. 14 at 9.] Accordingly, counsel should consider whether the Complaint allegations comport with Rule 11, and should not rely upon what may be learned through future discovery as justification for the Complaint's current allegations.

Date:  August 28, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**