UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHELLA WILDE, as Guardian of TAYLOR BELL,<br><br>    Plaintiff,<br><br>  v.<br><br>NEAL ROSENBERG, JAMES ALOISIO, CRAIG DENISON, LIEUTENANT DAVID THOMA, Individually, and as Servants, Agents of the Noblesville Police Department, THE CITY OF NOBLESVILLE AND THE HAMILTON COUNTY SHERIFF<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Cause No. 1:15-CV-1051-JMS-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CASE MANAGEMENT PLAN

**I.   Parties and Representatives**

Plaintiff: Shella Wilde, as Guardian of Taylor Bell

Plaintiff's Counsel:
Thomas E. Hastings
Robert B. Turner
**THE HASTINGS LAW FIRM**
323 North Delaware Street
Indianapolis, IN  46204
Tel: 317-686-1000
Email: thastings@lawindianapolis.com;
rbtatty@aol.com

Noblesville Defendants:
Neal Rosenberg
James Aloisio
Craig Denison
Lieutenant David Thoma
City of Noblesville

Noblesville Defendants' Counsel:
Kirk A. Horn
Mandel Horn, P.C.
704 Adams Street, Suite F
Carmel, IN  46032
Tel: 317-848-7000

|  |  |
|---|---|
|  | Fax: 317-848-6197 |
|  | Email: khorn@mhmrlaw.com |
|  |  |
|  | Darren J. Murphy |
|  | ASSISTANT CITY OF NOBLESVILLE ATTORNEY |
|  | 694 Logan Street |
|  | Noblesville, IN  46060 |
|  | Tel: 317-773-4212 |
|  | Fax: 317-776-2369 |
|  | Email: dmurphy@ori.net |
| Sheriff Defendant: | Hamilton County Sheriff |
| Sheriff's Counsel: | Matthew L. Hinkle |
|  | Erika N. Sylvester |
|  | COOTS, HENKE & WHEELER, P.C. |
|  | 255 E. Carmel Drive |
|  | Carmel, IN  46032 |
|  | Tel: 317-844-4693 |
|  | Fax: 317-573-5385 |
|  | Email: mhinkle@chwlaw.com; |
|  | esylvester@chwlaw.com |

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.     **Jurisdiction and Statement of Claims**

A.  The parties' positions on jurisdiction are identified in their respective synopsis, listed below:

B.  *Plaintiff's Synopsis:*

This cause of action arises under both Indiana State and Federal law regarding a violation of Plaintiff's civil rights under the Fourth, Fourteenth, and Eighth Amendments to the United States Constitution. This action arises under 42 U.S.C. § 1983, 28 U.S.C. § 1367, to redress deprivations of the civil rights of Plaintiff through acts and/or omissions of Defendants committed under color of the law.  Specifically here, Defendants deprived Plaintiff of his right under the Fourth, Fourteenth, and Eighth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983, et. seq. and 1988; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the Defendants are residents of Hamilton County, Indiana.  Venue also lies in the United States District Court, Southern District of Indiana pursuant to 28

U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

On July 20, 2013, BELL was mentally unstable adult that suffered from suicidal tendencies. BELL sought suicidal treatment from Aspire Crisis Hot Line speaking with Dr. Thomas Harris, advising Aspire that he intended to commit suicide by cop by pointing a gun at police officers with no intention of shooting the gun. This is known as "suicide by cop" as referenced in NPD SO-05-002. BELL had already obtained a Beretta Air Gun to carry out his plan. After the telephone call Harris reported BELL's intentions to 911 providing that he was emotionally disturbed person considering suicide, and that he had no intention to harm any police officers but was intended to point a gun at them so they would shoot him. Harris further requested a welfare check be performed as to BELL. 911 dispatched NPD Officers to BELL's home to perform the welfare check. LT. THOMA, a crisis negotiator for NPD, asked to be put on the run to locate and check-up1 on BELL. LT. THOMA located BELL via cell-phone and began conversing with him. BELL was physically located at the old Kahlo parking lot adjacent to Riverview Hospital.

