UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHELLA WILDE, as Guardian of<br>TAYLOR BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No. 1:15-CV-1051-JMS-TAB |
| | ) | |
| NEAL ROSENBERG, JAMES ALOISIO,<br>CRAIG DENISON, LIEUTENANT DAVID<br>THOMA, Individually, and as Servants, Agents<br>of the Noblesville Police Department, THE<br>CITY OF NOBLESVILLE AND THE<br>HAMILTON COUNTY SHERIFF, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT HAMILTON COUNTY SHERIFF'S MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO STRIKE**

_____

Defendant Hamilton County Sheriff ("Sheriff"), by counsel, respectfully submits its

Memorandum of Law in Support of Their Motion to Strike and state as follows:

## **INTRODUCTION**

In Plaintiff's Response in Opposition to Defendant, Hamilton County Sheriff's, Motion to

Dismiss ("Response") [Doc. 23], Plaintiff makes numerous assertions that are not part of the factual

averments or allegations in his Third Amended Complaint ("Complaint").  In an effort to save the

Complaint from dismissal as to the Sheriff, Plaintiff's Response imagines a scene of the police action

shooting that is quite dissimilar from the one portrayed by the Complaint. Plaintiff's Response is

replete with unsupported assertions- some of which conflict with averments actually plead by

Plaintiff.  Under F.R.C.P. 12, when ruling on a motion to dismiss the Court should construe all well

plead factual allegations in the complaint as being true- as well as reasonable inferences drawn from

those factual allegations, but Plaintiff cannot be allowed to change the facts outside the pleadings or present new factual averments in response to a motion to dismiss. Thus, the Sheriff moves to strike the impermissible portions of Plaintiff's Response.

## LEGAL STANDARD

"[A] court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P.12(f)(2). Allegations of facts not contained in a complaint are not to be considered in a motion to dismiss. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773 (7th Cir. 2007). Motions to strike are ordinarily disfavored because they often function only to delay resolution of a case, but "where ... motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir.1989); *Vill. of Bondville v. Windstream Corp.*, 2014 WL 2893311, at *3 (C.D. Ill. 2014). Whether to grant a motion to strike is within the discretion of the Court. *Delta Consulting Group, Inc. v. R. Randle Construction, Inc.,* 554 F.3d 1133, 1141 (7th Cir.2009).

## ARGUMENT

The Court should strike the text from Plaintiff's Response Brief (in bold text below) because these statements and argument is not supported by the allegations in the Complaint or reasonable inferences that could be drawn therefrom. Those allegations include the following:

- As the officers arrived in the back of the parking lot, officers from **both** the Noblesville Police Department **and the Hamilton County Sheriff's Department** were **converging** around Bell **in such fashion that officers' expressed fear of cross-fire between themselves**. (Response p. 4)

Nowhere in the Complaint does Plaintiff allege that Hamilton County Sheriff's officers converged around Bell. Nor is there any assertion in the Complaint that officers expressed a fear of cross fire. Since it was not alleged that Sheriff's officers converged on Bell or were in close

proximity to Bell or NPD officers when the shooting occurred, it cannot be reasonably inferred that Hamilton County Sheriff's officers had concern about finding themselves in a cross-fire.

- Several officers, other than the shooters, were present from NPD **and the Hamilton County Sheriff** when the shooting occurred. (Response p. 4)

Nowhere in the Complaint does Plaintiff allege that Sheriff's officers were present when the shooting occurred.  The closest that Plaintiff comes to such an allegation is when he alleges that about the time that NPD officer Thoma was talking to Bell on a cell phone that other officers from NPD and the Sheriff arrived on scene. (3d Am. Compl. ¶28).  However, Plaintiff proceeds to allege that he fled the area on foot and was pursued by NPD officers before lethal force[1] was subsequently used by NPD officers.  (3d Am. Comp. ¶¶35-42).  Plaintiff does not allege that Sheriff's officers pursued him or were otherwise present at the location where lethal force was used by NPD. Consequently, when Plaintiff's Response endeavors to draw Hamilton County officers into the location of the shooting- as if they were in close proximity to Bell when he was shot by NPD officers, this portion of the argument is not sustained by the Third Amended Complaint and should be stricken.

- Subsequent to the shooting, **and only minutes following the shooting**, **the Assistant Chief of NPD assigned the investigation to the Hamilton County Sheriff's Office** instead of an outside agency or entity that was not involved in the incident per standard protocols**.**  Hamilton County Sheriff's deputies **were at the scene when the shooting occurred and were working with NPD to** secure the perimeter around Riverview Hospital **and were involved in the convergence surrounding Bell in the back of the parking lot.**  (Response p. 4)

---

[1] Plaintiff does not actually plead that lethal force was used but previously describes the use of non-lethal force in more exacting terms so Defendant is drawing the inference that the shots being referred to in Complaint Paragraphs 41-42 are intended to refer to the use of lethal shots.

Nowhere in the Complaint does Plaintiff identify a time frame within which the Sheriff was contacted. Using the word "assigned" implies "authority" by one agency over another and may improperly imply a relationship that does not exist or provide support to Plaintiff's Response that is not supported by the allegations. For instance, this new assertion seems to be another attempt by Plaintiff to bolster his claim of conspiracy and the alleged meeting of the minds, however, the allegations have no factual support and were not plead or reasonably inferred from the Complaint.

Lastly, as stated above, Plaintiff continues to attempt to bring the Sheriff's officers closer to the fray by alleging the Sheriff's officers were "at the scene when the shooting occurred" and involved in "converging" around Bell prior to the shooting despite the absence of such an assertion in the Complaint.

