**U.S. DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| SHELLA WILDE, as Guardian of TAYLOR BELL | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CAUSE NO. 1:15-CV-1051-JMS-TAB |
| | ) | |
| vs. | ) | |
| | ) | |
| NEAL ROSENBERG, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT HAMILTON COUNTY SHERIFF'S**
**MOTION TO STRIKE**

Plaintiff, Shella Wilde, As Guardian of Taylor Bell, by Counsel, respectfully submits its Brief in Response to Defendant Hamilton County Sheriff's Motion To Strike, and in support thereof states as follows:

**INTRODUCTION**

Defendants allege that specific portions of Plaintiff's Response Brief to the Motion To Dismiss are outside the facts set forth in the face of the pleadings.  While Plaintiff would agree that the Third Amended Complaint does not verbatim state the facts as asserted in the Response Brief, Plaintiff disagrees with this ascertain that the facts are not covered at all within the bounds of notice pleadings under Federal Rule of Civil Procedure 8(a)(2).  In addition, Plaintiff is allowed to assert facts of this matter and have the court convert a Motion To Dismiss into a Motion for Summary Judgment under Fed. Rule 56.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides that a court may, *sua sponte* or on the motion of a party, strike from a pleading "an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f).  As the rule's language indicates, a motion to strike should be granted only in rare circumstances, and such motions are "disfavored" because they "potentially serve only to delay."  *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir.1989); *Crowder v. Foster Wheeler, LLC,* 265 F.R.D. 368, 370 (S.D.Ind.2009). For this reason, a motion will be successful where it "remove[s] unnecessary clutter from the case," expediting the resolution of the case rather than erecting another obstacle to its consideration on the merits. *Id.* (citing *United States v. 416.81 Acres of Land,* 514 F.2d 627, 631 (7th Cir.1975).

## **ARGUMENT**

### A. **Plaintiff's Third Amended Complaint Covers The Specific Facts Set Forth In The Response To The Motion To Dismiss As Required Under Notice Pleadings, Fed. Rule**

Federal Rule of Civil Procedure 8(a)(2)  requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  This gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545-46 (2007); *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998)(*citing Leatherman v. Tarrant County Narcotics and Intelligence Coordination Unit*, 507 U.S. 163, 168 (1993)).  Fair notice to be given, "a complaint must at least 'include the operative facts upon which a plaintiff bases his claim.'" *Kyle*, 144 F.3d at 454-55.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly*, 550 U.S. at 545-56.   A plaintiff need not plead facts; he can plead conclusions; however, the conclusions must provide the defendant with least minimal notice of the claim. *Kyle*, 144 F.3d at 454-55.

In the present matter, the Defendant's Motion to Strike puts the Plaintiff's Complaint under review as to whether sufficient facts have been pleaded to allow the defendant and this District Court to understand the graveman of Plaintiff's Third Amended Complaint and the use of facts in the Motion the Dismiss.  Plaintiff asserts that it has overly complied with the notice pleadings rules.  While the facts alleged by Defendant as not being included in the Third Amended Complaint are not verbatim in the Third Amended Complaint, they are included through a comprehensive reading of it.  As such, none of the portions alleged by Defendant should be stricken from Plaintiff's Response to the Motion to Dismiss.

Defendant asserts that seven (7) sections of Plaintiff's Response Brief is not included in the Third Amended Complaint.   Defendant's first set of language alleged to not be in the Third Amended Complaint includes:

- As the officers arrived in the back of the parking lot, officers from **both** the Noblesville Police Department **and the Hamilton County Sheriff's Department** were **converging** around Bell **in such fashion that officers' expressed fear of cross-fire between themselves.**

Defendant's Motion To Strike Page 2 (portions in bold is what Defendant wants stricken).