Defendant ALOISIO was the first to arrive at the location. Defendant ALOISIO drew his weapon and ordered BELL to walk towards him. Defendant ALOISIO was commanded to disengage because LT. THOMA was communicating with BELL via cell-phone attempting to talk to him regarding the situation. Other Officers arrived on the scene and assumed felony stop positions behind their vehicles in front of BELL, as well as hidden Officers behind buildings. Officers were present from the NPD and the Hamilton County Sheriff Office. BELL was holding the Beretta Air Gun by the barrel in his right hand, and his cell phone in his left hand while talking to LT. THOMA on the cell phone. LT. THOMA requested BELL drop the Beretta Air Gun and walk toward where LT. THOMA was located. BELL began to walk toward LT. THOMA. At this same time, BELL was shot by two bean bag rounds fired by NPD Officers. BELL was then shot with multiple NPD Officers Tasers. BELL began to run to the back of the parking lot to escape the attack. LT. THOMA gave an order for NPD Officers to "go get him" meaning BELL. LT. THOMA joined the pursuit in his police vehicle. BELL ultimately surrendered to the NPD Officers with his hands up. LT. THOMA again ordered BELL to drop the Beretta Air Gun. BELL was against shot with multiple Taser guns. Defendant ROSENBERG then shot BELL in the abdomen. Defendants ALOISIO and DENNISON subsequently fired their weapons shooting BELL in his back left thigh and back body. Subsequent to the shooting, BELL's Beretta Air Gun was secured by ROSENBERG. Subsequent to the shooting there was no standard crime scene investigation conducted. Subsequent to the shooting the Hamilton County Sheriff's Office was assigned the investigation of the crime scene, instead of an outside agency/investigator who was not involved in the incident per standard protocol.

Subsequent to the shooting the NPD failed to conduct a proper internal investigation into the actions of the Defendant Officers, ROSENBERG, ALOISIO, DENNISON,

3

and LT. THOMA per standard protocol and procedure. The SHERIFF failed to accurately conduct laboratory testing on the bullet shell casings and evidence in the matter. The SHERIFF failed to property investigate the shootings regarding the knowledge of the Defendant Officers that BELL only possessed a Beretta Air gun, as well as any dash cam footage of the shooting. The SHERIFF failed to complete a final comprehensive report or summary regarding its investigation and findings per standard procedure and protocol. The NPD and/or SHERIFF failed to properly preserve any dash cam footage for the investigation.

The NPD and/or SHERIFF intentionally deleted any dash cam footage obtained of the shooting. That Defendant Officers ROSENBERG, ALOISIO, DENNISON, and LT. THOMA failed to properly preserve any dash cam footage for the investigation. The Defendant Officers ROSENBERG, ALOISIO, DENNISON, and LT. THOMA intentionally deleted any dash cam footage obtained of the shooting. That as a result of the shooting and actions/omissions of the Defendants, Plaintiff BELL sustained injuries and was required to engage in the medical care and treatment. That as a result of the shooting and acts of the Defendants, Plaintiff BELL incurred the inability to seek employment opportunities. That as a result of the shooting and the intentional acts of the Defendants, Plaintiff BELL was damaged.

Based on the above stated facts, Plaintiff alleges that Defendants violated several of her State and Federal Rights, including but not limited to the following Counts and allegations against Defendants:
1. Excessive force in violation of 42 U.S.C. Section 1983, and the 4th Amendment against Defendant Officers Rosenberg, Aloisio, Dennison, and Lt. Thoma
2. 42 U.S.C. Section 1983, due process claim for failure to intervene/protect as to Officer Defendants Rosenberg, Aloisio, Dennison, and Lt. Thoma.
3. Monell Policy Practice and Customs Violation against the City of Noblesville and Hamilton County Sheriff
4. Conspiracy Under 42 U.S.C. Section 1983 Against Defendants Rosenberg, Aloisio, Denninson, and Lt. Thoma, as well as the City of Noblesville and the Hamilton County Sheriff.
5. Claims for battery against Defendant Officers Rosenberg, Aloiso, Dennison, and Lt. Thoma
6. Claims for Assault against Defendant Officers Rosenberg, Aloiso, Dennison, and Lt. Thoma
7. Claims for intentional /negligent infliction of emotional distress against Defendant Officers Rosenberg, Aloiso, Dennison, and Lt. Thoma
8. Claims for Negligence against Defendant Officers Rosenberg, Aloiso, Dennison, and Lt. Thoma
9. Claims for inadequate training, supervision, and discipline against the City of Noblesville and The Hamilton County Sheriff
10. Claims for negligence against the City of Noblesville and The Hamilton County Sheriff