- Even though Hamilton County Sheriff's officers did not fire their weapons or shoot Bell, they were **active in the crime scene and had knowledge of intricate and intimate details of the shooting**. (Response p. 5)

Nowhere in the Complaint does Plaintiff indicate that the Sheriff was active at the location of the shooting. "Active" involvement conveys that the Sheriff's officers did more than secure the perimeter and clearly suggests some type of direct involvement in the actions leading up to and including Plaintiff's seizure by use of lethal force. The Complaint also does not state nor can it be inferred that the Sheriff had any knowledge let alone "intricate and intimate details" of the shooting. Plaintiff is again trying to tie the Sheriff further into the shooting by straying from the Complaint and proposing argument unsupported by allegations that have been pled.

- **Subsequent to the shooting the crime scene was tainted by the many individuals who started moving evidence without a plan for the investigation. As a result, evidence was not properly secured, photographed or collected**. (Response p. 5)

Nowhere in the Complaint is this argument supported by allegations or reasonable inferences and should be stricken in its entirety. While this allegation does not specifically identify the Sheriff,

4

the performance of the investigation was part of the Sheriff's involvement and therefore it appears that Plaintiff is attempting to further bolster their argument for a "negligent" investigation by adding assertions not previously alleged.

- **The Sheriff further failed to investigate the absence or deletion of dash cam video footage, secure dash cameras, question the lack of audio from radio traffic or belt-mic packs, and/or question the removal of video cards form the shooters police vehicles by NPD.** (Response p. 5)

Nowhere in the Complaint does Plaintiff allege that the Sheriff failed to investigate or question the lack of dash cam video or otherwise secure audio or dash cameras.   In fact, the Complaint simply alleges that the Sheriff failed to preserve the dash cam footage and officer/dispatch communications.   (3d Am. Compl. ¶50)   Furthermore, the Complaint alleged that the Sheriff intentionally manipulated and/or deleted dash cam footage, a contention significantly different than failing to investigate the purported absence of evidence.   Plaintiff is again presenting unfounded argument in the guise of factual assertions not made in the Complaint and this statement should be stricken.

- **The Sheriff failed to update case notes or provide any communication to any of the agencies expected to review its findings that the Indiana State Police ballistics report revealed more than three bullets were fired.  (p. 6)**

Nowhere in the Complaint does Plaintiff claim that the Sheriff failed to update notes or provide their investigation to any other party, including the Indiana State Police.  The fact that Plaintiff refers to a ballistics report – a report that is not in evidence or incorporated into any pleading – which allegedly reveals information contradicting the number of bullets fired is yet another example of Plaintiff's Response impermissibly trying to inject facts  not alleged in the Complaint. This statement should be stricken as it is yet another attempt to assert claims not previously pled in the Complaint.

Plaintiff's Response mischaracterizes the involvement of the Sheriff in both pre and post shooting events by inserting fact based assertions unsupported by the Complaint.  Plaintiff's Response significantly alters the Sheriff's involvement indicating that his deputies were "converging" on Plaintiff prior to the shooting, had "knowledge of the intricate and intimate details" of the shooting, and other circumstances that are without support in the Complaint. Plaintiff's Response is akin to the filing of an Amended Complaint without leave of court.  Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff may only amend his pleading with Defendant's consent or the Court's leave.  Plaintiff's failure to seek leave of court to amend the Complaint before filing is, by itself, a sufficient reason for the Court to grant Defendants' Motion to Strike.  *Jones v. United Airlines,* 2012 WL 6216741 (N.D. Ill. 2012), *citing Vildaver v. Merrill Lynch,* 1996 WL 734957, at *3 (N.D. Ill 1996), *Tarkowski v. County of Lake,* 1985 WL 2418, at *1 (N.D. Ill 1985).  Moreover, the Seventh Circuit forbids attempts to essentially amend a complaint through arguments in a brief in opposition to a dispositive motion. *See Anderson v. Donahoe,* No. 11 C 3784, 2012 WL 5275254, at *7 (7th Cir. Oct.26, 2012); *see also Grayson v. O'Neill,* 308 F.3d 808, 817 (7th Cir.2002).  Accordingly, the Sheriff requests the bolded assertions identified above be stricken from his Response.

## CONCLUSION

This Court should grant the Sheriff's Motion to Strike and exclude the portions of Plaintiff's Response Brief identified in bold above.

Respectfully submitted,

**COOTS, HENKE & WHEELER, P.C.**

/s/Matthew L. Hinkle
Matthew L. Hinkle, # 19396-29
Erika N. Sylvester, #30058-64
*Attorneys for Hamilton County Sheriff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the **26th day of October, 2015**, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

Thomas E. Hastings
Robert B. Turner
Jeff D. Oliphant
**THE HASTINGS LAW FIRM**
thastings@lawindianapolis.com
rbtatty@aol.com
joliphant@hastingslegal.com
*Attorneys for Plaintiff*

Kirk A. Horn
**MANDEL HORN MCGRATH & REYNOLDS, P.C.**
khorn@mhmrlaw.com
*Attorney for The City of Noblesville,*
*Neal Rosenberg, James Aloisio,*
*Craig Denison, and Lieutenant David Thoma*

Darren J. Murphy
**ASSISTANT CITY OF NOBLESVILLE ATTORNEY**
dmurphy@ori.net
*Attorney for The City of Noblesville,*
*Neal Rosenberg, James Aloisio,*
*Craig Denison, and Lieutenant David Thoma*

/s/Matthew L. Hinkle
Matthew L. Hinkle, #19396-29
Erika N. Sylvester, #30058-64

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – telephone
(317) 573-5385 – facsimile
Email: mhinkle@chwlaw.com
        esylvester@chwlaw.com

L:\Alternative Service Concepts\Bell v. Hamilton Co. (17120.015)\Pleadings\Memorandum of Law on Motion to Strike.doc