Despite Defendant's assertion, this portion of the facts is set forth in Paragraph Nos. 78 and 79 of the Third Amended Complaint.  Paragraph Nos. 27, 28, 78 and 79.  Paragraph No. 27 states "[o]ther Officers arrived on the scene and assumed felony stop positions behind their vehicles in front of Bell, as well as hidden Officers behind buildings."  Paragraph No. 28 states, "[o]fficers were present from the NPD and the Hamilton County Sheriff Office."  Paragraph 78 states, "[t]hat each Defendant met by agreement in order to commit said acts in concert as individual members of the conspiracy in furtherance of the conduct of conspiracy."  Paragraph 79 states, "[t]hat as a direct and proximate cause of Defendants actions, Plaintiff has been damaged." These provisions on the Third Amended Complaint give notice of a "converging" and "concerted"

action between the Defendants and that all were present forming a barrier that could result in cross-fire or other dangers.  Facts with specificity do not have to be plead, only notice must be given. Federal Rule of Civil Proc. 8.

The second, third, and fourth portions of text asserted by Defendant to not be included in the Third Amended Complaint include:

- Several officers, other than the shooters, were present from NPD **and the Hamilton County Sheriff** when the shooting occurred.

- Subsequent to the shooting, **and only minutes following the shooting, the Assistant Chief of NPD assigned the investigation to the Hamilton County Sheriff's Office** instead of an outside agency or entity that was not involved in the incident per standard protocols.  Hamilton County Sheriff's deputies **were at the scene when the shooting occurred and were working with NPD to** secure the perimeter around Riverview Hospital **and were involved in the convergence surrounding Bell in the back of the parking lot.**

- Even though Hamilton County Sheriff's officers did not fire their weapons or shoot Bell, they were **active in the crime scene and had knowledge of intricate and intimate details of the shooting**.

Defendant's Motion To Strike Page 3 and 4 (portions in bold is what Defendant wants stricken).

Despite Defendant's contentions, these facts are specifically referred to in Paragraph Nos. 27, 28, and 44.  Paragraph No. 27 states "[o]ther Officers arrived on the scene and assumed felony stop positions behind their vehicles in front of Bell, as well as hidden Officers behind buildings." Paragraph No. 28 states, "[o]fficers were present from the NPD and the Hamilton County Sheriff Office."  Paragraph No. 44 states, "[s]ubsequent to the shooting the Hamilton County Sheriff was assigned the investigation of the crime scene, instead of an outside agency/investigator who was not involved in the incident per standard protocol."  These Paragraphs support the facts as alleged in Plaintiff's Response to Defendant's Motion To Dismiss.  The Paragraphs put the Defendant on notice of the facts against them, and that there are claims for "convergence".  A specific timeframe for which the Sheriff was contacted is not necessary in the Complaint.  The timeframe will could

through discovery and all the Plaintiff is required to do is provide notice of the underlying basis for the claims; not specific facts.

The fifth portion of language cited by the Defendant includes:

- **Subsequent to the shooting the crime scene was tainted by the many individuals who started moving evidence without a plan for investigation. As a result, evidence was not properly secured, photographed or collected.**

Defendant's Motion To Strike Page 4 (portions in bold is what Defendant wants stricken).

Despite Defendant's contentions, these facts are specifically referred to in Paragraph Nos. Paragraph Nos. 27, 28 and 72(b) are relevant and provide the necessary support for the language. Paragraph No. 27 states "[o]ther Officers arrived on the scene and assumed felony stop positions behind their vehicles in front of Bell, as well as hidden Officers behind buildings." Paragraph No. 28 states, "[o]fficers were present from the NPD and the Hamilton County Sheriff Office." Paragraph No. 72(b) states, "[s]pecifically, as a matter of both policy and practice, the Noblesville Police Department and the Hamilton County Sheriff facilitates the type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct; thereby leading the Noblesville Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses, wrongful shootings, crimes scene cover-ups, such as those affecting Plaintiff;…". Throughout Plaintiff's Third Amended Complaint, Plaintiff has referenced through notice that claims were being asserted against the Sheriff's Department for its improper investigation of the crime scene. There are even Counts devoted wholly to this assertion, including Plaintiff's Claims for: (1) inadequate training, supervision, and discipline; (2) *Monell* policy practice and customs; and (3) negligence. There is adequate reference throughout the Complaint of these facts to put the Defendant on notice.