4

    11. Claims for Respondeat Superior against City for Noblesville under the Indiana Tort Claims Act, Ind. Code 34-13-3, et. seq. and Indiana State Law

 C. *Noblesville Defendants' Synopsis*:

On July 20, 2013 at 9:56 p.m. Thomas Harris of Aspire Health called 911 advising he had received a call from plaintiff who said he was suicidal, at a park with a gun and was waiting for officers to come. His plan was to raise the gun toward the officers in hopes that they would shoot and kill him. Dispatch advised Noblesville Police Department and discovered plaintiff in the middle of the parking lot just east of Riverview Hospital, armed with a handgun. Numerous officers assumed their felony stop position, the area was secured and Riverview was placed on lockdown. During the stand-off Noblesville Officer Thomas reached plaintiff on his cell in an attempt to resolve the crisis. After numerous unsuccessful requests to drop his weapon and surrender, the officers deployed "less-lethal" bean bag rounds, striking him. He was initially incapacitated, but recovered, sprinting in a southwest direction toward the Riverview emergency room entrance. Officers Thompson and Firks intercepted Bell and deployed their tasers, with no effect. Bell then raised his weapon in the direction of the officers and officers Rosenburg, Aloisio and/or Denison fired their weapons, with two of the shots striking and injuring plaintiff. The gun Bell pointed at the officers was discovered to be an air-soft gun identical in appearance and weight to a Beretta Model 92 handgun.

Defendants admit subject matter jurisdiction and deny the allegations contained within the complaint and assert various affirmative defenses including qualified immunity.

*Hamilton County Sheriff's Synopsis*:

The Hamilton County Sheriff's office and its deputies ("Sheriff") should not be a party to this case as they had no involvement in the police action shooting by the Noblesville Police Department. See Motion to Dismiss, which, if granted, may divest this Court of jurisdiction over any state claim that may remain. Factually, the Sheriff's response to the incident occurring on July 20, 2013, only included setting up a perimeter and then investigating the shooting. Bell's most recent Third Amended Complaint has attempted to implicate the Sheriff on matters occurring AFTER the shooting. Plaintiff will be unable to make a prima facie case for any of the alleged violations. The Sheriff refutes both the *Monell* claim and the conspiracy claim under 42 U.S.C. 1983 as Plaintiff's constitutional rights were not violated. In fact, Plaintiff has indicated he needs further information to be obtained through depositions to further pursue the claims and define the allegations. This ongoing need for additional information essentially leaves the Sheriff to guess as to why these claims are being alleged and also confirms that Plaintiff does not have a basis for the identified claims. The Sheriff further denies the additional claim for breaches of policy, failing or refusing to train, supervise and or discipline unlawful pursuits. Plaintiff is simply

               unable to tender a cogent allegation against the Sheriff in terms of who, what, where, and when the policy was breached.  The Sheriff submits that such a breach did not occur and therefore the allegations will fail.  The Sheriff further denies the state law claim alleging it was negligent in performing its investigatory duties following the incident fails to state a claim upon which relief can be granted.

      D.      <u>Within 14 days after the non-expert discovery deadline</u>, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

### III. Pretrial Pleadings and Disclosures

      A.      The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before <u>November 6, 2015</u>.

      B.      Plaintiff shall file preliminary witness and exhibit lists on or before <u>December 7, 2015</u>.

      C.      Defendants shall file preliminary witness and exhibit lists on or before <u>January 6, 2016</u>.

      D.      All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before <u>December 7, 2015</u>.

      E.      Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before <u>December 7, 2015</u>.  Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

      F.      Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before <u>August 8, 2016</u>.  Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before <u>45 days after Plaintiff serves her expert witness disclosure</u>; or if Plaintiff has disclosed no experts, Defendants shall make their expert disclosure on or before <u>September 6, 2016</u>.  Plaintiff shall make disclosure of any rebuttal experts on or before <u>October 6, 2016.</u>