The sixth portion of language cited by the Defendant includes:

- **The Sheriff further failed to investigate the absence of deletion of dash cam video footage, secure dash cameras, question the lack of audio from radio traffic or belt-mic packs, and/or question the removal of video cards form the shooters police vehicles by NPD.**

Defendant's Motion To Strike Page 5 (portions in bold is what Defendant wants stricken).

Despite Defendant's contentions, these facts are specifically referred to in Paragraph Nos. 49 and 50 specifically reference and deal with the dash camera.  Paragraph No. 49 states, "[t]he NPD and/or Sheriff failed to properly preserve any dash cam footage for the investigation."  Paragraph No. 50 states, "[t]he NPD and/or Sheriff intentionally deleted any dash cam footage obtained of the shooting."  These two Paragraphs are adequate notice of the use of dash cameras to support Plaintiff's claims and put the Defendant on reasonable notice of these claims and facts.

The seventh portion of language cited by the Defendant includes:

- **The Sheriff failed to update case notes or provide any communication to any other agencies expected to review its findings that the Indiana State Police ballistics report revealed more than three bullets were fixed.**

Defendant's Motion To Strike Page 5 (portions in bold is what Defendant wants stricken).

Despite Defendant's contentions, these facts are referenced throughout Plaintiff's Third Amended Complaint.  Plaintiff has referenced through notice that claims were being asserted against the Sheriff's Department for its improper investigation of the crime scene.  There are even Counts devoted wholly to this assertion, including Plaintiff's Claims for: (1) inadequate training, supervision, and discipline; (2) *Monell* policy practice and customs; and (3) negligence.   There is adequate reference throughout the Complaint of these facts to put the Defendant on notice that information such as improper communications regarding ballistics and reports could be used.

Therefore, based on the foregoing, this Court should deny Defendant's Motion To Strike in its entirety and take into consideration all of Plaintiff's facts, arguments, and support stated in its Response to Defendant's Motion To Dismiss.

**B.   Motion to Dismiss May Be Converted Into Motion For Summary Judgment By The Court**

Information and documents may be attached to, and included in, a Motion to Dismiss or Response thereto.  If this occurs the Court must either convert the Motion into a Motion for Summary Judgment under Rule 56 and proceed in accordance with the latter rule, or exclude the documents and facts and continue under Rule 12.  *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).  Documents and information attached to and referenced in Motion to Dismiss or Response thereto, that are also referred to in plaintiff's complaint are central to the claims and considered pleadings.  *See Wright v. Assoc. Inc. Co., Inc*., 29 F.3d 1244, 1248 (7th Cir. 1994)).

In the present matter, as argued above, all the facts set forth in Plaintiff's Response to the Motion To Dismiss are also asserted within the Third Amended Complaint.  However, if this Court finds that such is not the case then this matter should be converted from a Motion to Dismiss to a Motion for Summary judgement.

<u>**CONCLUSION**</u>

This Court should deny Defendant's Motion To Strike in its entirety and take into consideration all of Plaintiff's facts, arguments, and support stated in its Response to Defendant's Motion To Dismiss, and all other just and proper relief in the premises.

Respectfully Submitted,

HASTINGS LAW FIRM

/s/ Thomas Hastings
Thomas Hastings (#8334-80)
The Hastings Law Firm
323 North Delaware Street
Indianapolis, IN  46204
Telephone:  317.686.1000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served upon the following counsel of

record this ____ day of November, 2015

Kirk A. Horn
Mandel & Horn, PC
704 Adams Street, Suite F
Carmel, IN   46032

Matthew L. Hinkle
Coots Henke & Wheeler
255 East Carmel Drive
Carmel, IN  46032

Darren Murphy
HOWARD & ASSOCIATES
694 Logan St.
Noblesville, IN 46060

/s/ Thomas Hastings