      G.      If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than <u>90 days prior to the dispositive motion deadline</u>.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the

        dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than <u>60 days before trial</u>. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before <u>September 6, 2016</u>. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      <u>Discovery of electronically stored information ("ESI")</u>. The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party. The parties have agreed that the scope of electronically stored discovery information shall be limited to relevant and discoverable emails and other electronic documents that are reasonably accessible, that such emails and all email attachments shall be produced in paper format, and that certain other electronic documents which are not attached to emails may be produced on either a compact disc or thumb drive in either TIFF or PDF format, if requested in such form. The parties further have agreed that disclosure of metadata associated with emails produced in discovery will not be necessary and that disclosure of metadata associated with other electronic documents that are produced in either TIFF or PDF format will be negotiated on a case-by-case basis. Cost allocation will be negotiated at a future date should such allocation become necessary in the discretion of any party. To the extent that e-discovery is unintentionally produced which discloses attorney-client privileged information or work product information, the party that made such production is entitled to recovery of such documents at the earliest convenience of the party who received such discovery. The parties agree that no such documents produced may be used as evidence in this matter.

**IV.         Discovery[1] and Dispositive Motions**

     A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

          Yes.

          Defendant Hamilton County Sheriff filed a Motion to Dismiss (Doc. 13); Plaintiff's Response is due by October 8, 2015.  If the Motion to Dismiss is not granted, Hamilton County Sheriff anticipates moving for summary judgment based on there being no genuine issue of material fact supporting Plaintiff's claims against the Hamilton County Sheriff for reasons similar that which is set for in the above synopsis and the pending motion to dismiss.

          The Noblesville defendants anticipate filing a motion for summary judgment on the grounds that many of the theories of liability state claims for which no relief may be granted, that the individual officers' actions were objectively reasonable and that they are entitled to qualified immunity on the constitutional claims. As for the state claims, Noblesville is entitled to common law immunity. Under the Indiana Tort Claims Act, Noblesville is entitled to law enforcement and other statutory immunities, nor can the officers be individually liable under Ind. Code 34-13-3-5. Finally, there are no grounds for a *Monell* claim against the City. They may raise other defenses in his affirmative defenses

     B.    Select the track that best suits this case:

          _____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date.  The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

          __X__ Track 2: Dispositive motions are expected and shall be filed <u>July 6, 2016</u>; non-expert witness discovery and discovery relating to liability issues shall be

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

completed by  May 6, 2016; expert witness discovery and discovery relating to damages shall be completed by  September 6, 2016.

_____ Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 12 months from Anchor Date]; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____ [no later than 30 days prior to the dispositive motion deadline date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date].  [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

_____ Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

### V.  Pre-Trial/Settlement Conferences

The Court has set an initial pre-trial conference to occur on October 2, 2015.  The parties anticipate discussing the necessity and timing of a settlement conference at the initial pre-trial conference.

### VI.  Trial Date

The parties request a trial date in March 2017.  The trial is by jury and is anticipated to take 5-7 days.

### VII.  Referral to Magistrate Judge

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

### VIII.  Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

### IX.  Other Matters

The parties are not aware of any other matters currently requiring the Court's attention.


Respectfully submitted,

| Counsel for Plaintiff | Counsel for Defendants The City of Noblesville, Neal Rosenberg, James Aloisio, Craig Denison, and Lieutenant David Thoma |
|---|---|
| /s/ Thomas E. Hastings | /s/ Kirk A. Horn |
| Thomas E. Hastings | Kirk A. Horn |
| Robert B. Turner | **MANDEL HORN MCGRATH & REYNOLDS, P.C.** |
| **THE HASTINGS LAW FIRM** | |

Counsel for Defendant Hamilton County Sheriff


/s/Matthew L. Hinkle
Matthew L. Hinkle
Erika N. Sylvester
**COOTS, HENKE & WHEELER, PC**

11

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR \_\_\_\_\_ _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____    _____
Date                                                                         U. S. District Court
                                                                                    Southern District of Indiana